UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ**<br><br>    **Plaintiff,**<br><br>v.<br><br>**YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY, JESSIE ROYCE HILL**<br><br>    **Defendants.** | **CIVIL ACTION No. 3:20-cv-00133-JCH**<br><br><br><br>**FEBRUARY 23, 2020** |

**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Jakub Madej respectfully moves for a preliminary injunction against the defendants Yale University, Marvin Chun, Mark Schenker, Peter Salovey and Jessie Royce Hill, pursuant to FRCP Rule 65. To demonstrate the grounds for the injunction sought, Plaintiff attaches his affidavit, supporting affidavits and declarations, a memorandum of law, a proposed order to show cause, a proposed injunction order, and numbered exhibits with a table of contents. Plaintiff respectfully asks this Court to consider the motion in an expeditious manner, pursuant to Local Rule 7(a)(6).

Plaintiff was a senior at Yale College and has been involuntarily withdrawn from the University. Plaintiff was denied any reasonable ability to appeal despite his repeated attempts to locate any policies and procedures Yale College has established regarding such dismissals. Defendants knew at all times that Plaintiff is not a U.S. citizen and that, per immigration law, he must leave the United States within 15 days but they stalled for time, knowingly or negligently

depriving Plaintiff of *any chance to take any material action* in his case. Plaintiff brought a suit before this Court January 30, 2020.

Preliminary injunction is appropriate because Plaintiff is otherwise likely to suffer irreparable harm. Plaintiff's ability to continue this action depends on whether he can be physically present in the United States. While litigation can reasonably last for years, Plaintiff is permitted to stay under his immigration status for six months and cannot engage in any paid employment, open a business or any businesslike operation to make a living. Plaintiff received full financial aid from Yale and does not receive external financial help. Absent the injunction, he will not be able to support himself.

Preliminary injunction is appropriate because Plaintiff is likely to succeed on the merits. Plaintiff's action does <u>not</u> contest any academic judgment, which courts ordinarily defer to educational institutions, but alleges a yearlong pattern of Defendants' ill-advised conduct and negligent actions which ultimately prevented Plaintiff from obtaining any reasonable judgment of his academic standing and other factors material in determining whether to dismiss a student or not, a process which has immense consequences for the student but only incidental to the deciding committee. (Plaintiff does <u>not</u> ask this Court to have his academic performance reconsidered or adjudicated, and it is impertinent to this action).

The balance of hardships tips in Plaintiff's favor because Plaintiff's capacity to continue this litigation depends on this injunction being granted while Defendants are unlikely to suffer any damage in case the injunction is granted. The injunction sought is also in public interest as Plaintiff is a *pro se* filer who suffered significant harm but pursues his case as prescribed by the law and relevant rules of professional conduct. Defendants' conduct is not idiosyncratic and more students may find themselves in Plaintiff's shoes. Plaintiff believes many students have already suffered

this pattern of negligence, ignorance, and indifference but only Defendants have information to determine the final answer.

Plaintiff requests the Court waives the injunction bond required by FRCP 65(c) because defendants are unlikely to suffer any damages if this Court grants the motion but later determines that defendants were wrongfully enjoined. Plaintiff develops this argument in the attached memorandum. In the alternative, Plaintiff has contacted an injunction bond provider and will post security as directed by this Court.

Plaintiff Jakub Madej respectfully requests this Court to consider this motion by February 29, if practicable. Plaintiff is willing to have this motion decided on the papers; accordingly, Plaintiff does not request an oral argument pursuant to Local Rule 7(a). Should a hearing take place, Plaintiff has contacted Patrick M. Noonan, Defendants' Counsel, to stipulate a proposed hearing date. The parties are available for a hearing February 28, March 2 (in the afternoon), March 3 and 4, if such time is convenient for the Court.

In the interest of time, Plaintiff does not seek expedited discovery at this time. Plaintiff will nonetheless deliver a request to produce documents to Defendants' counsel, and may decide to file an appropriate motion at a later date, if necessary.

Plaintiff has delivered a courtesy copy of all relevant filings to the Clerk's Office in this Court at 141 Church St, New Haven.

          Respectfully submitted,

          /s/ Jakub Madej

          Plaintiff
          535 Fifth Avenue, 16th Floor
          New York, NY 10017
          Email: j.madej@lawsheet.com
          Telephone: (646) 776-0066
          Fax: (203) 902-0070