UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ** <br><br> **Plaintiff,** <br><br> v. <br><br> **YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY, JESSIE ROYCE HILL** <br><br> **Defendants.** | CIVIL ACTION No. 3:20-cv-00133-JCH <br><br><br> MARCH 4, 2020 |

### MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER WITH AN ATTACHED LEGAL ARGUMENT

Plaintiff Jakub Madej respectfully moves this Court for an *ex parte* temporary restraining order enjoining the defendant Yale University from denying Plaintiff a prescription for critically important medication he repeatedly requested but never received because of Defendants' mistake which they failed to acknowledged, address, or remediate.

*Plaintiff urges this Honorable Court to take an immediate decision on this motion.* Plaintiff attaches an affidavit to demonstrate the grounds for this order.

Plaintiff requests this order before this Court can consider his application for preliminary injunction filed on February 23-24, 2020. The presently scheduled date is March 17.

This action concerns a senior undergraduate student who was involuntarily withdrawn from Yale College. While at Yale, Plaintiff regularly received medication for depression and attention deficit disorder. The latter is a Schedule II controlled substance that is ordinarily issued only by a psychiatrist who a patient sees regularly. Both medications must be taken daily to maintain their

therapeutic effect and avoid adverse reactions. Plaintiff's only psychiatrist in the United States was employed at Yale Health.

On January 31, 2020, Plaintiff asked for a new prescription during his last in-person appointment with a therapist at Yale Health. Plaintiff always received two prescriptions at the same time. Plaintiff learned at the Pharmacy that this time Defendants issued one prescription with no prior notice or explanation. Defendants failed to respond to Plaintiff's multiple requests to reissue the forgotten prescription, or to otherwise address this anomalous decision. Defendants only responded weeks later stating they "are unable to provide further services", stating Plaintiff is no longer eligible.

Plaintiff has enough supply of this medication for three more days and must receive a new prescription to continue his regular treatment and avoid potentially serious side effects.

Plaintiff advised Defendants' Counsel of this application by telephone on March 3, 2020, and by email on March 4, 2020. Plaintiff was unable to resolve this matter amicably with Counsel.

Plaintiff filed an *ex parte* motion because any delay will result in immediate irreparable harm to Plaintiff but will have *no* material impact on Defendants. The relief Plaintiff requests is minimal, and further legal arguments would serve little purpose. Plaintiff merely requests to enjoin Defendants from denying a prescription, not to order Defendants to issue one. The latter decision should naturally be left to medical professionals.

**LEGAL ARGUMENT or "GHOSTED BY YALE HEALTH"**

Temporary restraining order is appropriate because Plaintiff is likely to suffer serious and unpredictable adverse reaction if he suddenly discontinues his medication. FDA expressly advises that "*patients who have been prescribed a methylphenidate product should not stop taking it*

2

*without first talking to their health care professionals[1]*", while NIH's health information website (medlineplus.gov) states that "symptoms may worsen when treatment [with this particular drug] is stopped"[2]. The same medication benefits patients, including Plaintiff, "with the disorder [ADD] by increasing focus, reducing impulsivity, and improving overall social functioning"[3]. Sudden discontinuation would hamper Plaintiff's ability to continue pursuing this case in any meaningful way, including preparation, legal research, or appearance at scheduled hearing.

There is no list of all potential consequences that sudden discontinuation may trigger. Plaintiff merely requested a prescription for one month that he would, as he always did, pay himself. Receiving this prescription will enable Plaintiff to perform necessary research before the preliminary injunction hearing and prepare to establish a new medical relationship if necessary.

Plaintiff has already suffered significant stress and frustration because he alone bore all consequences that resulted after Defendants failed to (1) issue a prescription Plaintiff was legally and medically entitled to, (2) address their decision or otherwise acknowledge the situation, (3) respond in any meaningful way to Plaintiff's *bona fide* attempts to resolve the problem amicably. Plaintiff never considered asking the Honorable Court to intervene in such a trivial matter because he never conceived that a Yale-affiliated clinic "providing quality treatment" could (1) "forget" to issue a prescription to a regular patient, (2) fail to acknowledge *anything* has ever happened, (3) never offer any explanation whenever confronted, and (4) decide not remediate the error by issuing the prescription. All abovementioned actions are organizational and administrative failures — no medical judgment was involved in <u>any</u> of them. What's even more concerning, is that the same

---

[1] https://www.fda.gov/drugs/drug-safety-and-availability/fda-drug-safety-communication-fda-warns-rare-risk-long-lasting-erections-males-taking
[2] https://medlineplus.gov/druginfo/meds/a682188.html
[3] https://www.fda.gov/drugs/drug-safety-and-availability/fda-drug-safety-communication-fda-warns-rare-risk-long-lasting-erections-males-taking

3

institution is the *only* mental health clinic where undergraduate students can seek help. This unsettling realization only furthers Plaintiff's hopelessness and prevents him from effectively pursuing his case.

Temporary restraining order is appropriate because Plaintiff has taken all necessary steps he could to show that he is likely to succeed on the merits, given that (1) he has no legal background, (2) continues to suffer consequences of Defendants' actions, and (3) Defendants alone are in control of documents and people with knowledge

Plaintiff filed an application for preliminary injunction and supporting documents, including affidavits from himself and other people with knowledge, and exhibits pertinent to this matter, including email and official communication. At this point Plaintiff reiterates all arguments he made in his motion for preliminary injunction filed with the Court on February 23, 2020.

The balance of hardships tips in Plaintiff's favor because Plaintiff alone will suffer consequences of suddenly discontinuing his medication, which may be serious and unpredictable. Defendants would bear marginal, if any, costs as issuing one prescription is a routine action that takes little time and incurs no cost to the issuer. Defendants were contractually obligated to issue a prescription because at the time Plaintiff was eligible for student coverage by Defendants' own admission. Even if Defendant became ineligible, he never received any notice, formal or informal, explaining that he is no longer eligible or what that specifically means.

The temporary restraining order sought serves the public interest because it enforces an elementary right all individuals in Plaintiff's situation should be afforded without having to ask the Honorable Court to step in. Granting this order would set a powerful example for the Yale community, where virtually *all* undergraduate students are powerless when faced with

incompetent and irresponsible actions like this one from medical professionals whose very role is to protect them.

Plaintiff requests the Court waive the injunction bond because granting this order is unlikely to incur any costs on Defendants and because Defendants were contractually obligated and explicitly promised to perform the action sought at no cost when Plaintiff requested it. Plaintiff is committed to resolving any disputes that may arise at a later time.

Respectfully submitted,

/s/ Jakub Madej

Plaintiff
535 Fifth Avenue, 16th Floor
New York, NY 10017
Email: j.madej@lawsheet.com
Telephone: (646) 776-0066
Fax: (203) 902-0070