UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ** <br><br> Jakub, <br><br> v. <br><br> **YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY, JESSIE ROYCE HILL** <br><br> Defendants. | CIVIL ACTION no. 3:20-cv-00133-JCH <br><br><br> MARCH 15, 2020 |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED VERIFIED COMPLAINT**

Jakub Madej is a bit like Matthias Leitner, a hypothetical Swiss diplomat stationed in Pyongyang, North Korea, who was appointed Chief of Mission to the People's Republic when the Kim dynasty was on the verge of collapse[1]. Ministers of Foreign Affairs, academics, and thought leaders worldwide anxiously expect a new era in foreign relations between North Korea and the outside world. Matthias served in Pyongyang for years; he informally knows senior officials in the Workers' Party and military leaders in the People's Army, both of which desire peace after sixty-something years of live under the Kims that followed the Korean War.

Despite his yearslong tenure in the world's most secretive country, Mattias speaks no Korean, perhaps except for *gamsahamnida* ("Thank you.") or *annyeonghaseyo* ("Hello."). He knows of no competent interpreter or experienced negotiator to effectively assist Mattias in his

---

[1] This scenario is, of course, imaginary.

1

efforts to contribute to the better future for everyone. However, an antagonistic rival faction in DPRK's government desires no changes to the unfortunate status quo.

The faction exploits Matthias' extremely limited knowledge of Korean and, what obviously follows, his inability to faithfully convey facts and to precisely explain the situation. The faction strives to eviscerate his credibility and dispose of "the problem" swiftly and quietly – instead of devoting one (1) hour to understand what is it that the parties argue about.

Matthias must learn Korean from scratch into proficiency in just weeks, or risk to broker a solution he may perceive to be a genuine, well-grounded agreement but is, in fact, a failed act of appeasement.

Jakub's present situation differs from Matthias' hypothetical predicament in just four ways. North Korea is not a socialist state in East Asia that "formally holds elections" but the adversarial world of litigation which no twenty-three-year old undergraduate student has the slightest innate understanding of.

Korean language is legal English, a powerful tool that can employed both to accurately convey the facts and defend the fundamental rights of high-minded, good-natured, and forthright citizens; and to cherry-pick immaterial facts, mischaracterize them as critical blatantly disregarding their context, and ultimately craft a persuasive narrative that may, <u>or may not</u>, have any relation to the ultimate truth.

The well-grounded solution Matthias thought he brokered represents the final result of Jakub's action before this Honorable Court; Attorney Noonan stars as the rival faction's kingpin.

Journalists would disagree what is the faction. It could might be "Yale", the main defendant in this case. But it is *not* Yale University, an organization "committed to improving the world today and for future generations through outstanding research and scholarship, education,

2

preservation, and practice". Or the institution where tenured professors closely follow Jakub's case against his own *alma mater* and offer all kinds of help to the Plaintiff — the "very good citizen of Advanced Legal Writing", to use a March 15, 2020 quote from long-serving lecturer in Yale Law School.

"Advanced Legal Writing" is a 3L course at Yale Law School that Jakub sits on every Tuesday and Thursday, because whenever Jakub wrote in Plain Non-Legal English, or just English, to resolve the problems that brought him to this Honorable Court, nobody listened.

Defendants' mischaracterizations, omissions, inaccuracies, and plainly false material statements are a legion in their March 9, 2020 *Brief in Opposition to Emergency Motion for Preliminary Injunction* — but such is the nature of our legal system, even though everyday communication between human beings, or within a university, is *not* adversarial.

Jakub undertook the challenge of comprehending North Korea and studying Korean language — that is, the world of litigation, judicial system, dispute resolution, legal writing and pleading — just two months ago. Law school graduates file no pleading or motion during the three years of law school, and they *shouldn't* be forced to.

For reasons stated above, Plaintiff Jakub Madej says as follows:

**LEGAL MATTERS IN THE PRESENT MOTION**

Jakub respectfully moves the Court for leave to file an amended complaint by <u>March 18, 2020</u>, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The amended complaint incorporates further evidence to show a likelihood of irreparable harm if the injunction is not

3

granted, and to demonstrate sufficiently serious questions going to the merits. This is first motion to amend a pleading in the present case.

The Honorable Court afforded Jakub ten (10) days to introduce additional evidence during the March 5, 2020 telephonic status conference. Jakub elects to proceed by the way of amended verified complaint. Filing an amended complaint on March 18, 2020 would observe Rule (a)(ii) of this Court's Order on Pretrial Deadlines.

Jakub will request expedited discovery in anticipation of the evidentiary hearing on Plaintiff's February 23, 2020 *Emergency Motion for Preliminary Injunction* presently scheduled for March 26, 2020 at 9:30 am in New Haven. As of the time of filing, Jakub seeks to (i) depose a total of seven (7) individuals; (ii) request that Defendants produce clearly defined documents; (iii) serve approximately twenty (20) interrogatories, and (iv) submit a reasonable number of requests for admission. All types of expedited discovery Jakub seeks are tailored to the Preliminary Injunction hearing to pass the Second Circuit four-prong test for preliminary injunctions.

The new complaint maintains the claims and allegations against the same defendants from the original complaint, but arranges and categorizes Jakub's allegations into distinct, well-defined counts. It also substantially clarifies, refines, and reinforces the language of Jakub's February 23, 2020 *Emergency Motion for Preliminary Injunction*, and the facts articulated in Jakub's February 24, 2020 *Affidavit* in support of the *Emergency Motion*.

Jakub's amended complaint also introduces additional evidence on his claims, articulates Defendants' wrongdoings with particularity, employs precise language on Jakub's causes of action, and conveys material facts more clearly and concisely.

The new complaint also accounts for the significant factual and procedural developments that have occurred since the original complaint was filed, including Jakub's improved

understanding of common law, student rights, and litigation practice[2], as well as minimal progress in attempts to resolve this matter informally between the parties.

Jakub has made himself readily available to Attorney Noonan and expressly displayed his genuine willingness to accommodate Counsel's concerns, including an option to meet at his office. However, as of the time of filing, parties have not met or conferred, and made no material progress in convening for a 26(f) conference. Accordingly, Defendants have not consented to the filing.

Should Defendants' oppose the present motion, Jakub respectfully requests an immediate status conference with the Court. Jakub offered Counsel alternative options to informally resolve any potential disputes.

As of the time of filing, Parties have made no progress in resolving the causes of action informally.

Dated: March 15, 2020 in New York, New York.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
The Plaintiff

535 Fifth Avenue, 16th Floor
New York, NY 10017
j.madej@lawsheet.com
Telephone: (646) 776-0066
Fax: (203) 902-0070

---

[2] Jakub Madej represents himself in this action. He has no legal education, background, and experience, whether academic or practical. Jakub studied common law, civil procedure and litigation practice to challenge Defendants' egregious activities alone, with no assistance from an attorney or legal professional. English isn't Jakub's native language. His understanding of practical law was at best minimal, but it improves in real time, day after day. All that Jakub respectfully asks the Honorable Court to do is to recognize his difficult position in the ongoing matter.