UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ :  :  PLAINTIFF :  :  v. :  :  YALE UNIVERSITY, MARVIN CHUN, :  MARK SCHENKER, PETER SALOVEY AND :  JESSIE ROYCE HILL :  :  DEFENDANTS :  : | CIVIL ACTION NO. 3:20-cv-00133-JCH    MARCH 19, 2020 |

**DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITION**

At 9:58 p.m. on March 17, 2020, the plaintiff emailed three deposition notices seeking to take the in-person depositions of Mark Schenker, Keshav Raghavan, Daria Vander Veer, Sarah Insley, Dana Angluin on March 20, 2020 and to take the depositions of Jessie Royce Hill and Michelle Tracey on March 21, 2020, which is a Saturday.[1] The defendants hereby move to quash all notices of deposition because discovery is not permitted at this time, and because the defendants were not given reasonable notice of the depositions and cannot comply on such short notice, particularly given the national emergency existing at the present time.

**I.   Depositions are Not Permitted Prior to the Filing of the Rule 26(f) Report**

Under Rule 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). See, Jefferson v. Taft Fridays 50, 2018 U.S. Dist.

---

[1] A copy of the notices of deposition are attached hereto as Exhibit A. It is confusing to the defendants how the plaintiff proposes to take depositions in person when he informed the Court on March 5, 2020 that he was going to Poland. He represented to defense counsel that he was leaving on March 5 and returning to the United States on March 25, 2020. Given the travel embargo from Poland that went into effect at 11:59 p.m. on March 13, 2020, it is unclear to the defendants how the plaintiff intends to conduct depositions in person.

LEXIS 231152 *6 (S.D.N.Y. April 5, 2018) ("Under Rules of Civil Procedure 26(d), a party may not engage in discovery before participating in a Rule 26(f) conference unless authorized by a court order.") There has been no Scheduling Order entered yet, because the plaintiff has refused to comment on defendants' proposal for the Scheduling Order, which was emailed to the plaintiff on March 11 and re-sent on March 17. The plaintiff still has not responded. For this reason alone, the noticed depositions cannot be conducted pursuant to Rule 26(d)(1).

Rule 30(a)(2)(A) requires a party to obtain leave of Court to take a deposition if the parties have not stipulated to the deposition and the party seeks to take the deposition before the time specified in Rule 26(d), unless certain exceptions not applicable to this case exist. The defendants have not stipulated to the deposition of any of the prospective deponents and the plaintiff is attempting to conduct depositions prior to the submission of the joint Rule 26(f) Report, in which the discovery schedule will be set forth. The plaintiff filed a Motion for Expedited Discovery, which the defendants opposed. The Court has not yet ruled on that motion, and the plaintiff should not be permitted to conduct discovery or depositions unless and until the Court grants the Motion for Expedited Discovery.[2]

Since the plaintiff is attempting to conduct discovery in violation of Rules 26(d)(1) and 30(a)(2)(A), the defendants' Motion to Quash should be granted.

II. **The Plaintiff Did Not Provide Reasonable Notice**

Federal Rule 30(b)(1) provides: "Any party who wants to depose a person by oral questions must give <u>reasonable written notice</u> to every other party." Discussing Rule 30(b)(1),

---

[2] The defendants will not repeat in this motion all the reasons the plaintiffs' Motion for Expedited Discovery should be denied, as those arguments are fully set forth in the defendants' opposition brief. However, one argument worth repeating is that there is no rush to conduct discovery because it will be impossible for the plaintiff to graduate in May, 2020, even if the Court were to grant plaintiff's motion for preliminary injunction at this time.

the district court in Gabriel v. Albany College of Pharm. & Health Scis. – Vt. Campus (ACPHS), 2014 U.S. Dist. LEXIS 94729 (D.Vt. July 10, 2014), observed: "The Rules do not further define 'reasonable,' however, 'many courts have found fourteen days from the date of service as presumptively reasonable.'" Id. at *12, quoting Brown v. Hendler, 2011 U.S. Dist. LEXIS 9476 (S.D.N.Y. January 31, 2011). The district court further explained that reasonable was fact specific and determined based on the circumstances of a particular case. Id. In Tate v. Levy Rest. Holdings, LLC, 150 F.Supp.3d 247, 251 (E.D.N.Y. November 16, 2015), *adopted*, 150 F.Supp.3d 245 (E.D.N.Y. December 15, 2015), the district court observed that a motion to quash a deposition had been granted because the plaintiff sought to hold the deposition on only three days' notice. Similarly, in Eckert v. United Auto. Workers, 2010 U.S. Dist. LEXIS 53456 (W.D.N.Y. May 27, 2010), the district court found that the plaintiff's failure to provide written notice of the deposition date until five days prior to the deposition date was unreasonable.

In the present case, the plaintiff provided the defendants with two days notice that he wished to depose seven individuals. This is clearly unreasonable. He also scheduled multiple depositions to occur at the same time. He scheduled three depositions to occur at 9:00 a.m. on March 20, 2020, two depositions to occur at 1:00 p.m. on March 20, 2020, and two depositions to occur at 9:00 a.m. on Saturday, March 21, 2020. Obviously, more than one deposition cannot be conducted at a time. It should also be noted that defense counsel informed the plaintiff at 11:47 a.m. on March 17, 2020 that he had other commitments on Friday, March

3

20.[3] Thus, the plaintiff noticed the depositions knowing that defense counsel would be unable to attend on March 20. The plaintiff also noticed two of the depositions for Saturday, March 21. It is defense counsel's experience that depositions are generally not held on weekends.

The seven people the plaintiff seeks to depose consist of students, faculty, and academic deans, all of whom are involved with CHAS. It is literally impossible for the defendants to produce the prospective deponents on the days indicated. Yale University's Spring break began on the evening of March 6, 2020. Although Spring break ends on March 22, Yale has asked undergraduate students not to return to campus for the rest of the Spring, 2020 semester due to the COVID-19 pandemic. Instead, courses are being conducted online, a novel practice for Yale University. The faculty and the deans are working feverishly to convert their classes for online access. Yale University has also encouraged graduate and professional students to remain off-campus and participate in online instruction, unless being on campus is necessitated by the nature of their research or academic programs. See, https://communications.yale.edu/covid-19-information. Similarly, those faculty members who are able to do so do not come on campus. It is believed that some of the deponents are out of state.

Since the plaintiff failed to provide the defendants with reasonable notice of the depositions, and the defendants cannot produce the prospective deponents for depositions in such a short time frame, the defendants' Motion to Quash should be granted.

---

[3] Defense counsel e-mailed the plaintiff in an attempt to complete the Rule 26(f) Report. He advised the plaintiff that he had obligations on Thursday afternoon and Friday, and thus would have to finalize and file the Rule 26(f) report on Thursday morning.

## CONCLUSION

For the foregoing reasons, and those stated in the opposition to the Motion for Expedited Discovery, the defendants' Motion to Quash should be granted.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By: _____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan