UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : March 19, 2020 |
| | : |
| DEFENDANTS | : |

## **DEFENDANTS' RULE 26(f) REPORT**

      Defense counsel initially drafted a Rule 26(f) Report for submission by all parties. Defense counsel e-mailed the draft report to the plaintiff on March 11, 2020. Receiving no response, defense counsel again e-mailed the draft report to the plaintiff on March 17, 2020. (Attachment A.) Defense counsel indicated that, due to commitments on Thursday afternoon and Friday, he needed to finalize and file the Rule 26(f) Report on Thursday morning. Since the plaintiff failed to respond to either e-mail or forward his own draft copy of the Rule 26(f) Report for defense counsel's review, the defendants hereby submit their own Rule 26(f) Report for the Courts' consideration.

Date Complaint Filed:    January 30, 2020

Date Complaint Served:   Waiver of Service signed February 4, 2020

Date of Defendants' Appearance:    February 5, 2020

**I.      CERTIFICATION**

The undersigned defense counsel (after consultation with his clients) certifies that (a) he has considered the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; (b) he has developed the following proposed case management plan; and (c) he has forwarded a copy of this report to his clients.

**II.     JURISDICTION**

**A.      Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over plaintiff's claims due to diversity jurisdiction.

**B.      Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF CASE**

**A.      Claims of Plaintiff:**

The plaintiff, Jakub Madej, brings this action against the Yale defendants alleging breach of contract and intentional infliction of emotional distress. Plaintiff alleges that the Yale defendants breached his contract by failing to follow proper procedures in suspending him from the campus for two semesters.

**B.      Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Yale Defendants:**

The Yale defendants deny all of the plaintiff's claims. They maintain that they properly followed all of the applicable University procedures in determining that he should be

suspended for two semesters.

### C. **Defenses and Claims of Third Party Defendants:**

Not applicable.

### IV. **STATEMENT OF UNDISPUTED FACTS**

The defendants certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. In the Spring of 2019, the plaintiff was a senior enrolled in Yale College.

2. Defendant, Yale University, is an educational institution located in New Haven, Connecticut.

3. Defendant, Marvin Chun, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Dean of Yale College.

4. Defendant, Mark Schenker, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Dean for Academic Affairs at Yale College.

5. Defendant, Peter Salovey, is an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was its President.

6. Defendant, Jessie Royce Hill, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Dean of Benjamin Franklin College.

### V. **CASE MANAGEMENT PLAN**

### A. **Initial Disclosures**

The defendant, Yale University, filed its Initial Corporate Disclosure on February 5, 2020.

**B.  Scheduling Conference**

1. The defendants request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The defendants prefer that a scheduling conference, if one is required, be conducted by telephone.

**C.  Early Settlement Conference**

1. The defendants certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The defendants do not request an early settlement conference.

3. If and when a settlement conference is held, the defendants prefer a settlement conference with a magistrate judge.

4. The defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.  Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The defendants have considered any perceived defects in the pleadings and suggest the following for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until March 30, 2020 to file motions to join

4

additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendants should be allowed until March 30, 2020 to file motions to join additional parties and until April 30, 2020 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E. Discovery

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the defendants have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the defendants wish to apprise the Court of the following information regarding the "needs of the case:"

1. The defendants anticipate that discovery will be needed on all factual allegations of the Complaint and the Plaintiff's damage claims.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by April 1, 2020 and completed (not propounded) by April 1, 2021.

3. Discovery will be conducted in phases, with expert disclosure to follow depositions of fact witnesses.

5

4. A damages analysis will be provided by the plaintiff no later than June 1, 2020.

5. The defendants anticipate that they will require a total of 5 depositions of fact witnesses. The depositions will commence by July 1, 2020 and be completed by September 15, 2020.

6. The defendants do not request permission to serve more than 25 interrogatories.

7. The plaintiff will designate all trial experts and provide the defendants with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 15, 2020. Depositions of any such experts will be completed by December 15, 2020.

8. The defendants will designate all trial experts and provide the plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 31, 2021. Depositions of such experts will be completed by March 15, 2021.

9. The defendants have considered the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The defendants propose the following procedures for the preservation, disclosure and management of electronically stored information:

    a. Plaintiff shall take reasonable steps to retain, until the conclusion

        of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiff's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

    b.    Defendant shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendant's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

10.    The defendants have considered discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The defendants propose the following procedures for asserting claims of privilege after production:

    a.    If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

7

### F. OTHER SCHEDULING ISSUES

Not applicable.

### G. SUMMARY JUDGMENT MOTIONS

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before April 15, 2021.

### H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

### VI. TRIAL READINESS

The case will be ready for trial within 30 days of the filing of a joint trial memorandum. The defendants agree to cooperate with the plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

**Yale Defendants,**

By: /s/Patrick M. Noonan                    Date: March 19, 2020
      Patrick M. Noonan, Esq.
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Rd.
      Guilford, CT 06437
      PNoonan@ddnctlaw.com
      T: 203-458-9168
      F: 203-458-4424
      Federal Bar Number: ct00189

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                     _____/s/_____
                                                                      Patrick M. Noonan