UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**

      **Plaintiff,**

v.

**YALE UNIVERSITY, MARK SCHENKER**
**JESSIE ROYCE HILL, MARVIN CHUN,**
**PETER SALOVEY**

      **Defendants.**

_____

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MARCH 19, 2020**

**JAKUB'S RESPONSE TO**
**DEFENDANTS' 3/19/2020, 10:42 AM EDT MOTION TO QUASH *NOTICES OF***
***DEPOSITION* (Doc. No. 48); AND**
**DEFENDANTS' "THIS IS A DUCK! DON'T YOU AGREE THAT IT'S A DUCK[1]"**
**MEMORANDUM (Doc. No. 50)**

      Jakub Madej[2], the Plaintiff, submits this response to Defendants' motion to quash the notices of deposition he sent to Counsel in anticipation of Your Honor's ruling on the motion for expedited discovery. Defendants filed this motion at 10:42 AM EDT on March 19, 2020 (Thursday).

      I am twenty-three-years of age. I am not a lawyer.

**THE SHAM "COMMITTEE" IS BEING REVEALED: PART I**

---

[1] I offer a $50 cash prize to the first person that persuasively explains this language, and what it refers to in this case. Email your explanations to duckmemorandum@lawsheet.com, including your name and telephone number. This offer expires on March 26, 2020 at 3:14am.
[2] Many people pronounce my name as: *YA-koob MA-dey*. I have no personal preference.

This case concerns incompetent, negligent, and possibly fraudulent judgment of Yale College administration (not: academic faculty) that led to Plaintiff's "dismissal for academic reasons" in January 2020.

I cannot possibly know how many vulnerable twenty-something-year old undergraduate students were unlawfully impacted by various "committees" at Yale College whose level of transparency can only be described as egregious — simply because Yale University alone possesses and controls all information that could shed a light on decisions these committee make, let alone conclusively show who, when, how, and why suffered serious harm from bad faith decisions disguised as "proper judgment".

I know there is one — but I am certain there are dozens more.

I moved the Honorable Court for expedited discovery on March 17 (Doc. No. 42), seeking to depose members of the purported "Committee" that determined to withdraw me from Yale, and to provide indisputable evidence to the public that this "Committee" never made a proper academic judgment, an academic judgment, or even any judgment – simply because the Committee does *not* exist.

## LEGAL ARGUMENT

Counsel argues my notices of deposition should be quashed because: (i) parties have not conferred and Court did not grant leave, therefore no formal discovery can take place pursuant to Fed. R. Civ. P. 26(f); and (ii) the deposition notice provided was not reasonable under Fed. R. Civ. P. 30(b)(1). I refute both arguments in that order.

### ARGUMENT 1
PARTIES HAVE NOT CONFERRED AND COURT DID NOT GRANT LEAVE, THEREFORE NO FORMAL DISCOVERY CAN TAKE PLACE PURSUANT TO FED. R. CIV. P. 26(f)

No reasonable person would dispute the hornbook rule that, as a matter of principle, formal discovery can only take place after parties confer for the Rule 26(f) conference.

2

I am not a lawyer. Counsel knows I have no legal education. *He practiced law nineteen years before I was conceived.* He is a sophisticated litigator whose understanding of law and whose litigation experience I can only dream of. But the argument he offers to the Court here today doesn't even pass the straight face test.

I am not a lawyer. But it seems to me the Rule 26(f) conference exists in the first place to give parties an ability and an opportunity to (i) meet and communicate in a structured environment that contains parties' emotions and feelings, if such exist and prevent a constructive discussion; (ii) understand why Plaintiff took action he did; (iii) see if the dispute can be decided without burdening the Court; and, if it cannot, (iv) to propose a reasonable plan to structure parties' actions in, and before, discovery. Nothing even remotely close to this took place in this action.

Fifty (50) days elapsed since I filed this action with the Court. Parties have not met or conferred in any sensible meaning of this word. We engaged in <u>no</u> informal discovery of any kind. Counsel merely filled in his firm's boilerplate form with standard dates that comply with Your Honor's Individual Rule — that is, include specific dates, not deadlines tied to previous events — and emailed me asking if I have any objections.

No, Your Honor, I do not dispute that I was a student at Yale College.

It is also obvious for anyone who carefully examines the docket that the Honorable Court did not grant leave to expedite discovery as of 3:14pm, March 19, 2020. I understand that your Honor must, to use a non-legal term, allow me to take a deposition before I take the deposition. I understand very well why this is the rule as a matter of both public policy and reasonability.

Counsel, through his actions, has demonstrated <u>no</u> interest in ever conferring for any conference. This conclusively voids his argument as a matter of reasonability.

### ARGUMENT 2

THE DEPOSITION NOTICE WAS UNREASONABLE UNDER FED. R. CIV. P. 30(b)(1)

Defendants' only remaining argument is that my notice of deposition with "two days notice" [sic] was unreasonable.

