UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**

      **Plaintiff,**

v.

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

      **Defendants.**

_____

CIVIL ACTION No.  3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MARCH 26, 2020


**JAKUB'S SECOND MOTION FOR EXPEDITED DISCOVERY
AMD MEMORANDUM OF LAW IN SUPPORT
<u>REQUEST FOR EXPRESS CONSIDERATION</u>**

Plaintiff Jakub Madej moves the Honorable Court for limited expedited discovery regarding his preliminary injunction application. An evidentiary hearing in this matter presently scheduled for April 16, 2020 at 9:30 am in New Haven. Defendants have persistently refused and obstructed any discovery to date by all available means – also by abusive attempts to undermine *pro se* Plaintiff's confidence. This case *cannot* progress without discovery because Defendants control *all* relevant information; Plaintiff wishes to gather additional evidence to convincingly demonstrate his likelihood of success on the merits.

This case concerns administrative negligence and potentially fraudulent misconduct that led to Jakub's withdrawal "for academic reasons". Plaintiff alleges that Yale's determination process was capricious and arbitrary; that Yale failed to follow its own rules; that Yale's own rules

were impermissibly vague and unfair to the student; that he reasonably relied on the professional judgment of Jessie Royce Hill, Yale's officer, to his detriment; and that Yale intentionally prevented him from further scrutinizing its actions and, to use non-legal language, threw him on the street.

But Counsel continually diverts the Court's attention and attempts to undermine my credibility by devoting pages to my "academic difficulty," (Doc. 50, p. 8) none of that matters because this case is <u>not</u> about my grades. My attempt to scrutinize Yale's actions made principally through its "Committee on Honors and Academic Standing," which Counsel named "disingenuous at best," are, in fact, the principal issue before this Court.

In his diatribe of mostly irrelevant arguments Counsel is correct about at least one fact: I did wait until the very last day to seek Honorable Court's help in procuring medication. I hoped to resolve this "problem" informally and with sincerity, as human being usually do demand. <u>No student</u> should be forced to go to Court to compel their university clinic and their "trusted" therapist to see them – let alone respond to their repeated emails (!) where the student tries to establish the basic facts before deciding what to do about his treatment. No student should face their own universities in this adversarial setting in what good-natured people can resolve in three minutes to everyone's benefit.

I seek expedited discovery for three elementary reasons: (i) Defendants control <u>all</u> information necessary to establish the seriousness of my questions; (ii) Counsel demonstrated <u>no</u> interest in conducting "discovery in an organized fashion"; (iii) Counsel continues to have no interest in cooperating; (iv) Defendants will likely obstruct any "organized" discovery, as they have in previous cases before this Court.

Parties to litigation are entitled to information that is relevant to the lawsuit. Defendants do <u>everything</u> they can not to disclose any information, in particular that relevant to the lawsuit. In the same time, Defendants effectively and legally possess and control all information relevant to the lawsuit.

Yale University protects fiercely guards access to information. Counsel claims parties have met and conferred: no Rule 26(f) conference has ever taken place, and Counsel demonstrated no interest in ever planning this case. Yale obstructed informal discovery as well, both before and after Jakub commenced this action on January 30, 2020.

Accordingly, Jakub seeks narrow and reasonable expedited discovery to establish a likelihood of irreparable injury if the injunction is not granted; to clearly articulate sufficiently serious questions going to the merits; and to demonstrate the likelihood of success on the merits.

## **LEGAL ARGUMENT**

This Court has broad discretion to manage the timing of discovery, especially where a request for a preliminary injunction makes it infeasible to wait for the Rule 26(f) conference to serve discovery requests. *See Integra Bank N.A. v. Pearlman*, No. 6:06-cv-1952, 2007 WL 419634, at *3 (M.D. Fla. Feb. 2, 2007) (the Federal Rules of Civil Procedure "expressly provide that a Court may shorten the time for a party to provide discovery"); *Fimab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A. et al. v. Helio Import/Export. Inc.*, et. al., 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."); see also Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court

3

order"); id., Advisory Committee Notes ("This subdivision is revised to provide that formal discovery … not commence until the parties have met and conferred as required by subdivision (f). Discovery can begin earlier if authorized … by … order … This will be appropriate in some cases, such as those involving requests for a preliminary injunction …"); Fed. R. Civ. P. 30(a)(2), 33(a), 33(b)(2), and 34(b).

Good cause exists when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations and citations omitted). The good cause standard may be satisfied when a party seeks a preliminary injunction. Id.; see also *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

In the context of a pending preliminary injunction motion, expedited discovery may be ordered if "it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (internal quotations and citations omitted).

