UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | MARCH 30, 2020 |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR EXPEDITED DISCOVERY**

The plaintiff's recent filings reveal that he has little respect for the Court and its process. In the midst of a national crisis, the plaintiff filed a motion to expedite discovery only to withdraw that motion two days later with a motion replete with sarcasm and snide remarks. One week later, the plaintiff has now filed a second motion for expedited discovery. Given the plaintiff's cavalier attitude towards his "emergency" motion for preliminary injunction, neither the Court nor the defendants should be distracted any further by this matter at a time of national crisis.

Consistent with the manner in which the plaintiff has approached the merits of the case, the plaintiff has adopted a cavalier approach to his method of making discovery requests. The plaintiff initially represented to defense counsel that he would file his memorandum of law by

8:00 a.m. on February 24, 2020.[1] (Attachment 1, p. 3, 9.) The plaintiff did not do so and then informed defense counsel that he hoped to file the brief on February 25. (Attachment 1, p. 2.) When the plaintiff failed to do so, defense counsel contacted the plaintiff on February 26, 2020 and asked for a copy of his brief. (Attachment 1, p. 3.) A half hour later, the plaintiff contacted defense counsel regarding potential witnesses at the hearing, but did not mention filing his brief. (Attachment 1, p. 8.) Defense counsel responded, again asking whether the plaintiff would be filing a brief. When the plaintiff failed to respond to the February 26, 2020 e-mails, defense counsel again followed up on February 28, 2020. (Attachment 1, p. 7.) The plaintiff responded that it was "very likely" that he would file his brief by March 1. He also proposed to reschedule the hearing from March 17 to the end of March. (Attachment 1, p. 6.) Defense counsel was amenable to requesting a continuance and suggested that the parties agree that the plaintiff would file his brief by March 5 and the defendants would file by March 17. (Attachment 1, p. 5-6). On March 2, 2020, the plaintiff agreed to the deadlines proposed by defense counsel, i.e., that the plaintiff would file his brief by March 5 and the defendants would file their brief by March 17, and indicated that he would request the continuance. (Attachment 1, p. 5.) The plaintiff failed to file his brief by any of these deadlines.

During the March 3, 2020 telephone conference regarding the plaintiff's Motion for Temporary Restraining Order, Judge Hall ordered: "But in the meanwhile, I will have gotten all the submissions from both sides by the middle of this month and if the plaintiff wishes to do more, as I said, by the 15th and the defendant is going to file theirs on the 9th, I will have an

---

[1] E-mail correspondence regarding the filing of the plaintiff's brief is attached to the Defendants' Memorandum in Opposition to Plaintiff's Motion for Expedited Discovery, Entry No. 50, as Attachment 1.

opportunity in March to review and I can make a decision about whether I can decide on the papers."[2] (Attachment A, hereto, p. 2.) Thus, the plaintiff was to file any further submissions by March 15, 2020. When the plaintiff did not file his brief by March 15, 2020, Judge Hall, *sua sponte*, gave the plaintiff a one-week extension, ordering the plaintiff to file his brief by March 23, 2020. See, March 18, 2020 order.

At 11:15 p.m. on March 23, 2020, the plaintiff moved for a three day extension to file his memorandum of law in support of his Emergency Motion for Preliminary Injunction. In his motion, the plaintiff claimed that the original due date of the memorandum was March 23, 2020. This is wholly inaccurate. The plaintiff should have filed his memorandum of law simultaneously with the Emergency Motion for Preliminary Injunction on February 23, 2020. Local Rule 7(a)(1) of the Federal Rules of Civil Procedure states: "Any motion involving disputed issues of law shall be accompanied by a memorandum of law…Failure to submit a required memorandum may be deemed sufficient cause to deny the motion." Thus, the "original due date" of the memorandum was February 23, 2020. The plaintiff finally filed his memorandum of law on March 26,[3] after receiving extensions from Judge Hall to March 15, March 23, and then March 26.

Since the plaintiff has stated in his court filings that he has had no obligations for school or work, it is difficult to understand why he has neglected to file his court papers in the time afforded to him by the Court. The plaintiff was notified of his withdrawal on January 3, 2020

---

[2] Relevant portions of the transcript of the March 3, 2020 telephone conference are attached hereto as Attachment A.

[3] The defendants do no intend to file any additional briefs related to the plaintiff's motion for preliminary injunction.

3

and was not permitted to register for classes in the Spring, 2020 semester. Thus, he has had no class obligations to fulfill for nearly three months. The plaintiff informed the Court that he has not earned any income since January, 2020, because he claims to have liquidated his equity stake in the consulting company. (Entry No. 51-1, p. 2-3.)

