UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | APRIL 1, 2020 |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |

### **DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITION**

On March 30, 2020, the plaintiff unilaterally scheduled six deposition notices seeking to take the depositions of Jessie Royce Hill and Michelle Tracey on April 3, 2020; Mark Schenker on April 4, 2020; Keshav Raghavan and Krista McLellan on April 6, 2020; and Dana Angluin on April 8, 2020.[1] The defendants hereby move to quash all notices of deposition because the defendants were not given reasonable notice of the depositions and cannot comply on such short notice, particularly given the national emergency existing at the present time. This argument is fully briefed in the defendants' Motion to Quash Notices of Deposition filed on March 19, 2020 and the defendants incorporate that argument herein. (Docket Entry No. 48, p. 2-4.) There is no reason to conduct depositions on an expedited schedule, because the Court has denied the plaintiff's motion for preliminary injunction and has entered a scheduling order whereby discovery is to be completed by November, 2020. In light of the Court's ruling

---

[1] Copies of the notices of deposition are attached hereto as Exhibit A.

on the preliminary injunction motion, defense counsel requested that the plaintiff agree that the e noticed depositions would not proceed at this time.[2] (Exhibit B, p. 3.) When the plaintiff refused, defense counsel explained that he agreed that the plaintiff was entitled to pursue discovery and was simply asking that the depositions be postponed and rescheduled in accordance with the Court's scheduling order. The plaintiff continued in his refusal to postpone the depositions. (Exhibit B, p. 1-3.)

Incredibly, the plaintiff then offered to make a deal: "I can agree to stay the depositions in exchange for access to my club's room in Welch." This refers to the fact that, as described in a recent court filing (Docket Entry No. 50, p.6), the plaintiff, contrary to the express written directive of CHAS to remain off campus while he is on Academic Withdrawal, surreptitiously took up residence in the basement of Welch Hall, in a room used for club meetings. When the Superintendent of the building discovered the plaintiff there (after other students had departed the campus) he informed the plaintiff that he had to vacate the premises. The plaintiff refused, and falsely claimed that he had been given permission to live there by a professor of one of Yale's graduate schools, an individual who has no authority over undergraduate students. The plaintiff continued his refusal to vacate, forcing the Superintendent to call the Yale Police Department and summon officers to remove the plaintiff. Clearly the plaintiff is unwilling to engage in the normal collaborative discovery process contemplated by the Federal Rules. This behavior should not be countenanced by the Court.

Given the Court's recent orders, there is simply no reason to force the defendants to submit to depositions over the course of seven business days, especially during a national and

---

[2] E-mail correspondence between the plaintiff and defense counsel is attached hereto as Exhibit B.

international crisis, and at a time both the witnesses and defense counsel have other commitments. Since the Court has denied the plaintiff's motion for preliminary injunction and the parties have more than seven months to conduct discovery, there is no reason why the depositions need to be conducted on an urgent basis.

Depositions in this case should proceed in the manner in which they are normally conducted in any case. Document discovery should precede depositions, so that the questioning can be more focused. Then, rather than one party unilaterally picking dates on short notice, and then obstinately refusing to accommodate the schedules of witnesses and counsel, the parties collaborate with each other. That practice should be employed in this case. Furthermore, there is no need to conduct depositions now when it would be necessary to incur the additional time and expense of virtual depositions. Given that the trial in this case will not be held until next spring, there will be ample time to conduct in-person depositions at a later date.

## **CONCLUSION**

For the foregoing reasons, and those stated in the defendants' recent filings regarding the plaintiff's attempts to conduct expedited discovery (Docket Entry Nos. 48, 50, 63), the defendants' Motion to Quash Notices of Deposition should be granted.

**THE DEFENDANTS,**

By: /s/
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                                                                                                                 /s/
                                                                                                                                                                           Patrick M. Noonan