## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

**JAKUB MADEJ**

     **Plaintiff,**

v.

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

     **Defendants.**

---

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**APRIL 1, 2020**

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITION

Plaintiff Jakub Madej hereby files this response in opposition to *Defendants' Motion to Quash Notices of Deposition* submitted on April 1, 2020 in the above-captioned case.

Defendants' motion should be denied because (1) Defendants did not meet their burden under Local Rule 37 to bring their *Motion to Quash*; (2) Counsel did not attempt to meet his burden under Local Rule 37; (3) Counsel cannot meet the burden under Local Rule 37 to file a motion to quash because parties have not met or conferred; (4) there is a strong preference for quick discovery; (5) Defendants cannot establish that notice was untimely; (6) Defendants assertions they "cannot comply on such short notice" are speculative and factually unsupported; (7) Defendants' argument that the COVID-19 crisis somehow warrants their *Motion to Quash* has no merit.

Defense counsel seeks to quash six notices of deposition. Plaintiff first noticed these depositions on March 17, 2020 – fourteen (14) days ago. The notices Counsel seeks to quash are identical to those noticed on March 17, 2020.

Plaintiff attempted to discuss this dispute with defense counsel, in person *and* by telephone – which is obviously Counsel's burden, not Plaintiff's. But Counsel refused to even answer the phone, let alone discuss anything. This conduct is certainly not accidental as Counsel rejected at least seven (7) calls from two different numbers that came from the Plaintiff – and his calls alone.

Defense counsel's current motion repeats many of the same baseless arguments already refuted by the plaintiff in its March 19, 2020 response to defendant's pending motion to quash. (Doc. 51). Defense counsel again also grossly exaggerates the burden imposed on the deponents, while ignoring the deponents' relevant knowledge about this case and plaintiff's resultant good-faith grounds to depose those depositions.

For the reasons stated below, as well as those in plaintiff's March 19, 2020 response (Doc. 51) and the attached affidavit (Doc. 51-2), and in the interest of avoiding further delay in discovery[1],  Plaintiff respectfully requests that this Court deny Defendants' motion to quash the notices of deposition.

---

[1] Defendants declare they "are willing to engage in discovery in the normal course and pursuant to the Federal Rules of Civil Procedure…despite the plaintiff's representations to the contrary" (Doc. 63, p. 6). Meanwhile, (i) no discovery of *any* kind has taken place in this action; (ii) Defendants – and Defendants alone – control all relevant information; (iii) this case has been open for sixty-two (62) days; (iv) parties have <u>not</u> met or conferred, despite Defendants' on-the-record representations to the contrary and email admissions admitting the opposite; (v) Counsel declared on March 19 he will not meet in person with plaintiff "for the purpose of discussing the Rule 26(f) report, or for any other purpose" (Doc. 50, p. 5); (vi) Counsel doesn't answer phone calls from the plaintiff, and from the plaintiff <u>alone</u>.

I.      **Background**


On March 17, 2020, plaintiff noticed the depositions of seven (7) individuals whom plaintiff believes to be persons knowledgeable about various facets of the organizational structure alleged in the Complaint, which focuses on Yale College's negligent informal procedures and policies that materially affect Yale's undergraduate students to their detriment, including this Plaintiff, who was withdrawn "for academic reasons". Plaintiff asserts, *inter alia*, that Yale College's appeal process for students "dismissed for academic reasons" – an automatic decision determined without any human judgment – exists only on paper, and that Yale College administration knowingly concealed that fact for years, allowing tens of students to be arbitrarily and capriciously withdrawn.

On March 19, 2020, defense counsel moved (Doc. 48) to quash the notices of deposition. Plaintiff filed a reply on the same day (Doc. 50), refuting Counsel's arguments that notice was untimely. Plaintiff, inadvertently, conveyed to this Court an intention to withdraw his motion for expedited discovery, which he never had. After Plaintiff's first motion for expedited discovery was withdrawn (Doc. 55), he filed a second motion for expedited discovery (Doc. 61).

Plaintiff intended to engage in reasonable and thoughtful discovery to establish the likelihood of success on the merits regarding his application for preliminary injunction. While the Honorable Court could not determine that likelihood as of March 30, 2020 and denied plaintiff's application (Doc. 64), plaintiff intends to obtain relevant facts to present at trial, or together with his second application for preliminary injunction, if plaintiff procures enough facts so feverishly protected by the defendants to bring one.

On March 30, 2020, Plaintiff once again noticed deposition to defense counsel (Doc. 67-2). All notices allowed for a virtual deposition in light of the ongoing emergency, and declared that plaintiff would reasonably consider all reasonable accommodation requests. All deposition notices were identical to those Counsel received on March 17, thus establishing a notice period of at least sixteen (16) days before the first deposition.

