UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | :<br>:<br>: CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH<br>: |
| v. | :<br>: |
| YALE UNIVERSITY, MARVIN CHUN,<br>MARK SCHENKER, PETER SALOVEY AND<br>JESSIE ROYCE HILL | :<br>:<br>:<br>: |
| DEFENDANTS | :<br>: APRIL 21, 2020 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM REQUIREMENTS OF LOCAL RULES TO COMMUNICATE WITH THE PLAINTIFF IN PERSON OR VIA TELEPHONE**

On April 7, 2020 defense counsel filed a Motion for Order For Relief From Requirements of Local Rules To Communicate With The Plaintiff In Person Or Via Telephone and set forth the reasons behind that motion. (Docket Entry No. 75.) It is noteworthy that in more than 40 years of practicing law, defense counsel has never even considered filing such a motion. The defendants' April 7, 2020 filing provides ample support for this unique motion. In response to that motion, the plaintiff made two filings, totaling 188 pages of material. (Docket Entry Nos. 80 and 81.) Defense counsel will not burden the Court with responding to each of the plaintiff's arguments. Instead, this reply brief will focus on just two elements: (1) communications from the plaintiff shortly following the April 20, 2020 hearing in which the plaintiff contradicted statements made in the hearing and demonstrated his apparent inability to accurately interpret oral communications; and (2) a response to the unjustified, defamatory statements the plaintiff has made regarding the integrity of Deborah Hackett, defense counsel's long-time paralegal who has earned an exemplary reputation for her skill and integrity.

As reflected in the Court's "Minute Entry," (Docket Entry No. 83), Judge Hall spent a substantial part of the April 20, 2020 hearing explaining to the parties that, consistent with the Court's previously entered scheduling order, the discovery in this matter should proceed first with paper discovery, to be followed with depositions, which would be scheduled during the months of August, September and October, unless the current COVID crisis prevented the depositions from being scheduled then. The Court explicitly stated that the previously entered scheduling order would not be altered, and therefore document discovery would precede any depositions. Although the plaintiff expressed initial opposition to not having a "scheduling conference" prior to the commencement of the document discovery, he ultimately agreed with the Court that the Court's proposal was the most appropriate process to follow at the present time. Defense counsel readily agreed. The Court noted during the April 20, 2020 conference that the plaintiff had filed, three minutes before the hearing began, another Motion to Compel a Scheduling Conference. Judge Hall indicated that she did not feel the need to rule on this motion, since it was already covered by her previously issued scheduling order. Despite the foregoing, the plaintiff emailed defense counsel approximately two hours after the conclusion of the conference, insisting that, in accordance with Rule 26(f), defense counsel was "mandated" to conduct a conference with the plaintiff before the commencement of any discovery. In that same email, he insisted that there should be depositions conducted over the telephone prior to the end of the COVID-19 crisis and again challenged the integrity of defense counsel. See Attachment B.[1]

---

[1] It is noteworthy that the 4:13 p.m. email from the plaintiff on April 20, 2020 was in response to defense counsel's email from the prior afternoon in which defense counsel requested that the plaintiff supply any evidence he has to support the accusation that he has repeatedly made to the effect that the defendants have destroyed relevant documents. In his response to that email, the plaintiff states that he does not feel the need to discuss that accusation "because I retained a copy of all documents that you have caused me to lose access to." In other words, the plaintiff has no evidence to support the unfounded accusation that the defendants have destroyed relevant documents. Indeed, the documents relating to this dispute have already been made exhibits to the prior pleadings filed by both sides.

In view of the foregoing, it is clear that forcing defense counsel to engage in oral communications with the plaintiff will doom both the parties and the Court to continued excessive motion practice, which is contrary to the spirit and the letter of Fed. R. Civ. P. 1, which admonishes that the Rules must be construed and administered so as to "secure the just, speedy and inexpensive determination of every action and proceeding."

