# Anne-Marie Cicarella

| | |
|---|---|
| **Subject:** | FW: Yale Records Retention Schedule |
| **Importance:** | High |

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Monday, April 20, 2020 4:13 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Re: Yale Records Retention Schedule

Hi Pat,

Regarding the confidential email, it's a normal option on my account. Apparently it is displayed differently on your account -- I will send you normal emails, as you asked.

I have specifically indicated such actions in Motion for Sanction. [Doc. 80]. We need not discuss this at that stage because I retained a copy of all documents that you have caused me to lose access to. I may raise this issue at or around trial, if necessary.

I know that your paralegal is a diligent, honest person. I know how you made that misstatement about email, though. (hence "altered", not "doctored"). I am proud to say I follow the rules of professional conduct and don't mislead the Court, even if doing so is not locally advantageous to my case.

<u>We absolutely need to confer about discovery.</u> You have been cherry-picking evidence, which you can do. I can also throw subpoenas at Yale employees too, and they will speak the truth. I hope we can proceed civilly but again, you have to show that effort. The Department of Education responded to my FOIA request about Yale in one day, so I would hope Yale can respond within one month.

We <u>cannot</u> do any necessary conferring by email because we have not had a meaningful discussion, which is mandated per FRCP 26(f). You are well aware we did not have any conference because you read my two emails about this and did not respond. Judge Hall's scheduling order was issued based on the report you filed -- you know *very well* <u>we had an oral agreement that you breached</u>. We did not discuss this action in good faith because Yale never approached this case in good faith. I wish to resolve the dispute professionally and without court action, if possible. Per federal law, Yale can reopen my old student visa until May 15, or 5 months after the F-1 record has been deactivated. The stake for me will be higher past that date. You can speak through Ted about an offer, if Yale wishes to make one.

I wish to avoid excessive motions to compel, like in *Bagley*. After I file the amended complaint, I ask that we properly confer, virtually or over telephone. I will send you a proposed report, and a list of issues to discuss prior to the conversation. <u>If you refuse, I will make a further legal argument in support of that motion to compel a conference, or file another motion to compel.</u> Courts have frequently mandated that parties meet civilly, and I hope we can avoid getting the court involved here. Remember, "the motion must include a certification that the movant has <u>in good faith</u> conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action".

As for the deponents, I can provide more information after I file the amended complaint. Most depositions will be short, and I suggest we do them over telephone. There is <u>no</u> need to wait for COVID-19 to end with telephone calls because I have located most documents already. I have no place to stay, and cannot legally work. Discovery here is more urgent than for you, and deponents are readily available. I will get back to this

with names and suggested dates soon. If you disagree, I ask that we try to reach an agreement without further motions.

PS. You mentioned on the record that proceedings should be inexpensive. You're correct. I hope you remember they should also be *just*.

Best,
Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com


On Sun, Apr 19, 2020 at 5:51 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

> Hi Jakub,
>
> You have now sent me several communications suggesting that Yale has destroyed relevant documents. I am not aware of that occurring. Please send me any evidence you have to support this accusation so that we can discuss it with Judge Hall tomorrow.
>
> I have also received a text from you, as well as a "Gmail confidential email." Please send me all communications to my email address. It is very secure, and much easier for me to access and copy to my file.
>
> You have suggested several times that you wish to "confer" about discovery. We can do any necessary conferring by email. At this point, we should conduct discovery in accordance with the scheduling order entered by Judge Hall. I have sent you discovery requests, and I will schedule any depositions I need once you have fully complied with those discovery requests, and after the COVID crisis has ended. If you are seeking production of any documents, you should list them in discovery requests, consistent with Judge Hall's order. Then, after the written discovery is exchanged, we can schedule depositions taking into account the calendars of the witnesses, after the COVID crisis has ended. At this point, there is simply no need to confer about discovery. It will proceed in accordance with Judge Hall's order.
>
> Finally, please send the list of deponents you sent through Gmail to my regular email address, so that I can copy it in order to retain it in my file. Thanks.
>
> Pat
>
>
> Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.
>
>
> Patrick M. Noonan
>
> Donahue, Durham & Noonan, P.C.
>
> 741 Boston Post Road
>
> Guilford, CT 06437
>
> (203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Sunday, April 19, 2020 3:14 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Yale Records Retention Schedule

Hi Pat,

I thought that would help you before our conference call tomorrow. I am uncertain whether Yale employees, including Defendants, know about this policy at all - or whether it is anyhow enforced - but that's the baseline in our discovery process.

If you wish, I can fax or mail you a copy too.

Best,

Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com