UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | MAY 12, 2020 |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE DEFENDANTS' MOTION TO DISMISS**

The defendants have moved to stay all discovery until after the Court has issued a ruling on the defendants' motion to dismiss the complaint in its entirety. As will be discussed in detail below, it appears that the filing of the defendants' motion to dismiss has caused the plaintiff to unleash a barrage of inappropriate communications and discovery-related pleadings to defense counsel and the defendants themselves. In order to spare the parties and the Court time-consuming and expensive motion practice, the defendants move for a stay of all discovery until the Court has ruled on the pending motion to dismiss. The defendants also move for an order requiring the plaintiff to limit his communications to defense counsel only, to cease his practice of sending the same pleading or discovery request multiple times through a variety of methods of communication, and to cease direct communications from the plaintiff to the defendants.

## I.      Procedural Background[1]

Following a status conference on April 20, 2020, the Court issued the following order on discovery:

> As to discovery, the case will proceed with paper discovery before depositions are scheduled, and the court does not alter its Scheduling Order (Doc. No. 57).  The parties are to determine what depositions will be sought within the next two to three weeks, and are directed to schedule those depositions between August and October, 2020, subject to availability of the parties, counsel, and deponents.  If it becomes unclear whether a scheduled deposition can proceed due to COVID-19, the parties may ask for a scheduling conference to discuss either continuances of some or all of the depositions, or conducting some or all of the depositions via video conferencing. The discovery deadline remains November 30, 2020.

(Docket Entry No. 83.)  Despite this ruling, the plaintiff sent a subpoena directing Attorney Patrick M. Noonan to appear for a deposition on May 28, 2020.  The subpoena is dated April 30, 2020 and was delivered by USPS to Attorney Noonan's home address on May 3, 2020.  Attorney Noonan's wife, who is immune-compromised,[2] was required by the delivery person to sign for the subpoena. A copy of the same subpoena was then sent to Attorney Noonan's office on May 4, 2020.  A notice of intent to serve a subpoena on Attorney Noonan and a tender of subpoena fees were also received in the office on May 4, 2020.  A third subpoena, also dated April 30, 2020 and commanding Attorney Noonan to appear at a deposition on May 28, 2020, was delivered by FedEx to Attorney Noonan's home on May 5, 2020.[3]  This exposed defense counsel and his wife to a second

---

[1] The Court is well versed in the facts of this case, and the defendants will not repeat them here. The defendants only recite the facts leading to the filing of this motion for protective order.

[2] Mr. Madej and the Court were previously informed that Attorney Noonan has been strictly abiding by the rules promulgated by the President and Governor during this crisis due to health and safety concerns; it is difficult to understand what legitimate purpose was served by the plaintiff having documents which had already been e-mailed to defense counsel and sent to his office to also be delivered to his home, especially in light of the risk posed to his family.  See, Docket Entry No. 75, p. 2.

[3] Copies of the two subpoenas delivered to Attorney Noonan's home, the FedEx label, the notice of subpoena, and the tender of subpoena fees are attached hereto as Exhibit A.  If a stay of discovery is not granted, the defendants intend

opportunity to transmit the COVID virus.

On May 6, 2020, the plaintiff issued requests for admissions to Attorney Noonan's paralegal, Deborah Hackett, who is obviously not a party to this action.[4]  The requests for admission were sent via e-mail and to Ms. Hackett's home address.  The plaintiff also issued requests for admissions directed to Yale University on May 6, 2020.[5]

On May 6, 2020, the defendants moved to dismiss the plaintiff's complaint in its entirety for failure to state claims upon which relief can be granted.

On May 7, 2020, the plaintiff issued requests for admissions to Dean Mark Schenker.[6]  It is significant that the plaintiff misquotes Dean Schenker's January 20, 2020 e-mail, and thereby attempts to mislead Dean Schenker when asking him to admit that he stated: "I had a vote in the members' decision nor am I empowered to alter it."  (Ex. D, Request for Admission #28.)  In fact, Dean Schenker's complete statement in the January 20, 2020 e-mail  states: "Given this fact, and that I neither had a vote in the members' decision nor am I empowered to alter it, I ask that you send me any questions or concerns in writing, and I will do my best to reply to you as soon as I am able, within the limits of what I have written above (that is, I will not be speaking for the members regarding your petition nor the Committee's vote)."  (PX 14, p. 5.)[7]

Also on May 7, 2020, the plaintiff sent notices of intent to serve subpoenas for production

---

to file a motion to quash the subpoenas directed to Attorney Noonan.  He obviously has no personal knowledge of any information that is relevant or material to the present action.

[4] A copy of the e-mail and the requests for admissions directed to Ms. Hackett are attached hereto as Exhibit B.  If a stay of discovery is not granted, the defendants intend to file a motion to strike these requests for admission.  Since she is not a party Ms. Hackett is not required to respond to a request for admission.

[5] A copy of the e-mail and the requests for admissions directed to Yale University are attached hereto as Exhibit C.

[6] A copy of the e-mail and the requests for admission directed to Dean Schenker are attached as Exhibit D.

[7] This exhibit was submitted in support of the plaintiff's motion for preliminary injunction.

of documents directed to Jason Shaw, Keshav Raghavan, Benjamin Glaser, and Helena Lyng-Olsen, all of whom are members of Yale University's Committee on Honors and Academic Standing ("CHAS").  He also sent a notice of intent to serve a subpoena for production of documents directed to Yale University Police Department.[8]  These notices were faxed to Attorney Noonan's office, despite the fact that the plaintiff is aware that Attorney Noonan and his assistant are working remotely from home; and Attorney Noonan has repeatedly asked the plaintiff to send communications and documents to him by e-mail.  He sent all of these notices directly to the individuals in question, instead of to defense counsel.  It is noteworthy that all of the individuals to whom plaintiff has sent the subpoenas, as well as the Yale University Police Department, are agents of Yale University, and they are  represented by defense counsel.  The plaintiff's April 19, 2020 e-mail demonstrates  that the plaintiff was aware of the fact that all of these people are agents of Yale University.  In that e-mail, the plaintiff listed the witnesses that he wished to depose, including Jason Shaw, Keshav Raghavan, Benjamin Glaser, and Helena Lyng-Olsen.[9]  The plaintiff provided Yale e-mail addresses for each of these individuals, and listed the teaching schedules for Professor Shaw and Professor Glaser.  He also provided the Yale University address for Mr. Shaw.  Thus, he knew at the time he initiated contact with them that they were Yale employees.[10]

---

[8] Copies of the five notices of intent to serve subpoenas directed to the CHAS members and Yale University are attached hereto as Exhibit E.  The plaintiff also e-mailed copies of these notices.  The e-mail is attached hereto as Exhibit F.  If a stay of discovery is not granted, the defendants intend to file motions to quash these subpoenas.

[9] Among the other individuals listed as potential witnesses are Alexander Dreier and Caroline Hendel, both of whom are attorneys in Yale University's Office of the General Counsel.  The plaintiff also lists Peter Salovey, the President of Yale University; Marvin Chun, the Dean of Yale College; and Ben Polak, the former Provost of Yale University.  The defendants intend to object to any of these individuals being deposed because none of them was in any way involved in the proceedings leading to the plaintiff's involuntary withdrawal and none of them has any personal knowledge of any fact relevant to the plaintiff's claims in this matter.

[10] A copy of the April 19, 2020 e-mail is attached hereto as Exhibit G.

On May 8, 2020, the plaintiff issued a second set of requests for admissions directed to Yale University.[11]    On May 9, 2020, the plaintiff  directly contacted Alexander Dreier, the General Counsel for Yale University.  The plaintiff indicated that he intended to send further communications to the General Counsel's office.[12]  That same day the plaintiff also contacted Mr. Raghavan, a member of CHAS, and purported to offer him legal advice: "You are not in any way related to the legal action between me and Yale, and I wish to minimize the burden of my request on you.  If you have any questions about what you can do to comply or to object, and what other options you have, give me a call at [phone number]."[13]

On May 10, 2020, defense counsel e-mailed the plaintiff in response to the plaintiff's inquiry as to whether Attorney Colleen Noonan Davis intended to file an appearance in this action.[14]  Attorney Noonan requested the following:

- To communicate only with Attorney Noonan, rather than with other employees in Attorney Noonan's office;[15]

- To communicate with Attorney Noonan only through e-mail rather than mailing and faxing pleadings and other communications by fax and USPS to defense counsel's office, which is largely unattended, as well as deliveries to defense counsel's residence;

- To cease sending duplicate documents and communications by multiple means of delivery;

_____

[11] A copy of the e-mail and second set of requests for admissions directed to Yale University are attached hereto as Exhibit H.

[12] A copy of the e-mail is attached hereto as Exhibit I.

[13] A copy of the e-mail is attached hereto as Exhibit J.

[14] A copy of the e-mail is attached hereto as Exhibit K.

[15] Attorney Noonan's assistant had erroneously requested that the plaintiff include several individuals in Attorney Noonan's office on communications.  Attorney Noonan corrected that error within six hours.  This e-mail correspondence is attached hereto as Exhibit L.  Despite Attorney Noonan's correction, the plaintiff continues to include other employees on communications.  See, Exhibit H, K.

- To cease sending communications to Attorney Noonan's personal residence;

- To cease communicating with Attorney Noonan's clients

Attorney Noonan has made these requests throughout the course of this litigation, but the plaintiff continues to ignore them. In the email on May 10 defense counsel requested that plaintiff indicate his commitment to abide by these requests by return email. As of this writing, the plaintiff has not responded.

## II.    **Legal Standard**

"Pursuant to Fed. R. Civ. P. 26(c), the court has the discretion to stay discovery for 'good cause,' and…good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." Cuartero v. United States, 2006 U.S. Dist. LEXIS 79641 (D.Conn. November 1, 2006) (Martinez, M.J.). "In determining whether good cause exists for a stay of discovery, the court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay. [A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." (Internal quotations and citations omitted.) Id. at *3. See also, Rivera v. Heyman, 1997 U.S. Dist. LEXIS 2003 *2 (S.D.N.Y. February 27, 1997) ("The trial court has considerable discretion to control the discovery process in cases before it. Rule 26(c) of the Federal Rules of Civil Procedure allow a district court to stay part or all of the discovery process for good cause shown.")

## III.   **Argument**

Good cause exists for staying discovery in this action until after the Court issues a ruling on the defendants' motion to dismiss. The defendants' motion to dismiss is directed at the entirety of the plaintiff's complaint and the defendants have presented strong arguments for the dismissal

of each count.  In this regard, it is noteworthy that the parties have already presented the Court with an abundance of evidence in connection with the plaintiff's motion for preliminary injunction. In denying the plaintiff's motion without an evidentiary hearing, the Court found that there was no likelihood that the plaintiff would be able to demonstrate a likelihood of success on the merits, or even the lesser standard of serious questions going to the merits.  Indeed, the Court observed that "it appears that Yale followed the contract to the letter" and "the evidence thus far supports a conclusion that Yale followed the procedures in the Course Catalogue." (Ruling, p. 22, 25.)  Given the strength of the defendants' motion to dismiss all of the plaintiff's claims, a stay of discovery is appropriate in this case.

The plaintiff's intentional refusal to abide by the Court's ruling as to the manner of conducting discovery in this case also supports a stay of discovery.  Ten days after the Court ruled that written discovery was to be conducted prior to depositions and that depositions could not be scheduled until August, 2020 at the earliest, the plaintiff issued three subpoenas commanding Attorney Noonan to appear at a deposition on May 28, 2020.  See, Ex. A.  This action was not only in contravention of the Court's clear order on discovery, it also placed Attorney Noonan's wife's health at risk, as the delivery person who delivered the subpoena was not wearing a mask or gloves and required Attorney Noonan's wife to sign for the delivery on a device touched by numerous people.  Attorney Noonan has repeatedly requested that the plaintiff transmit all communications and documents by e-mail.  Despite these requests, the plaintiff continues to fax items to Attorney Noonan's office and deliver communications via USPS and FedEx.  Since Attorney Noonan is working remotely from home, e-mail is the easiest form of communication and enables Attorney Noonan to save the documents to his file.  Any other method of communication or delivery of documents is inefficient during the current crisis.

7

Limiting communication to email would also benefit the plaintiff.  The plaintiff claims that he has no ability to earn an income.  E-mailing all communications and documents would save the plaintiff from traveling to the mail service and expending money for delivery fees.  Attorney Noonan has also requested that the plaintiff only communicate with him, rather than other employees in his office, and to send one copy of a document instead of several copies through different means.  This will help reduce the costs incurred in the defense of this litigation, as Attorney Noonan can decide who should review the communications and documents and the communications and documents will only be reviewed once rather than several times.  Restricting the plaintiff to sending communications just once, only to Attorney Noonan and only through email will support the goal of Fed.R.Civ.P. 1 by making the adjudication of this dispute less expensive and burdensome for all parties.

A stay of discovery is also appropriate at this time because the plaintiff is misusing the discovery process.  The plaintiff has directed requests for admission to Ms. Hackett, a paralegal in defense counsel's office.  This act is contrary to the Federal Rules of Procedure, which provide that requests for admissions can only be directed to parties.  See, Fed. R. Civ. P. 36.  It appears that the plaintiff is aware of this fact, as he informed Ms. Hackett in the e-mail, "You may choose not to answer my requests, of course."  (Ex. B, p. 1.)  He also stated in the requests for admission: "You are not obliged to answer this request under *Fed R Civ P* 36, as you are not a party to this action."  (Ex. B, p. 2.)  The requests for admission were also sent to Ms. Hackett's home address.  There is no reason for the plaintiff to contact Ms. Hackett at home.  The plaintiff has also served subpoenas commanding production of documents to four members of CHAS[16] and the Yale

---

[16] Of course, the fact that the plaintiff is sending subpoenas to these individuals negates his allegation that Dean Schenker has been the only member of CHAS since 2000.  See, Amended Complaint, ¶ 49.

University Police Department.  The CHAS members and the police department are agents of Yale University, and therefore represented by defense counsel.  Directing subpoenas to the home addresses of employees represented by counsel is wholly inappropriate.  The subpoenas should be directed to Yale University's counsel.  The plaintiff is well aware that these individuals are employees, and therefore, agents of Yale University.  See, Ex. L.

A stay of discovery is also appropriate in this case because it is clear that engaging discovery at the present time will result in further motions with the court.  If a stay is not granted, the defendants will be forced to file motions to quash the subpoenas directed to Attorney and the employees of Yale University and a motion to strike the requests for admission directed to Ms. Hackett.

If the plaintiff is permitted to propound further discovery requests at this time, it is inevitable that the defendants will be required to file further motions with the Court.  The plaintiff agrees on this point: "I anticipate many discovery disputes in this action…."  (Ex. F.)  Since the motion to dismiss may result in the dismissal of all of the plaintiff's claims, engaging in discovery disputes at this time would be a waste of judicial resources, especially given the potential for motion practice regarding discovery disputes.

The plaintiff will not be prejudiced by a stay of discovery pending the Court's ruling on the motion to dismiss.  The documents that are at the heart of this litigation have already been presented to the Court in connection with the plaintiff's motion for preliminary injunction. Additionally, the plaintiff  has been apprised of the defendants' arguments in response to  his claims and the support therefor through the filings related to the motion for preliminary injunction and the defendants' motion to dismiss.  In the event that the Court denies any part of the defendants' motion to dismiss, discovery can be narrowly tailored to the claims that survive the

motion to dismiss.  While the plaintiff has suggested that he has been economically harmed by the academic withdrawal, the discovery propounded over the past week indicates that he is able to travel throughout the country. The plaintiff signed the notice of subpoena for Attorney Noonan in Barstow, California; the FedEx delivery to Attorney Noonan's home in Bakersfield, California; and the remaining subpoenas and request for admissions in Las Vegas, Nevada.

The case law in this district supports a stay of discovery under the circumstances of this case. Turner v. Zickefoose, 2009 U.S. Dist. LEXIS 90857 (September 14, 2009) (Squatrito, J.) is instructive.  In that case, the pro se plaintiff, who was incarcerated in Florida, filed a complaint in connection with an incident during which she was assaulted by other inmates while incarcerated at FCI Danbury.  Id. at *1-2.  After the defendants filed a motion to dismiss, the plaintiff filed a series of motions seeking orders compelling the defendants to provide her with discovery materials.  The defendants then moved to stay discovery until the district court was able to rule on the motion to dismiss.  Id. at  *4.  Observing that he had  "serious doubts" that the plaintiff's claim was likely to be of substance, Judge Squatrito granted the motion to stay discovery until the motion to dismiss was decided.  Id. at *9.  Since this Court has already indicated that there is serious doubt about the present plaintiff's ability to prevail in this case, the defendants' motion to stay should be granted.

In Rivera v. Heyman, 1997 U.S. Dist. LEXIS 2003 *1-2 (S.D.N.Y. February 27, 1997), the district court granted the defendants' motion to stay discovery pending resolution of their motion to dismiss the complaint.  Granting the defendants' motion to stay discovery, the district court observed:

> Defendants are about to file a motion which could well dispose of many of the issues in this case, if not the entire action.  The Court cannot, of course, predict the outcome of the motion until it is brought and briefed by the parties, but it is enough to note that defendants appear at this stage to have

> a substantial argument for dismissal.  Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.

Id. at *3.  The court in Cuartero v. United States, 2006 U.S. Dist. LEXIS 79641 (D.Conn. November 1, 2006) (Martinez, M.J.), reached the same conclusion.  Judge Martinez granted the defendants' motion to stay discovery pending resolution of the defendant's motion to dismiss, noting that "the defendant's memorandum of law does appear to raise substantial issues based on statutes, caselaw and the facts of this case."  Id. at *5.  Judge Martinez found good cause for staying discovery pending a decision on the motion to dismiss, observing:  "Permitting discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties, since the court's decision on the motion to dismiss may significantly narrow the issues.  If discovery were to continue, it would also be likely to result in additional motion practice….  The prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision in reached on the Motion to Dismiss."  Id. at *7.  See also, Hampton v. State of Conn. Judicial Branch, 2019 U.S. Dist. LEXIS 123604 *9-10 (D.Conn. July 24, 2019) (Bolden, J.) (district court stayed discovery pending the resolution of the defendants' motion to dismiss the entire complaint); Nowacki v. Town of New Canaan, 2017 U.S. Dist. LEXIS 1337 *3 (D.Conn. January 5, 2017) (Meyer, J.) (district court stayed discovery until resolution of the defendants' motion to dismiss the pro se plaintiff's complaint); Sanchez v. Homestead Funding Corp, 2014 U.S. Dist. LEXIS 114921 *2 (D.Conn. August 19, 2014) (Shea, J.) (same).

Granting the present motion to stay would be entirely consistent with all of the cases cited above.  The pending motion to dismiss, to understate the case, "raises substantial questions about" the  viability of the plaintiff's complaint.  The plaintiff's abuse of the discovery process, coupled

with the strong likelihood that the Court and the parties will become mired in motion practice if this case is not stayed, provide additional reasons to stay discovery in this case.

**IV.**   **Conclusion**

For the foregoing reasons, the defendants request a stay of discovery pending the Court's ruling on the motion to dismiss.  In the alternative, the defendants request an order requiring the plaintiff to comply with the Court's April 20, 2020 order; i.e., to engage in written discovery directed to the defendants through defense counsel and to schedule depositions beginning in August, 2020. The defendants also request an order requiring the defendant to e-mail defense counsel with all communications and documents.  Defense counsel has been working almost exclusively from home due to the pandemic and in consideration of his wife's health.  E-mail is the most efficient, safe and effective manner of communication and transmission of documents at this point in time.  Finally, the defendants also request an order requiring that the plaintiff cease contacting any of Yale University's employees regarding this action.  Any communications should be directed only to Attorney Noonan.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:_____/s/_____
    PATRICK M. NOONAN – CT00189
    COLLEEN NOONAN DAVIS – CT27773
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park
    741 Boston Post Road, Suite 306
    Guilford, CT  06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  pnoonan@ddnctlaw.com

12

## <u>CERTIFICATION</u>

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____

Patrick M. Noonan