UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : MAY 19, 2020 |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED HEARING ON MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE DEFENDANTS' MOTION TO DISMISS**

The defendants have moved for an expedited telephonic hearing on their Motion to Stay Discovery Pending Resolution of the Defendants' Motion to Dismiss ("Motion to Stay Discovery") (Entry No. 94). The defendants request that the hearing be scheduled as soon as the Court's schedule permits. This memorandum is submitted in support of that motion.

**FACTUAL BACKGROUND**

Due to the fact that defense counsel's office has been largely closed, with defense counsel's assistant and paralegal both working exclusively from their homes, defense counsel has repeatedly asked the plaintiff to limit communications so that he e-mails only defense counsel and does not use any other form of communication, such as texting, certified mail, fax or US Postal Service mail. It is noteworthy that at the start of the litigation, prior to the commencement of the COVID crisis and the implementation of the stay-at-home orders, the plaintiff was limiting his communications in that fashion. However, for reasons known only to the plaintiff, he began a campaign of harassment in which he has done all of the following: (a) sent communications and

pleadings by fax and regular mail; (b) sent communications and pleadings to others (including defense counsel's clients) without sending a copy to defense counsel; (c) repeatedly sending communications to defense counsel's home, seeking to have certified copies signed, despite repeated requests that he not do so in order to not risk spreading the COVID virus to defense counsel's wife who is immuno-compromised;[1] (d) sending multiple copies of communications and pleadings through different modes of delivery to defense counsel, defense counsel's staff and clients despite having been asked not to do so; and (e) sending some communications and pleadings directly to the defendants, as well as non-defendant Yale employees, without providing copies to defense counsel.  In light of the plaintiff's behavior, the defendants filed their Motion to Stay Discovery on May 12, 2020.  Since that date, the plaintiff's harassment has not abated; in fact, it has increased.  He has sent additional packages to the home of defense counsel, the home of defense counsel's paralegal, and the homes of three lawyers employed by Yale's Office of General Counsel; and he has attempted to unilaterally schedule depositions during the months of May and June, despite this Court ordering several times in this litigation that depositions would be postponed until August, at the very earliest.  The most recent Notices of Subpoena arrived by Priority mail at defense counsel's office (not sent by e-mail as requested) on May 19 and purport to require the depositions in June of Harold Rose, Caroline Hendel, and Susan Sawyer, all of whom are lawyers employed in Yale University's Office of General Counsel.  Furthermore, the plaintiff has sent Requests for Admission to non-parties, despite his knowledge that Requests for

---

[1] The plaintiff has known from an early date that defense counsel is attempting to keep strangers out of his house and away from his wife due to her at-risk status.  Since that date, defense counsel has repeatedly asked that the plaintiff stop sending written materials to his home, and the plaintiff has continued to ignore that request.  See, April and May, 2020 e-mail communications between plaintiff and defense counsel attached hereto as Exhibit A.  The most recent communication sent to defense counsel's home was on May 15, 2020.

Admission may only be directed to a party in the litigation.[2]

The reason defense counsel has requested, repeatedly, that the plaintiff limit his mode of communication to e-mail is that e-mail is by far the fastest, most efficient, most reliable and least expensive method for both the plaintiff and defendant to receive written communications. Due to the fact that defense counsel's office is largely closed, mail is not opened every day and faxes are not seen every day. Furthermore, scanning non-electronic communications has become more difficult. Hence, e-mail communications are much more efficient for defense counsel's office staff. Defense counsel has also explained to the plaintiff that he would appreciate not receiving multiple copies of the same item, and not to have multiple copies sent to various individuals in defense counsel's office. The reason for that is, again, efficiency; as more copies are received, someone must read each copy to determine whether or not it is something different or something new, all of which makes the litigation more expensive.

There is certainly no disadvantage to the plaintiff in requiring that he limit his communications to e-mail; that is also the cheapest and most efficient form of communication for him. Instead, the plaintiff has insisted upon sending numerous articles to defense counsel's home, thereby jeopardizing the health of defense counsel's wife. All of this he has done despite having been informed that defense counsel does not want anything delivered to his home. Similarly, the plaintiff has taken it upon himself to deliver things to the home of defense counsel's paralegal and to communicate directly with the defendants, as well as non-defendant Yale employees, despite repeated requests that he refrain from doing so. Given that e-mail is a cheaper method for serving documents on defense counsel than mail, certified mail and faxing, and in light of the fact that the

---

[2] See, Exhibits E, F. The plaintiff notes on page two of the Requests for Admission that he is not permitted to send this Request for Admission under the rules; yet he sent it.

plaintiff gains no advantage by engaging in this behavior, it is difficult to ascribe to the plaintiff's refusal to comply with defense counsel's requests any motive other than a desire to annoy, vex and harass the defendants and defense counsel. The Federal Rules are specifically designed to prevent that type of behavior. Fed.R.Civ.P.26(c).

Given the increase in the plaintiff's inappropriate communications since the filing of the Motion to Stay Discovery, it has become apparent that the defendants, as well as the Court, will be inundated with new pleadings, which in turn will generate a plethora of motions if the Motion to Stay Discovery is not granted expeditiously. It is important to note at the outset that the plaintiff will not be prejudiced by the granting of the Motion to Stay Discovery. The Court has already ruled that depositions should not be undertaken until at the earliest August, 2020. As to documents, the plaintiff is already in possession of all relevant documents, since all of them have been marked as exhibits in prior pleadings. Consequently, the granting of this motion will not in any way inhibit the plaintiff from pursuing this action, but it will spare the defendants and the Court substantial time and expense.

At the time the defendants filed their Motion to Stay Discovery on May 12, 2020, the plaintiff had already issued the following subpoenas and discovery requests:

- An April 30, 2020 subpoena commanding Attorney Patrick Noonan to appear at a deposition on May 28, 2020 was delivered to Attorney Noonan at his home via USPS on May 3, 2020.

- A second April 30, 2020 subpoena commanding Attorney Noonan to appear at a deposition on May 28, 2020 was sent to Attorney Noonan's office on May 4, 2020.

- A third April 30, 2020 subpoena commanding Attorney Noonan to appear at a deposition on May 28, 2020 was delivered to Attorney Noonan at his home via FedEx on May 5, 2020.

- Five May 4, 2020 subpoenas directed to Jason Shaw, Keshav Raghavan, Benjamin Glaser, and Helena Lyng-Olsen, all of whom are members of Yale University's Committee on Honors and Academic Standing ("CHAS"), and Yale University Police Department

commanded them to produce documents at various times. The notices of intent to serve subpoenas and copies of the subpoenas were sent to Attorney Noonan via fax on May 7, 2020.

- May 6, 2020 Requests for Admissions directed to nonparty Deborah Hackett, who is a paralegal in Attorney Noonan's office, were sent to Ms. Hackett via e-mail on May 6, 2020. These Requests for Admission were also sent to Ms. Hackett's home address.

- May 6, 2020 Requests for Admission directed to Yale University were sent to defense counsel via e-mail on that date.

- May 7, 2020 Requests for Admissions directed to Mark Schenker were sent to defense counsel via e-mail on that date.

- May 8, 2020 Requests for Admissions directed to Yale University were sent to defense counsel via e-mail on that date.

The plaintiff thereafter improperly contacted defense counsel's clients. On May 9, 2020, the plaintiff directly contacted Alexander Dreier, the General Counsel for Yale University, by e-mail. The plaintiff indicated that he intended to send further communications to the General Counsel's office. That same day the plaintiff also contacted Mr. Keshav Raghavan, a member of CHAS, and purported to offer him legal advice: "You are not in any way related to the legal action between me and Yale, and I wish to minimize the burden of my request on you. If you have any questions about what you can do to comply or to object, and what other options you have, give me a call at [phone number]."[3] It is noteworthy that the plaintiff has now twice sent subpoenas directly to Mr. Raghavan.

Subsequent to the defendants' May 12, 2020 filing, the plaintiff has issued further subpoenas and requests for admissions, many of which are duplicates:

---

[3] All of the foregoing requests for admission, subpoenas, and communications are attached to the defendants' Motion to Stay Discovery. At various times, the plaintiff has claimed to be unemployed and unable to work due to his Visa status, and therefore without funds. The discovery documents attached to the Motion to Stay Discovery and this motion reveal that he has purportedly signed the documents in the following locations: Barstow, California; Bakersfield, California; Las Vegas, Nevada; Phoenix, Arizona; Tempe, Arizona; and the county of Dallas, Texas.

- Yet another subpoena dated May 8, 2020 commanding Attorney Noonan to appear at a deposition on June 8, 2020 (the earlier ones were for May 28) was mailed and then received at Attorney Noonan's office on May 13, 2020. The United States Postal Service then left a notice that it attempted to deliver a certified letter to Attorney Noonan at his home on May 15, 2020, but was unable to do so because he was not present to sign for it. The plaintiff later e-mailed Attorney Noonan that he had sent the subpoena by certified mail.[4] In all, the plaintiff sent five subpoenas for defense counsel's deposition, despite the fact that, obviously, defense counsel has no first-hand knowledge of any fact relevant to this matter and despite the fact that the Court has already ruled that depositions will not proceed at the present time.

- A May 8, 2020 subpoena commanding Attorney Caroline Hendel, an attorney in Yale University's Office of the General Counsel, to appear at a deposition on June 12, 2020 was received by Attorney Hendel at her home on May 14, 2020.[5] Neither that subpoena nor any notice of it was sent to Attorney Noonan.

- The May 4, 2020 subpoenas directed to the four CHAS members and Yale University Police Department and the notices thereof which had already been faxed to Attorney Noonan's office on May 7, 2020 were thereafter mailed to Attorney Noonan at his office and received on May 15, 2020.[6]

- The May 6, 2020 Requests for Admissions and notice thereof e-mailed to Ms. Hackett on May 6, 2020 and later mailed to her home were then delivered a second time, via certified mail, to Ms. Hackett's home on May 15, 2020.[7]

- The May 6, 2020 Requests for Admissions e-mailed to Ms. Hackett were also sent by Priority mail to Attorney Noonan's office on May 15, 2020, despite defense counsel's repeated requests that all communications be e-mailed to him.[8]

- A May 11, 2020 subpoena commanding Attorney Harold Rose, an attorney in Yale University's Office of the General Counsel, to appear at a deposition on June 18, 2020 was delivered to Attorney Noonan's office via Priority mail on May 19, 2020. Included was a

---

[4] A copy of the May 8, 2020 subpoena directed to Attorney Noonan is attached hereto as Exhibit B. The notice of subpoena was signed in Las Vegas, Nevada.

[5] A copy of the May 8, 2020 subpoena directed to Attorney Hendel and received at her home is attached hereto as Exhibit C.

[6] Copies of the duplicate subpoenas received at Attorney Noonan's office on May 15, 2020 are attached hereto as Exhibit D.

[7] Copies of the duplicate Requests for Admission and the notice thereof received by Ms. Hackett at her home on May 15, 2020 are attached hereto as Exhibit E.

[8] A copy of the Requests for Admission directed to Ms. Hackett received at Attorney Noonan's office on May 15, 2020 is attached hereto as Exhibit F.

6

letter addressed to Attorney Rose at his home address.[9] Attorney Rose received the subpoena via mail at his home on May 19, 2020. There was certainly no need to invade his personal privacy by sending it to his home.

- A May 11, 2020 notice that the plaintiff intended to serve a subpoena directed to Attorney Hendel on May 11, 2020 was delivered to Attorney Noonan's office via Priority mail on May 19, 2020. The subpoena accompanying that notice is blank. Included was a letter addressed to Attorney Hendel at her home address.[10] As noted above, Attorney Hendel received the subpoena via mail at her home on May 14, 2020. There was certainly no need to invade her personal privacy by sending it to her home.

- A May 11, 2020 subpoena commanding Attorney Susan Sawyer, an attorney in Yale University's Office of the General Counsel, to appear at a deposition on June 15, 2020 was delivered to Attorney Noonan's office via Priority mail on May 19, 2020. Included was a letter addressed to Attorney Sawyer at her home address.[11]

It is apparent from plaintiff's discovery responses that he intends to continue his harassment of the defendants and defense counsel if the Motion to Stay is not granted. On May 18, 2020, defense counsel received, by mail, the plaintiff's responses to the defendants' April 13, 2020 discovery requests.[12] In response to Interrogatory # 1 requesting that the plaintiff "[i]dentify by name, address and telephone number each individual who has knowledge or information regarding the allegations of your complaint and provide a description of each individual's knowledge or information," the plaintiff estimated that the "number of such individuals exceeds 150 people, and may reach 500." (Ex. J, p. 14.) He then listed 56 individuals who have "material knowledge about events in the plaintiff's case." (Ex. J, p. 15.) Among those individuals are attorneys and staff members of Yale

---

[9] Copies of the notice, subpoena, letter, and tender of subpoena fees directed to Attorney Rose and received by Attorney Noonan on May 19, 2020 are attached hereto as Exhibit G.

[10] Copies of the notice, subpoena, letter, and tender of subpoena fees directed to Attorney Hendel and received by Attorney Noonan on May 19, 2020 are attached hereto as Exhibit H.

[11] Copies of the notice, subpoena, letter, and tender of subpoena fees directed to Attorney Sawyer and received by Attorney Noonan on May 19, 2020 are attached hereto as Exhibit I.

[12] A copy of the defendants' April 13, 2020 discovery requests and the plaintiff's responses thereto are attached hereto as Exhibit J.

University's General Counsel's Office: Alexander Dreier, Harriet Cooper, Denise Gilmore, Susan Sawyer, Caroline Hendel, and Harold Rose. He also lists Dorothy Robinson, who retired from her position as Yale University's General Counsel in 2014, more than five years before any of the events alleged in the plaintiff's complaint occurred. The list includes Attorney Patrick Noonan and Attorney Colleen Noonan Davis, who represent the defendants in the above captioned action. (Ex. J, p. 16-17.) It is clear that the plaintiff intends to improperly seek to depose and/or elicit production of documents from individuals involved in the representation of the defendants in this action. In fact, the plaintiff has already served subpoenas on Attorneys Noonan, Hendel, Rose, and Sawyer.

The plaintiff also lists employees of Yale University, including professors, administrative assistants, research scholars, and a number of students. (Ex. J, p. 15-18.) With the exception of the professor who assigned the plaintiff the failing grade in ECON 456, the plaintiff's college dean and her assistant, and the members of CHAS involved in deciding the plaintiff's petition to CHAS, none of these people has any relationship to, or knowledge of, any information that is even remotely relevant to the plaintiff's claims in this case.

The plaintiff also listed as persons with knowledge of the facts underlying his complaint Jane Does 1 through 100, whom he claims are Yale College students who were "withdrawn from Yale College involuntarily, through specific actions, negligent or unethical, by Yale's senior management." (Ex. J, p. 15, 17.) In addition, the plaintiff has listed as persons with knowledge of the facts of this case three out of state attorneys, Jorge Hernandez, Stuart Bernstein, and Laura Studen, who have represented plaintiffs in unrelated actions brought against Yale University. None of those cases involved CHAS and none involved any discipline imposed for academic reasons. One was an employment matter involving a Yale faculty member and the other two related to students charged with violating Yale's Sexual Misconduct policies. It is clear that the

three attorneys have no personal knowledge relevant to the present plaintiff's claims. Despite that fact, it appears that the plaintiff will seek the discovery of confidential, personal information about the plaintiffs in each of those cases, as well as the academic information relating to the 100 Jane Does whom the plaintiff claims were involuntarily withdrawn for academic reasons.

On May 19, 2020, the date the present motion is being filed, the plaintiff sent another mailing (not an e-mail as requested) to defense counsel's office, subpoenaing Harold Rose, Caroline Hendel, and Susan Sawyer, all of whom are lawyers employed by the Office of General Counsel at Yale, for depositions in June, 2020. Putting aside that Attorneys Rose, Hendel, and Sawyer have no first-hand information relevant to this dispute, the subpoenas seek to circumvent this Court's prior orders, in that Judge Hall has already ruled several times that depositions may not be taken sooner than August, 2020.

## CONCLUSION

Over the past two weeks, the plaintiff has issued subpoenas for depositions to occur prior to August, 2020 in direct contravention of this Court's prior orders, wrongfully contacted Attorney Noonan's clients, and improperly utilized the discovery process. His discovery responses clearly indicate that he intends to abuse the discovery process, which will result in the filing of a myriad of motions in connection with discovery disputes. For these reasons, the defendants now request that an expedited telephonic hearing on their Motion to Stay Discovery be scheduled as soon as the Court's schedule permits. Granting this relief will spare defendants and the Court the time and expense that would otherwise be consumed with motions in response to plaintiff's improper filings and communications. Granting this motion will not prejudice the plaintiff in any way; depositions are not to be undertaken until August, 2020, and the plaintiff is already in possession of all documents in defendants' possession which have any relevance to this matter. Accordingly, the defendants request

that the Court expedite the hearing on the defendants' Motion to Stay Discovery, and convene a telephone hearing as soon as the Court's schedule permits.

        THE DEFENDANTS,

        YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By: _____/s/_____
        PATRICK M. NOONAN – CT00189
        COLLEEN NOONAN DAVIS – CT27773
        DONAHUE, DURHAM & NOONAN, P.C.
        Concept Park
        741 Boston Post Road, Suite 306
        Guilford, CT  06437
        Telephone:  (203) 458-9168
        Fax:  (203) 458-4424
        Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

    I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                      _____/s/_____
                              Patrick M. Noonan