**From:** Pat Noonan
**Sent:** Thursday, April 2, 2020 12:13 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>
**Subject:** RE: We could have resolved this dispute weeks ago, Pat. If only you wanted to. We cannot resolve it unless you communicate with me.

Hi Jakub,
I am stunned that you would suggest that either of us should violate the rules promulgated by the President and the Governor during this emergency. I have been scrupulously abiding by those rules. I have not, and will not, meet with anyone in person aside from my wife. I have four children and five grandchildren, who are more important to me than my own life. I have not been able to hug any of them, and none of them have been in my house, nor I in theirs. At this moment, a former law partner who was my mentor and became a close friend is struggling for his life on a respirator at YNHH due to the COVID virus. It pains me that I cannot see him and beg him to continue the struggle to live. But I will not be doing any of those things, because my children are terrified that I will not survive an encounter with the virus; and I would never forgive myself if I were responsible for destroying another's family due to my callous refusal to obey the restrictions. In short, I will not meet you at any time or any place until it is safe to do so. I am begging you to abide by the restrictions and stay away from everyone except for obtaining your food. Pursuing this litigation at this time is not an "essential" activity that must be pursued on an urgent basis.
Although the governor's order has made the practice of law an "essential" business exempt from the executive order, we decided to provide every employee with remote access, instead of having them work in the office; we value their lives and the lives of their families. There are tasks that require some presence in the office periodically, but employees have been instructed to come in, do what is necessary and then go home. We had been leaving our office door propped open when anyone was present, so that people could go to the rest room and return without touching the door handle. That practice ended upon receipt of your email. If you come to the office you will find a locked door and you will not be admitted. I have also notified the Guilford police of your activities, so that they will be prepared if there is any difficulty. I was working the entire day yesterday, with my cell phone at my side, finishing shortly after midnight. Calls to my office come to my cell phone. Contrary to your statement, I received no calls from you yesterday on either the office or the cell phone. I checked again just now and there are no messages from you on either phone. The people who were in the office yesterday reported that no visitors came or sought entry to the office, nor did anyone ask for me. I am not suggesting that you are lying when you say these things occurred; it may be that you honestly believe what you say, but the objective facts are otherwise. There are numerous instances in your prior emails with Yale instructors and administrators, as well as in your court filings, where you have provided contradictory information, and you have given interviews to the media containing statements that are not accurate. Again, it is entirely possible that you believe these statements when you make them, but there is proof that your statements are frequently inaccurate. Consequently, I will not accept any further telephone calls from you. I will, as I have throughout the progress of this case, respond to your emails; I am very busy with many matters that are on a more urgent time schedule than this case, and I will not always be able to respond immediately. As you know, Judge Hall has already concluded that there is no need for expedited discovery. While I am willing to communicate by email, I will not put myself in a position which might cause you to misunderstand a telephone conversation and then repeat your misinterpretation to the press or in your court filings. Accordingly, I will only communicate with you by email from this point forward.
Regarding your request that Yale settle this matter, as you know, Yale has already considered and rejected your demand, which included a reversal of the academic withdrawal, restoring you to the academic program prior to the end of the mandatory two semester academic withdrawal and payment of $314,159. You have indicated that that is the lowest demand that you will make; and that your demand will increase as time goes on. You made this demand in the face of overwhelming evidence that you are destined to lose this case. The evidence is clear that under Yale's rules, you

appropriately were placed on academic withdrawal after failing the economics course. The evidence is also clear that the professor had warned you in advance that you were at risk of failing because you had scored at the bottom of the class of the two written assignments prior to the final exam (one of which was graded as 35%). Finally, you acknowledged in writing that you had six days to prepare the response to the take home final exam, yet you started on it late and then submitted it two and a half hours past the deadline, despite having been told in writing that if the exam were not submitted on time, you would receive an F. Given these facts, there is simply no interest in pursuing settlement. You are free to withdraw this case at any time; if you do not, it will be decided on the merits.

As to the depositions, we will not be producing any witnesses at this time. We will wait until the hearing scheduled by Judge Hall to discuss that issue as well as any other discovery matter.

Pat


Please be advised that I will be intermittently working from home. My cell phone number is in my signature below.

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Thursday, April 2, 2020 3:14 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** We could have resolved this dispute weeks ago, Pat. If only you wanted to. We cannot resolve it unless you communicate with me.

Hello Pat,

I attach a copy of my response to the motion to quash that you filed this morning. I will be in touch later today regarding the logistics of Friday depositions.

I have called you at least four times yesterday, but you continue to ignore my messages. I even drove to Guilford, but you didn't make it any easier. I also suggest we do meet and confer, as we should. I am available in New Haven this week except for Thursday evening, and in Guilford any time except for Thursday. I am available throughout Monday as well. I will move for sanctions next week if you continue to ignore me.

We could have resolved this dispute weeks ago and save scarce judicial resources, but you were not interested. Perhaps, we can still resolve this dispute without involving Judge Hall but we won't do so unless we communicate (in good faith). Communication, by definition, is two-sided, Pat.

As a "reminder", we have never met to "discuss the nature and basis of" my claims, or informally discussed why I filed this lawsuit against Yale University in the first place. We have never discussed "any possibilities for achieving a prompt settlement or other resolution of the case". We have not discussed how to solve this dispute informally; we have not discussed "the disclosure and preservation of electronically stored information". You expressed no interest or initiative in any of these; you disregarded my attempts to confer and find a resolution. You never expressed any interest in doing any of the above. We have never met or conferred for anything.

Best,
Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com

**From:** Pat Noonan
**Sent:** Monday, April 20, 2020 9:20 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>
**Subject:** RE: Yale University insurance coverage

Hi Jakub,
Actually I will receive messages more quickly if you do as I requested and email me, rather than any other form of communication. I don't look at my text messages frequently during the day, but I do access email frequently. Additionally, as I previously mentioned there is no way for me to send your text messages to the people in my office and to the people in Yale's General Counsel's Office copies of your communications from a text, and I have no way to put text messages into my electronic file. In light of the foregoing, I will not be responding to any texts I receive from you.
Pat

<span style="color:red">Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.</span>

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Monday, April 20, 2020 3:17 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Re: Yale University insurance coverage

Hello Pat,

Please send me a text next time -- that way we can resolve further issues quickly.

As we agreed on the record, I will file an amended complaint by April 27. I believe you have 14 days to respond / move to dismiss.

Best,
Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com


On Mon, Apr 20, 2020 at 6:02 AM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

1

| | |
|---|---|
| **From:** | Pat Noonan |
| **Sent:** | Thursday, May 7, 2020 10:51 PM |
| **To:** | Jakub Madej; Anne-Marie Cicarella |
| **Cc:** | Colleen Davis |
| **Subject:** | RE: Madej v Yale Univ -- Email Distribution Lists |

Actually, Jakub, it would be best if you send any communications only to me.  The office is not open and UPS packages are left outside and can be lost.  Please do not send things to any of our homes.  We do not have scanners and it is much more efficient to receive items electronically, so that we don't have to go to the office to scan them.  Finally, my wife is immune-compromised and it is vital that we have no visitors.  The delivery services you engaged have insisted on signatures, and my wife (who should not be seeing anyone) was required to sign.  We will not be accepting any deliveries, nor will we open mail.  Please limit all communications to electronic ones.  Thank you.

<span style="color:red">Please be advised that I will be intermittently working from home.  My cell phone number is 203-314-4562.</span>

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT  06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

---

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Thursday, May 7, 2020 5:14 PM
**To:** Anne-Marie Cicarella <ACicarella@ddnctlaw.com>
**Cc:** Pat Noonan <PNoonan@ddnctlaw.com>; Colleen Davis <CDavis@ddnctlaw.com>
**Subject:** Re: Madej v Yale Univ -- Email Distribution Lists

Hi Anne-Marie,

Sure, I will copy you and Colleen on all emails sent to Pat. As a general rule, I send all official notices and discovery requests via USPS to your firm's address -- this should ensure everyone involved is appraised of my actions.

If I can be of further assistance, I am available at all times via telephone at (203) 928-8486.

Best,
Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com


On Thu, May 7, 2020 at 6:24 AM Anne-Marie Cicarella <ACicarella@ddnctlaw.com> wrote:

1

Mr. Madej:

Please copy myself, Attorney Davis and Debbie Hackett on all emails to Pat Noonan.

Also, kindly effectuate service by email, as we are working remotely.

Thank you.

*Please be advised that I will be working from home.  My cell phone number is in my signature below.

*Anne-Marie L. Cicarella*

*Legal Assistant to Patrick M. Noonan*

*Donahue, Durham & Noonan, P.C.*

*741 Boston Post Road | Suite 306*

*Guilford, CT 06437*

*C: 203-848-5651*

*T: 203.458.9168*

*F: 203.458.4424*

*ACicarella@ddnctlaw.com*

*Excellence is going the extra mile.*

**rom:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Wednesday, May 6, 2020 3:14 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Madej v Yale Univ -- First Set of RFA for Yale University

2

Hello Patrick,

I attach the first set of requests for admissions, for Yale University only. Given the 30 day time allotted, they are due on July 7, 2020. Early answers are highly appreciated.

Please let me know if your fax number as stated in your pleadings is correct. I will be changing the SMTP server, and the domain altogether away from Lawsheet, so I won't be able to receive emails for a few days. I will let you know when this process starts.

Best,

Jakub

65 Dwight St | New Haven, CT 06511 | (646) 776-0066 | j.madej@lawsheet.com