IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ<br><br>　　　Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, MARK SCHENKER<br>JESSIE ROYCE HILL, MARVIN CHUN,<br>PETER SALOVEY<br><br>　　　Defendants. | CIVIL ACTION No. 3:20-cv-00133-JCH<br><br>JURY TRIAL DEMANDED<br><br>MAY 7, 2020<br><br>NOT TO BE DOCKETED SEPARATELY |

NOTICE OF SUBPOENA (SECOND)

PLEASE TAKE NOTICE, under *FRCP* 45, that Plaintiff Jakub Madej intends to serve a *Superseding Subpoena* on Patrick M. NOONAN on May 7, 2020, or as soon thereafter as service may be effectuated.

Executed: May 7, 2020 in Las Vegas, Nevada.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jakub Madej

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| JAKUB MADEJ <br> *Plaintiff* <br> v. <br> YALE UNIVERSITY ET AL. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:20-cv-00133-JCH |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: PATRICK M. NOONAN

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Alex Del Vecchio Reporting <br> 117 Randi Drive, Madison, CT 06443 | Date and Time: <br> 06/08/2020 1:00 pm |
|---|---|

The deposition will be recorded by this method: Stenography and by video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/08/2020

*CLERK OF COURT*

OR

/s/ Jakub Madej

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jakub Madej
65 Dwight St, New Haven CT 06511 jakub.madej@yale.edu , who issues or requests this subpoena, are:
Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY et al.<br><br>Defendants. | CIVIL ACTION No. 3:20-cv-00133-JCH<br><br>JURY TRIAL DEMANDED<br><br>MAY 7, 2020 |

### TENDER OF SUBPOENA FEES

FOR THE EXCLUSIVE USE OF: Patrick M. Noonan

This is to tender the fees for your 1 day's attendance and the mileage for your testimony under the subpoena attached, pursuant to Federal Rule of Civil Procedure 45(b)(1).

I estimate that reasonable fees for attendance and for mileage are equal to $50 (fifty dollars). Below you will find credit card details, which you should use to cover expenses incurred in association with this subpoena.

---

No. █████████████ (Visa)     Expiry Date: ████     CVV: ███

Amount: $50 (fifty dollars)

---

If you are unable to access the funds using the card details above, a paper check will be mailed to you. You may also request an online transfer directly to your bank account.

Don't hesitate to contact me at (203) 928-8486 if you have any questions.

Dated: May 7, 2020 in Las Vegas, Nevada.

Respectfully submitted,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone:    (203) 928-8486
Facsimile:    (646) 776-0066
Fax:          (203) 902-0070
Email: j.madej@lawsheet.com


**UNITED STATES**
**POSTAL SERVICE**

May 4, 2020

Dear Jakub Madej:

The following is in response to your request for proof of delivery on your item with the tracking number: **7019 2280 0000 6864 9987**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | May 3, 2020, 10:57 am |
| **Location:** | MADISON, CT 06443 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail Restricted Delivery |
| | Return Receipt Electronic |
| **Recipient Name:** | PATRICK M NOONAN |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Destination Delivery Address

| | |
|---|---|
| **Street Address:** | 137 OVERSHORES W |
| **City, State ZIP Code:** | MADISON, CT 06443-2834 |

## Recipient Signature

| | |
|---|---|
| **Signature of Recipient:** | *[handwritten signature]* |
| **Address of Recipient:** | 137 OVERSHORES W<br>MADISON, CT 06443 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Case 3:20-cv-00133-JCH   Document 96-3   Filed 05/19/20   Page 7 of 9

# FedEx

May 08, 2020

Dear Customer,

The following is the proof-of-delivery for tracking number: 770358246029

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | P.NOONAN | **Delivery Location:** | 137 OVERSHORES W |
| **Service type:** | FedEx Express Saver | | MADISON, CT, 06443 |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Direct Signature Required | **Delivery date:** | May 5, 2020 16:45 |

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 770358246029 | **Ship Date:** | Apr 30, 2020 |
| | | **Weight:** | |

**Recipient:**
Patrick M. Noonan,
137 OVERSHORES W
MADISON, CT, US, 06443

**Shipper:**
Jakub Madej,
5241 Olive Tree Ct
Bakersfield, CA, US, 93308



May 7, 2020

**JAKUB J. MADEJ**

65 DWIGHT ST, APT A11
NEW HAVEN, CT 06511
203 928 8486 TEL
646 776 0066
203 902 0070 FAX

206 ELM STREET
PO BOX 4000
NEW HAVEN, CT 06511

J.MADEJ@LAWSHEET.COM

<u>**VIA CERTIFIED MAIL AND FAX**</u>
Patrick M. Noonan

Re: **Superseding Subpoena in case *Madej v. Yale Univ. et al*, Case No. 3:20-cv-00133-JCH**

Dear Mr. Noonan,

The attached subpoena supersedes the subpoena served on you via FedEx on May 5, 2020, and by USPS Registered Mail on May 3, 2020. The subpoena dated May 4, 2020 is hereby null and void. You need not take any action in connection with that subpoena.

I attach the tender of witness fees in the amount of $50. Please contact me if you have trouble accessing the funds.

Sincerely,

*Jakub Madej*

Jakub Madej


CC: Patrick M. Noonan, Esq. (via email and first-class mail)

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on May 7, 2020, I served the foregoing *Notice of Subpoena (Second)* by fax and first-class mail on:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424

*Jakub Madej*

Jakub Madej
*Plaintiff*