Plain

22504

4-1

JAKUB MADEJ
65 DWIGHT ST
NEW HAVEN CT  06511

    PATRICK M. NOONAN, ESQ.
741 BOSTON POST RD STE 306
GUILFORD CT  06437-2714

MAY 1 5 2020

Plain

22504

4-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

CIVIL ACTION No. 3:20-cv-00133-JCH

v.

JURY TRIAL DEMANDED

YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY

MAY 7, 2020

    Defendants.

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a *Subpoena* on

BENJAMIN GLASER on May 7, 2020, or as soon thereafter as service may be effectuated. A true

and correct copy of *Subpoena* is attached to this notice.

Dated: May 7, 2020 in Las Vegas, Nevada.

Respectfully,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on May 7, 2020, I served the foregoing *Notice of Subpoena* by fax and first-class mail on:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424

*Jakub Madej*

Jakub Madej
*Plaintiff*

Plain

22504

4-4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ<br>*Plaintiff*<br>v.<br>YALE UNIVERSITY ET AL.<br>*Defendant* | Civil Action No. 3.20-cv-00133-JCH |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           BENJAMIN GLASER

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All communication and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files

| Place:<br>electronically, see the accompanying document | Date and Time:<br>05/27/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/04/2020

| *CLERK OF COURT* | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | *Jakub Madej*<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Jakub Madej
_____ , who issues or requests this subpoena, are:
65 Dwight St, New Haven CT 06511 jakub.madej@yale.edu
Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plaín
22504
4-5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

v.

YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY

    Defendants.

CIVIL ACTION No.  3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MAY 7, 2020

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a *Subpoena* on JASON

SHAW on May 7, 2020, or as soon thereafter as service may be effectuated. A true and correct

copy of *Subpoena* is attached to this notice.

Dated: May 7, 2020 in Las Vegas, Nevada.

Respectfully,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on May 7, 2020, I served the foregoing *Notice of Subpoena* by fax and first-class mail on:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424

*Jakub Madej*

Jakub Madej
*Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00133-JCH |
| YALE UNIVERSITY ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JASON SHAW

*(Name of person to whom this subpoena is directed)*

☑ *Production.* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All communication and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files

| Place: | Date and Time: |
|---|---|
| electronically, see the accompanying document | 05/25/2020 1:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/04/2020

*CLERK OF COURT*

OR _____

_____                     _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _Jakub Madej_ , who issues or requests this subpoena, are:

65 Dwight St, New Haven CT 06511 jakub.madej@yale.edu

Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plain 22504 4-9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Platn
22504
4-1-10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

    Plaintiff,                      CIVIL ACTION No. 3:20-cv-00133-JCH

v.

                                JURY TRIAL DEMANDED

YALE UNIVERSITY et al.

    Defendants.                   MAY 4, 2020

## ATTACHMENT TO SUBPOENA

DIRECTED TO: JASON SHAW

    This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings.

    This subpoena is a formal request commanding you to produce documents that you are likely to have in possession or under control because you are, according to Yale University, a member of Committee on Honors and Academic Standing at Yale College. Subpoena is a formal written order (also called *a writ*) issued by a court to compel production of evidence in legal proceedings to which you are not a party.

    You are not a party to this lawsuit. This document is not an indication that you did something wrong.

## REQUEST FOR PRODUCTION

    You are requested to produce, by the accompanying deadline, any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College. This definition includes, but is not limited to (i) all notes you, or anyone else, created

during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

## INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. This means you must not delete any emails, destroy any documents, or shred any paper notes.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

All documents that you produce in response to this subpoena are secured by the *Standing Protective Order* of the court. A copy of the *Order* is attached to this subpoena.

Please direct questions concerning this subpoena or responses to Jakub Madej at (203) 928-8486.

Thank you for your courtesies in this matter.

Dated: May 4, 2020 in Las Vegas, Nevada.

Respectfully,

*Jakub Madej*

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

     Plaintiff,

                                    CIVIL ACTION No. 3:20-cv-00133-JCH

v.

                                      JURY TRIAL DEMANDED

YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY                                MAY 7, 2020

     Defendants.

## NOTICE OF SUBPOENA

     PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a *Subpoena* on KESHAV RAGHAVAN on May 7, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of *Subpoena* is attached to this notice.

Dated: May 7, 2020 in Las Vegas, Nevada.

                                        Respectfully,

                                        *Jakub Madej*

                                        Jakub Madej
                                        65 Dwight St
                                        New Haven, CT 06511
                                        Telephone: (203) 928-8486
                                        Facsimile: (646) 776-0066
                                        Fax: (203) 902-0070
                                        Email: j.madej@lawsheet.com

CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on May 7, 2020, I served the foregoing *Notice of Subpoena* by fax and first-class mail on:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424

*Jakub Madej*

Jakub Madej
*Plaintiff*

Plain

22504

4-15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

v.

YALE UNIVERSITY et al.

    Defendants.

CIVIL ACTION No. 3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MAY 4, 2020

### ATTACHMENT TO SUBPOENA

DIRECTED TO: KESHAV RAGHAVAN

    This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings.

    This subpoena is a formal request commanding you to produce documents that you are likely to have in possession or under control because you are, according to Yale University, a member of Committee on Honors and Academic Standing at Yale College. Subpoena is a formal written order (also called *a writ*) issued by a court to compel production of evidence in legal proceedings to which you are not a party.

    You are not a party to this lawsuit. This document is not an indication that you did something wrong.

### REQUEST FOR PRODUCTION

    You are requested to produce, by the accompanying deadline, any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College. This definition includes, but is not limited to (i) all notes you, or anyone else, created

Plntn
22504
4-16

during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

## INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. This means you must not delete any emails, destroy any documents, or shred any paper notes.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

Plain 22504 4-17

All documents that you produce in response to this subpoena are secured by the *Standing Protective Order* of the court. A copy of the *Order* is attached to this subpoena.

Please direct questions concerning this subpoena or responses to Jakub Madej at (203) 928-8486.

Thank you for your courtesies in this matter.

Dated: May 4, 2020 in Las Vegas, Nevada.

Respectfully,

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

Plain
22504
4-18

AO 88A (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| JAKUB MADEJ<br>*Plaintiff*<br>v.<br>YALE UNIVERSITY ET AL.<br>*Defendant* | )<br>)<br>)  Civil Action No.  3:20-cv-00133-JCH<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                            KESHAV RAGHAVAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> All communication and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files

| Place:<br>electronically, see the accompanying document | Date and Time:<br>05/25/2020 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/04/2020

*CLERK OF COURT*

OR   *Jakub Madej*

_____                    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jakub Madej
65 Dwight St, New Haven CT 06511 jakub.madej@yale.edu           , who issues or requests this subpoena, are:
Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plain
22504
4-19

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

    v.

YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY

    Defendants.

CIVIL ACTION No.  3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MAY 7, 2020

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a *Subpoena* on YALE

UNIVERSITY POLICE DEPARTMENT on May 7, 2020, or as soon thereafter as service may be

effectuated. A true and correct copy of *Subpoena* is attached to this notice.

Dated: May 7, 2020 in Las Vegas, Nevada.

Respectfully,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

Plain
22504
4-21

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on May 7, 2020, I served the foregoing *Notice of subpoena* by fax and first-class mail on:

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424



Jakub Madej
Plaintiff

Plain
22504
4-22

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        YALE UNIVERSITY POLICE DEPARTMENT

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| electronically, see the attached document | 06/15/2020 3:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/04/2020

| CLERK OF COURT | |
|---|---|
| | OR *[signature]* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jakub Madej
65 Dwight St, New Haven CT 06511, j.madej@lawsheet.com          , who issues or requests this subpoena, are:
Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met is without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Plain   22504   4-23

Plain
22504
4-24



### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

CIVIL ACTION No. 3:20-cv-00133-JCH

v.

JURY TRIAL DEMANDED

YALE UNIVERSITY et al.

    Defendants.

MAY 4, 2020

### ATTACHMENT TO SUBPOENA

DIRECTED TO:    YALE UNIVERSITY POLICE DEPARTMENT

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings.

You are requested to produce, by the accompanying deadline, the video recordings from body cameras worn by two YUPD officers who intervened to an alleged trespassing incident in Welch Hall on March 17, 2020, between approx. 12pm and 3 pm.

### INSTRUCTIONS

You are under duty to preserve all data responsive to the request. This means you must not delete any recordings, or destroy any data. Produce all recordings in their native format, as they were originally recorded, without any edits, cuts, or compressions. Recordings produced must contain metadata. Recording must begin when officers first received notice of the alleged incident, not later.



If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to seven (7) days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

### METHOD OF PRODUCTION

Upload all recordings, and additional data if necessary, to the specially cloud-based computer file transfer service available at the following link:

*YALEINVESTIGATION.WETRANSFER.COM*

All documents that you produce in response to this subpoena are protected by the *Standing Protective Order* of the court. A copy of the *Order* is attached to this subpoena.

Please direct questions concerning this subpoena or responses to Jakub Madej at (203) 928-8486.

Thank you for your courtesies in this matter.

Dated: May 4, 2020 in Las Vegas, Nevada.

Respectfully,

Jakub Madej

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00133-JCH |
| | ) |
| YALE UNIVERSITY ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      HELENA LYNG-OLSEN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All communication and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, system documents, and pdf files

| Place: | Date and Time: |
|---|---|
| electronically, see the accompanying document | 05/25/2020 1:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/04/2020

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR    *[signature]* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jakub Madej

65 Dwight St, New Haven CT 06511 jakub.madej@yale.edu                        , who issues or requests this subpoena, are:

Tel: (203) 928-8486; Facsimile: (646) 776-0066; Fax: (203) 902-0070.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plain

22504

4-27

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

    **Plaintiff,**

**CIVIL ACTION No. 3:20-cv-00133-JCH**

**v.**

**JURY TRIAL DEMANDED**

**YALE UNIVERSITY et al.**

    **Defendants.**

**MAY 4, 2020**

## ATTACHMENT TO SUBPOENA

DIRECTED TO: HELENA LYNG - OLSEN

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings.

This subpoena is a formal request commanding you to produce documents that you are likely to have in possession or under control because you are, according to Yale University, a member of Committee on Honors and Academic Standing at Yale College. Subpoena is a formal written order (also called *a writ*) issued by a court to compel production of evidence in legal proceedings to which you are not a party.

You are not a party to this lawsuit. This document is not an indication that you did something wrong.

### REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College. This definition includes, but is not limited to (i) all notes you, or anyone else, created

Plain   22504   4-28

All documents that you produce in response to this subpoena are secured by the *Standing Protective Order* of the court. A copy of the *Order* is attached to this subpoena.

Please direct questions concerning this subpoena or responses to Jakub Madej at (203) 928-8486.

Thank you for your courtesies in this matter.

Dated: May 4, 2020 in Las Vegas, Nevada.

Respectfully,

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*