IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, MARK SCHENKER<br>JESSIE ROYCE HILL, MARVIN CHUN,<br>PETER SALOVEY<br><br>Defendants. | CIVIL ACTION No.  3:20-cv-00133-JCH<br><br>JURY TRIAL DEMANDED<br><br>MAY 11, 2020<br><br>NOT TO BE DOCKETED SEPARATELY |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to *FRCP* 45, Plaintiff Jakub Madej intends to serve a *Subpoena* on Caroline G. HENDEL on May 11, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of the subpoena is attached to this notice.

Executed: May 11, 2020 in Phoenix, Arizona.

Respectfully,

/s/ Jakub Madej

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I sent a true and correct copy of the attached *Notice of Subpoena*, together with all attachments and exhibits, via certified mail on May 11, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424

/s/ Jakub Madej

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| *Plaintiff* <br> v. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

May 8, 2020

**JAKUB J. MADEJ**

65 DWIGHT ST, APT A11
NEW HAVEN, CT 06511
203 928 8486 TEL
646 776 0066
203 902 0070 FAX

206 ELM STREET
PO BOX 4000
NEW HAVEN, CT 06511

J.MADEJ@LAWSHEET.COM

**VIA CERTIFIED MAIL AND FAX**
Caroline G. Hendel
Senior Associate General Counsel, Yale University

Re: **Subpoena** | *Madej v. Yale Univ. et al*, No. 3:20-cv-00133-JCH

Dear Ms. Hendel,

    I attach a tender of witness fees in the amount of $50. Please contact me if you have trouble accessing the funds, in which case I will arrange a check to be mailed to you as soon as practicable.

Respectfully,

*Jakub Madej*

CC:    Patrick M. Noonan, Esq. (via email and certified mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

    Plaintiff,

v.

YALE UNIVERSITY et al.

    Defendants.

CIVIL ACTION No. 3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MAY 8, 2020

## TENDER OF SUBPOENA FEES

FOR THE EXCLUSIVE USE OF: Caroline G. Hendel

This is to tender the fees for your 1 day's attendance and the mileage for your testimony under the subpoena attached, pursuant to Federal Rule of Civil Procedure 45(b)(1).

I estimate that reasonable fees for attendance and for mileage are equal to $50 (fifty dollars). Below you will find credit card details, which you should use to cover expenses incurred in association with this subpoena.

---

No. ▉▉▉▉▉▉▉▉▉▉▉▉ (Visa)     Expiry Date: ▉▉▉▉     CVV: ▉▉▉

Amount: $50 (fifty dollars)

---

If you are unable to access the funds using the card details above, a paper check will be mailed to you. You may also request an online transfer directly to your bank account.

Don't hesitate to contact me at (203) 928-8486 if you wish to communicate about this.

Dated: May 8, 2020 in Las Vegas, Nevada.

Respectfully submitted,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone:   (203) 928-8486
Facsimile:   (646) 776-0066
Fax:         (203) 902-0070
Email: j.madej@lawsheet.com