IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**

    **Plaintiff,**

**v.**

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

    **Defendants.**

_____

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 27, 2020**

**PLAINTIFF'S MOTION TO COMPEL NONPARTY COMPLIANCE WITH
SUBPOENA DUCES TECUM**

<u>MEMORANDUM OF LAW</u>

TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. 2

TABLE OF AUTHORITIES ............................................................................................ 3

FACTUAL BACKGROUND ............................................................................................ 5

PROCEDURAL BACKGROUND .................................................................................... 6

LEGAL STANDARD ....................................................................................................... 7

ARGUMENT ..................................................................................................................... 9

    I.    Defendants' Argument That Members Were Improperly Subpoenaed Fails .............. 9

    II.    Defendants' Attempt to Quash Subpoenas by Moving for Extension of Time Is Unavailable .................................................................................................................. 10

    III.    Potential Burden for Members is Minimal ................................................. 11

    IV.    Members Disobeyed the Subpoena Without Adequate Excuse ............................... 11

    V.    Contempt Sanction is Warranted ............................................................... 12

    VI.    Defendants Dilatory Conduct Demonstrates Bad Faith ............................................ 13

REQUEST FOR ATTORNEY'S FEES AND COSTS ................................................... 14

CONCLUSION ................................................................................................................ 15

TABLE OF AUTHORITIES

**CASES**

*Application of Sumar*,
    123 F.R.D. 467, 472 (S.D.N.Y. 1988) .................................................................................. 8

*Daval Steel Products v. M/V Fakredine*,
    951 F.2d 1357, 1364 (2d Cir.1991) ................................................................................... 12

*Diamond v. Simon*,
    1994 WL 10622, at *1 (S.D.N.Y. Jan.10, 1994) ................................................................ 12

*Hasbro, Inc. v. Serafino*,
    *168 F.R.D. 99, 100 (D. Mass. 1996)* .................................................................................. 10

*In re Barnicle*,
    800 F. Supp. 1021, 1023–1024 (D.N.H. 1992) .................................................................. 12

*In Re Kave*,
    *760 F.2d 343* (1st Cir.1985) .............................................................................................. 12

*Karakis v. Foreva Jens Inc.*,
    No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) ....................................... 9

*Moore v. Chase, Inc.*,
    2015 WL 4393031, at *5 (E.D. Cal. July 17, 2015) ............................................................. 8

*Mortgage Information Servs. v. Kitchens*,
    210 F.R.D. 562, 563-66 (W.D.N.C. 2002) ......................................................................... 10

*O'Connor v. Trans Union Corp.*,
    No. 97-cv-4633, 1998 WL 372667, at *2-3 (E.D. Pa. May 11, 1998) .............................. 10

*PaineWebber Inc. v. Acstar Ins. Co.*,
    211 F.R.D. 247, 249 (S.D.N.Y. 2002) ................................................................................ 12

*U.S. v. Lach*,
    874 F.2d 1543 (11th Cir.1989) .......................................................................................... 12

*US v. 2121 Celeste Road SW, Albuquerque, N.M.*,

307 F.R.D. 572, 587-591 (D.N.M. 2015) ................................................................................ 10

## STATUTES

*124 Stat. 2861* ........................................................................................................................ 6

## OTHER AUTHORITIES

Hopwood, W., Pacini, C. & Young, G. (2014). *Fighting discover abuse in litigation*. Journal of
    Forensic & Investigative Accounting, 6(2) ................................................................... 13

## RULES

*Fed R Civ P  5(d)* ................................................................................................................... 14
*Fed R Civ P 12(b)(6)* ............................................................................................................. 14
*Fed R Civ P 34* ........................................................................................................................ 9
*Fed R Civ P 45(c)(2)(A)* .......................................................................................................... 6
*Fed R Civ P 45(d)(3)* ............................................................................................................. 11
*Fed R Civ P 45(d)(2)(B)* .......................................................................................................... 8
*Fed R Civ P 45(g)* ................................................................................................................. 12
*Local Rule 5(f)* ...................................................................................................................... 14

## TREATISES

*9 Moore's Federal Practice - Civil § 45.62* ............................................................................. 8

FACTUAL BACKGROUND

This is a breach of fraudulent misrepresentation, breach of contract, negligence, and interference with economic expectation action against YALE UNIVERSITY and its four officers. Plaintiff, an undergraduate student at Yale College, alleges YALE involuntarily dismissed him under the guise of "academic reasons"; terminated his visa, mandating his immediate departure from the United States; terminated his employment contract; and made materially false representations to him upon questioning of YALE's conduct, which revealed a near-complete lack of internal controls at the university.

Specifically, plaintiff alleges that Mark SCHENKER has represented to plaintiff that an academic committee of nine individuals that he chaired since 2001 met and considered his case on the merits upon reading plaintiff's petition, and voted "without dissent" to deny it – where, in fact, SCHENKER knew he made that decision himself, without reading any material provided by plaintiff and his academic advisor. Unbeknownst to plaintiff, SCHENKER's committee has existed only on paper since at least 2006, and SCHENKER himself made all decisions to dismiss dozens of undergraduate students without any oversight or reason. Plaintiff alleges YALE has enabled SCHENKER's practices, failed to supervise SCHENKER, and knowingly stored no information about dismissed students to prevent redress by aggrieved students. Further, YALE intentionally maintained byzantine internal policies and ambiguous procedures to "mitigate litigation risk" and make them uninterpretable in courts. YALE retaliated against plaintiff for investigating these allegations, and wrongdoings beyond this action, accessing his confidential medical records; threatening him with police; impugning his character on the record; and having him arrested on campus.

Defendants characterize facts plaintiff alleged as "patently false", and offer no further statement on these allegations. *Dkt. 90, p. 11*. Instead, defendants move to dismiss the complaint nobody filed.

Plaintiff seeks an order compelling Yale to publicly release statistics regarding the number of students withdrawn; investigate all instances of involuntary withdrawals at Yale College since spring 2016 term; implement all-university Plain Language policy, akin to *124 Stat. 2861*. Plaintiff also requests damages, and reinstatement as student at Yale.

PROCEDURAL BACKGROUND

On May 4, 2020, plaintiff issued five subpoenas under *Fed R Civ P 45(c)(2)(A)*, commanding Keshav Raghavan, Jason Shaw, Benjamin Glaser, Helena Lyng-Olsen, and Sarah Insley Say ("Members") to produce "any and all documents in your posession or under your control about the Committee on Honors and Academic Standing at Yale College". YALE represents that all Members are members of the Committee that determined plaintiff's withdrawal. Subpoenas are attached hereto as *Exhibit A*.

Mr. Shaw, Mr. Glaser, and Ms. Say are faculty employees at YALE. Mr. Raghavan and Ms. Lyng-Olsen are currently enrolled undergraduate students at YALE College. Members are not parties to this action, and plaintiff alleges no wrongdoing on their part. Members are residents of Connecticut, and subpoenas in question were issued out of this court.

Members accepted personal service two weeks before the compliance date. Proofs of delivery are attached to this motion as *Exhibit B*. Subpoenas did not require personal appearance, and provided a simple protocol for each recipient to upload responsive material via internet. *Exhibit B*,

6

*p. 5-7*. Attached was a copy of Standing Protective Order. *Dkt. 6*. Compliance was commanded by 1:00pm on May 25, 2020.

No member complied with the request, had their counsel seek a relief from the court, or negotiate any alternative arrangement. Members took *no* action whatsoever in response with the subpoena, treating a command issued out of this court as last week's newspaper.

The scope and timing of the subpoena was sufficient to permit adequate opportunity for Members to comply with the requests. Despite sufficient timing and limited scope of material sought, no subpoenas recipient complied. Members failed to serve timely objections, or a submit a timely motion to quash. All attempts to confer with witnesses informally were futile.

Plaintiff seeks a narrow category of documents whose production outweighs the burden on non-parties. All parties in this action received notice of subpoena prior to services. Defendants, however, filed a spate of invective-laced motions devoid of meritorious argumentation, attaching hundreds of pages in exhibits, all only for delay. *Dkt. 94, 96*.

Plaintiff seeks information fundamental to conclusively establish factual basis for this action. If this Committee indeed exists, and has convened regularly throughout the years, its members possess some tangible or electronic material related to the Committee: notes from conferences, emails from the chair or other members, minutes from scheduled meetings, emails with documents to be considered. If the Committee exists, this information must exist also.

## LEGAL STANDARD

Parties in a lawsuit typically use subpoenas to obtain evidence from nonparty witnesses. *Fed R Civ P 45* govern issuing, objecting, and enforcing subpoenas.

Absent an agreement or court order stating otherwise, a subpoena recipient must serve any written objections on the party or attorney designated in the subpoena before the earlier of: (i) the subpoena's return date; (ii) 14 days after the subpoena is served. *FRCP 45(d)(2)(B)*. A court also may deem all objections waived if the recipient fails to serve its objections in a timely fashion (see *Moore v. Chase, Inc.*, 2015 WL 4393031, at *5 (E.D. Cal. July 17, 2015); *Application of Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. 1988)).

Because a subpoena is an order of the court (see § 45.02[1]), a person served with a subpoena usually will not, and in any case should not, ignore the subpoena. See *In re Barnicle*, 800 F. Supp. 1021, 1023–1024 (D.N.H. 1992) (in imposing contempt sanctions on witness who failed to appear for trial, court noted that witness ignored subpoena rather than asking court for reasonable accommodation of witness's schedule).

To prevail on a request for contempt sanctions, the moving party must establish by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *9 Moore's Federal Practice - Civil § 45.62* (2020) A wise party will seek court protection, in advance of the date set for compliance, to avoid the possibility of contempt. *Id.*

The prudent course for a subpoena recipient is to comply with the subpoena, serve written objections, or move to quash or seek a protective order, rather than disregard the subpoena and hope that the court will find an adequate excuse for noncompliance. *Subpoenas: Responding to a Subpoena (Federal), Practical Law Practice Note 1-503-1741*.

## ARGUMENT

I.   <u>Defendants' Argument That Members Were Improperly Subpoenaed Fails</u>

Defendants assert, albeit indirectly, that requests in recipients' posession must be obtained under *Fed R Civ P 34*, not through a subpoena duces tecum, because Members are "Yale employees". *Dkt. 94-1, p. 4*. This argument fails.

Defendants fail to convince the court why Members should be treated differently than any other non-parties. Members are three academic employees and two students. Faculty at universities are not equated with corporation itself; they are the corporation's employees, not management. Generally, only officers, directors, and managing agents of a corporation are considered synonymous with the corporation itself under *Fed R Civ P*, and enjoy the right to party discovery under Title V of FRCP.

Courts have held that employ*ees must* be served with a subpoena before being compelled to testify in civil actions where the corporation was a party, not that employees *cannot* be served with that subpoena. *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities). *O'Connor v. Trans Union Corp.*, No. 97-cv-4633, 1998 WL

372667, at *2-3 (E.D. Pa. May 11, 1998)). As the common sense guides us, no obvious reason exists why a corporation could bind its employees from disclosure under *FRCP 45*.

Even if defendants successfully argued that Members are its managing agents, many courts have held that a party's use of a subpoena to obtain evidence from another party is not necessarily prohibited, so long as a party does not use a subpoena to circumvent *FRCP 34* (see *US v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 587-591 (D.N.M. 2015) (collecting and discussing cases); but see *Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996)*). *Mortgage Information Servs. v. Kitchens*, 210 F.R.D. 562, 563-66 (W.D.N.C. 2002); but see *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)).

Defendants have not met their burden, however modest it may be, to establish that Members are defendant's "managing agents" who are subject to simply being noticed through defendant for his depositions.

II.     Defendants' Attempt to Quash Subpoenas by Moving for Extension of Time Is Unavailable

Defendants filed a document on May 14 titled "a motion for extension of time to move to quash, object, and/or respond to the subpoenas". *Dkt. 95*. Careful examination reveals that defendants' creation is, in fact, a motion to quash subpoenas. Because all subpoenas in question commanded compliance by June 24, and defendants requested an extension until thirty days after the Court rules on *Dkt. 95*, which it didn't, all subpoenas will be moot *no matter when* the ruling is made. Defendants will have nothing to quash, object, and/or respond to.

Defendants circumvented requirements of *Fed R Civ P 45(d)(3)* because any meritorious argumentation to support a request to modify or to quash would require defendants to engage in a discussion about the substance of these subpoenas, as opposed to mere procedure. Defendants have avoided this discussion at all stages of this litigation.

III. <u>Potential Burden for Members is Minimal</u>

Defendants represent publicly that committee in question "meets about twice a month during the regular academic year". Further, "the good deal of the routine business of the committee is delegated to the chair, but the full committee decides any matter that raises a question of academic policy or that is in some other way unusual".

Plaintiff estimates that responsive material in posession of Mr. Raghavan and Ms. Lyng-Olsen includes no more than fifteen (15) emails, and fifty (50) pages of paper documents. Remaining three members is similarly limited. A reasonable person would spend no more than one hour to relay the responsive material.

IV. <u>Members Disobeyed the Subpoena Without Adequate Excuse</u>

Nothing suggests recipients were unable to comply. Plaintiff is concerned whether Members themselves chose to disobey the subpoena, or whether defense counsel has secured Members' noncompliance. Defendants' statements on the record suggest they consider themselves to represent all Members. This assumption is unavailable because Members are nonparties.

V.        <u>Contempt Sanction is Warranted</u>

Federal Rules of Civil Procedure explicitly provide for contempt sanctions on a disobeying nonparty. "The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *FRCP 45(g)*. The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena. *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002), citing *Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan.10, 1994) and *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir.1991).

Sanctions are particularly warranted when the subpoenaed witness failed to ask the court for accommodation, and ignored the subpoena altogether. *In re Barnicle*, 800 F. Supp. 1021, 1023–1024 (D.N.H. 1992) (in imposing contempt sanctions on witness who failed to appear for trial, court noted that witness ignored subpoena rather than asking court for reasonable accommodation of witness's schedule).

Civil contempt is imposed to coerce present or future compliance with an order of the court. *In Re Kave, 760 F.2d 343* (1st Cir.1985). In sentencing for contempt, a court may take into account the extent of willful and deliberate defiance of the court's order, seriousness of consequences of the contumacious behavior, necessity of effectively terminating defendant's defiance as required by public interest and importance of deterring such acts in the future. *Id.*, citing *U.S. v. Lach*, 874 F.2d 1543 (11th Cir.1989).

Members willfully disobeyed the subpoena, failed to request any relief from the court, all while knowing that ignorance of a valid subpoena is punishable by contempt. Accordingly, the Court should hold Members in contempt.

VI.   <u>Defendants Dilatory Conduct Demonstrates Bad Faith</u>

Members took no action in response to the subpoena; defendants filed their procedurally deficient and substantively flawed motion for extension of time. It appears that defendants knowingly and intentionally chose to disregard the subpoena, and merely filed the least effort paper on the record to "cover up their back". In the same time, defendants flooded the Court with two discourteous motions requesting immediate stay of discovery alleging, *inter alia,* that plaintiff:

- "has engaged in repeated harassment of the defendants" (*Dkt. 96, p. 1.*);
- "purported to offer legal advice" to a nonparty witness (*Dkt. 94-1, p. 5*);
- "misquote" and "attempts to mislead" SCHENKER in one request for admission, and offer no understandable argumentation to support their assertion (*Dkt. 94-1, p. 3*);
- violated a court order (*Dkt. 94-1, p. 7*);
- placed defense counsel's wife at risk by effectuating personal service on Mr. Noonan[1] (*Dkt. 94-1, p. 7*);

---

[1] Defendants' confusing argument about "the delivery person who delivered the subpoena", and verbose description of that individual ("[he] was not wearing a mask or gloves and required Attorney Noonan's wife to sign for the delivery on a device touched by numerous people") conceals the most fundamental question from this Court's attention: why is plaintiff, let alone self-represented plaintiff, seeking to depose *opposing counsel?*

13

- serves discovery requests via certified mail and email, as opposed to email only[2] (*Dkt. 94-1, p. 9*);

Defendants argumentation misstates the record because it suggests that "plaintiff is already in possession of all relevant documents", while plaintiff possesses *no* relevant documents. *Dkt. 96-1, p. 4*. Defendants are yet to respond to plaintiff's discovery requests. Now, defendants try to prevent all fact-finding, and requested that discovery be stayed pending this Court's ruling on defendants' implausibly defective motion to dismiss under *Fed R Civ P 12(b)(6)*. *Dkts. 94, 96*.

Defendants also flooded the docket with plaintiff's discovery requests, which must not be filed except by order of the Court, or for purposes of discovery dispute motion. *Fed R Civ P 5(d)*, *Local Rule 5(f)*. These submissions should be stricken from the record to enforce consistency with, and respect to the Local Rules, which defendants *chose* not to follow despite Court's admonishment. *Dkt. 72*.

REQUEST FOR ATTORNEY'S FEES AND COSTS

Plaintiff seeks an award of his reasonable attorney fees and costs associated with having to take this affirmative action to compel compliance with this subpoena.

---

[2] Claims by the responding party that they never received the discovery requests when the propounding party moves to compel responses months later are, regrettably, a frequent practice in litigation. *See* Hopwood, W., Pacini, C. & Young, G. (2014). *Fighting discover abuse in litigation*. Journal of Forensic & Investigative Accounting, 6(2). http://web.nacva.com/JFIA/Issues/JFIA-2014-2_2.pdf. Plaintiff attempts to actively manage discovery, curtail abusive practices in discovery that serve no purpose but delay, and deter abusive conduct in this action as early as possible.

CONCLUSION

Yale defendants learned over decades that their noncompliance with, and disregard to Federal Rules of Civil Procedure will be tolerated. However, as Master Yoda famously represented: "You must unlearn what you have learned". Defendants must internalize this aptly phrased piece of advice, with this Court's subtle nudge.

Plaintiff requests an order compelling Members to comply with the subpoena, the imposition of contempt sanctions, and an award of reasonable attorney's fees and costs incurred in filing this motion. Plaintiff also moves the Court to impose appropriate sanctions on defense counsel for violating the duty to confer, and for securing Members' noncompliance. A proposed order is attached to this motion.

In light of parties' brazen attempts *not to* resolve the most basic disputes out of court, plaintiff moves for an order commanding all counsel and unrepresented parties in this action to include a certification of conferral before offering any motion to the court. A proposed order is attached to this motion.

The Court should bring the Defendants into compliance with Federal Rule 5(d), 37(a) and 45, as well as Local Rules 5(f), 16(g) and 26(f) by ordering the relief proposed above.

Dated: May 27, 2020 in Oklahoma City, OK.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

CERTIFICATE OF SERVICE

      I certify that, on May 27, 2020, I sent a true and accurate copy of the foregoing Motion to Compel by email and certified mail to the following counsel of record for defendants, and the sub-poenaed nonparties, whose counsel has not appeared in this action:

| | |
|---|---|
| Patrick M. Noonan, Esq.<br>741 Boston Post Road, Suite 306<br>Guilford, CT 06437<br>Email: PNoonan@ddnctlaw.com | Keshav Raghavan<br>136 Highline Trl<br>Stamford, CT 06902-1005<br>Email: keshav.raghavan@yale.edu |
| Helena Lyng-Olsen<br>20 Mayflower Pkwy<br>Westport, CT 06880-6013<br>Email: helena.lyng-olsen@yale.edu | Sarah Insley Say<br>74 High St<br>New Haven, CT 06511<br>Email: sarah.insley@yale.edu |
| Jason Shaw<br>168 Round Hill Rd<br>North Haven, CT 06437-4366<br>Email: jason.shaw@yale.edu | Benjamin Glaser<br>895 Hartford Tpke<br>Hamden, CT 06517<br>Email: ben.glaser@yale.edu |

                                             /s/ Jakub Madej