UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : JUNE 5, 2020 |

**OBJECTION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, MOTION TO QUASH SUBPOENAS, AND MOTION TO RESTRICT PLAINTIFF TO SENDING DOCUMENTS TO DEFENSE COUNSEL BY E-MAIL**

On May 27, 2020, the plaintiff moved for an order commanding Keshav Raghavan, Jason Shaw, Benjamin Glaser, Helena Lyng-Olsen, and Sarah Insley[1] to comply with subpoenas seeking the production of documents. (Entry No. 101.) Prior to the filing of the plaintiff's motion, the defendants had sought an extension of time until thirty days after the Court's decision on the defendant's Motion to Stay Discovery Pending the Resolution of the Defendants' Motion to Dismiss ("Motion to Stay Discovery") to move to quash, object, and/or respond to the subpoenas directed to Attorney Patrick Noonan, Helena Lyng-Olsen, Benjamin Glaser, Jason Shaw, Keshav Raghavan, and Yale University Police Department.[2] (Entry No. 95.) After receiving notice of an additional subpoena directed to Kirk Wetters, the defendants amended their motion to include an extension of time to move to quash, object, and/or respond to the subpoenas directed to Professor

---

[1] It should be noted that defense counsel never received a notice of intent to serve a subpoena on Dean Insley.

[2] Copies of these subpoenas are attached as Exhibits A and E to the defendants' Motion to Stay Discovery, Entry No. 94.

Wetters and any other employee or agent of Yale University. (Entry No. 99.) The defendants also requested an expedited hearing on the Motion to Stay Discovery. (Entry No. 96.) The Court scheduled a telephonic hearing for May 28, 2020. (Entry No. 97.)

During the telephonic hearing on May 28, 2020, Judge Hall considered all of the outstanding motions. Judge Hall made the following rulings regarding discovery:

- The Motion to Stay Discovery was granted as to testimonial depositions. The Court ruled that there would be no depositions noticed for earlier than August 1, 2020 and that no subpoenas or notices of deposition would be issued prior to July 1, 2020.

- The plaintiff was not permitted to depose any lawyers, absent some compelling reason.[3]

- The Motion to Stay Discovery was denied as to paper discovery. The defendants' oral motion for an extension of time to respond to discovery request was granted until June 29, 2020 as to all outstanding paper discovery.

- The Request for Admissions directed to defense counsel's paralegal was not permitted under the Rules of Civil Procedure and the request should be ignored.

- The subpoena issued to Yale University Police Department ("YUPD") was improper since YUPD is part of Yale University. Instead, the plaintiff should issue a request for production to defense counsel.[4]

- The defendants should respond to the plaintiff's Motion to Compel by June 17, 2020.

- In light of the plaintiff's motion to compel and the Court's ruling on the Motion to Stay Discovery, the defendants' Amended Motion for Extension of Time until after the ruling on the Motion to Stay Discovery to respond to subpoenas was terminated as moot. The Court would address arguments regarding discovery in connection with the plaintiff's Motion to Compel.

(Entry No. 104.)

---

[3] This ruling is not mentioned in the order recorded on the docket, but was made during the telephonic hearing.

[4] This ruling is not mentioned in the order recorded on the docket, but was made during the telephonic hearing.

On May 29, 2020, the plaintiff withdrew all subpoenas seeking in-person testimony that were issued up to and including May 28, 2020.[5] (Entry No. 103.) This includes subpoenas commanding the following individuals to appear for depositions: Patrick Noonan, Esq., Caroline Hendel, Esq., Harold Rose, Esq., Susan Sawyer, Esq., and Naomi Wolf, an author who has no relationship to this case. Since the plaintiff has withdrawn these subpoenas, the defendants will not address them in this objection.

Thereafter, defense counsel received additional subpoenas via mail.[6] On June 1, 2020, defense counsel received via mail to his office two notices of subpoena. The May 28, 2020 notice indicated that the plaintiff intended to serve a subpoena on Yiyuan Gladys Fang. The notice does not indicate whether the subpoena was for a deposition or for production of documents and the subpoena accompanying the notice is blank. The May 30, 2020 notice indicated that the plaintiff intended to serve a subpoena on Edward Snyder, a professor in the Yale School of Management. The subpoena accompanying that notice commands Professor Snyder to appear for a deposition on June 26, 2020.[7] On June 1, 2020, defense counsel e-mailed the plaintiff to request that he agree to cancel the depositions since they were prohibited by the Court's order. When the plaintiff did not respond, defense counsel again e-mailed the plaintiff on June 3, 2020 and requested that the

---

[5] In addition to filing the withdrawal with the Court, the plaintiff e-mailed a letter to defense counsel informing him of the withdrawal of the subpoenas on May 29, 2020. Defense counsel then received a duplicate copy of that letter via certified mail to his office on June 4, 2020.

[6] The plaintiff also mailed duplicate copies of discovery requests that he had already provided to defense counsel via e-mail on May 25, 2020. A duplicate copy of one set of the May 25, 2020 production requests was received by defense counsel via mail to his office on May 29, 2020. On June 3, 2020, defense counsel received via mail to his office a duplicate copy of the second set of requests for production dated May 25, 2020. Defense counsel has repeatedly asked plaintiff to refrain from sending multiple copies of the same document by multiple means. The most efficient and fastest way to transmit information to defense counsel is through email. Plaintiff has never provided a reason why he cannot comply with that request.

[7] Copies of the notices of subpoena and subpoenas received by defense counsel on June 1, 2020 are attached hereto as Exhibit A.

plaintiff notify him by 2:00 p.m. on June 4, 2020 that he intended to cancel the depositions. Again, the plaintiff did not respond.[8]

On June 4, 2020, defense counsel received via mail to his office a notice of subpoena dated May 17, 2020 indicating that the plaintiff intended to serve a subpoena on Naomi Wolf. The subpoena accompanying the notice commands Ms. Wolf to appear for a deposition on June 16, 2020.[9] Also, on June 4, 2020, defense counsel received via mail to his office a notice of subpoena dated May 29, 2020 indicating that the plaintiff intended to serve a subpoena on Daria Vander Veer, Kirk Wetters, Dana Angluin, John Rogers, Caroline Hendel, Esq. and Susan Sawyer, Esq. All of these subpoenas request production of documents in June, 2020.[10]

On June 4, 2020, the plaintiff e-mailed defense counsel regarding compliance with the subpoena directed to YUPD. Although the Court already ruled that the subpoena to YUPD was improper, the plaintiff argued that the subpoena was timely served and sought narrow and precisely defined production of recordings from body cameras worn by YUPD officers. Despite the Court's order that the defendants had until June 17, 2020 to oppose the subpoenas issued by the plaintiff, the plaintiff accused Yale University and YUPD of failing to make a timely objection.[11]

In compliance with the Court's orders during the May 28, 2020 telephonic hearing, the defendants now reply to the plaintiff's motion for an order of compliance with respect to the subpoenas directed to Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, and

---

[8] Copies of the June 1, 2020 and June 3, 2020 e-mails are attached hereto as Exhibit B.

[9] Although defense counsel did not receive a copy of the notice and subpoena until two and a half weeks after it was purportedly issued, it should be considered withdrawn by the plaintiff since the notice is dated May 17, 2020.

[10] Copies of the notices of subpoenas and subpoenas received by defense counsel on June 4, 2020 are attached hereto as Exhibit C.

[11] A copy of the June 4, 2020 e-mail correspondence is attached hereto as Exhibit D.

Dean Insley and also moves to quash the other subpoenas issued by the plaintiff. The defendants further move for an order restricting the plaintiff to sending defense counsel pleadings, communications, documents, and other material by e-mail and requiring him to cease sending multiple copies of communications, documents, and other material to defense counsel.

### A.     The Plaintiff has No Authority to Issue Subpoenas.

Rule 45(a)(2) of the Federal Rules of Civil Procedure ("FRCP") provides that "[a] subpoena must issue from the court where the action is pending." The Rules of Civil Procedure also state: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." FRCP 45(a)(3). None of the subpoenas issued by the plaintiff were signed by clerk of the court or an attorney authorized to practice in the district court for the District of Connecticut. Instead, the plaintiff signed the subpoenas himself. As a *pro se* litigant who is not an attorney authorized to practice law in the District of Connecticut, the plaintiff is not authorized to issue subpoenas. Therefore, none of the subpoenas are enforceable and the defendants' motion to quash all of the subpoenas listed herein should be granted on that basis alone.

In Simcoe v. Gray, 2012 U.S. Dist. LEXIS 43099 *11-12 (W.D.N.Y. March 28, 2012), the *pro se* plaintiff sought a motion for contempt against an FBI agent because the agent did not comply with a subpoena for production of documents or produce the requested documents. In opposition to the motion for contempt, the Assistant United States Attorney ("AUSA") argued that the subpoena had not been properly issued because it was not issued by a court, the clerk of the court, or by an attorney. Instead, the subpoena was signed by the *pro se* plaintiff, who did not have the authority to issue a subpoena. Consequently, the AUSA asserted that the subpoena was

5

unenforceable.  Id. at *12-13.  Citing FRCP 45(a)(2) and (3), the district court agreed that the *pro se* plaintiff had no authority to independently issue the subpoena.  Therefore, the district court did not enforce the subpoena and denied the motion for contempt.  Id. at *14.  See also, Davis v. Brown, 2013 U.S. Dist. LEXIS 66386 (E.D.N.Y. May 9, 2013) (denying motion to compel FBI to comply with a subpoena in part because the subpoena was signed by the *pro se* plaintiff rather than the clerk of the court.)

The same is true in the present case.  The *pro se* plaintiff, who is not authorized to practice law in the District of Connecticut, signed all of the subpoenas issued in this litigation.  Since none of the subpoenas are signed by the clerk of the court for the District of Connecticut or by an attorney authorized to practice in this district, all of the subpoenas issued by the plaintiff as of the date of this memorandum should be quashed.

It should be noted that the plaintiff will not be disadvantaged by this ruling.  As the Court already informed the plaintiff during the May 28, 2020 hearing, the easiest way to obtain documents from the defendant is to simply file a Request for Production.  The plaintiff will not have to serve subpoenas.  The plaintiff is certainly aware of his ability to file Requests for Production in this case, since he has already filed several.  It would certainly save the parties and the Court substantial time dealing with motions if the plaintiff were to limit his requests for documents to production requests addressed to the defendants and e-mailed to defense counsel.

    **B.**     **The Court Has Twice Ruled that Depositions Will Not Take Place Until August 1, 2020.**

Despite the Court's rulings on April 20, 2020 and May 29, 2020 that depositions would not proceed until August 1, 2020 at the earliest, the plaintiff issued notices of subpoena for the

depositions of Professor Snyder and Ms. Fang.[12]  See, Exhibit A, hereto.  Defense counsel twice requested that the plaintiff agree to cancel these depositions, but the plaintiff did not respond.  See, Exhibit B, hereto.  Pursuant to the Court's orders, the defendants' motion to quash the subpoenas commanding Professor Snyder and Ms. Fang to appear for depositions should be granted.

### C. The Documents Requested from the YUPD Should be Sought in a Request for Production to Yale University.

In the subpoena to YUPD, the plaintiff requests production of the video recordings from two body cameras worn by two YUPD officers who intervened in a trespassing incident on March 17, 2020.  See, Exhibit E to Motion to Stay Discovery, Entry No. 94.  Judge Hall has already ruled that YUPD is part of Yale University, a party in this action.  Therefore, a request for documents from YUPD should be requested in a request for production directed to Yale University.  For this reason, the defendants' motion to quash the subpoena directed to Yale University should be granted.

### D. The Subpoenas Request Discovery Beyond that Permitted by the Rules of Civil Procedure.

"Federal Rule of Civil Procedure 26(b)(1) governs the relevance of documents requested by a Rule 45 subpoena, and Rule 26(b)(1) allows for the discovery of any nonprivileged matters that are 'relevant to any party's claim or defense and proportional to the needs of the case[.]'" Strike 3 Holdings, LLC v. Doe, 2019 U.S. Dist. LEXIS 79266 *6-7 (D.Conn. May 10, 2019) (Spector, J.).  See also, Doe v. Town of Greenwich, 2020 U.S. Dist. LEXIS 84662 *8 (D.Conn.

---

[12] While the subpoena provided to defense counsel was blank, the defendants assume that the plaintiff intended to depose Ms. Fang, who is a student at Yale University.  Since the notice of subpoena directed to Ms. Fang is dated May 28, 2020, it is ostensibly included in the plaintiff's withdrawal of subpoenas filed on May 29, 2020.  However, in an abundance of caution and in light of the plaintiff's failure to respond to defense counsel's requests to cancel the deposition, the defendants move to quash Ms. Fang's deposition.

7

January 10, 2020) (Merriam, J.) ("Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b).")

The subpoenas issued to Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, and Dean Insley request these individuals to produce "[a]ll communications and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files." See, Exhibit E to Entry No. 94. Similarly, the subpoenas issued to on Ms. Vander Veer, Professor Wetters, Professor Angluin, Professor Rogers, Attorney Hendel, and Attorney Sawyer seek "[a]ll documents, communication, and information in your possession or under your control that relates in any way to Committee on Honors and Standing at Yale College." See, Exhibit C, hereto. Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, Dean Insley, Ms. Vander Veer, Professor Wetters, and Professor Angluin are all members of CHAS. Professor Rogers is a Professor of English at Yale University. Attorney Hendel and Attorney Sawyer are attorneys in Yale University Office of General Counsel.

The requests in the aforementioned subpoenas are overly broad, unlimited in time, and seek documents that are irrelevant to the plaintiff's claims in that they seek all documents related to CHAS over the entire period of its existence. Compliance with the requests would require the production of documents related to other students who appeared before CHAS. Not only is this information wholly irrelevant to the plaintiff's claims, but it also is highly confidential and protected from disclosure by the Family and Education Rights and Privacy Act. The only documents relevant to the plaintiff's claims in this action are those that concern the plaintiff's proceeding before CHAS. The defendant has no objection to producing these documents and, indeed, the vast majority have already been marked as exhibits by the plaintiff in this case.

It is also significant that the plaintiff has requested the exact same information in a request for production directed to Yale University: "All communications and all documents pertaining to the work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files."[13]  Since all of the individuals subpoenaed are employees and/or agents of Yale University, Yale University is in a position to collect documents from each of these individuals and produce those that are responsive to the plaintiffs' request for production directed to Yale University and relevant to the plaintiff's claims, i.e., those documents that concern the plaintiff's proceeding before CHAS.

Since the subpoenas directed to Yale University's employees and agents are overbroad, unlimited in time, and seek production of irrelevant documents, the defendants' motion to quash should be granted.  The subpoena directed to Dean Insley should be quashed for the additional reason that the plaintiff never sent defense counsel a notice of intent to subpoena Dean Insley, as required by F.R.C.P. 45(a)(4).

### E. The Plaintiff Should Be Ordered to Restrict his Communications with Defense Counsel to Email Only

As detailed above and extensively in the filings related to the defendants' Motion to Stay Discovery, the plaintiff consistently sends defense counsel duplicate copies of pleadings, documents, and communications through various means of delivery.  There is literally no purpose to be served in sending multiple copies of pleadings, e-mails, documents, or any other material to the defendants.  Defense counsel has received each and every e-mail sent by the plaintiff, and e-mail is by far the most efficient and the quickest form of communication for all parties.  The plaintiff's refusal to honor this request does nothing other than to increase the amount of time, and,

---

[13] A copy of the May 25, 2020 request for production is attached hereto as Exhibit E.

therefore, the expense, associated with defending this action. Compliance with defense counsel's request would also save the plaintiff time and expense. Consistent with F.R.C.P. 1, the defendants request an order requiring the plaintiff to send each pleading, communication, document, or other material to defense counsel via e-mail to defense counsel and to send said material just once to ensure that the parties "secure the just, speedy, and inexpensive determination" of this action.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to compel should be denied and all of the subpoenas issued by the plaintiff thus far should be quashed. In addition, the plaintiff should be restricted to sending defense counsel pleadings, communications, documents, and other material by e-mail and required to cease sending multiple copies of communications, documents, and other material to defense counsel.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:           /s/
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                               _____/s/_____
                                                                                 Patrick M. Noonan