## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| **JAKUB MADEJ** | **CIVIL ACTION No.  3:20-cv-00133-JCH** |
| **Plaintiff,** | |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **YALE UNIVERSITY** *et al.* | |
| **Defendants.** | **JUNE 18, 2020** |

---

## PLAINTIFF'S MOTION TO HOLD YALE POLICE DEPARTMENT IN CONTEMPT AND TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM

Plaintiff Jakub Madej respectfully requests, pursuant to Federal Rule of Civil Procedure 45(g), that the Court enter an attached order (i) compelling Yale Police Department ("Yale Police") to comply with subpoena duces tecum served on it on May 8, 2020 by providing within time certain the electronically stored information ("ESI") responsive to plaintiff's request; and (ii) to show cause why Yale Police should not be held in contempt of court for failure to comply with the subpoena. Supporting affidavit and exhibits are attached to this motion.

### GROUNDS FOR RELIEF

Yale Police should be held in contempt under Rule 45(g) of the Federal Rules of Civil Procedure because, as shown in the accompanying affidavit:

1. A subpoena was issued out of this court on May 4, 2020, commanding Yale Police to produce electronically stored information relevant to this action on or before June 15, 2020. *See* Exhibit A. The subpoena allowed a reasonable period of 41 days for compliance,

pursuant to *Fed R Civ P 45(d)(3)(A)(1)*. Courts in this Circuit find "fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, LEXIS 40653, *17-18 (E.D.N.Y. Feb 5, 2010). See also *Arch Ins. Co. v. Centerplan Constr. Co.*, LLC, No. 3:16-CV-01891-VLB, 2017 U.S. Dist. LEXIS 182070, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (briefly surveying time to comply standards in the Second Circuit), cited in *Wis. the Soc'y of Jesus v. Audrey*, 2019 U.S. Dist. LEXIS 142715, *8 (D. Conn. Aug. 22, 2019) (holding that a third-party deposition scheduled in two weeks' time after notice was reasonable, and the deposition would proceed). In denying applicant's motion for protective order, Judge Bryant emphasized that the deponent "is a practicing attorney and should be aware of her response obligations to the subpoena". *Id.* Here, the subpoena recipient appears to be, though private, a law enforcement unit, and understood its response obligations to the subpoena.

2.   This subpoena was served under on Yale Police on May 8, 2020, in full compliance with *Fed R Civ P 45(b)(1)* and *(2)*. *See* <u>Exhibit B</u>. Service was effectuated by U.S. certified mail, return receipt, restricted delivery, with adult signature required. This means that (i) the United States Postal Service ("USPS") could deliver the subpoena only to the pre-specified address; (ii) only an adult individual affiliated with and present at that address at time of delivery could accept service, and no alternative delivery (e.g. to a mailbox) would be permitted; and (iii) the recipient must certify on delivery that he received the subpoena by signing the proof of service. Here, all three conditions were satisfied.

3.   Yale Police failed to produce the requested material within the allotted time.

4.  Yale Police failed to comply without adequate excuse in that (i) no timely written objections to the subpoena duces tecum were filed, and (ii) no motion to quash the subpoena was filed prior to the date of compliance.

5.  Defendant Yale University, who appears to hold that Yale Police is its internal unit, also failed to provide the requested material. Assuming arguendo that Yale Police is a party in this case, Yale has made conflicting statements about its intentions to comply. Defendants first misstate the record claiming the Court ruled at the May 28, 2020 conference that YUPD is part of Yale University, and the subpoena was improper (Dkt. 106, p. 2) when, in fact, the Court only ensured whether the unrepresented plaintiff understands that subpoenas are generally directed to nonparties. This Court's helpfulness was motivated by the fact that most *pro se* litigants in federal courts lack understanding of civil procedure, not by a factual determination of Yale University's organizational structure, which has never been addressed on the record. Defendants have moved the Court to quash the subpoena, repeating the argument above. But in recent communication between counsel, defendants claimed "this has already been sent", which in the context referred to the responsive material, but offered no precise statement when or and how was "this" sent; why "this" has not been sent within compliance time; how computer files that were to be provided electronically could logically be "addressed to the Dwight St. address"; or what "this" even is. *See* Exhibit D. In reality, the undefined "this" in defendants' counsel message refers to nothing at all, and is yet another attempt to prolong discovery in this case. In light of defendants' misleading conduct, this Court's intervention is necessary to vindicate parties' and nonparties' obligations in discovery.

6.   Because of Yale Police's failure and refusal to comply with the subpoena, Plaintiff incurred

expenses and attorney's fees in preparation of this motion.


**RELIEF REQUESTED**

For the reasons stated above, as well as in the accompanying affidavit and exhibits, the

Court should grant plaintiff's motion to compel and for contempt. A proposed order is attached to

this motion.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

CERTIFICATE OF SERVICE

I certify that, on June 18, 2020, I sent a copy of the foregoing *Motion to Compel*, together with all accompanying attachments and exhibits, via certified mail to parties listed below. All counsel of record will receive a notice of this filing by email via the Court's CM/ECF system.

Yale Police Department
101 Ashmun St
New Haven, CT 06511

/s/ Jakub Madej