UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : JUNE 23, 2020 |

## MOTION TO QUASH SUBPOENA DIRECTED TO OZAN SAY

On June 11, 2020, the plaintiff served a subpoena on Ozan Say, an employee of Yale University in the Office of International Students & Scholars, requesting production of the following:

> **a) any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College;**
>
> This definition includes, but is not limited to (i) emails, paper letters, and any other communication between you and Mark Schenker, or any other Committee member, that pertains to Committee's work; and (ii) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.
>
> Time scope of this request: August 31, 2013 to May 29, 2020.
>
> **b) all electronic communication in your possession with the search term "MADEJ".**
>
> Time scope of this request: January 1, 2016 to May 29, 2020.

The subpoena requests production of the documents by 1:00 p.m. on June 30, 2020.[1]  Yale

---

[1] A copy of the subpoena is attached hereto as Exhibit A.

University hereby moves to quash the subpoena issued to Mr. Say because it requests discovery beyond that permitted by the Federal Rules of Civil Procedure.

"Federal Rule of Civil Procedure 26(b)(1) governs the relevance of documents requested by a Rule 45 subpoena, and Rule 26(b)(1) allows for the discovery of any nonprivileged matters that are 'relevant to any party's claim or defense and proportional to the needs of the case[.]'" Strike 3 Holdings, LLC v. Doe, 2019 U.S. Dist. LEXIS 79266 *6-7 (D.Conn. May 10, 2019) (Spector, J.).  See also, Doe v. Town of Greenwich, 2020 U.S. Dist. LEXIS 84662 *8 (D.Conn. January 10, 2020) (Merriam, J.) ("Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b).")

The first request in the aforementioned subpoena directed to Mr. Say is overly broad, unduly burdensome, and seeks documents that are irrelevant to the plaintiff's claims in that they seek all documents related to CHAS over a nearly seven year period.  Compliance with the request would require the production of documents related to other students who appeared before CHAS. Not only is this information wholly irrelevant to the plaintiff's claims, but it also is highly confidential and protected from disclosure by the Family and Education Rights and Privacy Act. The only documents relevant to the plaintiff's claims in this action are those that concern the plaintiff's proceeding before CHAS.  Additionally, since Mr. Say has never been a member of CHAS and was not involved in the plaintiff's proceeding before CHAS, this request is improperly directed to him.

It is also significant that the plaintiff has requested the same information in a request for production directed to Yale University:  "All communications and all documents pertaining to the work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files."  On June 11, 2020, the defendant provided its

objections and responses to the plaintiff's May 25, 2020 Request for Production and Inspection and provided approximately 100 pages of documents related to the plaintiff's proceeding before CHAS.[2]

The second request for production contained in the subpoena directed to Mr. Say is similarly overbroad, unduly burdensome, and seeks production of irrelevant documents, in that it requests production of all electronic communication in Mr. Say's possession which contain the term "Madej" anywhere in the document over a period of nearly four and a half years. Mr. Say is not a member of CHAS and was not involved in the plaintiff's proceeding before CHAS. Rather, he is an employee in the Office of International Students, which assists international students with their immigration status. Using a single search term of the plaintiff's last name will generate a multitude of e-mail communications that are wholly irrelevant to the plaintiff's claims in this case.

## CONCLUSION

Since the requests in the subpoena directed to Mr. Say are overbroad, unduly burdensome, and seek production of irrelevant documents, the defendant's motion to quash should be granted. Moreover, the defendant has already provided the documents related to the plaintiff's proceeding before CHAS.

---

[2] A copy of the defendant's objections and responses to the May 25, 2020 request for production, exclusive of the document production, is attached hereto as Exhibit B.

THE DEFENDANT,

YALE UNIVERSITY

By: _____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan