## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

**JAKUB MADEJ**

     **Plaintiff,**

**v.**

**YALE UNIVERSITY** *et al.*

     **Defendants.**

---

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**JUNE 24, 2020**

### PLAINTIFF'S FIRST STATUS REPORT

Pursuant to this Court's March 24, 2020 scheduling order (Dkt. 57), Plaintiff Jakub Madej submits the following status report. The order contemplates a joint report of counsel. Nonetheless, the parties have failed to reach an agreement as to virtually anything that concerns the report they should submit jointly. To resolve that quandary, parties decided to file a joint report in two separate parts. The following is plaintiff's part.

### I.  PENDING MOTIONS

On May 6, 2020, Yale Defendants filed a Rule 12(b)(6) motion to dismiss. Plaintiff opposes that motion asserting that Yale's argument goes light years beyond the "four corners of the complaint", and impermissibly challenges the legal sufficiency of plaintiff's allegations with selectively chosen evidence provided by Yale to support its fact pattern. On June 22, 2020, Plaintiff requested a leave of court to file a second amended complaint. Should the Court grant leave, defendants' motion to dismiss would be terminated as moot. Defense counsel indicated that he would oppose plaintiff's motion for leave.

All pending motions in this case are listed in the table below.

| Docket Entry No. | Date filed | Title |
|---|---|---|
| 90 | May 6, 2020 | Defendants' Motion to Dismiss |
| 101 | May 27, 2020 | Plaintiff's Motion to Compel Compliance with Subpoena and for Contempt |
| 106 | June 5, 2020 | Defendants' Motion to Quash Subpoenas, and "Motion to Restrict Plaintiff to Sending Documents to Defense Counsel by E-mail" |
| 109 | June 18, 2020 | Plaintiff's Motion for Contempt and to Compel Compliance re: Subpoena to YPD |
| 110 | June 22, 2020 | Plaintiff's Second Motion for Leave to File Amended Complaint |
| 111 | June 23, 2020 | Defendants' Motion to Quash Subpoena Directed to Ozan Say |

## II.     STATUS OF DISCOVERY

Paper discovery generated numerous disputes, which Parties attempt to resolve amicably to the fullest extent possible before seeking judicial intervention. The Parties intend to exchange additional documents before depositions begin. Plaintiff is mindful of this Court's guidance that any depositions be postponed until later this year. Based on the factual complexity of the issues underlying this case, Plaintiff believes the current limitation of requests for admission to twenty (20) is insufficient, and striking that specific number would help parties narrow down the issues at dispute in preparation for summary judgment or trial.

The following discovery requests have been issued:

A.  <u>Discovery Directed to Plaintiff</u>

| Title | Date Requests Propounded | Date Responses Due | Date Responses / Objections Provided |
|---|---|---|---|
| Defendants' Interrogatories and Request for Production to Plaintiff | April 13, 2020 | May 13, 2020 | May 13, 2020 |
| Defendants' First Set of Requests For Admission | June 24, 2020 | July 24, 2020 | |

B.  <u>Discovery Directed to Defendants</u>

| Title | Date Requests Propounded | Date Responses Due | Date Response / Objections Provided |
|---|---|---|---|
| Plaintiff's First Set of Request for Admission for Defendant Yale University | May 6, 2020 | June 29, 2020 | June 8, 2020 |
| Plaintiff's First Set of Requests for Admission for Defendant Mark Schenker | May 7, 2020 | June 29, 2020 | June 19, 2020 |
| Plaintiff's Second Set of Requests for Admission for Defendant Yale University | May 8, 2020 | June 29, 2020 | |
| Plaintiff's First Set of Interrogatories for Defendant Yale University | May 15, 2020 | June 29, 2020 | June 11, 2020 |
| Plaintiff's First Request for Defendant Yale University to Produce Documents [Cloned Discovery] | May 25, 2020 | June 29, 2020 | June 11, 2020 |
| Request for Production and Inspection | May 25, 2020 | June 29, 2020 | June 11, 2020 |

C.  <u>Third-Party Discovery</u>

Plaintiff continues to seek documents and ESI from third parties who likely have pertinent knowledge about the facts underlying this case. Most of these individuals are employed at Yale University but are not parties to these proceedings. Plaintiff disclaims any allegations of wrongdoing on their part, unless specifically stated otherwise. Yale Defendants reportedly secured noncompliance of at least six individuals with subpoenas duces tecum issued out of this Court. Plaintiff seeks to enforce these subpoenas. See *Dkts. 101, 109*.

**III.     OTHER MATTERS THAT SHOULD BE BROUGHT TO THE COURT'S ATTENTION**

Yale University is the defendant in this case. That same Yale houses Yale Law School ("YLS"), perhaps the most prestigious law school in the country. Dozens of appellate and district court judges learned their craft at YLS, as did four current Justices of the Supreme Court. Numerous illustrious legal scholars hailed from Yale Law School. But arguments Yale University offers in this case would warrant only a grade of "F" in the first semester 1L Civil Procedure class at Yale Law. Defendants should stand up to their law school's reputation in this real-life civil procedure "course", and offer only sound legal arguments to the Court, not personal invectives and confusing recitations of irrelevant facts. As one celebrated scholar at Yale Law has enlightened the plaintiff, "good legal writing doesn't make anyone feel stupid".

This is parties' first status report. The second status report is due on September 22, 2020, or ninety (90) days from filing the present report.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
65 Dwight St
New Haven, CT 06511
T: (203) 928-8486
F: (203) 902-0070
Email: j.madej@lawsheet.com