UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ <br><br> PLAINTIFF <br><br> v. <br><br> YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL <br><br> DEFENDANTS | CIVIL ACTION NO. <br> 3:20-cv-00133-JCH <br><br><br><br><br><br><br><br><br> JUNE 25, 2020 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND REQUEST FOR RULING ON MOTION TO DISMISS**

Rather than filing his opposition brief to the defendants' Motion to Dismiss on June 22, 2020, the plaintiff filed a motion for leave to file a second amended complaint. (Docket Entry No. 110.) The defendants hereby oppose that motion and request that the Court rule on the pending motion to dismiss prior to considering the plaintiff's motion to amend his complaint for the second time.

**I.    Procedural Background**

The plaintiff commenced this action by way of a complaint dated January 30, 2020. On March 15, 2020, the plaintiff moved for leave to file an amended verified complaint by March 18, 2020. (Docket Entry No. 39, p. 3.) On March 16, 2020, the Court terminated that motion as unnecessary because the plaintiff, as a matter of right, had the ability to file an amended complaint until the defendants file a motion to dismiss or an answer. (Docket Entry No. 40.) The plaintiff did not file an amended complaint on March 18, 2020 despite representations that he would do so.

On April 6, 2020, the defendants moved for a twenty-one-day extension of time through April 27, 2020 to file a response to the plaintiff's January 30, 2020 complaint.[1] (Docket Entry No. 73.) On April 20, 2020, the plaintiff filed a Motion to Compel a FRCP 26(f) Conference and to Modify the Scheduling Order. (Docket Entry No. 82.) In that motion, he indicated that he would file an amended complaint within seven days. Id., p. 2. After conducting a telephonic status conference on April 20, 2020, the Court ordered the plaintiff to file an Amended Complaint by April 27, 2020 (Docket Entry No. 83.)

The plaintiff filed his Amended Complaint on April 27, 2020. (Docket Entry No. 87.) In addition to the breach of contract and negligence claims included in the initial complaint, the plaintiff also asserted claims for fraudulent misrepresentation, interference with contract and economic expectation. On May 6, 2020, the defendants moved to dismiss the plaintiff's Amended Complaint in its entirety. (Docket Entry No. 90.) The plaintiff's response was due May 27, 2020. On May 22, 2020, the plaintiff moved for a thirty-day extension of time through June 22, 2020 to respond to the defendants' Motion to Dismiss, which motion the Court granted on May 29, 2020. (Docket Entry No. 98, 104.)

The plaintiff did not file a response to the defendants' Motion to Dismiss by June 22, 2020. Instead, he moved for leave to file a second amended complaint. On June 22, 2020, the plaintiff e-mailed defense counsel, claiming to have attempted to contact him regarding his position on the motion for leave to amend.[2] Significantly, this e-mail was received by defense counsel two

---

[1] Once defense counsel learned of the plaintiff's intention to object to the motion for extension of time, the defendants filed an amended motion for extension of time on April 7, 2020 to reflect the plaintiff's position. (Docket Entry No. 74.)

[2] A copy of the June 22, 2020 e-mail correspondence is attached hereto as Exhibit A.

2

minutes <u>after</u> the plaintiff filed his Motion to Amend.[3] In direct contravention to the Court's May 29, 2020 order granting the defendants' Motion for Order for Relief from Requirements of Local Rules to Communicate with the Plaintiff in Person or Via Telephone,[4] (Docket Entry Nos. 75, 104), the plaintiff claimed to have attempted to call defense counsel: "I have been trying to reach you both last week and today to ask if Yale objects to my motion for leave to amend the complaint. You have not returned my calls, and I believe the number I dialed is indeed your current number." (Ex. A, p. 1.) However, defense counsel received no telephone messages from the plaintiff. Despite the Court's clear order that communication between the plaintiff and defense counsel was to be via e-mail only, the plaintiff continues to insist on speaking with defense counsel over the telephone. Defense counsel informed the plaintiff that he would continue to abide by the Court's order that does not require communication beyond e-mails and that he intended to object to the motion to amend. <u>Id.</u>

It is significant that the plaintiff blocked defense counsel from sending e-mails to j.madej@lawsheet.com, the e-mail address through which notices of electronic Court filings are sent to the plaintiff. On June 17, 2020, the plaintiff e-mailed defense counsel to inquire as to whether the defendants intended to submit amended answers to the plaintiff's First Set of Requests for Admission.[5] Despite requesting in all of the discovery requests, save one, that the defendants e-mail their responses to j.madej@lawsheet.com and jakub.madej@yale.edu,[6] the plaintiff claimed

---

[3] The Notice of Electronic Filing, attached hereto as Exhibit B, indicates that the plaintiff filed his motion at 5:21 p.m. The plaintiff e-mailed defense counsel at 5:23 p.m. <u>See</u>, Exhibit A.

[4] In that motion, the defendants sought an order requiring that the plaintiff and defense counsel communicate only through written e-mail correspondence. (Docket Entry No. 75, p. 1.)

[5] A copy of the June 17, 2020 e-mail correspondence is attached hereto as Exhibit C.

[6] The May 25, 2020 Request for Production and Inspection did not include any instructions on the method of delivery of the responses. All of the others requested that both e-mail addresses be used. The May 6, 2020 Request for Admission are attached hereto as Exhibit D as an example. In an effort to accommodate the plaintiff, defense counsel

that he did not use the Yale e-mail address for anything related to this action. He further stated his belief that defense counsel had received an error message from the j.madej@lawsheet.com e-mail address stating that defense counsel's e-mail to the "lawsheet" e-mail address had been blocked. (Ex. C, p. 1-2.) While the Court has ordered the plaintiff and defense counsel to communicate via e-mail, it appears that the plaintiff has chosen to block defense counsel's e-mails to j.madej@lawsheet.com and to ignore those sent to jakub.madej@yale.edu.

## II. Argument

The defendants object to the plaintiff's motion to amend his complaint for a second time because the plaintiff has already had an opportunity to amend his complaint and he has not established good cause for permitting a second amendment, particularly in light of the fact that the defendants' motion to dismiss has been pending for seven weeks. Rather than permit the plaintiff to amend his complaint for a second time, the defendants request that the Court proceed to rule on the pending Motion to Dismiss.

In Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000), the Second Circuit held: "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party." In this case, the Court set a deadline of April 27, 2020 for the plaintiff to amend his complaint and the plaintiff filed an amended complaint on that date. (Docket Entry Nos. 83, 87.) Since the plaintiff has not

---

adopted a practice of sending communications to both e-mail addresses. Now the plaintiff has directed that defense counsel should not use the Yale e-mail address, and has claimed in several e-mails that he never made the request that defense counsel use both e-mail addresses. See e.g., Exhibit C; Exhibit E.

established good cause to permit a further amendment to the complaint nearly two months after the expiration of the deadline, his motion for leave should be denied.

In his motion for leave to amend his complaint for a second time, the plaintiff indicates that, in addition to the four counts of the Amended Complaint, he intends to add claims for "tacit misrepresentation," "innocent misrepresentation," breach of fiduciary duty, and prima facie tort. (Docket Entry No. 110, p. 1.)  The plaintiff has not provided the Court with either a copy of the proposed Second Amended Complaint or a description of the factual basis for the additional claims he intends to assert.  The plaintiff's failure to submit a copy of his Second Amended Complaint for the Court's review also precludes the Court from determining whether the proposed amendments would be futile in the face of the defendants' motion to dismiss.  In an effort to establish good cause for permitting further amendments, the plaintiff claims that, through discovery, he has "uncovered new motives that merit consideration in the complaint."  (Docket Entry No. 110, p. 3.)  This ambiguous statement is insufficient to establish good cause for allowing the plaintiff to file a Second Amended Complaint.  Significantly, the plaintiff does not identify any new factual basis for his new claims which are unrelated to his academic withdrawal from Yale University.  He could have raised the "new motives" in response to the defendants' Motion to Dismiss.  Instead, he chose not to respond at all.

Permitting the plaintiff to amend his complaint at this time will significantly delay the resolution of this action.  Since the plaintiff intends to assert four additional claims, additional discovery will be necessary on each of those claims.  It is also notable that the plaintiff has not suggested a timeframe for filing his Second Amended Complaint.  The defendants' motion to dismiss has been pending since May 6, 2020 and the plaintiff was given an extension until June 22, 2020 to file his response.  The plaintiff did not file his response and did not seek any further

extension of time to do so.  If the plaintiff is now permitted to amend his complaint, the defendants will likely file a second motion to dismiss, which will presumably be followed by more extensions of time followed by the plaintiff's objection and the defendants' reply.  Since the plaintiff does not identify any new factual basis for his claims beyond his academic withdrawal from Yale University, it is likely that any additional briefing will be duplicative of that already filed with the Court in connection with the plaintiff's motion for preliminary injunction and the defendants' pending Motion to Dismiss.

### III.  Conclusion

Since the plaintiff has not established good cause for amending his complaint a second time after the deadline for amending his complaint has passed, the plaintiff's motion for leave to amend should be denied.  In addition, since the deadline for responding to the defendants' Motion to Dismiss has expired and the plaintiff failed to file a responsive brief, the Court should rule on defendants' Motion to Dismiss without further input from the parties.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:_____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

6

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan