UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : JUNE 25, 2020 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO HOLD YALE POLICE DEPARTMENT IN CONTEMPT AND TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**

The defendant hereby objects to the plaintiff's Motion to Hold Yale Police Department in Contempt and to Compel Compliance with Subpoena Duces Tecum ("Motion for Contempt") because the defendant previously moved to quash the subpoena and then provided the requested information to the plaintiff on two occasions.

**I.    The Defendant Moved to Quash the Subpoena and the Court Has Not Yet Ruled Upon that Motion.**

In accordance with the Court's rulings during the May 28, 2020 telephonic hearing, the defendant filed its Objection to Motion to Compel Compliance with Subpoenas, Motion to Quash Subpoenas, and Motion to Restrict Plaintiff to Sending Documents to Defense Counsel by E-mail on June 5, 2020.  (Docket Entry No. 106.)  In that pleading, the defendant moved to quash the subpoena directed to Yale University Police Department ("YUPD") because the subpoena was not signed by clerk of the court or an attorney authorized to practice in the district court for the District of Connecticut.as required by Rule 45(a)(2) and (a)(3) of the Federal Rules of Civil Procedure.

Rather, the plaintiff signed the subpoena himself. As a *pro se* litigant who is not an attorney authorized to practice law in the District of Connecticut, the plaintiff is not authorized to issue subpoenas. Therefore, the defendant argued that the subpoena directed to YUPD is unenforceable. See, Docket Entry No. 106, p. 5-6. The defendant also argued that, since YUPD is a part of Yale University, a party in this action, a request for documents from YUPD should be requested in a request for production directed to Yale University. See, Docket Entry No. 106, p. 7.

Contrary to the statements in the plaintiff's Motion for Contempt, the defendant moved to quash the subpoena directed to YUPD nearly two weeks before the plaintiff filed his Motion for Contempt. The Court has not yet ruled upon the defendant's motion. For this reason alone, the plaintiff's Motion for Contempt should be denied.

II.     **The Defendant Provided the Requested Material to the Plaintiff.**

Despite moving to quash the improperly issued subpoena, the defendant provided the plaintiff with the requested body camera videos. On or about June 15, 2020, defense counsel mailed a disk containing all camcorder images with the plaintiff's interaction with the Yale Police Department on March 17, 2020 to the address listed on the plaintiff's pleadings: 65 Dwight Street, New Haven, CT  06511.[1] On June 16, 2020, the plaintiff e-mailed defense counsel indicating that he had not received the materials requested in the subpoena directed to YUPD. Defense counsel responded that compliance with the subpoena directed to YUPD, had already been sent to the plaintiff at the Dwight Street address.[2] After receiving the plaintiff's June 18, 2020 e-mail

---

[1] A copy of the transmittal letter is attached hereto as Exhibit A.

[2] A copy of the June 18, 2020 e-mail correspondence is attached hereto as Exhibit B. While the plaintiff feigned ignorance as to the meaning of defense counsel's use of "this" in the e-mail response, it is quite clear that "this" refers to the "material requested under a subpoena served on May 11, 2020 to Yale University Police Department," because that is the only subject of the plaintiff's e-mail. Nevertheless, defense counsel remedied any confusion on June 18, 2020. See, Exhibit B, p. 1.

2

requesting that the materials be provided electronically, defense counsel uploaded the body camera videos to a secure file sharing platform and sent a link to the plaintiff via e-mail on June 18, 2020.[3]

After reviewing the plaintiff's Motion for Contempt, defense counsel e-mailed the plaintiff to inform him that the requested material had been provided via two means: (1) mail to the New Haven address listed on the plaintiff's pleadings; and (2) e-mail a secure link to the plaintiff's two e-mail addresses listed in the plaintiff's discovery requests directed to the defendants. In light of the fact that the material had been provided, defense counsel requested that the plaintiff withdraw his motion for contempt.[4] The plaintiff indicated by email that he intended to pursue the motion. Since the defendant has provided the plaintiff with the requested material via two different means over the past week, the plaintiff's Motion for Contempt should be denied.

## **CONCLUSION**

Since the defendant moved to quash the subpoena directed to YUPD, which motion the Court has not yet ruled upon, and the defendant provided the plaintiff with the requested body camera videos via two methods, the plaintiff's Motion to Hold Yale Police Department in Contempt and to Compel Compliance with Subpoena Duces Tecum should be denied.

---

[3] A copy of the June 18, 2020 e-mail is attached hereto as Exhibit C.

[4] A copy of the June 18, 2020 e-mail is attached hereto as Exhibit D.

THE DEFENDANT,

YALE UNIVERSITY

By: _____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan