UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | JUNE 5, 2020 |

**OBJECTION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS,
MOTION TO QUASH SUBPOENAS, AND MOTION TO RESTRICT
PLAINTIFF TO SENDING DOCUMENTS TO DEFENSE COUNSEL BY E-MAIL**

On May 27, 2020, the plaintiff moved for an order commanding Keshav Raghavan, Jason

Shaw, Benjamin Glaser, Helena Lyng-Olsen, and Sarah Insley[1] to comply with subpoenas seeking

the production of documents.  (Entry No. 101.)  Prior to the filing of the plaintiff's motion, the

defendants had sought an extension of time until thirty days after the Court's decision on the

defendant's Motion to Stay Discovery Pending the Resolution of the Defendants' Motion to

Dismiss ("Motion to Stay Discovery") to move to quash, object, and/or respond to the subpoenas

directed to Attorney Patrick Noonan, Helena Lyng-Olsen, Benjamin Glaser, Jason Shaw, Keshav

Raghavan, and Yale University Police Department.[2]  (Entry No. 95.)  After receiving notice of an

additional subpoena directed to Kirk Wetters, the defendants amended their motion to include an

extension of time to move to quash, object, and/or respond to the subpoenas directed to Professor

---

[1] It should be noted that defense counsel never received a notice of intent to serve a subpoena on Dean Insley.

[2] Copies of these subpoenas are attached as Exhibits A and E to the defendants' Motion to Stay Discovery, Entry No. 94.

Wetters and any other employee or agent of Yale University.  (Entry No. 99.)  The defendants also requested an expedited hearing on the Motion to Stay Discovery.  (Entry No. 96.)  The Court scheduled a telephonic hearing for May 28, 2020.  (Entry No. 97.)

During the telephonic hearing on May 28, 2020, Judge Hall considered all of the outstanding motions.  Judge Hall made the following rulings regarding discovery:

- The Motion to Stay Discovery was granted as to testimonial depositions.  The Court ruled that there would be no depositions noticed for earlier than August 1, 2020 and that no subpoenas or notices of deposition would be issued prior to July 1, 2020.

- The plaintiff was not permitted to depose any lawyers, absent some compelling reason.[3]

- The Motion to Stay Discovery was denied as to paper discovery.  The defendants' oral motion for an extension of time to respond to discovery request was granted until June 29, 2020 as to all outstanding paper discovery.

- The Request for Admissions directed to defense counsel's paralegal was not permitted under the Rules of Civil Procedure and the request should be ignored.

- The subpoena issued to Yale University Police Department ("YUPD") was improper since YUPD is part of Yale University.  Instead, the plaintiff should issue a request for production to defense counsel.[4]

- The defendants should respond to the plaintiff's Motion to Compel by June 17, 2020.

- In light of the plaintiff's motion to compel and the Court's ruling on the Motion to Stay Discovery, the defendants' Amended Motion for Extension of Time until after the ruling on the Motion to Stay Discovery to respond to subpoenas was terminated as moot.  The Court would address arguments regarding discovery in connection with the plaintiff's Motion to Compel.

(Entry No. 104.)

---

[3] This ruling is not mentioned in the order recorded on the docket, but was made during the telephonic hearing.

[4] This ruling is not mentioned in the order recorded on the docket, but was made during the telephonic hearing.

On May 29, 2020, the plaintiff withdrew all subpoenas seeking in-person testimony that were issued up to and including May 28, 2020.[5]  (Entry No. 103.)  This includes subpoenas commanding the following individuals to appear for depositions:  Patrick Noonan, Esq., Caroline Hendel, Esq., Harold Rose, Esq., Susan Sawyer, Esq., and Naomi Wolf, an author who has no relationship to this case.  Since the plaintiff has withdrawn these subpoenas, the defendants will not address them in this objection.

Thereafter, defense counsel received additional subpoenas via mail.[6]  On June 1, 2020, defense counsel received via mail to his office two notices of subpoena.  The May 28, 2020 notice indicated that the plaintiff intended to serve a subpoena on Yiyuan Gladys Fang.  The notice does not indicate whether the subpoena was for a deposition or for production of documents and the subpoena accompanying the notice is blank.  The May 30, 2020 notice indicated that the plaintiff intended to serve a subpoena on Edward Snyder, a professor in the Yale School of Management. The subpoena accompanying that notice commands Professor Snyder to appear for a deposition on June 26, 2020.[7]  On June 1, 2020, defense counsel e-mailed the plaintiff to request that he agree to cancel the depositions since they were prohibited by the Court's order.  When the plaintiff did not respond, defense counsel again e-mailed the plaintiff on June 3, 2020 and requested that the

---

[5] In addition to filing the withdrawal with the Court, the plaintiff e-mailed a letter to defense counsel informing him of the withdrawal of the subpoenas on May 29, 2020.  Defense counsel then received a duplicate copy of that letter via certified mail to his office on June 4, 2020.

[6] The plaintiff also mailed duplicate copies of discovery requests that he had already provided to defense counsel via e-mail on May 25, 2020.  A duplicate copy of one set of the May 25, 2020 production requests was received by defense counsel via mail to his office on May 29, 2020.  On June 3, 2020, defense counsel received via mail to his office a duplicate copy of the second set of requests for production dated May 25, 2020. Defense counsel has repeatedly asked plaintiff to refrain from sending multiple copies of the same document by multiple means. The most efficient and fastest way to transmit information to defense counsel is through email. Plaintiff has never provided a reason why he cannot comply with that request.

[7] Copies of the notices of subpoena and subpoenas received by defense counsel on June 1, 2020 are attached hereto as Exhibit A.

plaintiff notify him by 2:00 p.m. on June 4, 2020 that he intended to cancel the depositions.  Again, the plaintiff did not respond.[8]

On June 4, 2020, defense counsel received via mail to his office a notice of subpoena dated May 17, 2020 indicating that the plaintiff intended to serve a subpoena on Naomi Wolf.  The subpoena accompanying the notice commands Ms. Wolf to appear for a deposition on June 16, 2020.[9]  Also, on June 4, 2020, defense counsel received via mail to his office a notice of subpoena dated May 29, 2020 indicating that the plaintiff intended to serve a subpoena on Daria Vander Veer, Kirk Wetters, Dana Angluin, John Rogers, Caroline Hendel, Esq. and Susan Sawyer, Esq. All of these subpoenas request production of documents in June, 2020.[10]

On June 4, 2020, the plaintiff e-mailed defense counsel regarding compliance with the subpoena directed to YUPD.  Although the Court already ruled that the subpoena to YUPD was improper, the plaintiff argued that the subpoena was timely served and sought narrow and precisely defined production of recordings from body cameras worn by YUPD officers.  Despite the Court's order that the defendants had until June 17, 2020 to oppose the subpoenas issued by the plaintiff, the plaintiff accused Yale University and YUPD of failing to make a timely objection.[11]

In compliance with the Court's orders during the May 28, 2020 telephonic hearing, the defendants now reply to the plaintiff's motion for an order of compliance with respect to the subpoenas directed to Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, and

---

[8] Copies of the June 1, 2020 and June 3, 2020 e-mails are attached hereto as Exhibit B.

[9] Although defense counsel did not receive a copy of the notice and subpoena until two and a half weeks after it was purportedly issued, it should be considered withdrawn by the plaintiff since the notice is dated May 17, 2020.

[10] Copies of the notices of subpoenas and subpoenas received by defense counsel on June 4, 2020 are attached hereto as Exhibit C.

[11] A copy of the June 4, 2020 e-mail correspondence is attached hereto as Exhibit D.

Dean Insley and also moves to quash the other subpoenas issued by the plaintiff.  The defendants further move for an order restricting the plaintiff to sending defense counsel pleadings, communications, documents, and other material by e-mail and requiring him to cease sending multiple copies of communications, documents, and other material to defense counsel.

      **A.**      <u>**The Plaintiff has No Authority to Issue Subpoenas.**</u>

Rule 45(a)(2) of the Federal Rules of Civil Procedure ("FRCP") provides that "[a] subpoena must issue from the court where the action is pending."  The Rules of Civil Procedure also state: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service.  An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."  FRCP 45(a)(3).  None of the subpoenas issued by the plaintiff were signed by clerk of the court or an attorney authorized to practice in the district court for the District of Connecticut.  Instead, the plaintiff signed the subpoenas himself.  As a *pro se* litigant who is not an attorney authorized to practice law in the District of Connecticut, the plaintiff is not authorized to issue subpoenas.  Therefore, none of the subpoenas are enforceable and the defendants' motion to quash all of the subpoenas listed herein should be granted on that basis alone.

In <u>Simcoe v. Gray</u>, 2012 U.S. Dist. LEXIS 43099 *11-12 (W.D.N.Y. March 28, 2012), the *pro se* plaintiff sought a motion for contempt against an FBI agent because the agent did not comply with a subpoena for production of documents or produce the requested documents.  In opposition to the motion for contempt, the Assistant United States Attorney ("AUSA") argued that the subpoena had not been properly issued because it was not issued by a court, the clerk of the court, or by an attorney.  Instead, the subpoena was signed by the *pro se* plaintiff, who did not have the authority to issue a subpoena.  Consequently, the AUSA asserted that the subpoena was

unenforceable.  Id. at *12-13.  Citing FRCP 45(a)(2) and (3), the district court agreed that the *pro se* plaintiff had no authority to independently issue the subpoena.  Therefore, the district court did not enforce the subpoena and denied the motion for contempt.  Id. at *14.  See also, Davis v. Brown, 2013 U.S. Dist. LEXIS 66386 (E.D.N.Y. May 9, 2013) (denying motion to compel FBI to comply with a subpoena in part because the subpoena was signed by the *pro se* plaintiff rather than the clerk of the court.)

It should be noted that the plaintiff will not be disadvantaged by this ruling.  As the Court already informed the plaintiff during the May 28, 2020 hearing, the easiest way to obtain documents from the defendant is to simply file a Request for Production.  The plaintiff will not have to serve subpoenas.  The plaintiff is certainly aware of his ability to file Requests for Production in this case, since he has already filed several.  It would certainly save the parties and the Court substantial time dealing with motions if the plaintiff were to limit his requests for documents to production requests addressed to the defendants and e-mailed to defense counsel.

The same is true in the present case.  The *pro se* plaintiff, who is not authorized to practice law in the District of Connecticut, signed all of the subpoenas issued in this litigation.  Since none of the subpoenas are signed by the clerk of the court for the District of Connecticut or by an attorney authorized to practice in this district, all of the subpoenas issued by the plaintiff as of the date of this memorandum should be quashed.

**B.**     **The Court Has Twice Ruled that Depositions Will Not Take Place Until August 1, 2020.**

Despite the Court's rulings on April 20, 2020 and May 29, 2020 that depositions would not proceed until August 1, 2020 at the earliest, the plaintiff issued notices of subpoena for the

depositions of Professor Snyder and Ms. Fang.[12]  See, Exhibit A, hereto.  Defense counsel twice requested that the plaintiff agree to cancel these depositions, but the plaintiff did not respond.  See, Exhibit B, hereto.  Pursuant to the Court's orders, the defendants' motion to quash the subpoenas commanding Professor Snyder and Ms. Fang to appear for depositions should be granted.

C.     **The Documents Requested from the YUPD Should be Sought in a Request for Production to Yale University.**

In the subpoena to YUPD, the plaintiff requests production of the video recordings from two body cameras worn by two YUPD officers who intervened in a trespassing incident on March 17, 2020.  See, Exhibit E to Motion to Stay Discovery, Entry No. 94.  Judge Hall has already ruled that YUPD is part of Yale University, a party in this action.  Therefore, a request for documents from YUPD should be requested in a request for production directed to Yale University.  For this reason, the defendants' motion to quash the subpoena directed to Yale University should be granted.

D.     **The Subpoenas Request Discovery Beyond that Permitted by the Rules of Civil Procedure.**

"Federal Rule of Civil Procedure 26(b)(1) governs the relevance of documents requested by a Rule 45 subpoena, and Rule 26(b)(1) allows for the discovery of any nonprivileged matters that are 'relevant to any party's claim or defense and proportional to the needs of the case[.]'" Strike 3 Holdings, LLC v. Doe, 2019 U.S. Dist. LEXIS 79266 *6-7 (D.Conn. May 10, 2019) (Spector, J.).  See also, Doe v. Town of Greenwich, 2020 U.S. Dist. LEXIS 84662 *8 (D.Conn.

---

[12] While the subpoena provided to defense counsel was blank, the defendants assume that the plaintiff intended to depose Ms. Fang, who is a student at Yale University.  Since the notice of subpoena directed to Ms. Fang is dated May 28, 2020, it is ostensibly included in the plaintiff's withdrawal of subpoenas filed on May 29, 2020.  However, in an abundance of caution and in light of the plaintiff's failure to respond to defense counsel's requests to cancel the deposition, the defendants move to quash Ms. Fang's deposition.

January 10, 2020) (Merriam, J.) ("Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b).")

The subpoenas issued to Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, and Dean Insley request these individuals to produce "[a]ll communications and all documents pertaining to your work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files." See, Exhibit E to Entry No. 94. Similarly, the subpoenas issued to on Ms. Vander Veer, Professor Wetters, Professor Angluin, Professor Rogers, Attorney Hendel, and Attorney Sawyer seek "[a]ll documents, communication, and information in your possession or under your control that relates in any way to Committee on Honors and Standing at Yale College." See, Exhibit C, hereto. Mr. Raghavan, Professor Shaw, Professor Glaser, Ms. Lyng-Olsen, Dean Insley, Ms. Vander Veer, Professor Wetters, and Professor Angluin are all members of CHAS. Professor Rogers is a Professor of English at Yale University. Attorney Hendel and Attorney Sawyer are attorneys in Yale University Office of General Counsel.

The requests in the aforementioned subpoenas are overly broad, unlimited in time, and seek documents that are irrelevant to the plaintiff's claims in that they seek all documents related to CHAS over the entire period of its existence. Compliance with the requests would require the production of documents related to other students who appeared before CHAS. Not only is this information wholly irrelevant to the plaintiff's claims, but it also is highly confidential and protected from disclosure by the Family and Education Rights and Privacy Act. The only documents relevant to the plaintiff's claims in this action are those that concern the plaintiff's proceeding before CHAS. The defendant has no objection to producing these documents and, indeed, the vast majority have already been marked as exhibits by the plaintiff in this case.

It is also significant that the plaintiff has requested the exact same information in a request for production directed to Yale University: "All communications and all documents pertaining to the work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files."[13]  Since all of the individuals subpoenaed are employees and/or agents of Yale University, Yale University is in a position to collect documents from each of these individuals and produce those that are responsive to the plaintiffs' request for production directed to Yale University and relevant to the plaintiff's claims, i.e., those documents that concern the plaintiff's proceeding before CHAS.

Since the subpoenas directed to Yale University's employees and agents are overbroad, unlimited in time, and seek production of irrelevant documents, the defendants' motion to quash should be granted.  The subpoena directed to Dean Insley should be quashed for the additional reason that the plaintiff never sent defense counsel a notice of intent to subpoena Dean Insley, as required by F.R.C.P. 45(a)(4).

### E.   The Plaintiff Should Be Ordered to Restrict his Communications with Defense Counsel to Email Only

As detailed above and extensively in the filings related to the defendants' Motion to Stay Discovery, the plaintiff consistently sends defense counsel duplicate copies of pleadings, documents, and communications through various means of delivery.  There is literally no purpose to be served in sending multiple copies of pleadings, e-mails, documents, or any other material to the defendants.  Defense counsel has received each and every e-mail sent by the plaintiff, and e-mail is by far the most efficient and the quickest form of communication for all parties.  The plaintiff's refusal to honor this request does nothing other than to increase the amount of time, and,

---

[13] A copy of the May 25, 2020 request for production is attached hereto as Exhibit E.

therefore, the expense, associated with defending this action.  Compliance with defense counsel's request would also save the plaintiff time and expense.  Consistent with F.R.C.P. 1, the defendants request an order requiring the plaintiff to send each pleading, communication, document, or other material to defense counsel via e-mail to defense counsel and to send said material just once to ensure that the parties "secure the just, speedy, and inexpensive determination" of this action.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to compel should be denied and all of the subpoenas issued by the plaintiff thus far should be quashed.  In addition, the plaintiff should be restricted to sending defense counsel pleadings, communications, documents, and other material by e-mail and required to cease sending multiple copies of communications, documents, and other material to defense counsel.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:_____/s/_____
    PATRICK M. NOONAN – CT00189
    COLLEEN NOONAN DAVIS – CT27773
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park
    741 Boston Post Road, Suite 306
    Guilford, CT  06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

      **Plaintiff,**

v.

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

      **Defendants.**

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 28, 2020**

**NOT TO BE DOCKETED SEPARATELY**

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to *FRCP* 45, Plaintiff Jakub Madej intends to serve a *Subpoena* on Yiyuan Gladys FANG on May 28, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of the subpoena is attached to this notice.

Executed: May 28, 2020 in Oklahoma City, Oklahoma.

Respectfully,

/s/ Jakub Madej

Plaintiff

22875

2-2

# CERTIFICATE OF SERVICE

I certify that I sent a true and correct copy of the attached *Notice of Subpoena*, together with all attachments and exhibits, via email and certified mail on May 28, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:



> Patrick M. Noonan, Esq.
> DONAHUE, DURHAM & NOONAN PC
> 741 Boston Post Road, Suite 306
> Guilford, CT 06437
> Telephone: (203) 458-9168
> Fax: (203) 458-4424

/s/ Jakub Madej


AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plain   22875   2-4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Plain

22893

4-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

     **Plaintiff,**

v.

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

     **Defendants.**

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 30, 2020**

**NOT TO BE DOCKETED SEPARATELY**

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to *FRCP* 45, Plaintiff Jakub Madej intends to serve a *Subpoena* on Edward A. SNYDER on May 30, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of the subpoena is attached to this notice.

Executed: May 30, 2020 in Nashville, Tennessee.

Respectfully,

/s/ Jakub Madej

Plain

22893

4-2



# CERTIFICATE OF SERVICE

I certify under penalty of perjury that I sent a true and correct copy of the attached *Notice of Subpoena*, together with all attachments and exhibits, via email and certified mail on May 29, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.

DONAHUE, DURHAM & NOONAN PC

741 Boston Post Road, Suite 306

Guilford, CT 06437

Telephone: (203) 458-9168

Fax: (203) 458-4424

/s/ Jakub Madej 

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:20-cv-00133-JCH |
| YALE UNIVERSITY ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                          Edward A. Snyder

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:                         155 Temple St, New Haven, CT 06510 | Date and Time:                               06/26/2020 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenography

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       05/26/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       Jakub Madej
65 Dwight St, New Haven CT 06511 yale@lawsheet.com 203-928-8486  , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.



For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachments:**        Madej 1.pdf; Madej 2.pdf

---

**From:** Pat Noonan
**Sent:** Wednesday, June 3, 2020 11:37 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>; 'jakub.madej@yale.edu' <jakub.madej@yale.edu>
**Subject:** FW: Madej v. YU

Hi Jakub,
You have not responded to my email of June 1, nor have you responded to any of the other emails I have sent you since our last conference with Judge Hall on May 28. Duplicates of the two subpoenas attached here, which subpoena witnesses to depositions during the month of June, were both emailed to me after that conference, despite your statement on the record in that court conference that you understood there could be no depositions taken until at least August. Today I learned that, despite my repeated requests that you send me each item just once through email , you sent duplicates of both of these subpoenas by certified mail to my office, which as you know is not fully staffed. The envelopes indicate that one was sent May 28 and the other May 29. While it's hard for me to imagine that you really intend to take these depositions in the month of June, I have no choice but to file a motion unless you email me by2 pm on June 4 that you do not intend to proceed with these depositions. Please email me so that I don't have to trouble Judge Hall with another motion. Please refrain from sending any communications multiple times. Thanks in advance for your anticipated cooperation.
Pat

Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

---

**From:** Pat Noonan
**Sent:** Monday, June 1, 2020 9:46 PM
**To:** 'jakub.madej@yale.edu' <jakub.madej@yale.edu>
**Subject:** FW: Madej v. YU


Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

---

**From:** Pat Noonan
**Sent:** Monday, June 1, 2020 9:44 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>
**Subject:** Madej v. YU

Hi Jakub,
I received these two subpoenas by U.S. mail today. The one addressed to Professor Snyder is dated May 30, which post-dates your May 29 notice that you were cancelling all deposition subpoenas which were issued on or before May 28. The one addressed to Ms. Fang is dated May 28. I believe that you are barred by Judge Hall's most recent order from taking these depositions. Unless you email me your agreement to cancelling these depositions, I will file an appropriate motion with Judge Hall.
Pat
Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ** | **CIVIL ACTION No.  3:20-cv-00133-JCH** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **YALE UNIVERSITY, MARK SCHENKER** **JESSIE ROYCE HILL, MARVIN CHUN,** **PETER SALOVEY** | **MAY 17, 2020** |
| **Defendants.** | **NOT TO BE DOCKETED SEPARATELY** |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to *FRCP* 45, Plaintiff Jakub Madej intends to serve a *Subpoena* on Naomi R. WOLF on May 17, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of the subpoena is attached to this notice.

Executed: May 17, 2020 in Truth or Consequences, New Mexico.

Respectfully,

/s/ Jakub Madej

Plain

22874

1-3

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I sent a true and correct copy of the attached *Notice of Subpoena* via certified mail on May 17, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

>Patrick M. Noonan, Esq.
>DONAHUE, DURHAM & NOONAN PC
>741 Boston Post Road, Suite 306
>Guilford, CT 06437
>Telephone: (203) 458-9168
>Fax: (203) 458-4424

/s/ Jakub Madej_____

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:20-cv-00133-JCH |
| YALE UNIVERSITY ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Naomi R. Wolf

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: TBD | Date and Time: 06/16/2020 1:00 pm |
|---|---|

The deposition will be recorded by this method:    Stenography, by video (unless stipulated otherwise)

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/14/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jakub Madej
65 Dwight St, New Haven CT 06511                                    , who issues or requests this subpoena, are:

Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070; email: j.madej@lawshet.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Plain 22874 1-5

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Plain

2287/4

1–6

May 14, 2020

**JAKUB J. MADEJ**

65 DWIGHT ST

NEW HAVEN, CT 06511

203 928 8486 TEL

646 776 0066

203 902 0070 FAX


206 ELM STREET

PO BOX 4000

NEW HAVEN, CT 06511


J.MADEJ@LAWSHEET.COM

OFFICE@LAWSHEET.COM

FOIA@LAWSHEET.COM

**VIA CERTIFIED MAIL**

Naomi R. Wolf

Daily Clout, Civic Hall

118 W 22nd Street, 12th Floor

New York, NY 10011

Re:     **Subpoena in** *Madej v Yale Univ et al* **(3:20-cv-00133)**

Dear Ms. Wolf:

      I attach a tender of witness fees in the amount of $50. Please contact me if you have trouble accessing the funds, in which case I will arrange a check to be mailed to you as soon as practicable.

                      Respectfully,

                      Jakub Madej

Plain 22874 1-7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

**JAKUB MADEJ**

    **Plaintiff,**

**CIVIL ACTION No. 3:20-cv-00133-JCH**

**v.**

**JURY TRIAL DEMANDED**

**YALE UNIVERSITY et al.**

    **Defendants.**

**MAY 14, 2020**

---

### TENDER OF SUBPOENA FEES

FOR THE EXCLUSIVE USE OF: <u>Naomi R. Wolf</u>

This is to tender the fees for your 1 day's attendance and the mileage for your testimony under the subpoena attached, pursuant to Federal Rule of Civil Procedure 45(b)(1).

I estimate that reasonable fees for attendance and for mileage are equal to $50 (fifty dollars). Below you will find credit card details, which you should use to cover expenses incurred in association with this subpoena.

---

No. ▮▮▮▮▮▮▮▮▮ 5 (Visa)    Expiry Date: ▮▮▮    CVV: ▮▮

Amount: $50 (fifty dollars)

---

If you are unable to access the funds using the card details above, a paper check will be mailed to you. You may also request an online transfer directly to your bank account.

Don't hesitate to contact me at (203) 928-8486 if you wish to communicate about this.

Dated: May 14, 2020 in Las Vegas, Nevada.

<div style="text-align:right">

Respectfully submitted,

*Jakub Madej*

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone:    (203) 928-8486
Facsimile:    (646) 776-0066
Fax:          (203) 902-0070
Email: j.madej@lawsheet.com

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

     Plaintiff,

v.

YALE UNIVERSITY *et al.*

     Defendants.

CIVIL ACTION No.  3:20-cv-00133-JCH

JURY TRIAL DEMANDED

MAY 29, 2020

NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to *FRCP* 45, Plaintiff Jakub Madej intends to serve a *Subpoena* on nonparty individuals listed below on June 1, 2020, or as soon thereafter as service may be effectuated. A true and correct copy of each subpoena is attached to this notice.

DARIA VANDER VEER
KIRK WETTERS
DANA ANGLUIN

JOHN ROGERS
CAROLINE G. HENDEL
SUSAN SAWYER

Executed: May 29, 2020 in Wichita, Kansas.

Respectfully,

/s/ Jakub Madej

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I sent a true and correct copy of the attached *Notice of Subpoena*, together with all attachments and exhibits, via certified mail on May 29, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.

DONAHUE, DURHAM & NOONAN PC

741 Boston Post Road, Suite 306

Guilford, CT 06437

Telephone: (203) 458-9168

Fax: (203) 458-4424

/s/ Jakub Madej

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:20-cv-00133-JCH |
| | ) |
| YALE UNIVERSITY ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Kirk Wetters

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> All documents, communication, and information in your possession or under your control that relates in any way to Committee on Honors and Academic Standing at Yale College.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/15/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/29/2020

CLERK OF COURT

                                                                              OR

                                                                    /s/ Jakub Madej
_____                    _____
  *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Jakub Madej
_____ , who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

     Plaintiff,

                                  CIVIL ACTION No. 3:20-cv-00133-JCH

v.

                                    JURY TRIAL DEMANDED

YALE UNIVERSITY et al.

     Defendants.                      MAY 29, 2020

## ATTACHMENT TO SUBPOENA

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit. I allege no wrongdoing on your part.

## REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, <u>any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College</u>. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

Time scope: August 31, 2013 to May 29, 2020.

## INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.


Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Dana Angluin

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> All documents, communication, and information in your possession or under your control that relates in any way to Committee on Honors and Academic Standing at Yale College.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/15/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/29/2020

CLERK OF COURT

                                                  OR

_____          /s/ Jakub Madej
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Jakub Madej
_____ , who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ

     Plaintiff,

CIVIL ACTION No. 3:20-cv-00133-JCH

v.

JURY TRIAL DEMANDED

YALE UNIVERSITY et al.

     Defendants.

MAY 29, 2020

## ATTACHMENT TO SUBPOENA

     This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit. I allege no wrongdoing on your part.

## REQUEST FOR PRODUCTION

     You are requested to produce, by the accompanying deadline, <u>any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College</u>. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

     Time scope: August 31, 2013 to May 29, 2020.

## INSTRUCTIONS

     Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

     If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.


Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Daria Vander Veer

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   All documents, communication, and information in your possession or under your control that relates in any way to Committee on Honors and Academic Standing at Yale College.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/15/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/29/2020

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jakub Madej
_____ , who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

     **Plaintiff,**

v.

**YALE UNIVERSITY et al.**

     **Defendants.**

CIVIL ACTION No. 3:20-cv-00133-JCH

**JURY TRIAL DEMANDED**

**MAY 29, 2020**

### ATTACHMENT TO SUBPOENA

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit. I allege no wrongdoing on your part.

### REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

Time scope: August 31, 2013 to May 29, 2020.

### INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Caroline G. Hendel

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> All documents, communication, and information in your possession or under your control about the work of Yale College Withdrawal and Readmission Review Committee.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/22/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/29/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jakub Madej
, who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

     **Plaintiff,**

v.

**YALE UNIVERSITY et al.**

     **Defendants.**

**CIVIL ACTION No. 3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 29, 2020**

## ATTACHMENT TO SUBPOENA

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit.

## REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, <u>any and all documents in your possession or under your control about the Yale College Withdrawal and Readmission Review Committee</u>. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

## INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.


Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**JAKUB MADEJ**

     **Plaintiff,**

CIVIL ACTION No. 3:20-cv-00133-JCH

v.

JURY TRIAL DEMANDED

**YALE UNIVERSITY et al.**

     **Defendants.**

MAY 29, 2020

## ATTACHMENT TO SUBPOENA

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit.

## REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, <u>any and all documents in your possession or under your control about the Yale College Withdrawal and Readmission Review Committee</u>. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

## INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

    Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

    Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

    Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

    If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

    Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.

<div style="margin-left:50%">

Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

</div>

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              John Rogers

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All documents, communication, and information in your possession or under your control about the work of Yale College Withdrawal and Readmission Review Committee.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/22/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/29/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jakub Madej
_____ , who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:20-cv-00133-JCH |
| | ) | |
| YALE UNIVERSITY ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Susan Sawyer

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All documents, communication, and information in your possession or under your control about the work of Yale College Withdrawal and Readmission Review Committee.

| Place: | Date and Time: |
|---|---|
| See attachment | 06/22/2020 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/29/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Jakub Madej |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Jakub Madej
_____ , who issues or requests this subpoena, are:

Jakub Madej, 65 Dwight St, New Haven CT 06511, Tel: (203) 928-8486, (646) 776-0066; Fax: (203) 902-0070

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

**JAKUB MADEJ**

    **Plaintiff,**

**v.**

**YALE UNIVERSITY et al.**

    **Defendants.**

**CIVIL ACTION No. 3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 29, 2020**

---

### ATTACHMENT TO SUBPOENA

This accompanies a subpoena served on you in the above-captioned matter, presently heard in the U.S. District Court in New Haven, Connecticut. Honorable Janet C. Hall, U.S. District Judge is presiding over these proceedings. You are not a party to this lawsuit.

### REQUEST FOR PRODUCTION

You are requested to produce, by the accompanying deadline, <u>any and all documents in your possession or under your control about the Yale College Withdrawal and Readmission Review Committee</u>. This definition includes, but is not limited to (i) all notes you, or anyone else, created during Committee meetings; (ii) your application to the Committee; (iii) any communication between you and any other Committee member; and (iv) any communication unrelated to the Committee's proceedings but concerning your possession of records regarding the Committee.

### INSTRUCTIONS

Upon receipt of this subpoena, you are under duty to preserve all documents responsive to the request. You may not delete any emails, destroy any documents, or shred any paper that might be deemed responsive material to this subpoena.

If you believe you cannot, despite diligent effort, comply with the deadline stated in the subpoena, I will be sympathetic to an extension of up to three days. I intend to minimize the burden placed on you in association with this subpoena, as is my duty under *FRCP 45(d)(1)*.

## METHOD OF PRODUCTION

**[Electronic Messages]**

Send all electronic messages (e.g. emails) to subpoena@lawsheet.com as unedited pdf files, including metadata. You can, for example, download all emails from within Gmail and save them directly into pdfs. If any responsive document has an attachment, you must produce the attachment as well.

**[Paper documents]**

Scan all paper documents and send as searchable pdf files to subpoena@lawsheet.com. Ensure all scans are legible before you serve your response. You can use a free mobile app to scan paper documents. It is not necessary to incur any costs, or use outside services to scan any paper documents you have.

**[Other documents]**

Follow *Federal Rule of Civil Procedure 34* and *45*. Use reasonable judgment.

If you believe in good faith that responsive documents contain information implicating an individual's legitimate expectation of privacy, designate each page as "CONFIDENTIAL".

Thank you for your courtesies in this matter.

Dated: May 29, 2020 in Wichita, Kansas.


Jakub Madej

65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

*Plaintiff*

**Attachments:**          PI Exhibit 25.pdf

---

**From:** Pat Noonan
**Sent:** Thursday, June 4, 2020 4:46 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>; 'jakub.madej@yale.edu' <jakub.madej@yale.edu>
**Subject:** RE: My Presence at Yale's Campus; Subpoena to Yale Police

Hi Jakub,

I don't think it will be productive for me to respond to most of this email. However, I do want to respond to two statements. First, contrary to your statement that you have never received any communication informing you that you were not allowed to be on campus, I am attaching a letter dated January 6, 2020 which states on page 2: "In addition, withdrawn students may not stay in residences on campus, attend classes, participate in student extracurricular activities, or make use of University libraries, athletic and other facilities. Withdrawn students may be on campus only upon receiving prior permission from the Dean of Student Affairs, Camille Lizarríbar (camille.lizarribar@yale.edu), or from me." I know you have received this letter, since you attached it as an exhibit to your application for injunctive relief when you filed your motion in court in February. You have also been informed by the Yale Police that you may not be on the Yale campus, and that you will be arrested if you fail to comply with this directive.

Second, I have sent you several emails in the last week. Each time I have done as you requested and sent it to the two different email addresses you provided to me. You have failed to respond to any of these emails.

Pat

Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

---

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Thursday, June 4, 2020 10:46 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** My Presence at Yale's Campus; Subpoena to Yale Police

Dear Patrick,

I write to inform you that I will be present on Yale's campus in the next two weeks, starting today (Thursday). I will fully cooperate with Yale Police, should its officers take any action. I will be wearing a body camera at all times, and reserve a right to upload the recording for the public to watch.

[My Presence on Campus]

Contrary to your representations to the Court, I have never received any notification, whether a letter or an email, stating that my presence on campus is prohibited, or that I must stay away from Yale's property. No administrator has ever made that representation to me, or in my presence. I can think of no reason why such "restriction" could be in place.

Nonetheless, two police officers that I had a pleasure of speaking with in mid-March represented to me that, I quote, "the University wants you off the property". They repeatedly warned me that coming to campus again would "land me in New Haven jail for a night". They repeated the following phrase at least eight times: "don't come back". They failed to cite any law or rule justifying this sharp threat. Neither could they answer who, when, and in what circumstances purportedly placed this restriction on me.

Lieutenant Brian Donnelly, who contacted me last Thursday, also emphasized that some "restriction" has been put in place, and that I continue to be subject to that restriction. When asked, he struggled to say (i) what is that "restriction"; (ii) who entered it; (iii) when was it entered; (iv) what are its conditions; and (v) where is it (on paper, in an electronic system, etc.). I am happy to examine any document corroborating these omnipresent statements in our future proceedings, provided that any relevant document exists.

For the record, I wish to again state that <u>no</u> superintendent ever called the police, in direct contraction of statements you (i) wrote; (ii) signed; and (iii) submitted to the Court. To uncover the truth, I may subpoena Jeff Hughes to have him tell us, under oath, what did, in fact, happen. Meanwhile, I again ask that your clients cease to shirk responsibility to lower level employees that are not involved in this action.

[Subpoena]
On May 11, I served a subpoena on Yale University Police Department, seeking recordings from two body cameras worn by YUPD officers during a specific intervention in March. I assume that you represent Yale Police, a representation I have no interest in questioning. General Order 427 signed by Chief Higgins governs body worn cameras, and provides that responsive recordings are in custody of YUPD. Subpoena in question commands compliance by June 15, i.e. in eleven (11) days. The subpoena was timely served, and provided ample time (one month) for compliance. The material sought is narrow and precisely defined. Despite three weeks' time to act in response, neither Yale nor Yale Police filed a timely objection, an appropriate motion, or made any alternative arrangements.

You publicly represented that Yale intends to move to quash the subpoena if the motion to stay is not granted. As you know, it has <u>not</u> been granted.

I intend to move to compel and for attorneys' fees if Yale yet again ignores a subpoena, treating it like yesterday's edition of "Yale Daily News". I leave it for you to argue to Judge Hall why objections that Yale has waived through its inaction should, in fact, be preserved. I encourage you to confer with me in the future, as doing so would spare us unnecessary and costly motion practice.

[Conclusion]
I have not received any communication from you recently. I understand you may still feel uncomfortable calling me. But you may still wish to convey some important message to me, and I want to give you that opportunity. If fax or text message is unavailable to you, write a letter to me, and upload it through *yaleinvestigation.wetransfer.com*.

Dated: July 4, 2020 in Clinton, Connecticut.

Regards,
Jakub

Jakub Madej
65 Dwight St
New Haven, CT 06511
Phone: (203) 928-8486
Phone: (646) 776-0066
Fax: (203) 902-0070

Email: j.madej@lawsheet.com

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ** | |
| **Plaintiff,** | **CIVIL ACTION No.  3:20-cv-00133-JCH** |
| **v.** | **JURY TRIAL DEMANDED** |
| **YALE UNIVERSITY, MARK SCHENKER** **JESSIE ROYCE HILL, MARVIN CHUN,** **PETER SALOVEY** | **MAY 25, 2020** |
| **Defendants.** | **NOT TO BE DOCKETED SEPARATELY** |

## REQUEST FOR PRODUCTION AND INSPECTION

To *YALE UNIVERSITY*, defendant, and *PATRICK M. NOONAN*, attorney for defendant:

You are requested, pursuant to Fed R Civ P 34(a), to make available to *plaintiff Jakub Madej* for the purpose of inspecting, photographing, and copying, the documents described below.

As used in this request, the terms "document" or "documents" includes, but is not limited to, all paper material of any kind, whether written, typed, printed, punched, filmed, or marked in any way; recording tape or wires; film, photographs, movies or any graphic matter however produced or reproduced; all mechanical or electronic sound recordings or transcripts of such recordings; and all electronic and/or computerized information in any form or medium whatsoever, including, but not limited to, tapes, disks, printouts, and e-mail messages.

As used in this request, the terms "you" and "your" refer to the party to whom this document request is directed.

Service of a written response to this request is due from you, in accordance with the provisions of FRCP 34, within 30 days of the date of service on you of this request

## DOCUMENTS REQUESTED

All communication and all documents pertaining to the work with the Committee of Honors and Academic Standing at Yale College, including but not limited to emails, paper documents, and pdf files.

Dated: May 25, 2020 in Truth *or* Consequences, New Mexico.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

Plain   22814   B-3



# CERTIFICATE OF SERVICE

I certify under penalty of perjury that I sent a true and correct copy of the attached Requests for Production, together with all attachments and exhibits, via certified mail and by email on May 25, 2020, to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Email: PNoonan@ddnctlaw.com
Telephone: (203) 458-9168
Fax: (203) 458-4424

/s/ Jakub Madej


3

Plain

22814

8-4



EXCERPT FROM *FED R CIV P 34. EMPHASIS ADDED.*

EXCERPT FROM *FED R CIV P 34. EMPHASIS ADDED.*

## Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes

(a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) PROCEDURE.

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of

4

permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

(c) NONPARTIES. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

## Rule 37(a)(4) Evasive or Incomplete Disclosure, Answer, or Response.

[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.