JAKUB MADEJ

415 Boston Post Rd 3-1102   1700 Santa Fe Ave #845
Milford, CT 06460             Long Beach, CA 90813

Telephone: (203) 928-8486    Telephone: (646) 776-0066
Fax: (203) 902-0076          Email: j.madej@lawsheet.com

July 2, 2020

**VIA CM/ECF**

The Honorable Janet C. Hall, U.S.D.J.
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE:   **Madej v. Yale University et al., No. 3:20-cv-00133-JCH**

Dear Judge Hall:

I represent plaintiff Jakub Madej in this case. Pursuant to Your Honor's Standing Order on Discovery, I submit this letter to request Court's assistance in determining the sufficiency of defendants' response to the request for admission attached to this letter as Exhibit A.

This dispute concerns request no. 14. The request called to admit that the Committee, which plays a central role in this case, has no written procedures or policies. The request expressly excluded the information known to the plaintiff, which was specifically identified in the request. Plaintiff seeks to conclusively establish whether any other procedures or policies governing the Committee exist.

Yale responded that "the policies and procedures of the Committee on Honors and Academic Standing are available at the three links noted", and that "there are no other publicly available listings of the policies and procedures of the Committee on Honors and Academic Standing". This response is wholly insufficient as it does not address the original statement at all.

Defendants represent that some information is available at links provided. Without addressing what that information is, these links were explicitly excluded from this request. Similarly, nothing in the original statement referred to "publicly" available materials. Plaintiff precisely propounded this request to establish whether any policies or procedures outside those listed exist, *in particular* if they are not public.

Yale's answer engages in word games by not admitting, denying, or objecting to the request, or asserting lack of knowledge. The answering party must (i) admit the statement; (ii)

specifically deny it, or (iii) state in detail why it cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). The responding party should have no trouble responding to a request for admission that is unambiguous, concise, and specific. 7 Moore's Federal Practice - Civil § 36.11 (2020). Yale's response fails to comply with these straightforward requirements, and has tremendous trouble responding to an unambiguous and fairly specific request.

Despite multiple emails over three weeks intended to resolve this seemingly insignificant dispute, counsel continually represented that defendants "do not agree that [their] responses are deficient", and that "they believe they are appropriate". Counsel refused to make any other statement, or provide more detailed answer to this request. Establishing whether these documents exist is critical to establish additional factual basis for plaintiff's allegations. Am. Compl. ¶ ¶ 45-50. An unambiguous answer would also obviate – or eliminate – the need to request these documents under Fed. R. Civ. P. 34.

For the reasons stated above, Plaintiff respectfully requests that the Court direct defendants to provide an unambiguous answer to the request in question or, in the alternative, to deem the original statement admitted.

Finally, in light of Your Honor's ruling on defendants' motion (ECF #120), plaintiff notes for the record that he has not issued any testimonial subpoenas following the May 28 status conference. This Court has clearly and unambiguously directed him not to do so. No purpose would be served in violating this straightforward direction. Plaintiff has certified his compliance under oath (ECF #109-1).

I appreciate Your Honor's consideration of Plaintiff's request.

Respectfully submitted,

*Jakub Madej*

Jakub Madej

cc: All Counsel of Record (via ECF)

2