IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**              CIVIL ACTION No.  3:20-cv-00133-JCH

    **Plaintiff,**

v.

                                          **JURY TRIAL DEMANDED**

**YALE UNIVERSITY** *et al.*

    **Defendants.**        JULY 10, 2020

_____

## RESPONSE TO YALE'S MOTION TO QUASH SUBPOENA (ECF #111)

Plaintiff Jakub Madej ("Jakub") files this response to defendant Yale University's ("Yale") motion to quash a subpoena duces tecum (ECF #111).

Yale's motion to quash must be denied because Yale lacks standing to object to third-party subpoena, the material sought is relevant to Jakub's claims, and Yale's "boilerplate" objections fail to meet the necessary burden to warrant non-disclosure under applicable discovery rules.

### I.  Procedural History

On June 11, 2020, Plaintiff Jakub Madej served a subpoena duces tecum on Mr. Ozan Say ("the Say subpoena"). Mr. Say works at Yale's Office of International Students & Scholars, and assists foreign students at Yale College with immigration matters. Plaintiff is seeking documents and emails in his possession about Committee on Honors and Academic Standing ("Committee"), a committee that purportedly determined Jakub's withdrawal at Yale College, as

1

well as emails with search term "MADEJ". The subpoena commanded compliance by June 30, 2020. Defendants previously refused to produce the first category of documents upon request propounded under FRCP 34. On June 23, Yale moved to quash the subpoena (ECF #111).

II. **Legal Standard**

A party may obtain discovery regarding any nonprivileged matter that is relevant to its claims. Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), quoted in Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn. 2011).

The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials. 9A Wright & Miller, Federal Practice and Procedure § 2456 (2020). The burden of persuasion on motion to quash a subpoena is borne by the movant. See Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005); Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). The party must set forth "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" to establish good cause for protection under Rule 26(c). Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006).

Generally, a party has no standing to object to a subpoena directed to a nonparty absent a claim of privilege. Doe v. Town of Greenwich, 2020 WL 2374990, at *1 (D. Conn. 2020)

(Dooley, K.) (collecting cases). See Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 194–95 (D. Conn. 2009). "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Id., citing Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). The claim of privilege or right must be personal to the movant. Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 251–52 (WDNY 2018).

III.   Argument

Here, Yale is resisting discovery and it bears the burden of showing why the subpoena should be quashed.

A. Yale Defendants Lack Standing to Object to the Say Subpoena Because Mr. Say is A Third-Party

As a threshold matter, Yale lacks standing to challenge the Say subpoena because Mr. Say is not a party to these proceedings. Yale cannot assert any rights of anyone but itself as a basis for a motion to quash a subpoena. This District has long recognized that a party lacks standing to move to quash a subpoena served on a third party absent claims of privilege. Rather, only that third party has standing to file a motion to quash. See Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 194-95 (D. Conn. 2009); Dominion Res. Servs., Inc. v. Alstom Power, Inc., Civ. No. 3:16CV00544(JCH), at *6-9 (D. Conn. Aug. 18, 2017) (collecting cases). Yale fails to offer any argument at all that it has standing to bring this motion.

In particular, Yale cannot object to the Say subpoena on the grounds of undue burden or irrelevance because the purported burden falls on Mr. Say, not on Yale. "Party lacks standing to

challenge, on grounds of relevance or burden, a subpoena served on a non-party." U.S. Regl. Econ. Dev. Auth., LLC v. Matthews, 2018 WL 2172713, at *8 (D. Conn., 2018). See Malibu Media, LLC v. Doe No. 4, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) (collecting cases) (holding that even legitimate concerns by a party "have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party"). This argument holds regardless of whether the burden is indeed substantial.

Even assuming *arguendo* that Yale has standing to object to the Say subpoena, Yale fails to provide even a rough estimate of the alleged burden. "[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 251 (W.D.N.Y. 2018) (using a five-factor test to determine whether warrants quashing a subpoena based on qualified privilege). By Yale's own admission, Mr. Say is not a member of the Committee. *Quash, p. 3*. The subpoena is not directed to Yale, so it cannot impose any burden on Yale. Yale makes no effort to articulate what any such burden could be, for example by stating how many hours Mr. Say would have to spend downloading responsive material. Merely reciting the phrase that "the subpoena is over-broad, duplicative, or unduly burdensome" does *nothing* to demonstrate that the subpoena is indeed burdensome. In fact, it is implausible that searching for emails in a Gmail account that include one specifically defined search term constitutes significant burden. Yale's stereotyped and conclusory statements cannot establish good cause for non-disclosure.

Yale could, as a matter of law, invoke privilege or personal right as grounds to object to the Say subpoena. This right would have to be personal to Yale, not to Mr. Say. Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 251-52 (W.D.N.Y. 2018) ("The claim of

privilege or right must be personal to the movant, not the nonparty the subpoena was served on."). Instances where a party's privacy interest can be sufficient to confer standing to move to quash a subpoena have been published for years in this District. See Weinstein v. University of Connecticut, 2012 WL 3443340 (D. Conn. 2012). But Yale asserts no privilege or "right…personal to" it implicated by the Say subpoena.

Even if Yale could meet the burden of demonstrating that it has a legitimate privacy interest that invokes standing, any risk of harm from their disclosure could be ameliorated by the imposition of a protective order, or designating the responsive material as confidential under the standing protective order this Court has entered on January 30, 2020 (ECF #6).

Yale styles the subpoena as "the second request for production", but the present subpoena duces tecum is the *only* way to compel Mr. Say to produce documents. Wright & Miller, § 2456 (2020) (emphasis added). Mr. Say is not a corporate representative of Yale. by defendants' own admission, Mr. Say is assists international students with their immigration status. *Quash.*, *p. 3*. He is thus not a "managing agent" of Yale, and discovery from Mr. Say must be sought under Rule 45 subpoena. See U.S. Reg'l Econ. Dev. Auth., LLC v. Matthews, 3:16-cv-01093 (CSH), at *21 (D. Conn. May 10, 2018) (concluding that an employee with first-hand knowledge of records who is not "officer, director, or managing agent" of the corporate defendant is subject to a subpoena pursuant to Rule 45).

Here, Doe v. Town of Greenwich is on point. In Doe, a third-party Brunswick School intervened to quash three subpoenas served on its headmaster, a security director, and a teacher because they sought "irrelevant documents", "overly broad", and "are not relevant[]". Judge Merriam concluded that Brunswick had no standing to raise these objections "as they apply to

subpoenas issued **to others**" (emphasis original). Id., at *5. Doe v. Town of Greenwich, Civ. No. 3:18CV01322(KAD) (D. Conn. Apr. 21, 2020). The subpoena is not directed to Yale, so it cannot impose any burden on Yale.

Because Yale fails to offer any argument as to why it has standing to challenge the Say subpoena, its motion to quash must be denied for lack of standing.

### B. Subpoena Seeks Material Directly Relevant to Plaintiff's Claims

The material sought through the Say subpoena is directly relevant to plaintiff's claims. Plaintiff alleges that Mark Schenker, a defendant in this case, communicated with Mr. Say to ensure that plaintiff never exposed Yale to any immigration regulatory scrutiny. *Am. Compl.* ¶ 50. Mr. Say directly represented to plaintiff that this communication indeed took place. Plaintiff now seeks to access this communication. Mr. Say is not an attorney, and this communication could not be covered by privilege. Defendants persistently preach that "[t]he only documents relevant to the plaintiff's claims in this action are those that concern the plaintiff's proceeding before CHAS." This blanket statement is inconsistent with allegations in plaintiff's amended complaint.

Because the subpoena seeks relevant material, and Yale lacks standing to object to the subpoena the grounds of irrelevance, the Court must deny Yale's motion.

### C. Yale's "Boilerplate" Argument Fails to Meet the Necessary Burden to Prevent Disclosure

Yale invokes a litany of blanket "boilerplate" objections that offer little information as to why discovery should be resisted, and cannot meet the good cause standard for non-disclosure under Dove v. Atl. Capital Corp.

Yale contends, for example, that documents in Mr. Say's possession or under his control about the Committee on Honors and Academic Standing at Yale College are "highly confidential" and protected from disclosure by FERPA. Other than a conclusory allegation that such an interest exists, Defendants offer no further information how the privacy interests would be negatively impacted by disclosure of the documents. Indeed, Yale's argument fails on for at least three reasons.

First, Yale fails to explain why the material in question it "highly" confidential, or simply confidential. Mr. Say could designate any material he deems confidential as "CONFIDENTIAL" or, if he desires a greater level of protection, as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" using designations established under the standing protective order this Court has entered on January 30, 2020 (ECF #6). Yale offers no statement to suggest the already existing discovery protection mechanisms are insufficient to protect confidential material, or that any harm could result from Mr. Say complying with the subject subpoena.

Second, by defendants' own admission, Mr. Say has never been a member of the Committee and the volume of material in his possession is likely to me limited. Also, since Mr. Say has never been member of the Committee, the material he possesses is unlikely to be as confidential and burdensome as Yale claims it to be.

Third, Yale fails to offer any argument why FERPA warrants non-disclosure. Yale cites no case law, specific statutory provision, or other authority to support its wide-reaching claim. Neither does Yale specify what documents it might prevent from release pursuant to FERPA.

Because Yale offers only boilerplate objections that never raise above the speculative level, the Court should deny Yale's motion.

## IV. Conclusion

For the reasons stated above, this Court should deny Yale's motion to quash.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

*Counsel for Plaintiff*