IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**

    **Plaintiff,**

v.

**YALE UNIVERSITY** *et al.*

    **Defendants.**

_____

CIVIL ACTION No.  3:20-cv-00133-JCH

JURY TRIAL DEMANDED

JULY 13, 2020

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37 and District of Connecticut Local Rules 7 and 37, Plaintiff Jakub Madej ("Plaintiff") submits his Memorandum of Law in Support of Plaintiff's Motion to Compel Defendant Yale University ("Defendant") to provide responses to Plaintiff's First Set of Interrogatories, served on May 15, 2020.

### I.   Background

On May 15, 2020, Plaintiff served, via mail, his First Set of Interrogatories (attached as Exhibit A as required by Local Rule 37(b)) on counsel for Defendant, Attorney Patrick M. Noonan. Exhibit B. Defendant failed to serve any responses or objections to Plaintiff' discovery requests within 30 days of service, as required by Federal Rule of Civil Procedure 33(b)(2). Defendant also failed to request an extension of time to respond to Plaintiff's discovery request. To date, Defendant still has not served any responses to Plaintiff's discovery request.

On June 29, 2020, after the final deadline for Defendant's discovery responses had passed, counsel for Plaintiff sent an email to counsel for Defendant, informing counsel for Defendant that Defendant's deadline for submitting its discovery responses had passed, and asking "if Yale will provide an answer". Exhibit C. Receiving no response, counsel for Plaintiff reiterated that he had not received answers to First Set of Interrogatories. Id. Still, Defendant failed to submit discovery responses, and counsel for Defendants altogether ignored Plaintiff's June 30 and July 2 email correspondence.

Subsequently, on July 7, 2020, counsel for Plaintiff emailed counsel for Defendant yet again, informing counsel for Defendant that Defendant's discovery responses were late. Exhibit D. Counsel for Plaintiff afforded counsel for Defendant an additional six days to submit Defendant's discovery responses, and informed counsel for Defendant that Plaintiff intended to seek judicial intervention if Defendant fails to promptly submit its responses. Id. Once again, Defendant failed to submit discovery responses, and ignored counsel for Plaintiff's July 7, 2020 email.

Because Defendant's discovery responses are now more than 15 days late, and counsel for Defendant has altogether ignored counsel for Plaintiff's attempts to resolve this discovery dispute without the Court's intervention, Plaintiff is left with no choice but to file the present Motion to Compel, and requests that the Court order Defendant to respond to Plaintiff's First Set of Interrogatories, as required by the Federal Rules of Civil Procedure and District of Connecticut Local Rules. Further, Plaintiff requests that the Court find that Defendant has waived its right to object to Plaintiff's discovery requests, and that the Court award Plaintiff reasonable expenses incurred in obtaining this order, including attorneys' fees given Defendant's blatant disregard for its obligations under the Federal Rules.

**II.     Argument**

    A.  <u>Defendant's Discovery Responses are Untimely.</u>

Federal Rule of Civil Procedure 33 states that "the responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Here, it is undisputed that Defendant failed to submit any responses or objections to Plaintiff's First Set of Interrogatories within 30 days of service on May 16, 2020. Defendant also failed to submit any responses and/or objections by June 29, 2020, an extended time that Defendant obtained upon motion to the Court. Defendant still has failed to submit any responses at the time of submission of this Motion to Compel. Moreover, it is undisputed that Defendant failed to request from the Court an extension of time to submit its discovery responses. Accordingly, Plaintiff's discovery responses are untimely. Plaintiff requests that the Court order Defendant to submit full and complete responses to Plaintiff's discovery requests within five days of the Court's order.

    B.  <u>Defendant has Waived its Right to Object to Defendant's Discovery Requests.</u>

As outlined above, Defendant failed to submit any objections to Plaintiff's discovery requests within the timeframe allotted by the Federal Rules of Civil Procedure, and further extended upon defense counsel's oral motion at this Court's discretion. Accordingly, Defendant has now waived its right to object to Plaintiff's discovery requests. See, e.g., <u>Garnet Analytics, Inc. v. Diversified Solutions</u>, Inc., No. 3:12-cv716 (WWE), 2013 U.S. Dist. LEXIS 175760, at *4 (D. Conn. Dec. 18, 2013); <u>Oliphant v. Villano</u>, No. 3:09-cv862 (JBA), 2010 U.S. Dist. LEXIS

124724, at *12 fn. 2 (D. Conn. Nov. 23, 2010). Therefore, Plaintiff requests that the Court order that Defendant has waived any right to object to Plaintiff's discovery requests.

### C. Plaintiff is Entitled to his Attorneys' Fees

District of Connecticut Local Rule 37(c) provides that where a party seeks or opposes "discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions will be imposed in accordance with applicable law." Local Rule 37(c) specifically states that attorneys' fees are among the sanctions available under such circumstances.

Here, for the reasons outlined above, no justification is conceivable or has been offered to date in support of Defendant's blatant disregard for its obligations under the Federal Rules of Civil Procedure and the District of Connecticut Local Rules. Moreover, Defendant is precluded from arguing that it has a good faith basis for its failure to submit discovery responses as they are over 15 days past due, and counsel for Defendant repeatedly ignored attempts by Plaintiff to resolve this issue. See Exhibits C, D; see also Tourmaline Partners, LLC v. Monaco, No. 3:13CV108 WWE, 2014 WL 4810253, at *1 (D. Conn. Sept. 23, 2014) (awarding moving party attorneys' fees based on non-movants "disregard[] [for] his discovery obligations" and collecting cases awarding similar sanctions).

Put simply, Plaintiff should not be obligated to incur the costs and fees associated with securing an order from this Court compelling Defendant to comply with its clear-cut obligations

under the Federal Rules of Civil Procedure. Accordingly, Plaintiff requests that the Court award Plaintiff his attorneys' fees associated with its filing of the present Motion to Compel.

### III.   Conclusion

For the reasons set forth herein and also in Plaintiff's Motion to Compel, Plaintiff requests that the Court order Defendant to provide full and complete responses to Plaintiff's First Set of Interrogatories within five (5) days from the date of the Court's Order and find that Plaintiff has waived any and all objections to Plaintiff's First Set of Interrogatories and award the Plaintiff reasonable expenses incurred in obtaining this order, including attorneys' fees pursuant to District of Connecticut Local Rule 37(c), and award the Plaintiff all other just and equitable relief to which he may be entitled.

Respectfully submitted,
/s/ Jakub Madej

Jakub J. Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com