IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

**JAKUB MADEJ**

    **Plaintiff,**

v.

**YALE UNIVERSITY** *et al.*

    **Defendants.**
_____

CIVIL ACTION No. 3:20-cv-00133-JCH

**JURY TRIAL DEMANDED**

**JULY 14, 2020**

**MOTION TO DETERMINE SUFFICIENCY OF DEFENDANTS' RESPONSES
TO PLAINTIFF'S REQUEST FOR ADMISSION
MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 36(a)(6) and 37(a)(4), and District of Connecticut Local Rule 7 and 37, Plaintiff Jakub Madej ("Plaintiff") moves the Court to determine the sufficiency of defendant Yale University's ("Defendant") responses to the attached requests for admission, and for an order not permitting defendants to withdraw or amend its admissions later in this case, including at trial. This motion follows a letter to the Court (ECF #126), pursuant to this Court's standing order on discovery disputes.

**I.    Factual Background**

Plaintiff served the First Set of Requests for Admissions on Defendant on May 6, 2020. Exhibit A. On June 8, 2020, counsel for Defendant filed a response to the First Set of Requests for Admissions. Exhibit B. On June 11, counsel for Plaintiff Jakub Madej contacted Patrick M. Noonan, the attorney for Defendant, both by email and by letter, identifying deficient answers and requesting that Defendant modify its responses in a timely fashion. Exhibit C. In the June 14

response, counsel for Defendant refused to amend its answers or address the identified deficiencies in any way. Exhibit D. Receiving no meaningful response, counsel for Plaintiff reiterated that Defendant's answers are deficient. Still, Defendant failed to submit any amended answers, and counsel for Defendant altogether ignored Plaintiff's correspondence.

Because Defendant's responses are blatantly deficient, and counsel for Defendant has altogether ignored counsel for Plaintiff's attempts to resolve this discovery dispute without the Court's intervention, Plaintiff is left with no choice but to file the present Motion to Compel, and requests that the Court assess the sufficiency of Defendant's responses.

## II.    Legal Standard

Requests for admission are used to narrow the scope of disputed issues, facilitate the succinct presentation of cases to the trier of fact, and eliminate the necessity of proving undisputed facts. Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) (citations omitted). The responding party must make a specific admission, deny the statement, object to the request, or set out the reasons why it cannot truthfully admit or deny the matter. Wright & Miller, Federal Practice & Procedure § 2259 (3d ed.). The responding party is under obligation to make "a reasonable inquiry, a reasonable effort" to secure information necessary to respond to a request under Rule 36. Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003).

Rule 36(a) allows the requesting party to seek a judicial determination of the sufficiency of the answer or objection. Thalheim, 124 F.R.D. at 35. "Rule 36(a) provides that requests which are neither objected to nor answered shall be deemed admitted." Id. When an answer does not comply with Rule 36, the court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6). "When assessing the sufficiency of a party's responses,

a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." Wiwa v. Royal Dutch Petroleum Co., 2009 WL 1457142, at *5 (S.D.N.Y. May 26, 2009). Any qualifications should "provide clarity and lucidity to the genuineness of the issue and not … obfuscate, frustrate, or compound the references." Henry, 212 F.R.D. at 78. "[D]efendant must make a good faith effort to specify what part of the request is true, and deny only the remainder." Izzarelli v. R.J. Reynolds Tobacco Co., CIV. No. 3:99CV2238 (AHN), at *3 (D. Conn. Mar. 12, 2004).

### III.  Argument

Defendants' responses fall short of straightforward requirements of Federal Rule 36.

#### A.  General Objection and Boilerplate Response to Request No. 19 are Improper

Defendant prefaced its answers by "object[ing] to the 'instructions' and 'possible responses' to the extent that they are inconsistent with the Federal Rules of Civil Procedure." This general objection is improper. Defendant offers no detail as to what specifically it finds inconsistent with Federal Rules, or what Federal Rule it is referring to. Neither does Defendant present an argument why the alleged inconsistency might haves any bearing on Defendant' responses. Courts in this Circuit have repeatedly held that general objections like those inserted here by the Defendant have no place in discovery under Federal Rules of Civil Procedure. Knapp v. Labhaus LLC, 3:14-cv-01817-WWE, at *2 (D. Conn. Dec. 10, 2015) ("[G]eneral objections are improper; their use amounts to a declaration that the objecting party plans to play by its own discovery rules."); Fischer v. Forrest, 2017 WL 773694, at *1  (S.D.N.Y. Feb. 28, 2017). See also Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168, 187 (N.D. Iowa 2017) (analyzing

and criticizing boilerplate objections in discovery). Accordingly, the Court should not permit the Defendant to reserve any rights on the grounds of its vague and improper general objection.

In response to request no. 19, defendants only state that the requests "has no possible relevance to this action". This unspecific request fails to comply with Rule 36(a)(4). "Objections must be directed and specifically related to a specific request. General objections without any reference to a specific request to admit are meritless." Henry, 212 F.R.D. at 78. The Court should deem this request admitted.

### B. Request No. 14 Should Be Deemed Admitted

Defendant's response to request no. 14 fails to comply even minimally with Federal Rule 36. Plaintiff seeks to learn whether the Committee, which plays a central role in this case, has no written procedures or policies beyond those specifically identified in the request. Defendant answered that "there are no other *publicly* available listings of the policies and procedures of the Committee on Honors and Academic Standing" (emphasis added). But this is nonsense: plaintiff precisely served this request to establish whether any policies or procedures exist, *in particular* if they are not public.

Plaintiff has addressed the deficiency at length in his letter to the Court (ECF #126), consistent with this Court's Standing Order re: Discovery (ECF #9). Plaintiff requested that defendants be directed to provide an unambiguous answer. After Defendant learned abouts Plaintiff's letter, it not only continued to refuse to correct or otherwise address this deficiency at bar but also filed a confusing response to that letter, solely accusing plaintiff of not abiding by Federal Rules, Local Rules, and Court orders (ECF #127). This unnecessary filing practice

squarely demonstrates defendants' unwillingness to resolve this straightforward discovery dispute in good faith, and provide a conclusive answer to Plaintiff's request. Defendants' evasive answer does nothing but "undermine[s] the efficacy of the [R]ule [36] by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." Xcel Energy, Inc. v. U.S., 237 F.R.D. 416, 421 (D. Minn. 2006).

Defendants were afforded multiple opportunities to fairly respond to plaintiff's request but affirmatively declined to provide a response. Accordingly, the Court should deem request no. 14 admitted.

### C. The Court Should Determine the Sufficiency of Responses to Requests 2, 4, 6, 7, 8, 9, 12, 13, 17, 18, 20

Defendant's answers provide alternative statements and explanations that fail to take an unambiguous position to the original request. Accordingly, Plaintiff requests that the Court assess the sufficiency of Defendant's responses. If the Court finds Defendant's responses to be sufficient, Plaintiff requests that Defendant not be permitted to withdraw or amend its responses later in this case without leave of court.

### D. Defendant Should Not Be Permitted to Withdraw or Amend Its Responses to Requests No. 10, 11, 15, 16

Defendant provided unconditional responses to requests no. 10, 11, 15, and 16. Exhibit B, p. 3-4. Plaintiff must know whether he may rely on these admissions in preparation for trial. Accordingly, the Court should conclusively establish Defendant's responses to requests no. 10, 11,

15, and 16, and not permit Defendant to withdraw or amend its responses later in this case, including at trial.

## IV.   Conclusion

For the reasons stated above, the Court should grant Plaintiff's motion to compel.

Respectfully submitted,
Jakub Madej

/s/ Jakub Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

*Counsel for Plaintiff*

Dated: July 14, 2020