June 12, 2020

(NOT QUITE)

THE "LAW OFFICES" OF

JAKUB J. MADEJ

65 DWIGHT ST, APT A11

NEW HAVEN, CT 06511

203 928 8486 TEL

646 776 0066 TEL

203 902 0070 FAX

206 ELM STREET

PO BOX 4000

NEW HAVEN, CT 06520

J.MADEJ@LAWSHEET.COM

**VIA EMAIL ONLY**

Patrick M. Noonan, Esq.

DONAHUE, DURHAM & NOONAN, P.C.

741 Boston Post Rd, Suite 306

Guilford, CT 06437

Email: PNoonan@ddnctlaw.com

Re:   **Deficiencies in Yale's Answers to First Set of Requests for Admission**

Case:   *Madej v Yale University et al.* (3:20-cv-00133-JCH)

Dear Patrick,

I write to you regarding major deficiencies in Yale's answers to First Set of Requests for Admission, which you signed on June 8, 2020. I attach a true copy of the original First Set as *Exhibit A*, and a true copy of Yale's Answers as *Exhibit B*.

Requests for admissions compel opponents to concede that there is no real dispute concerning certain facts. By narrowing the range of issues, admissions can help expedite and streamline litigation. Yale's answers, however, create more disputes than they resolve. Some answers purport to admit (or deny) the requested statement when, in fact, they admit (or deny) a different statement, never addressing the original statement. Other answers are ambiguously phrased only to create confusion. Overall, many answers that you signed create a perception that the request has been answered when, in fact, it was not. Below you will find a list of some, but not all, issues I found to date in Yale's specific answers.

Generally, there are only four possible responses to each individual request. Yale does <u>not</u> have free rein in responding to each

request, and its answers must conform with Federal Rule 36. Accordingly, I will interpret any answers you provide that fails to substantially meet the appropriate standard under Federal Rule 36 and relevant case law as unanswered.

Lastly, some statements that you made and signed are universally known to be false. They might have been entered in error, of course. Nonetheless, I intend to file a motion with the court to conclusively establish Yale's responses that you signed, and prevent future modifications of these answers, including at trial.

GENERAL DEFICIENCIES

You state on page 1 what follows:

> The defendant objects to the "instructions" and "possible responses" to the extent that they are inconsistent with the Federal Rules of Civil Procedure.

This general objection is improper and reserves no rights. Federal Rules of Civil Procedure do not contemplate general objections. Instead, they contemplate *specific* objections. Courts disfavor general "boilerplate" objections because they provide little information about the true reason a party is objecting to a request. Here, your general objection fails to explain with any specificity what you object to, on what grounds you object, or what inconsistencies you refer to.

SPECIFIC REQUESTS

You failed to provide answers to five requests, as listed below.

Request 2:

Your June 8, 2020 submission does <u>not</u> answer request no. 2.

Your purported "answer" admits a different statement than the one Yale was requested to admit. You neither admitted nor denied nor objected to the request. Instead, you admit that a similarly phrased sentence is true, leaving the original statement unaddressed. This is <u>not</u> a proper response to a request for admission. Accordingly, Yale failed to answer request no. 2.

Rule 36(a) explicitly requires that you reply to each individual request with (1) an admission, (2) a denial, (3) an appropriate legal objection to the request, or (4) a concise but "detailed" explanation as to why the responding party is unable to admit or deny the matter that is the subject of the request. You must deny only that part of the request that is untrue and admit the balance, or object only to that portion of the request that is objectionable and respond fully to the balance of the request.

<u>Request 3:</u>

Your June 8, 2020 submission does <u>not</u> answer request no. 3.

Rule 36 does not contemplate an answer whereby the responding party takes no stance regarding the original request but offers an alternative statement that somehow support the requested statement. You should respond with (1) an admission, (2) a denial, (3) an appropriate legal objection to the request, or (4) a concise but "detailed" explanation as to why the responding party is unable to admit or deny the matter that is the subject of the request.

<u>Request 4:</u>

Your June 8, 2020 submission does <u>not</u> answer request no. 4.

Rule 36 does not contemplate an answer whereby the responding party takes no stance regarding the original request but offers an alternative statement that somehow support the requested statement. You should respond with (1) an admission, (2) a denial, (3) an appropriate legal objection to the request, or (4) a concise but "detailed" explanation as to why the responding party is unable to admit or deny the matter that is the subject of the request.

Request 6:

Plaintiff intends to move for an order conclusively establishing your responses, including the response to this request, and prohibiting further amendments or modifications throughout this litigation, including at trial.

Request 8:

Please note that your answer denies the plain language of Section 212(a)(9)(B)(i) of the Immigration and Nationality Act. Your answer offers no qualification except a vague and facially obvious claim that aliens unlawfully present in the United States are subject to penalties.

Plaintiff intends to move for an order striking the improper qualification, conclusively establishing your denial to this request, and prohibiting further amendments or modifications to this request, including at trial.

Request 9:

Please note that your answer denies the plain language of Section 212(a)(9)(B)(i) and (ii) of the Immigration and Nationality Act. Your answer offers no qualification except a vague and facially

obvious claim that aliens unlawfully present in the United States are subject to penalties.

Plaintiff intends to move for an order striking the improper qualification, conclusively establishing your denial to this request, and prohibiting further amendments or modifications to this request, including at trial.

Request 12:

You denied the request but subsequently make a facially similar statement. Rule 36(a) explicitly requires that the responding party reply to each individual request with (1) an admission, (2) a denial, (3) an appropriate legal objection to the request, or (4) a concise but "detailed" explanation as to why the responding party is unable to admit or deny the matter that is the subject of the request.

Please note that you denied that a statement Yale College makes to its students in official materials is true. The original request included a *verbatim* quotation from an official Yale College brochure.

Plaintiff intends to move for an order striking the improper qualification, conclusively establishing your denial to request no. 12, and prohibiting further amendments or modifications to this request, including at trial.

Request 14:

Your June 8, 2020 submission does not answer request no. 14.

You were asked to admit that the Committee has no written procedures or policies, excluding documents cited in the request. Meanwhile, you simply made two irrelevant statements that only create confusion, namely that (i) documents expressly excluded from the

consideration of the request contain policies and procedures of the Committee; (ii) there are no publicly available listings of the policies and procedures of the Committee. Your answer offers no insight whether the Committee has any written procedures or policies, and is not an answer at all.

Plaintiff intends to move for an order deeming this request unanswered and therefore admitted, and prohibiting further amendments or modifications to this answer, including at trial.

Request 15:

No objections. Please note that plaintiff intends to move for an order conclusively establishing your response to this request, and prohibiting further amendments or modifications to your answers.

Request 16:

No objections. Please note that plaintiff intends to move for an order conclusively establishing your response to this request, and prohibiting further amendments or modifications to your answers.

Request 17:

No objections. Please note that plaintiff intends to move for an order conclusively establishing your response to this request, and prohibiting further amendments or modifications to your answers.

Request 18:

You denied the request but subsequently make a facially similar statement, leaving the original question unanswered. Rule 36(a) explicitly requires that the responding party reply to each individual request with (1) an admission, (2) a denial, (3) an appropriate legal objection to the request, or (4) a concise but "detailed" explanation as

to why the responding party is unable to admit or deny the matter that is the subject of the request.

Please note that your answer denies a statement quoted *verbatim* from official materials that Yale College provides to its students.

Plaintiff intends to request that the Court strikes your alternative statement, and conclusively establishes your denial to request no. 18 for the entirety of this litigation.

Request 19:

Your June 8, 2020 submission does <u>not</u> answer request no. 19.

Your objection based on irrelevance is unavailable under the Federal Rules. The relevant standard for relevance objections to requests for admission is the discovery relevance standard of Federal Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The burden of establishing that the request is irrelevant lies with Yale, and a blanket statement reiterating irrelevance is improper.

Request 20:

Your answer is improper because it admits a different statement than the one originally requested. "An admission does not require further explanation, and it is not necessary to establish any evidence or authority for an admission. Another way to admit a request for admission is simply to refrain from answering[.]"

FINAL NOTE

Please note that if the requesting party subsequently proves the truth of the matter, he may request an order requiring the denying party to pay the reasonable expenses in making the proof. Reasonable expenses include reasonable attorney's fees. See *8 Bender's Federal Practice Forms (2020)*, *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994) (plaintiff entitled to expenses for physician's failure to admit when physician neither provided frank answers, nor set forth reasons why physician could not truthfully admit or deny, and objections to wording of question were unfounded). In words of the *Marchand* court:

> The Federal Rules are intended "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.
>
> *Marchand, at 936.*

Plaintiff intends to seek reasonable expenses, including attorneys' fees, for every statement that you denied but which is subsequently proven under the appropriate standard to be true.

I ask that you correct all deficiencies in your responses within reasonable time, but before the June 30, 2020 deadline entered by the Court.

Don't hesitate to contact me at (203) 928-8486 if you wish to confer about this. Thank you for your consideration in this matter.


Dated: 12 June 2020 in Raleigh, North Carolina.

Sincerely,

*Jakub Madej*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

---

**JAKUB MADEJ**

     **Plaintiff,**

**v.**

**YALE UNIVERSITY, MARK SCHENKER
JESSIE ROYCE HILL, MARVIN CHUN,
PETER SALOVEY**

     **Defendants.**

**CIVIL ACTION No.  3:20-cv-00133-JCH**

**JURY TRIAL DEMANDED**

**MAY 6, 2020**

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
## FOR DEFENDANT YALE UNIVERSITY

Plaintiff Jakub Madej requests, pursuant to *Fed R Civ P* 36, that you admit the following matters in writing within 30 days of service, or by June 7, 2020. Every matter is deemed admitted and conclusively established for the purpose of this action if you fail to respond within the time allowed. If you believe you need an extension, and request it at least three days before the due date, I will be sympathetic to a five days' extension.

## INSTRUCTIONS

- Sign and serve complete answers via email to jakub.madej@yale.edu and j.madej@law-sheet.com, and by fax to (203) 902-0070. Service by first-class mail to the address below is appreciated but not necessary.

JAKUB MADEJ
415 Boston Post Rd
Ste 3-1102
Milford, CT 06460

- Use this file for your responses. An editable Word document is available for your convenience at lawsheet.com/first-set-request-for-admission-for-yale-university.docx.
- If you do not admit the matter, you must specifically deny it or state in detail why you cannot truthfully admit or deny it.
- If you deny the matter, you must fairly respond to the substance of the matter.
- If good faith requires you to qualify an answer or deny only a part of a matter, your answer must specify the part admitted and qualify or deny the rest.
- You may only assert lack of knowledge or information as a reason for failing to admit or deny if you made reasonable inquiry and you cannot readily obtain information sufficient to enable you to admit or deny. State with particularity what reasonable inquiry you made into the matter.
- The verification need not be notarized if the signature is hand-written.

## POSSIBLE RESPONSES

- ✓ Admitted.
- ✓ Denied. This statement is false because [the reason the statement is false].
- ✓ Admitted but only [qualification].
- ✓ I lack sufficient knowledge to answer the request because [the reason].

## FIRST SET OF REQUESTS FOR ADMISSION
## FOR DEFENDANT <u>YALE UNIVERSITY</u>

**REQUEST No. 1.** Admit that plaintiff Jakub Madej is neither a citizen nor a permanent resident of the United States.

**RESPONSE:**

**REQUEST No. 2.** Admit that Yale University deactivated plaintiff's F-1 student status within 15 days after Yale determined that he be academically withdrawn.

2

**RESPONSE:**

**REQUEST No. 3.** Admit that Plaintiff would be unlawfully present in the United States had he not left the United States within 15 days after Yale determined that plaintiff be academically withdrawn.

**RESPONSE:**

**REQUEST No. 4.** Admit that Yale University does not require international students to obtain B1/B2 (visitor/business) visas.

**RESPONSE:**

**REQUEST No. 5.** Admit that an individual admitted to the United States on a visitor visa (B1/B2) is not permitted to accept employment or work in the United States.

**RESPONSE:**

**REQUEST No. 6.** Admit that plaintiff was a student employee at Yale University until the end of February 2020.

**RESPONSE:**

**REQUEST No. 7.** Admit that plaintiff had not accepted any remuneration from Yale as a student employee after Yale deactivated his F-1 status.

**RESPONSE:**

**REQUEST No. 8.** Admit that a foreigner unlawfully present in the United States for 180 days or longer but less than one year is ineligible for a visa for 3 years after departure from the United States.

**RESPONSE:**

**REQUEST No. 9.** Admit that a foreigner unlawfully present in the United States for one year or more is ineligible for a visa for 3 years after departure from the United States.

**RESPONSE:**

**REQUEST No. 10**: Admit that plaintiff received full financial aid every term he spent at Yale College.

**RESPONSE:**

**REQUEST No. 11:** Admit that Defendant Mark SCHENKER has been the chair of the Committee on Honors and Academic Standing since year 2000.

**RESPONSE:**

**REQUEST No. 12.:** Admit that the faculty legislation that established the Committee on Honors and Academic Standing categorically bars the committee from considering a petition from a student for a change of term grade.

**RESPONSE:**

**REQUEST No. 13.** Admit no written procedures or policies of the Committee on Honors and Academic Standing at Yale College are contained in the Blue Book, also known as *Yale College Programs of Study*.

**RESPONSE:**

**REQUEST No. 14.** Admit that Committee on Honors and Academic Standing at Yale College has no written procedures or policies, excluding the information available online under the following links:

1) https://yalecollege.yale.edu/get-know-yale-college/office-dean/committees/committee-honors-and-academic-standing-chas, archived at: https://perma.cc/7CJJ-EQ5W;
2) http://catalog.yale.edu/dus/committee-honors-academic-standing/, archived at: https://perma.cc/Y2LB-H9BL

**RESPONSE:**

**REQUEST No. 15.** Admit that Yale University possesses no statistics about the number of students who were withdrawn for academic reasons by the Committee on Honors and Academic Standing.

**RESPONSE:**

**REQUEST No. 16:** The Committee on Honors and Academic Standing meets about twice a month during the regular academic year.

**RESPONSE:**

**REQUEST No. 17:** The Committee on Honors and Academic Standing met at least six (7) times in Fall 2019 semester, up to and including January 13, 2020.

**RESPONSE:**

**REQUEST No. 18:** Full Committee on Honors and Academic Standing decides any matter that raises a question of academic policy or that is in some other way unusual.

**RESPONSE:**

**REQUEST No. 19:** The picture attached as "Exhibit 2" is a fair photograph of Defendant Mark SCHENKER.

**RESPONSE:**

**REQUEST No. 20.** Fewer than ten (10) students were dismissed for academic reasons following the Fall 2019 semester.

**RESPONSE:**

Responses Dated: _____

VERIFICATION

I, [NAME OF OFFICER], act on behalf of the defendant Yale University in this action. I have read the First Set of Requests for Admission propounded to me by plaintiff, Jakub Madej, and my Response to the request. I am familiar with the contents of both.

I declare under penalty of perjury under the laws of [name of state], that these answers are true and correct.

Executed: [Time] in North Haven, Connecticut.

[Name of defendant]

Defendant

[Name of attorney for defendant]

Attorney for Defendant

Before submitting your response, ensure your answers are not defective.

Dated: May 6, 2020 in Las Vegas, Nevada.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
65 Dwight St
New Haven, CT 06511
Telephone: (203) 928-8486
Facsimile: (646) 776-0066
Fax: (203) 902-0070
Email: j.madej@lawsheet.com

EXHIBIT 1.

1) Mark Schenker, Chair
2) Sarah Insley, Secretary
3) Dana Angluin
4) Benjamin Glaser
5) Jason Shaw
6) Kirk Wetters
7) Daria Vander Veer, ex officio
8) Helena Lyng-Olsen, PC '22
9) Keshav Raghavan, MY '21

EXHIBIT 2.



CERTIFICATE OF SERVICE

I certify that I sent a true and correct copy of the attached Requests for Admissions, together with all attachments and exhibits, by first-class U.S. mail on May 6, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.

DONAHUE, DURHAM & NOONAN PC

741 Boston Post Road, Suite 306

Guilford, CT 06437

Telephone: (203) 458-9168

Fax: (203) 458-4424

/s/ Jakub Madej

8

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| JAKUB MADEJ | : | CIVIL ACTION NO. |
| | : | 3:20-cv-00133-JCH |
| | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | JUNE 8, 2020 |
| | : | |

## YALE UNIVERSITY'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR ADMISSION

The defendant, Yale University, hereby responds to the plaintiff's First Set of Requests for Admission dated May 6, 2020 as follows:

The defendant objects to the "instructions" and "possible responses" to the extent that they are inconsistent with the Federal Rules of Civil Procedure.

**REQUEST No. 1.:** Admit that plaintiff Jakub Madej is neither a citizen nor a permanent resident of the United States.

**RESPONSE:** **The defendant has no first hand knowledge of the plaintiff's current immigration status. The defendant admits that the plaintiff came to Yale University with an F-1 student non-immigrant status.**

**REQUEST No. 2.:** Admit that Yale University deactivated plaintiff's F-1 student status within 15 days after Yale determined that he be academically withdrawn.

**RESPONSE:** **The defendant admits that the plaintiff's F-1 record was deactivated within 15 days after his academic withdrawal, as required by United States law.**

1

**REQUEST No. 3.:** Admit that Plaintiff would be unlawfully present in the United States had he not left the United States within 15 days after Yale determined that plaintiff be academically withdrawn.

**RESPONSE:          The defendant admits that, once he was academically withdrawn, the plaintiff lost his F-1 student status.  Within 15 days of losing that status, a student is either required to depart the United States or file a change of status to another non-immigrant status.**

**REQUEST No. 4.:** Admit that Yale University does not require international students to obtain B1/B2 (visitor/business) visas.

**RESPONSE:          The defendant admits that there is no requirement for international students to obtain B1/B2 visas.  In fact, a student is subject to penalties for maintaining both simultaneously.**

**REQUEST No. 5.:** Admit that an individual admitted to the United States on a visitor visa (B1/B2) is not permitted to accept employment or work in the United States.

**RESPONSE:          The defendant admits this request in part.  The general rule is that employment is not permitted on a B1/B2 status.  However, there are exceptions.**

**REQUEST No. 6.:** Admit that plaintiff was a student employee at Yale University until the end of February 2020.

**RESPONSE:          This request for admission is denied.  The defendant's records indicate that the plaintiff's last date of employment as a student employee occurred during the week of January 12-18, 2020.**

**REQUEST No. 7.:** Admit that plaintiff had not accepted any remuneration from Yale as a student employee after Yale deactivated his F-1 status.

**RESPONSE:          This request for admission is denied, since the plaintiff received payment after deactivation of his F-1 status.**

**REQUEST No. 8.:** Admit that a foreigner unlawfully present in the United States for 180 days or longer but less than one year is ineligible for a visa for 3 years after departure from the United States.

**RESPONSE:          This request for admission is denied as stated; however, the defendant acknowledges that, pursuant to United States law, there are a number of penalties for individuals who are unlawfully present in the country.  Those penalties are complex and outlined in statutes and regulations.**

**REQUEST No. 9.:**   Admit that a foreigner unlawfully present in the United States for one  year or more is ineligible for a visa for 3 years after departure from the United States.

**RESPONSE:**        **See response to Request for Admission Number 8.**

**REQUEST No. 10**:   Admit that plaintiff received full financial aid every term he spent at  Yale College.

**RESPONSE:**        **This request for admission is admitted.**

**REQUEST No. 11:** Admit that Defendant Mark SCHENKER has been the chair of the  Committee on Honors and Academic Standing since year 2000.

**RESPONSE: The defendant admits that Dean Schenker has been the chair of the Committee on Honors and Academic Standing since the year 2000 and for several years prior to that.**

**REQUEST No. 12.:** Admit that the faculty legislation that established the Committee on Honors and Academic Standing categorically bars the committee from considering a petition from  a student for a change of term grade.

**RESPONSE:**        **This request to admit is denied, except to admit that the Committee on Honors and Academic Standing may not consider a petition for a student for a change of term grade.**

**REQUEST No. 13.:**  Admit no written procedures or policies of the Committee on Honors  and Academic Standing at Yale College are contained in the Blue Book, also known as *Yale College   Programs of Study.*

**RESPONSE:**        **It is admitted that the procedures and policies of the Committee on Honors and Academic Standing are not contained in the Blue Book; they are contained in the DUS Handbook.  They are also contained in the places indicated in response to Request for Admission Number 14.**

**REQUEST No. 14.:**  Admit that Committee on Honors and Academic Standing at Yale College  has no written procedures or policies, excluding the information available online under the  following links:

1)  https://yalecollege.yale.edu/get-know-yale-college/office-dean/committees/committee-honors-and-academic-standing-chas, archived at: https://perma.cc/7CJJ-EQ5W;
2)  http://catalog.yale.edu/dus/committee-honors-academic-standing/,        archived
   at:   https://perma.cc/Y2LB-H9BL

**RESPONSE:**        **It is admitted that the policies and procedures of the Committee on Honors and Academic Standing are available at the three links noted, and there are no other publicly available listings of the policies and procedures of the Committee on Honors and Academic Standing.**

**REQUEST No. 15.:**   Admit that Yale University possesses no statistics about the number of students who were withdrawn for academic reasons by the Committee on Honors and Academic Standing.

**RESPONSE:**        **Denied.**

**REQUEST No. 16:** The Committee on Honors and Academic Standing meets about twice a month during the regular academic year.

**RESPONSE:**        **Admitted.**

**REQUEST No. 17:** The Committee on Honors and Academic Standing met at least six (7) times in Fall 2019 semester, up to and including January 13, 2020.

**RESPONSE:**        **Denied. The Committee on Honors and Academic Standing met six times during the Fall 2019 semester. The Committee on Honors and Academic Standing also met following the conclusion of the Fall, 2019 semester on January 13, 2020.**

**REQUEST No. 18:** Full Committee on Honors and Academic Standing decides any matter that raises a question of academic policy or that is in some other way unusual.

**RESPONSE:**        **This Request for Admission is denied as stated. The defendant admits that the Full Committee will typically consider any matter within its purview that is unusual or for which there are few guidelines or precedents.**

**REQUEST No. 19:** The picture attached as "Exhibit 2" is a fair photograph of Defendant Mark SCHENKER.

**RESPONSE:**        **The defendant objects to Request for Admission 19 on the ground that it has no possible relevance to this action.**

**REQUEST No. 20.:** Fewer than ten (10) students were dismissed for academic reasons following the Fall 2019 semester.

**RESPONSE:**        **It is admitted that fewer than ten students from Yale College were dismissed for academic reasons immediately following the Fall, 2019 semester.**

**THE DEFENDANT, YALE UNIVERSITY**

By:_____/s/_____
          PATRICK M. NOONAN – CT00189
          DONAHUE, DURHAM & NOONAN, P.C.
          Concept Park
          741 Boston Post Road, Suite 306
          Guilford, CT  06437
          Telephone:  (203) 458-9168
          Fax:  (203) 458-4424
          Email:  pnoonan@ddnctlaw.com

## <u>CERTIFICATION</u>

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Jakub Madej
415 Boston Post Road
Suite 3-1102
Milford, CT 06460

                                    _____/s/_____
                                              Patrick M. Noonan

EXHIBIT 1.

1) Mark Schenker, Chair
2) Sarah Insley, Secretary
3) Dana Angluin
4) Benjamin Glaser
5) Jason Shaw
6) Kirk Wetters
7) Daria Vander Veer, ex officio
8) Helena Lyng-Olsen, PC '22
9) Keshav Raghavan, MY '21

EXHIBIT 2.



_____/s/_____
Patrick M. Noonan