UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | JULY 21, 2020 |

**YALE UNIVERSITY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA DIRECTED TO OZAN SAY**

The defendant, Yale University, hereby replies to the plaintiff's Response to Yale's Motion to Quash Subpoena.

**I.      Yale University Has Standing to Challenge a Subpoena Directed to its Employee.**

The plaintiff first argues that Yale University lacks standing to challenge the subpoena directed to Mr. Say because Mr. Say is not a party to this action. Since Mr. Say is an employee of Yale University and the plaintiff seeks production of documents that are the product of Mr. Say's employment with Yale University, Yale University has standing to challenge the subpoena. In Dominion Res. Servs. V. Alstom Power, Inc., 2017 U.S. Dist. LEXIS 132212 (D.Conn. August 18, 2017) (Merriam, M.J.), the defendant served a subpoena and notice of deposition on one of the plaintiff's employees who was not a party to the action. The plaintiff moved to quash the

subpoena. Id. at *7. The court noted that the plaintiff "clearly has standing to challenge the subpoena directed at its employee" and addressed all of the grounds asserted in the motion to quash. Id. at *10.

As the plaintiff is aware, Mr. Say has asked defense counsel to represent him in connection with this action. See, Exhibit A hereto. Indeed, none of the documents which the plaintiff seeks to obtain from Mr. Say are actually in the personal possession of Mr. Say; rather, they are documents that Mr. Say reviewed and generated in his capacity as an employee of Yale University. Since the plaintiff seeks to subpoena documents from Mr. Say that were generated in the course of his employment with Yale University, Yale University has standing to challenge the subpoena.[1]

## II. The Document Requests are Overbroad, Unduly Burdensome, and Seek Production of Irrelevant Documents.

The subpoena directs Mr. Say to produce "any and all documents in your possession or under your control about the Committee on Honors and Academic Standing at Yale College" from April 31, 2013 to May 29, 2020 and "all electronic communication in your possession with the search term 'MADEJ'" from January 1, 2016 to May 29, 2020. Mr. Say is, and has been, an employee of Yale's Office of International Students and Scholars. In that capacity, he has communications with and about numerous international students on a daily basis. Both of the document requests addressed to Mr. Say are overbroad, unduly burdensome, and seek production of irrelevant documents. As explained in the defendant's motion to quash, compliance with the first request would require the production of documents related to other students who appeared before CHAS. Documents related to other student proceedings before CHAS are wholly irrelevant to the plaintiff's claims in this action. The plaintiff has not alleged that he was treated differently

---

[1] It should be noted that the Court already granted the defendants' motion to quash subpoenas issued to several non-party employees of the defendant. See, Docket Entry Nos. 120, 122.

than other students who failed a course while on Academic Warning. Moreover, documents related to other student proceedings before CHAS are highly confidential and the production of such documents is protected from disclosure by the Family Educational Rights and Privacy Act. Compliance with the second request would require Mr. Say to produce every document that contains the term "Madej" over nearly four and a half years and will necessarily result in the production of numerous irrelevant documents.

On the issue of relevance, the plaintiff points to a single paragraph in the Amended Complaint. (Pl. Response, p. 6.) In Paragraph 50 of the Amended Complaint, the plaintiff alleges: "SCHENKER had extensive communications with other University administrators to ensure Jakub's remote work on his company did not pose compliance threats to the University given Jakub's immigration status." Even assuming that "other University administrators" refers to Mr. Say, as now claimed by the plaintiff, the allegation in Paragraph 50 has no bearing on the plaintiff's claims. All four counts of the Amended Complaint concern the plaintiff's involuntary withdrawal from Yale University after failing a course while on Academic Warning. There is no claim regarding the implications of the plaintiff's remote work on his consulting company to any "compliance threats to the University." Thus, the allegation in Paragraph 50 is irrelevant to the plaintiff's claims in this action.

## CONCLUSION

For the foregoing reasons, as well as those stated in the defendant's Motion to Quash Subpoena Directed to Ozan Say, the defendant's motion to quash should be granted.

THE DEFENDANT, YALE UNIVERSITY

By: _____/s/_____

PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan