UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ : | |
| : | CIVIL ACTION NO. |
| PLAINTIFF : | 3:20-cv-00133-JCH |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY, MARVIN CHUN, : | |
| MARK SCHENKER, PETER SALOVEY AND : | |
| JESSIE ROYCE HILL : | |
| : | |
| DEFENDANTS : | |
| : | JULY 21, 2020 |

## OBJECTION TO MOTION TO COMPEL

The defendant hereby objects to the plaintiff's motion to compel for the simple reason that the defendants three times provided its objections to the plaintiff's first set of interrogatories dated May 15, 2020 and thus fulfilled its obligation under Rule 33 of the Federal Rules of Civil Procedure.

On June 10, 2020, defense counsel e-mailed the plaintiff to provide him with the defendant's objections to the first set of interrogatories. Defense counsel invited the plaintiff to respond by e-mail if he wished to discuss the objections.[1] (Ex. A.) Upon receipt of the plaintiff's June 30, 2020 e-mail indicating that he had not received any responses to the first set of interrogatories, defense counsel then mailed the objections to the plaintiff at the address listed on his pleadings via certified mail.[2] (Ex. B.) That mailing was returned as undeliverable due to an insufficient address, despite the fact that defense counsel utilized the address listed on the

---

[1] A copy of the June 10, 2020 e-mail providing the plaintiff with the June 11, 2020 objections to the plaintiff's first set of interrogatories is attached hereto as Exhibit A.

[2] Copies of the receipt and the enclosed objections are attached hereto as Exhibit B.

Case 3:20-cv-00133-JCH   Document 133   Filed 07/21/20   Page 2 of 4

plaintiff's most recent filing with the Court at the time of mailing.  <u>See</u>, Docket No. 115.  On July 19, 2020 defense counsel again e-mailed the plaintiff a copy of the responses, again to both plaintiff's "lawsheet" and Yale University e-mail addresses.[3]  (Ex. C).  Even though the plaintiff had recently indicated that he preferred not to receive material related to the lawsuit on his Yale e-mail, defense counsel explained that he sent the responses to both the lawsheet address and the Yale address, because the plaintiff claimed that he did not previously receive the responses in his "lawsheet" email.  Defense counsel again offered to discuss the objections via e-mail.  <u>Id.</u>  The plaintiff acknowledged receiving the July 19, 2020 email from defense counsel by an email sent on July 20.[4]

It should be noted that plaintiff has in the past blocked defense counsel's e-mail account, so that plaintiff would not receive emails from defense counsel, despite the fact that defense counsel was utilizing the e-mail address which plaintiff uses to file pleadings and communicate with the Court.[5]  (Ex. E.)  Defense counsel then began sending communications to both the "lawsheet" and Yale University email addresses.  The plaintiff then instructed defense counsel not to use the Yale University e-mail account, because he preferred not to receive communications about this lawsuit in that fashion.  In his July 19, 2020 e-mail, defense counsel encouraged the

---

[3] A copy of the July 19, 2020 e-mail providing the plaintiff with the June 11, 2020 objections to the plaintiff's first set of interrogatories is attached hereto as Exhibit C.

[4] A copy of the July 20, 2020 email from the plaintiff is attached hereto as Exhibit D.  In that email, the plaintiff claims that Rule 5 (presumably of the Federal Rules of Civil Procedure) stipulates that "any discovery papers require service."  That is simply not accurate.  In fact, Rule 5 (1)(A) specifically states that discovery responses are <u>not</u> to be filed with the Court.  The plaintiff also claims that the rules required that defense counsel make a phone call or a text message to ensure that the response was received.  That, too, is lacking from Rule 5.  Defense counsel appropriately forwarded the discovery responses three different ways to ensure the plaintiff would receive them: by use of the email he has listed with the Court, by sending it to his Yale email account, and by letter to his last listed address.  There is nothing defective about the manner in which defense counsel forwarded the responses to the plaintiff.

[5] A copy of the June 17, 2020 e-mail correspondence is attached hereto as Exhibit E.

2

plaintiff's most recent filing with the Court at the time of mailing.  <u>See</u>, Docket No. 115.  On July 19, 2020 defense counsel again e-mailed the plaintiff a copy of the responses, again to both plaintiff's "lawsheet" and Yale University e-mail addresses.[3]  (Ex. C).  Even though the plaintiff had recently indicated that he preferred not to receive material related to the lawsuit on his Yale e-mail, defense counsel explained that he sent the responses to both the lawsheet address and the Yale address, because the plaintiff claimed that he did not previously receive the responses in his "lawsheet" email.  Defense counsel again offered to discuss the objections via e-mail.  <u>Id.</u>  The plaintiff acknowledged receiving the July 19, 2020 email from defense counsel by an email sent on July 20.[4]

It should be noted that plaintiff has in the past blocked defense counsel's e-mail account, so that plaintiff would not receive emails from defense counsel, despite the fact that defense counsel was utilizing the e-mail address which plaintiff uses to file pleadings and communicate with the Court.[5]  (Ex. E.)  Defense counsel then began sending communications to both the "lawsheet" and Yale University email addresses.  The plaintiff then instructed defense counsel not to use the Yale University e-mail account, because he preferred not to receive communications about this lawsuit in that fashion.  In his July 19, 2020 e-mail, defense counsel encouraged the

---

[3] A copy of the July 19, 2020 e-mail providing the plaintiff with the June 11, 2020 objections to the plaintiff's first set of interrogatories is attached hereto as Exhibit C.

[4] A copy of the July 20, 2020 email from the plaintiff is attached hereto as Exhibit D.  In that email, the plaintiff claims that Rule 5 (presumably of the Federal Rules of Civil Procedure) stipulates that "any discovery papers require service."  That is simply not accurate.  In fact, Rule 5 (1)(A) specifically states that discovery responses are <u>not</u> to be filed with the Court.  The plaintiff also claims that the rules required that defense counsel make a phone call or a text message to ensure that the response was received.  That, too, is lacking from Rule 5.  Defense counsel appropriately forwarded the discovery responses three different ways to ensure the plaintiff would receive them: by use of the email he has listed with the Court, by sending it to his Yale email account, and by letter to his last listed address.  There is nothing defective about the manner in which defense counsel forwarded the responses to the plaintiff.

[5] A copy of the June 17, 2020 e-mail correspondence is attached hereto as Exhibit E.

plaintiff not to block defense counsel's e-mails and to review both of his e-mail addresses to ensure that he received defense counsel's communications.

Defense counsel has no objection to mailing communications to plaintiff, but the address included on the plaintiff's most recent filing with the Court at the time defense counsel mailed the responses to the first set of interrogatories apparently was inadequate.  It also may be that the plaintiff's busy travel schedule (according to the communications sent to defense counsel by the plaintiff and the plaintiff's filings with the Court over the past four months, the plaintiff has travelled to at least eleven states during that period, including New York, Connecticut, Illinois, California, Nevada, Arizona, New Mexico, Tennessee, Oklahoma, Kansas, and North Carolina; he also travelled to Mexico), affects his ability to receive communications form defense counsel. Given that the plaintiff has blocked one of his e-mail accounts, refuses to look at his other e-mail address, and does not have a fixed address for receiving mail, defense counsel is prevented from reliably providing communications to plaintiff.

In any event, defense counsel has in fact made appropriate efforts to provide the discovery responses to the plaintiff; and since those responses are attached hereto, the plaintiff now certainly has the responses.  Therefore, the plaintiff's motion to compel should be denied.

**THE DEFENDANT, YALE UNIVERSITY**

By:_____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan