**Attachments:**       20-06-11YU  Obj. to 1st Set Interrogatories-FINAL.pdf

---

**From:** Pat Noonan
**Sent:** Sunday, July 19, 2020 10:04 AM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>; 'jakub.madej@yale.edu' <jakub.madej@yale.edu>
**Subject:** Madej v. Yale

Hi Jakub,
I am trying yet again to provide these discovery responses to you. Even though you prefer not to receive material related to the lawsuit on your Yale email, I have sent these responses there and to the email you use with the Court, because you claim you did not previously receive these responses in your "lawsheet" email. If you want me to avoid using the Yale email, I would encourage you not to block my emails on your "lawsheet" email account. I would also encourage you to look at my emails even if they appear in your Yale account, given your claims that you are not receiving them through your "lawsheet" email address. As I indicated a month ago, you may email me if you would like to communicate about the objections.
Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | JUNE 11, 2020 |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES FOR DEFENDANT YALE UNIVERSITY**

The defendant, Yale University, pursuant to Rule 33 of the Federal Rules of Civil

Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District

of Connecticut, hereby objects as follows to the plaintiff's First Set of Interrogatories for

Defendant Yale University dated May 15, 2020.

**GENERAL OJBECTIONS**

The defendant objects to the "Instructions" to the extent that they direct the defendant to

provide its responses by three different methods: e-mailing to jakub.madej@yale.edu and

j.madej@lawsheet.com; faxing to (203) 902-0070; and mailing to 415 Boston Post Rd, Ste 3-1102,

Milford, CT 06460.  Rule 33 of the Federal Rules of Civil Procedure does not require a defendant

to provide its discovery responses via multiple methods of delivery.  The defendant will e-mail its

responses to jakub.madej@yale.edu and j.madej@lawsheet.com.

The defendant objects to the "Instructions" to the extent that they state that

"[i]nterrogatories are deemed submitted _only_ if you send your answers to both email addresses *and*

via fax.  All other arrangements must be explicitly upon agreed in writing by both parties."  Rule 33 of the Federal Rules of Civil Procedure does not require a defendant to provide its discovery responses via multiple methods of delivery.  The defendant will e-mail its responses to jakub.madej@yale.edu and j.madej@lawsheet.com.

The defendant objects to the following statement in the "Instructions" to the extent that it is inconsistent with the Federal Rules of Civil Procedure:  "Use this file for your responses.  Include the language included in this document for verification of your answers.  Denials must be sworn." If any answers are provided, the defendant will provide and verify its answers by oath as required by Rule 33 of the Federal Rules of Civil Procedure.

The defendant objects to the "Instructions" that direct the defendant to notarize its answers "using services of any notary who has never had any affiliation with Yale University, Yale-New Haven Hospital, or its related entities."  The defendant is entitled to select its own notary public if it answers any interrogatories.

The defendant objects to the "Instructions" to the extent that they direct that the defendant call the plaintiff regarding any objections in lieu of filing a timely objection.  The defendant is entitled to file an objection under Rule 33 of the Federal Rules of Civil Procedure without first calling the plaintiff.

The defendant objects to the "Verification" page to the extent that it is inconsistent with the Federal Rules of Civil Procedure.  The defendant will verify any answers it provides under oath as required by Rule 33 of the Federal Rules of Civil Procedure.

FIRST SET OF INTERROGATORIES
FOR DEFENDANT YALE UNIVERSITY

INTERROGATORIES

**INTERROGATORY No. 1:** Identify the number of undergraduate students who have been withdrawn from Yale College, no matter the reason.  Semesters listed in the first column refer to the last semester that student was enrolled in Yale College.

**ANSWER:**  I submit the answer in the table below:

|             | Freshman | Sophomores | Juniors | Seniors | TOTAL |
|-------------|----------|------------|---------|---------|-------|
| Fall 2019   |          |            |         |         |       |
| Spring 2019 |          |            |         |         |       |
| Fall 2018   |          |            |         |         |       |
| Spring 2018 |          |            |         |         |       |
| Fall 2017   |          |            |         |         |       |
| Spring 2017 |          |            |         |         |       |
| Fall 2016   |          |            |         |         |       |
| Spring 2016 |          |            |         |         |       |
| Fall 2015   |          |            |         |         |       |
| Spring 2015 |          |            |         |         |       |

**OBJECTION:**          **The defendant objects to this interrogatory because it is unduly burdensome and seeks information that is irrelevant to the plaintiff's claims in this action.  Since the plaintiff does not allege that he was treated differently from any other student who was involuntarily withdrawn from Yale College, the requested comparator evidence is irrelevant to his claims for fraudulent misrepresentation, negligence,**

3

**breach of contract, and interference with contract and economic expectation.**

**INTERROGATORY No. 2:** State how many undergraduate students have been withdrawn from Yale College for academic reasons. Semesters listed in the first column refer to the last semester when the student was enrolled in Yale College.

**ANSWER:** I submit the answer in the table below:

|  | Freshman | Sophomores | Juniors | Seniors | TOTAL |
|---|---|---|---|---|---|
| Fall 2019 |  |  |  |  |  |
| Spring 2019 |  |  |  |  |  |
| Fall 2018 |  |  |  |  |  |
| Spring 2018 |  |  |  |  |  |
| Fall 2017 |  |  |  |  |  |
| Spring 2017 |  |  |  |  |  |
| Fall 2016 |  |  |  |  |  |
| Spring 2016 |  |  |  |  |  |
| Fall 2015 |  |  |  |  |  |
| Spring 2015 |  |  |  |  |  |

**OBJECTION:**       <u>See</u>, **Objection to Interrogatory No. 1.**

**INTERROGATORY No. 3:** How did you gather this information? Describe with particularity how do you store information about students that have been withdrawn, the reasons of their withdrawals, and safety mechanisms that ensure this data is protected from unauthorized viewers.

**OBJECTION:**       **As to the first question in this interrogatory, see Objection to Interrogatory No. 1. The defendant objects to the remaining portion of**

4

**this interrogatory because there is no claim in the complaint relating to Yale University's storage of the plaintiff's academic information or that any unauthorized person has accessed the plaintiff's records at Yale University.**

**INTERROGATORY No. 4:** How could your senior officers and employees know that the numbers you provided as answers to interrogatories numbered 1 and 2 are true and correct?

**OBJECTION:** <u>See</u>, **Objection to Interrogatories No. 1 and 2.**

**INTERROGATORY No. 5:** How would you convince John Doe, an individual with no connection to Yale University, that numbers you provided as answers to interrogatories numbered 1 and 2 have not been randomly generated?

**OBJECTION:** <u>See</u>, **Objection to Interrogatories No. 1 and 2.**

**INTERROGATORY No. 6:** What mechanisms have you implemented to prevent fraud inside Yale University, and what steps have you taken to ensure your policies have any connection with reality?

**OBJECTION:** **The defendant objects to this interrogatory because it is overbroad, not limited in time or scope, unclear in meaning, and seeks information that is irrelevant to the plaintiff's claims in this action. The defendant further objects to this interrogatory on the ground that there is no claim in the complaint regarding "fraud inside Yale University."**

**REQUEST FOR ADMISSION No. 34:** Yale University does not possess, control, or otherwise have access to any database that contains information about students that have been withdrawn from Yale College.

- ✓ Admitted.

- ✓ Denied.  This statement is false because

- ✓ Admitted but only

- ✓ I lack sufficient knowledge to answer the request because

**OBJECTION:**     **The defendant objects because a request for admission cannot be propounded in the same document as interrogatories.  The defendant further objects because the Court has ordered that requests for admission are limited to twenty.  <u>See</u>, Docket Entry No. 57.  The defendant has already responded to twenty requests for admission propounded by the plaintiff.  The defendant further objects on the ground that there is no claim in the lawsuit that Yale does not have data concerning students who have been involuntarily withdrawn from Yale College.**

THE DEFENDANT,

YALE UNIVERSITY

By:_____/s/_____

PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was e-mailed on the above-written date, to:

Jakub Madej
j.madej@lawsheet.com
jakub.madej@yale.edu

_____/s/_____
Patrick M. Noonan

6