UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | JULY 24, 2020 |

**YALE UNIVERSITY'S OBJECTION TO MOTION TO DETERMINE SUFFICIENCY
OF RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

The defendant, Yale University, hereby objects to the plaintiff's July 14, 2020 Motion to

Determine Sufficiency of Defendants' Responses to Plaintiff's Request for Admissions. In

accordance with Judge Hall's July 14, 2020 order, this objection also addresses the plaintiff's July

2, 2020 letter brief regarding the sufficiency of the defendants' response to Request for Admission

#14.

I.      **Request for Admission #19 is Wholly Irrelevant.**

Request for Admission #19 states: "The picture attached as 'Exhibit 2' is a fair photograph

of Defendant Mark SCHENKER."  (Docket Entry No. 130-1, p. 5.)  There is no indication as to

the source of the photograph or when it was taken.  The defendant objected because this request

has no possible relevance to this action.  (Docket Entry No. 130-2, p. 4.)  Rule 36(a)(1) states: "A

party may serve on any other party a written request to admit, for purposes of the pending action

only, the truth of any matters within the scope of Rule 26(b)(1)[1] relating to: (A) facts, the

---

[1] Rule 26(b)(1) provides: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may
obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  The identity or physical appearance of Dean Schenker is not in question.  Whether or not the photograph attached to the Request for Admissions as Exhibit 2 accurately depicts Dean Schenker as of the present time has no bearing on the plaintiff's claims in this action, which concern the plaintiff's withdrawal because he failed a course while on Academic Warning.

Dean Schenker, for understandable reasons, has asked that an objection be filed to thie Request for Admission.  In his pleadings, the plaintiff has made it clear that the object of his anger is Dean Schenker, because he believes — despite the documentary evidence to the contrary, which the plaintiff himself offered as evidence in his application for preliminary relief -- that Dean Schenker alone made the decision to withdraw him from Yale University.[2]  Yale University learned through the United States Border Patrol that the plaintiff, within the past 60 days, attempted to purchase firearms at one retail establishment and was denied because his immigration status does not permit such purchases. Thereafter, the plaintiff went to a different gun retailer and attempted to purchase firearms.  He was again rejected because of his visa status.  Thereafter, the

---

to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."

[2] In his Amended Complaint, the plaintiff alleges that Dean Schenker has been CHAS' "only member since at least year 2000" and that Dean Schenker "was solely responsible for Committee's actions, enjoyed no oversight from Dean of Yale College, or anyone else."  (Amended Complaint, ¶ 49.)  He further alleges that Dean Schenker was "the only person that decided Jakub's fate."  (Amended Complaint, ¶ 48.)

In his Motion to Compel Nonparty Compliance with Subpoena Duces Tecum, the plaintiff described the allegations of his complaint: "Specifically, plaintiff alleges that Mark SCHENKER has represented to plaintiff that an academic committee of nine individuals that he chaired since 2001 met and considered his case on the merits upon reading plaintiff's petition, and voted 'without dissent' to deny it - where, in fact, SCHENKER knew he made that decision himself, without reading any material provided by plaintiff and his academic advisor.  Unbeknownst to plaintiff, SCHENKER's committee has existed only on paper since at least 2006, and SCHENKER himself made all decisions to dismiss dozens of undergraduate students without any oversight or reason. " (Docket Entry No., 101-1, p. 5.)

plaintiff traveled to Mexico for unknown reasons, and was apprehended by Border Patrol agents

when he attempted to illegally walk across the border.  He was sent back to Mexico.  It is unknown

how the plaintiff returned to the United States, but he has since re-entered the United States and

travelled extensively throughout the United States, including returning to New Haven on one

occasion.

The plaintiff has also acted in an erratic fashion on other occasions since his involuntary

withdrawal.  For example, despite having been told, orally and in writing, that he is not permitted

to remain on campus, he continued to frequent the campus and improperly attended remote classes.

After the COVID crisis was declared and all students were ordered to leave the campus, it was

discovered that the plaintiff moved into a dorm on the Old Campus.  He gained access by

improperly using the ID card of another student.  He decided to move his belongings into a

basement  that was not a dorm room, but reserved for a student organization to meet.  When he

was asked by the building superintendent to vacate the premises, he refused.  Thereafter, the Yale

Police Department was summoned and had to physically escort him off the premises.  He resisted

their direction that he leave, claiming that a professor in The Yale School of Management had

authorized him to remain in the space reserved for the student organization.  (Docket Entry No.

50, p. 5-6.)  That professor thereafter executed an affidavit denying having given any such

permission to the plaintiff.  The professor, who has no jurisdiction outside The School of

Management, noted in his affidavit that he has no authority to authorize anyone to live on the

undergraduate campus.  See, Docket Entry No. 50-4.

Under the foregoing circumstances, since the information requested is entirely irrelevant

to the plaintiff's claims in this action, and since his actions present a security threat, Yale

University should not be compelled to provide a response to Request for Admission #19.

## II.    The Response to Request for Admission #14 is Appropriate.

Request for Admission #14 requests that the defendant admit that CHAS has no written procedures or policies, excluding the information available online at two website links.   The defendant admitted that the policies and procedures of CHAS are available at the two links identified in the Request for Admission, and that there are no other publicly available listings of the policies and procedures of CHAS.  (Docket Entry No. 126-1, p. 3-4.)  In his letter to the Court, the plaintiff complains that the defendant did not address the original statement.  (Docket Entry No. 126, p. 1.)  To the contrary, the defendant's response squarely addresses the statement made in the Request for Admission.   The plaintiff further argues: "Defendants represent that some information is available at links provided.  Without addressing what that information is, these links were explicitly excluded from this request.  Similarly, nothing in the original statement referred to 'publicly' available materials.  Plaintiff precisely propounded this request to establish whether any policies or procedures outside those listed exist, *in particular* if they are not public."  (Docket Entry No. 126, p. 1.)  The plaintiff propounded a request for admission, not an interrogatory.  The defendant is not obligated to provide additional information.  The defendant is only required to admit or deny the statement and, if necessary, qualify that admission or denial.  See, Rule 36(a)(4). This is exactly the manner in which the defendant responded to Request for Admission #14. Therefore, the plaintiff's motion to compel a different response should be denied.

## III.    The Defendant's Responses to Request for Admission ## 2, 4, 6, 7, 8, 9, 12, 13, 17, 18, 20 are Appropriate.

Without identifying any specific deficiencies, the plaintiff requests that the Court determine the sufficiency of the defendant's responses to Request for Admission ## 2, 4, 6, 7, 8, 9, 12, 13, 17, and 18. (Docket Entry No. 130, p. 5.)  The plaintiff only claims that the defendant provided "alternative statements and explanations that fail to take an unambiguous position to the

4

original request." Id.  Under Rule 36(a)(4), the defendant is permitted to qualify its admissions and denials as necessary.  The defendant responded to all of the requests for admission in this manner.  Since the defendant's responses are appropriate under the Federal Rules of Civil Procedure, the plaintiff's motion should be denied its entirety.

**IV.      The Request to Prevent the Defendant from Amending its Responses to Request for Admission ## 10, 11, 15, and 16 is Premature.**

Although the defendant has no present intention of amending or withdrawing its responses to Request for Admission ## 10, 11, 15, and 16, and does anticipate the need for such action, the plaintiff's request that the Court prevent the defendant from doing so in the future is premature. Rather, the Court should only address that issue if it arises.  Therefore, the plaintiff's request to prohibit the plaintiff from amending or withdrawing its responses to the May 6, 2020 Request for Admissions should be denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to determine the sufficiency of the defendant's responses to the May 6, 2020 Request for Admissions should be denied.

> **THE DEFENDANT,**
> **YALE UNIVERSITY**
>
>
>
> By:_____/s/_____
>         PATRICK M. NOONAN – CT00189
>         COLLEEN NOONAN DAVIS – CT27773
>         DONAHUE, DURHAM & NOONAN, P.C.
>         Concept Park
>         741 Boston Post Road, Suite 306
>         Guilford, CT  06437
>         Telephone:  (203) 458-9168
>         Fax:  (203) 458-4424
>         Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Patrick M. Noonan