I respectfully disagree.

3

Obviously, reasonableness depends on the circumstance. Counsel cites <u>Tate v. Levy Restaurant Holdings, LLC, 150 F. Supp. 3d 245 (E.D.N.Y. 2015)</u>, trying to convince the Court that three days' notice would not be enough (p. 3). But circumstances in <u>Tate</u> could not be more different than the circumstances in the present action.

In the present action, Plaintiff seeks expedited discovery to offer conclusive evidence of serious questions going to the merits at a preliminary injunction hearing. In <u>Tate</u>, parties engaged in discovery for months before Judge Weinstein found, to quote Counsel, the "that a motion to quash a deposition had been granted because the plaintiff sought to hold the deposition on only three days' notice.". Parties did not even discuss whether or not to request an expedited discovery from the Court; Judge Weinstein directed the parties to do so.

Counsel cites three other cases; parties in none of these actions sought expedited discovery. I will thus refrain from discussing these rulings.

If Counsel gave more credit to the *pro se* Plaintiff's (i) limited but not nil understanding of the law, and (ii) attempts to accommodate Defendants in these difficult circumstances, he would not attempt to convince the Honorable Court that two days' notice was unreasonable.

Counsel knows I am not a lawyer. He could have asked to reschedule these depositions until, for example, Monday and Tuesday instead of Friday and Saturday, as I originally suggested. My phone number is (203) 928-8486, and my email is [*j.madej@lawsheet.com*](j.madej@lawsheet.com). I see no reason to disagree to Counsel's request for three additional days to make appropriate arrangements, whatever they might be. Instead, Counsel objected by default. "This is clearly unreasonable." (p. 3)

I suggested in plain English that we can conduct these depositions remotely, through Zoom or other advanced conferencing software. I even provided Counsel with a link he could click, or manually type into his browser, to join the virtual deposition courtroom at a mutually agreed date. He failed to address that offer.

While virtual remote depositions may be uncommon in the conservative legal community, I cannot think of any material reason why Counsel could object to this novel method of communication that makes everyone's lives easier; or, to quote his first email to me, why conducting a deposition through Zoom would be "not permitted". Yale University now Zoom to conduct *all* of its classes.

If he agreed to hold the deposition through Zoom, Counsel would have an identical opportunity to attend and cross-examine as he would at 1157 Chapel Street in New Haven, or in any other physical location. Counsel failed to address this extra step I took to accommodate students who might be scattered around the country, self-isolating, and enjoying their free time — because obviously having them travel to New Haven for this deposition alone would be unreasonable. But ignoring a carefully engineered way to avoid undue burden is no less unreasonable, and certainly "clearly unreasonable." (p. 3)

Courts understand very well that *expedited discovery* is different from a mere *discovery*. Judge Mishler agreed even one day's notice was reasonable while on expedited discovery schedule. Natural Organics, Inc. v. Proteins Plus, Inc., 724 F. Supp. 50, 52 n.3 (E.D.N.Y. 1989) (one day's notice reasonable when the parties were on an expedited discovery schedule)).

If Counsel correctly found that I served an inappropriate notice of deposition for some minor procedural reason — which is not unlikely because I never conducted a deposition before — he could contact me instead of bothering the Honorable Court. My phone number is (203) 928-8486. Counsel did not do that.

## JAKUB'S ARGUMENT

I can think of only one reason Counsel so vehemently opposes discovery. Counsel knows very well no Committee exists in reality. No committee ever made any informed academic judgment, an academic judgment, or even a judgment – because *no* committee exists.

## (NO) ACTION REQUESTED

Because of the foregoing, I do not request any action from the Court at this time. We are experience some of *the* most extraordinary epidemic in our lifetimes. We need to provide care to those who need it the most now, here, today.

Asking the Honorable Court to take an action that can wait until I proffer new facts and submit my memorandum of law would *not* be in the interest of justice.

5

I will offer more arguments and facts *very* soon that finally exposes this sham "committee" at tosses a coin whenever it makes a "judgment" – the judgment that determines *the* most consequential events in students' lives.

I am not a lawyer, and I thank Your Honor for taking that fact into consideration. This would *not* happen in most places on this planet.

On March 9, Attorney Noonan declared that "Yale is not a correspondence school" (Doc. No. 37; p. 32). Ironically, as of March 19, Yale University <u>is</u> a correspondence school.

Respectfully,

*Jakub Madej*

Jakub Madej
The Plaintiff

65 Dwight St
New Haven, CT 06511

535 Fifth Avenue
New York, NY 10017

Email: j.madej@lawsheet.com
Telephone: (646) 776-0066
Facsimile: (203) 928-8486
Fax: (203) 902-0070