Courts examine the reasonableness of the request by considering a non-exhaustive set of factors: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067 (quoting *Disability Rights Council of Greater Wash.*, 234 F.R.D. at 6).

4

The present request easily satisfies all five factors: the burden on the defendant to comply is minimal because:

(i) <u>discovery sought is well-defined</u>: individuals Plaintiff seeks to depose are individually named, Counsel has contact information to all deponents, and the issues to be discussed at deposition are precisely stated and tailored to the preliminary injunction hearing;

(ii) <u>the proposed discovery logistics accommodates foreseeable difficulties</u>: Plaintiff explicitly suggested and prepared the necessary technology to conduct a virtual deposition should some deponents be out of state to avoid undue burden of travelling to New Haven amidst the pandemics,

(iii) <u>discovery sought is narrow and not overbroad</u>: all documents are clearly identified, as is their probably location;

(iv) <u>Plaintiff is readily available to resolve discovery disputes informally</u> but Counsel has no interest in resolving any disputes.

Defendants have not expressly identified <u>any</u> burden on them if they are required to comply with Plaintiffs' discovery requests. Instead, Counsel offers only speculative and emotionally charged statements of no relevance to the merits, ignore Plaintiff's accommodations in light of the pandemic, and seeks to undermine Plaintiff's credibility and confidence. ("However, the plaintiff's present application is especially inappropriate at a time when the President of the United States, the Governor of the State of Connecticut, and this Court have all enacted extraordinary measures to combat the coronavirus.")

If anything about this case is inappropriate, it is the fact that a low-income student has no place to live, is short of mental and psychological willpower after Counsel's abusive practices, and relies on credit card debt to pursue his rights while the coronavirus pandemic is affecting him just as much as everyone else.

Defendants previously failed to show why, as a practical matter, it would be impossible for "the witnesses the plaintiff wishes to depose to be available on Friday, March 20 and Saturday, March 21," three days in advance of deposition notice. Counsel merely speculated "those faculty members who are able to do so do not come on campus," and vaguely stated that "it is believed that some of the deponents are out of state." (Doc. No. 48, p.4), skillfully applying passive voice to conceal Yale's unwillingness to engage in any discovery. In fact, Plaintiff himself knows for a fact that at least five individuals he sought to depose *were* present in New Haven on these particular days.

Counsel never sought to meet and confer, where parties could discuss organized discovery, or even resolve this dispute without burdening the Court. Counsel had sixty days (!) to do so – two full months elapsed since Plaintiff filed this suit – but he expressed no interest in treating the *pro se* Plaintiff's action seriously. Now he declares to the Court that he would not meet with Plaintiff to discuss the Rule 26(f) Report, or to "for any other purpose" (Doc. No. 50, p. 5)– perhaps indefinitely, as he states no time limit for his refusal to meet.

No organized discovery can take place when an indigent *pro se* Plaintiff faces abusive attorney stonewalling the fact-finding process. Counsel's statements <u>and</u> actions examined in their entirety suggest <u>no discovery will ever take place</u> because (i) deponents will not be available for deposition because of the pandemic; (ii) Counsel will not meet with Plaintiff; (iii) Counsel ignored

6

requests to produce documents, that require no in-person meeting; (iv) Counsel ignored the request that deponents provide affidavits or declarations, both of which can be easily exchanged electronically; (v) Counsel offered no alternative logistics for Plaintiff's expedited discovery schedule.

Counsel continues to burden the Plaintiff with technical minutiae that still rule in Plaintiff's favor: no custom suggests depositions on Saturdays are impermissible or uncommon, and he forfeited his privilege for organized discovery by a clear showing of no interest in understanding this nature of this action, let alone its resolution.

Counsel fails to address the substance of discovery sought at any point – but that substance is of key value here. None of the information requested is privileged, as maintenance of confidentiality does not amount to a greater social good that disclosure to Plaintiff. If anything, the opposite is true.

The purpose of this expedited discovery application is apparent and satisfies the good faith requirement: Jakub will be unable to make further progress establishing serious questions going to the merits, and will not stand a fair chance to prevail at his preliminary injunction application.

Plaintiff will carefully target his deposition to minimize the burdens on Defendants' time and resources. Plaintiff intends to seek only the discovery that is necessary to demonstrate to the Court the likelihood of success on the merits of their claim.

**SCOPE AND SCHEDULE OF THE DISCOVERY SOUGHT**

Because of the foregoing, I seek to depose the following nine (9) individuals by April 6, 2020:

1) Mark Schenker, *Chair of Yale College's Committee on Honors and Academic Standing ("Committee", "CHAS")*

2) Sarah Insley, *Secretary of Committee on Honors and Academic Standing*

3) Daria Vander Veer, *Member of Committee on Honors and Academic Standing*

4) Dana Angluin, *Member of Committee on Honors and Academic Standing*

5) Keshav Raghavan, *Member of Committee on Honors and Academic Standing*

6) Jessie Royce Hill, *Dean of Benjamin Franklin College, Yale University*

7) Michelle Tracey, *Administrative Assistant to Jessie Royce Hill*

8) Kirsta McLellan, *Superintendent of Benjamin Franklin College*

9) John Rogers, *Chair of the Yale College Withdrawal and Readmission Review Committee*

Jakub requests that Defendants release by April 6, 2020:

a) any instructions, guidance, policies, procedures, or similar documents within Yale College about who, on what grounds, and through what process decides to dismiss a student for academic reasons;

b) all written policies and procedures that govern the work of the Committee on Honors and Academic Standing, including (i) how, when, and for what term its members are elected; (ii) what specific types of decisions it makes; (iii) how the Committee determines to grant, or deny, a petition from a student seeking not to be dismissed for academic reasons;

c) all data, statistical and otherwise, that clearly and unambiguously answer the following questions:

a. when, where, and how often the Committee met since August 1, 2018 until March 14, 2020;

b. when and how the Committee members for academic year 2019-20 were selected;

c. how many petitions for exemption not to be withdrawn for academic reasons were filed with the Committee since August 1, 2010 until January 31, 2020;

d. how many such petitions were granted;

e. how many such petitions were denied;

f. for what reasons and on what grounds the Committee granted the petition of specific three students of Defendants' liking;

g. for what reasons and on what grounds the Committee denied the petition of specific three students of Defendants' liking.

Jakub further requests that Defendants provide by April 4, 2020 affidavits or declarations[1] of Mark Schenker, Sarah Insley, Dana Angluin, Benjamin Glaser, Jason Shaw, Kirk Wetters, Daria Vander Veer, Helena Lyng-Olsen, and Keshav Raghavan, where he/she admits or denies that, and provides further explanation as to whether:

---

[1] Jakub respectfully requests that every affidavit and every declaration Defendants proffer at all stages of discovery contain the following language:

> "I declare under penalty of perjury that everything I wrote in this document is true and correct. I understand what the penalty of perjury is. I also understand that perjury is a crime under the laws of the United States.
>
> I am familiar with specific penalties the Honorable Court may impose on me if I am found guilty of perjury. I am aware that perjury is a felony punishable with a prison sentence of up to five years under 18 U.S.C. § 1621."

9

(i) the Committee exists in reality;

(ii) he/she has been a member of the Committee, and if so, how his/her membership in the Committee was decided;

(iii) he/she is aware of any written rules, policies, and procedures that govern the Committee's work;

(iv) he/she believes that it would be a fair statement that "the Committee does it work "*via written statements and documents*";

(v) the Committee met on January 13, 2020, and if so, when and where;

(vi) he/she was present on Committee's January 13, 2020 meeting;

(vii) he/she received Jakub's petition in advance of the Committee's January 13, 2020 meeting, and if so, by what means, what day and time did he/she receive it;

(viii) he/she believes that it would be a fair to say he/she (a) read Jakub's petition in advance of the hearing, and (b) spent a reasonable amount of time understanding Jakub's arguments;

(ix) the Committee discussed Jakub's petition not to be dismissed for academic reasons, and evaluated the nine arguments Jakub outlined in his petition;

(x) the Committee unanimously voted not to grant Jakub's request to continue his education at Yale College;

(xi) he/she voted not to grant Jakub's petition.

Jakub also expects to notice a reasonable number of interrogatories, which would be due by April 10 but no less than seven days (7) after they were noticed to Defendants.

Should the Honorable Court determine the discovery sought is overbroad, Plaintiff will further narrow the scope of discovery sought.

Jakub will respectfully request an immediate status conference with the Court if any discovery dispute arises and cannot be informally resolved within 24 hours after it first arose.

Dated: March 26, 2020 in New Haven, Connecticut.

        Respectfully submitted,
        /s/ Jakub Madej

        Jakub Madej
        The Plaintiff

        65 Dwight St
        New Haven, CT 06511
        j.madej@lawsheet.com
        Telephone: (203) 928-8486
        Fax: (203) 902-0070