It also seems that, contrary to his representations to the Court on March 3, 2020, the plaintiff did not travel home to Poland from March 3, 2020 to March 25, 2020. He stated on March 19, 2020 that he had not been to China, South Korea, Italy or any other country with an outstanding Level 3 Travel Health Notice within the previous fourteen days. (Entry No. 51-1, p. 3.) On March 11, 2020, President Trump issued a proclamation limiting the entry to the United States of all aliens present in the Schengen Area, which includes Poland, during the preceding fourteen days. The proclamation was in effect as of 11:59 p.m. on March 13, 2020 and remains in effect until terminated by President Trump. See, https://www.whitehouse.gov/presidential-actions/proclamation-suspension-entry-immigrants-nonimmigrants-certain-additional-persons-pose-risk-transmitting-2019-novel-coronavirus/ Had the plaintiff actually travelled to Poland as represented to the Court in early March with the intent of returning on March 25, 2020, he would not have been permitted to reenter the United States and could not state to the Court that he had not travelled to a country with an outstanding Level 3 Travel Health Notice since March 5, 2020. Thus, his personal travel plans could not have impeded his ability to timely submit his memorandum of law.

It is notable that the plaintiff has apparently had time to audit classes at Yale Law School every Tuesday and Thursday over the past two months, despite neglecting the Court's deadlines. (Entry No. 39, p. 3.) He also had time to provide an interview for the Yale Daily News for an article published on March 24, 2020. See,

https://yaledailynews.com/blog/2020/03/24/student-suing-yale-files-preliminary-injunction/

In that interview, he claimed to be sitting in on some classes via Zoom software. The plaintiff did not request permission to sit in on any classes and doing so is a violation of the terms of his academic withdrawal from Yale College, which specifically forbids him from attending classes. The plaintiff was specifically informed that "withdrawn students may not stay in residences on campus, attend classes, participate in student extracurricular activities, or make use of University libraries, athletic and other facilities." See, Attachment B, hereto. Despite these prohibitions, the plaintiff surreptitiously lived on campus[4] and audited classes.

Throughout the pendency of this action, the plaintiff has demonstrated the same propensity which caused his academic withdrawal – a refusal to timely complete assignments and an utter disregard for deadlines. In that same vein, the plaintiff has filed a second motion for expedited discovery two months after filing this action and one month after moving for a preliminary injunction to conduct expedited discovery in order to "gather additional evidence to convincingly demonstrate his likelihood of success on the merits." (Entry No. 61, p. 1.) He seeks to depose nine individuals and require the defendants to produce a variety of documents and affidavits from nine individuals, not all of whom are proposed deponents, within 7 business days. He further intends to propound interrogatories to be answered by April 10. Id., p. 8-10. The second motion for expedited discovery seeks nearly identical discovery as sought in the first motion for expedited discovery, which was withdrawn by the plaintiff on March 19, 2020. Rather than repeat the arguments preciously made, the defendants hereby incorporate the

---

[4] The plaintiff was found living in a basement room reserved for club meetings and falsely claimed to have received permission from a faculty member. See, Entry No. 50, p. 5-6.

arguments set forth in their motion to quash the depositions and their opposition to the plaintiff's first motion for expedited discovery. (Entry Nos. 48, 50.)

Expedited discovery is unnecessary because the Court has already entered a Scheduling Order. (Entry No. 57.) Under the scheduling order, discovery is to be completed by November, 2020 and dispositive motions and the joint trial memorandum are due January 15, 2021. With this schedule in place, there is simply no reason to conduct discovery in an expedited fashion, much less over the course of less than two weeks. Despite the plaintiff's representations to the contrary, the defendants are willing to engage in discovery in the normal course and pursuant to the Federal Rules of Civil Procedure.

It should also be noted that the plaintiff specifically stated in his motion for preliminary injunction that he was not seeking expedited discovery. (Entry No. 19, p. 3.) Although he was aware that he could request that the Court allow him to engage in expedited discovery in order to obtain information to support his motion for preliminary injunction at the time he filed his motion, the plaintiff chose not to pursue that option until March 17, 2020. The plaintiff then withdrew that motion for expedited discovery, and waited another week to again seek expedited discovery on the date that his memorandum of law was due. Had the plaintiff wished to obtain further discovery prior to filing his memorandum of law, he should have requested expedited discovery at the time he filed his motion. The plaintiff's delay reveals his nonchalant attitude towards these proceedings. He should not be rewarded by permitting him to engage in expedited discovery at this late stage in the preliminary injunction proceedings.

## **CONCLUSION**

While the plaintiff titled his motion an "emergency" motion for preliminary injunction, he certainly has not treated it as such. There is simply no reason to conduct expedited

discovery. For the foregoing reasons, and those stated in the Defendants' motion to quash the depositions and brief in opposition to the plaintiff's first expedited motion for discovery, the plaintiff's Second Motion for Expedited Discovery and Memorandum of Law in Support Request for Express Consideration should be denied.

        THE DEFENDANTS,

        YALE UNIVERSITY, MARVIN CHUN,
        MARK SCHENKER, PETER SALOVEY AND
        JESSIE ROYCE HILL

By: _____/s/_____
        PATRICK M. NOONAN – CT00189
        COLLEEN NOONAN DAVIS – CT27773
        DONAHUE, DURHAM & NOONAN, P.C.
        Concept Park
        741 Boston Post Road, Suite 306
        Guilford, CT  06437
        Telephone:  (203) 458-9168
        Fax:           (203) 458-4424
        Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                                                           /s/
                                                                                                    Patrick M. Noonan