On April 1, 2020, Defendants moved to quash the notices the deposition (Doc. 67).

## ARGUMENT

**II.    Defendants Did Not Meet their Burden Under Local Rule 37 to Bring Their Motion to Quash.**

Local Rule 37(a) reads, in pertinent part:

> <u>No</u> motion pursuant to Rules 26 through 37, *Fed. R. Civ. P.* shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.
>
> <u>(emphasis added)</u>

In substance, Local Rule 37(a) thus establishes at least six (6) requirements a moving party must satisfy <u>prior</u> to filing a motion pursuant to Rules 27 through 37, namely that the moving

party: (i) confer with opposing counsel; (ii) do so in person or by telephone; (iii) do so in good faith; (iv) do so in detail; (v) do so in an effort to "eliminate or reduce the area of controversy"; and (vi) make an effort "to arrive at a mutually satisfactory resolution". The requirement that these factors must be satisfied before, not after filing a motion incentivizes parties to resolve discovery disputes without the Honorable Court's intervention. Accordingly, failing to meet any of the six factors alone created a sufficient reason to deny any motion pursuant to Rules 26 through 37.

Defendants *Motion* is clearly one pursuant to *Fed. R. Civ. P.* 30, and it must satisfy that six-factor standard before it is brought for consideration. Accordingly, Defendants, through their Counsel, must have satisfied all six requirements before the April 1, 2020 morning, when they brought their motion. In other words, Counsel must have (i) conferred with the plaintiff; (ii) do so in person or by telephone; (iii) do so in good faith; (iv) do so in detail; (v) do so in an effort to "eliminate or reduce the area of controversy"; and (vi) make an effort "to arrive at a mutually satisfactory resolution".

The defense counsel failed to meet even one (1) of these six factors. Nor did he want to meet them.

First, defense counsel never conferred with the plaintiff. Black's Law Dictionary (11th ed. 2019) declared "to confer" means "to hold a conference," or "to consult with one [person]". The point of consulting with someone is exchanging information between the two parties. But here Counsel's exchange was binary: agreeing to his conditions "not to engage in discovery" or "being forced to file another Motion to Quash". He neither offered nor accepted another alternative, a third option. Thus, he never conferred with the plaintiff.

Incredibly, defense counsel never met or conferred with the plaintiff in the first place; he never intended to meet and confer, either. Plaintiff brought up this issue on multiple occasions; confronted again with this issue (email attached), Counsel agreed no meet-and-confer took place (email attached).

Second, if defense counsel conferred with the plaintiff, he must have done so "in person or by telephone". On its face, this requirement forces parties to engage in meaningful communication to give them a chance to resolve a dispute in spoken English, not in unilateral declarations or requests for either a "yes" or a "no" disguised in lengthy prose. Both types of conduct are virtually impossible while communicating in-person and less likely over the phone. But counsel never called the plaintiff or met with the plaintiff. Nor did he want to.

Third, any attempt to resolve a discovery dispute must be made "in good faith", or with "honesty in belief or purpose," and "in observance of reasonable (...) standards of fair dealing in a given trade." *Black's Law Dictionary* (11th ed. 2019)

Counsel never intended to resolve this discovery dispute in good faith because he automatically assumed, from the very first moment he learned about this suit, that plaintiff must be a dissatisfied student who failed in school, was therefore dismissed, and now desperately tries to be reinstated. He never entertained another possibility. Naïf *pro se* plaintiff, unfamiliar with the adversarial system, pointed defense counsel to all information he could use against plaintiff. Plaintiff raised that point in writing on March 16 (email attached); defense counsel never responded to that commonsensical theory of defendants' case, though he read plaintiff's email.

6

Counsel's unshakable belief might have been challenged if he only met with plaintiff and actually try to understand what brought him to this Court – thus, he avoided meeting (not just: meeting and conferring) plaintiff for sixty-three (63) days now, only reinforcing and prolonging the conflict.

Had Counsel accepted any possibility to the contrary – namely, that something plaintiff says *is* true – he might have decided to meet and confer, as the parties must do, pursuant to *Fed. R. Civ. P. 26(f)*, and this dispute would have been resolved weeks ago. But parties' bodies have never met, let alone their minds; for, to this date, parties have not met face-to-face even though both plaintiff and defendant were physically present in[2] New Haven for at least a full month in February, and both plaintiff and defendant knew where the opposing party is. Here, Counsel fails to proceed in good faith because he acts on his initial assumption about this plaintiff, refusing to *try* to understand why and who plaintiff seeks to depose. Or, perhaps, only publicly so.

Fourth, unless a moving party discusses the dispute with the opposing counsel "in detail", it has no standing to bring a motion to quash. Here, the defense counsel did not discuss any material detail he was objecting to, whether depositions' location, specific time, method of recording, documents expected to be produced, or third parties present. In reality, Counsel objected to discovery taking place at all.

The notice of deposition Counsel himself offers to this court (Doc. 67-2) reads, in no uncertain terms, that:

---

[2] Or around, given that Guilford is located 20 miles away from New Haven.

"PLEASE TAKE FURTHER NOTICE that Plaintiff will give proper consideration to reasonable requests for accommodations, should deponent or deponent's Counsel foresee any issues that might prevent them from attending this deposition."

The ongoing COVID-19 crisis has impacted everyone's ability to travel, which plaintiff understands and sympathizes with, because it impacted him just as much, if not more. But the crisis did not impact anyone's ability to engage in good faith discovery. Or it shouldn't have.

Fifth, any attempt to resolve a discovery dispute must be made with "an effort to eliminate or reduce the area of controversy". The present controversy, as Counsel sees it, is not *when, where, how, or under conditions* the deposition would take place. The controversy is that plaintiff wants to proceed to discovery, and Counsel wants no discovery to ever take place.

Sixth, any attempt to resolve a discovery dispute before it is brought before the Court must be made with "an effort "to arrive at a mutually satisfactory resolution"". Counsel sees only one satisfactory resolution: no discovery ever taking place. The present controversy, as Counsel sees it, is not about finding a mutually satisfactory resolution. Plaintiff is easy to find, and has made himself readily available.

### III.    Counsel Did Not Attempt to Meet his Burden Under Local Rule 37

Defendants seek to quash a deposition scheduled in two-days' time, i.e. on April 3, 2020 (Friday). Plaintiff previously declared on the record he would happily "make appropriate

8

arrangements, whatever they might be" if counsel informally requested an extension (Doc. 51, p. 4). The full paragraph reads as follows:

> Counsel knows I am not a lawyer. He could have asked to reschedule these depositions until, for example, Monday and Tuesday instead of Friday and Saturday, as I originally suggested. My phone number is (203) 928-8486, and my email is j.madej@lawsheet.com. I see no reason to disagree to Counsel's request for three additional days to make appropriate arrangements, whatever they might be. Instead, Counsel objected by default. "This is clearly unreasonable." (p. 3)
>
> <u>Doc. 51</u> filed March 19, 2020

My phone number is still (203) 928-8486, and my email is still *j.madej@lawsheet.com*. I see no reason to disagree to Counsel's request for three additional days to make appropriate arrangements, whatever they might be. Instead, Counsel still objects by default. "This is clearly unreasonable." (Doc. 50, p. 3).

Seeking to quash a deposition scheduled in the very near future, Counsel should have to offer full factual and legal support to his motion. Because Counsel practiced law in this very Court for more than thirty years, he is clearly familiar with this District's Local Rules. Rule 37(a) sets forth an affidavit as a *prima facie* requirement of filing a motion about any discovery dispute:

> In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall <u>file with the Court, as a part of the motion papers, an affidavit</u> certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.
>
> *(emphasis added)*

9

Needless to say, Defense Counsel filed no affidavit. Nor could he file one. Because, on its face, Counsel's writing is intended only to bury the plaintiff in procedural subtleties.

Plaintiff offered an alternative arrangement that could reasonably reduce this controversy, or to be a mutually satisfactory resolution: to mutually agree on an extension of time in exchange for plaintiff's access to the room in Welch Hall, where he moved his property after his dean Jessie Royce Hill kicked him out of Franklin College, with all knowledge of security and maintenance staff in the building. Now plaintiff is left with just one pair of pants, and whatever he was allowed to pack in five minutes Yale Police gave him before removing him from Yale's campus like a criminal saying just two sentences: "The University wants you off the property. Do not come back."

Just because he dared to challenge the administration.

IV.     **Counsel Cannot Meet the Burden under Rule 37 to File a Motion to Quash Because Parties Have Not Met or Conferred**

As above.

V.     **There Is a Strong Preference for Quick Discovery**

Neither of the deponents is likely to know the plaintiff because they, by the nature of their work, deal with hundreds of students. Almost three months have passed since plaintiff was moved off his college; lost his personal property in the college; was supposedly determined to have been withdrawn; and more. These immensely damaging events to plaintiff – as they would reasonably be to *any* twenty-three-year-old student – are incidental events in lives of all deponents. Every week of delay, or perhaps *every day*, prejudices the present plaintiff because human memory is very much imperfect, and the accuracy of people's perceptions diminishes with time. Defendants have entertained their delaying tactics for months, only to plaintiff's prejudice. Therefore, Defendants motion should be quashed.

### VI.     Defendants Cannot Establish That Notice Was Untimely

This argument was fully briefed in plaintiff's reply to Defendants' first motion to quash notices of deposition (Doc. 51). Sixteen days (16) have passed since plaintiff first noticed the pertinent depositions. Defendants expected at all times plaintiff intends to depose the same individuals. Sixteen days' notice appears to be more than reasonable under ordinary schedule, given all opportunities Defendants have forfeited to engage in meaningful discovery. If only they wanted to.

### VII.    Defendants Assertions They "Cannot Comply on Such Short Notice" Are Speculative and Factually Unsupported

11

Defendants offer no factual support as to why they "cannot comply on such short notice," or what constitutes such a "short notice".

Plaintiff confirmed for a fact that five of six individuals sought to be deposed are present physically in New Haven (email attached). The sixth individual is most likely present in Stamford, Connecticut; despite the proximity of both cities, Plaintiff suggested the deposition proceeds remotely (email attached).

## VIII.   Defendants' Argument the COVID-19 Crisis Warrants Motion to Quash Has No Merit.

Counsel provides no basis why "the national emergency existing at the present time" justifies his motion.

Indeed, the ongoing COVID-19 crisis is consequential in scope and unfortunate in nature. Indeed, the President has declared a national emergency. Indeed, the Governor of the State of Connecticut has declared a public health emergency throughout the State.  Indeed, the U.S. Centers for Disease Control and Prevention has noted that "the best way to prevent illness is to avoid being exposed to the virus, through, among other means, social distancing". But nobody has noted that the best way – or *any* way – to prevent illness is to avoid engaging in discovery, to refuse telephone calls from opposing party, or to write – whether on a keyboard or by hand[3].

---

[3] Plaintiff requested that all deponents produce at a deposition an affidavit answering twelve specific questions. If Defendants could demonstrate any merit to their position, Counsel could try to offer such affidavits *in lieu of depositions* – an aggressive move, possibly casting serious doubt on Plaintiff's assertions. Needless to say, Counsel never did that.

12

To the contrary, this very Court is committed to "preserving its core mission of serving the public through the fair and impartial administration of justice". This Court's staff, "while not physically present at the courthouse, are equipped to work remotely, and will work normal hours during each business day." "The public is encouraged to continue utilizing Court services while following all applicable public health guidelines." (*General Order in Re: Court Operations under the Exigent Circumstances Created by COVID-19*, D.Ct., March 16, 2020).

If Counsel genuinely believed the national emergency warranted a stay in discovery, he would have filed a motion to stay discovery – but he did not. Nor could he.

The COVID-19 crisis in no way substantiates blanket assertions that Defendants cannot "comply on such short notice". Ironically, the current crisis made it *easier* for parties to confer because advanced video-conferencing is readily available to anyone who want to spend an hour or two learning how to use it, and use it – without having to commute, coordinate, or face unforeseen obstacles such as traffic congestion or vehicle malfunction.

On March 16, 2020, Plaintiff declared his willingness to incorporate modern technology in this action by establishing a virtual deposition room through Zoom (Doc. 51-3). Counsel did not attach that notice when he moved to quash three days later (Doc. 48), even though he referred to that very notice as purportedly attached.

On March 30, the Southern District of Illinois has authorized telecommunications like video and phone over the coronavirus pandemic, effective immediately[4]. The U.S. Court of Federal Claims uses enterprise-level videoconferencing, such as Polycom, Cisco, and Lifesize, since at least 2015[5]. The Fourth Circuit scheduled remote arguments through April 20 that will be held by

---

[4] *Administrative Order No. 63*, S.D.Ill., March 30, 2020.
[5] http://www.uscfc.uscourts.gov/video-conferencing-guidance

teleconference and accessible to the public from the court's website[6]. Plaintiff happened to contact nine (9) litigation support businesses last week – all work normal business hours. Even if Counsel declared under oath that he, or his form, or the deponents, have no means or ability to use remote tools to engage in discovery, such as access to internet or a camera, his argument against proceeding with discovery would be weak. But Counsel makes no such statement.

Otherwise, Defendants make no argument why depositions sought to be quashed pose an undue burden, or why they should be postponed indefinitely for any other reason. Nor can they.


IX.    **Conclusion**

For the foregoing reasons, Defendants' motion to quash should be denied.


Dated: April 1, 2020 in New Haven, Connecticut.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
The Plaintiff

65 Dwight St
New Haven, CT 06511
j.madej@lawsheet.com
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070

---

[6] http://www.ca4.uscourts.gov/oral-argument/remote-oral-arguments