The second issue which defense counsel must address is the completely unjustified attack on Deborah Hackett.  After having filed a pleading in which he accused Ms. Hackett of intentionally altering email communications between the plaintiff and Ms. Hackett, the plaintiff, during the April 20, 2020 hearing, insisted that there was no intention on his part to accuse anyone of wrongdoing.  Despite that statement, the docket reveals that the plaintiff had filed his Motion for Sanctions, (Docket Entry No. 80), on April 18, 2020 at 7:42 p.m., less than two full days prior to the April 20, 2020 hearing.  In that pleading, the plaintiff includes the following slanderous accusations:

- "Counsel knowingly altered the email he offers to the Court."  Id. at 26.
- "Counsel altered the email to have it say what is not true."  Id. at 27.
- "Counsel's paralegal pressed the 'send' button at 4:20:23 p.m. EDT."  Id. at 27.
- Defense counsel's conduct "demonstrates to what extent counsel wishes to 'win,' 'whatever it takes.'"  Id. at 28.
- "Counsel's conduct is neither a misunderstanding or a one-time occurrence.  You *cannot* accidentally edit a PDF file, change time zone on your computer, or crop an older message to have them say something else than what's true."  Id. at 29.
- Defense counsel's conduct "may also constitute fraud on the court."  Id. at 29.[2]

While the plaintiff attempted to suggest during the hearing that his failure to recognize that the foregoing comments could be taken as a personal attack resulted from the fact that English is not his native

---

[2] Interestingly, the plaintiff states that he himself knows how to "alter emails he offers to the Court." (Docket Entry No. 81, p. 27.)  In this regard, he possesses a skill not known to defense counsel.

language, he acknowledged in other court filings that he is quite skilled in the English language, having been educated in several English-speaking schools prior to matriculating at Yale College. The hundreds of pages of court filings the plaintiff has submitted in this case stand as a testament to his intelligence, creativity and skill communicating in written form in the English language. Given the representations made in the Motion for Sanctions, it strains credulity for the plaintiff to suggest that he could not appreciate the statements made in the Motion for Sanctions were a personal attack. He then followed up the Motion for Sanctions by sending an email two hours after the conclusion of the hearing in which he stated: "I know that your paralegal is a diligent, honest person. I know how you made that misstatement about email, though. (Hence, 'altered,' not 'doctored'). I am proud to say I follow the rules of professional conduct and don't mislead the Court, even if doing so is not locally (sic) advantageous to my case." See Attachment A. Giving the plaintiff the full benefit of the doubt, and assuming that he somehow did not understand that making all of these statements could be regarded as a personal attack, the statements do demonstrate without any doubt whatsoever that forcing defense counsel to engage in oral communications with the plaintiff will add to the amount of time which both defense counsel and the Court will have to devote to this matter, since it is apparent that defense counsel will need to repeatedly send emails and file pleadings to clarify what has been stated orally.

## **CONCLUSION**

Defense counsel has never filed a motion similar to this one in more than 40 years of practice, and did so only after considerable deliberation in this case. While in most cases having both sides confer orally will bring advantages, in this case it is quite clear from the filings already made that oral communications will not assist in resolving any dispute between the plaintiff and defendants, whether relating to discovery or any other issue in the case. The plaintiff's emails sent to defense counsel immediately following the April 20, 2020 telephonic hearing with the Court demonstrate plaintiff's

interpretation of oral communications, whether from the Court or defense counsel, are at substantial variance from defense counsel's recollection and interpretation of those same communications. They are also at variance from the Court's Minute Entry, docketed immediately after the hearing. To force defense counsel to engage in oral communications with the plaintiff in the present case will not only increase the court filings, but will also immeasurably increase defense costs, as defense counsel must repeatedly send confirmatory emails following each oral communication. The guidance provided in Fed. R. Civ. P. 1 that the Rules are to be implemented in order to achieve the "just, speedy, and inexpensive" prosecution of each case will be thwarted if defense counsel is ordered to communicate orally with the plaintiff. Such an order will tax judicial resources which should be conserved at any time, but particularly at a time of national crisis; will greatly increase defense costs; will induce delays as more motions are filed and will not contribute to achieving a just resolution. Under the unique circumstances of the present case, defense counsel should be relieved of the obligation to engage in oral communications with the plaintiff.

**THE DEFENDANTS,**

**YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL**

By:_____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan