**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

JAKUB MADEJ,
     Plaintiff,

    v.

YALE UNIVERSITY *et al.*,
     Defendants.

Civil Action No. 20cv133(JCH)

Jury Trial Demanded

AUGUST 2, 2020

**PLAINTIFF'S REPLY
<u>TO YALE UNIVERSITY'S OBJECTION (ECF #134)</u>**

Plaintiff Jakub Madej ("Jakub") submits this reply to Defendant Yale University's ("Yale") objections.

**I.**     **Binding Yale to Its Responses Is Not Premature, And Yale Offers No Reason Why It Might Be Premature**

Defendant asserts that conclusively establishing its responses to Requests ## 10, 11, 15 and 16 would be premature. Unfortunately, Yale fails to explain *why* it would be premature. It is unclear why narrowing the issues at dispute can *ever* be premature given that the purpose of Rule 36 is to "reduce trial time . . . [by] facilitat[ing] proof with respect to issues that cannot be eliminated from the case, and . . . narrow[ing] the issues by eliminating those that can be." <u>Fed. R. Civ. P. 36 advisory committee note</u>; <u>see Donovan v. Carls Drug Co.</u>, 703 F.2d 650, 652 (2d Cir. 1983) (overruled on other grounds) (observing that Rule 36 is intended to "narrow issues and speed the resolution of claims"). Yale offers no argument to the contrary, and cites no legal authority for its proposition that conclusively establishing facts admitted under Rule 36 may be premature under any circumstances. Instead, Yale's strategy is simply *not* to engage with facts.

Requests at bar are plain and simple, as are Yale's responses. Yale denied that it does not know how many students the Committee on Honors and Academic Standing withdrawn (# 15),

admitted that the Committee meets about twice a month during the regular academic year (# 16), and admitted that Mark Schenker has been Committee's chair since year 2000 (# 11). By submitting its answers, Yale's counsel certified that he made a reasonable inquiry into each matter. Fed. R. Civ. P. 36(a)(4). Yale offers no argument why the inquiry it conducted to date – assuming it did conduct some – was insufficient to conclusively answer these basic questions, and what factors could warrant a good faith modification in the future. Jakub seeks to establish some facts *conclusively* to constraint the scope of future discovery requests, and locate as many uncontroverted facts as possible. To serve that touchstone of requests under Rule 36, the Court should grant Jakub's motion.

## II.       Qualifications Require Good Faith, Which Yale's Answers Lack

Yale argues that it is permitted to qualify its admissions and denials "as necessary". Objection, at 6. No, it is not.

Under Rule 36(a)(4), a party may qualify an answer only when *good faith* requires a qualification. Fed. R. Civ. P. 36(a)(4). ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.") "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences." Valley Housing Limited Partnership v. City of Derby, No. 3:06CV1319 (RNC), at *1 (D. Conn. Jan. 17, 2008). Any qualifications should "provide clarity and lucidity to the genuineness of the issue and not to obfuscate, frustrate, or compound the references." Henry v. Champlain Enters., 212 F.R.D. 73, 78 (N.D.N.Y. 2003). When assessing the sufficiency of a party's responses, a court considers whether any qualifications are demanded

by, and made in, good faith. See, e.g., Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn.

1988).

A qualification is not a right whereby the responding party presents its theory of the case;

it is a privilege designed to be used sparingly for requests where a proper response genuinely

needs an additional explanation to prevent improper connotations. Here, Yale fails to inform us

what improper inferences could be drawn from admitting, or denying, that Yale University does

not require international students to obtain U.S. visitor/business visas (#4). Most likely, none. To

further obfuscate the matters, Yale mysteriously answers: "there is no requirement" but there are

"penalties for maintaining both simultaneously". Whose requirement is Yale referring to? What

penalties? (None where mentioned in the original request.) Who imposes the "penalties" on

whom and for what purpose? In what circumstances? Yale's response raises more questions than

it answers – and only obfuscates, frustrates, and compounds the references.

Even assuming *arguendo* that Yale's qualifications are procedurally proper, they could

not be motivated by good faith. And not merely because Yale introduced some "penalties" to the

controversy, which it is yet to show exist[1].

"Discovery is not the place for overly-nuanced, metaphysical distinctions. Adopting

Socrates' " the only true wisdom is in knowing you know nothing," one could reasonably deny

*all* requests for admission." Lamoureux v. Genesis Pharm. Servs., 226 F.R.D. 154, 163 (D.

Conn. 2004). Yale's answers are not mere admissions or denials; they are open statements that

sometimes refer to the subject matter of the request, sometimes not, rarely answer the original

---

[1] Plaintiff has requested, under Fed. R. Civ. P. 34, that Yale furnish documents "sufficient to prove that an international student is subject to penalties for maintaining both B1/B2 (visitor/business) and F-1 (student) visas." Yale is yet to provide any material, assuming it will be able to. Jakub has spent a significant amount of time on refuting this response, and intends to seek a full award of fees incurred if Yale fails to produce adequate proof to support its unlikely proposition.

question, and present general views on the topic. This may be a proper standard for an opinion

column in a published newspaper; it is remotely the proper standard for responding to requests

for admission under Federal Rule 36. "Our system of discovery, understandably, does not permit

such a practice". Id. Requests under Rule 36 are "intended to expedite the trial and to relieve the

parties of the cost of proving facts that will not be disputed at trial". Wright & Miller, 8B Fed.

Prac. & Proc. Civ. § 2252 (3d ed.). Either Yale requires international students to obtain visitor

visas, or Yale does not require international students to obtain visitor visas.

"[A] reviewing court should not permit a responding party to undermine the efficacy of

the rule by crediting ... hair-splitting distinctions whose unarticulated goal is unfairly to burden

an opposing party.'" Lamoureux, 226 F.R.D. at 163 (citing Thalheim v. Eberheim, 124 F.R.D. at

35). Yale's qualifications are exactly the type of hair-splitting distinctions the Magistrate

criticized in Thalheim. If Yale could not answer, deny, or assert lack of knowledge, it could have

objected to the request, suggest that it be narrowed in scope, or offer a *good faith* qualification to

the non-objectionable part. Here, Yale did neither.

For the foregoing reasons, the Court should deem Yale's evasive answers as binding

admissions for the remainder of these proceedings.


III.   **Request #14 Has Already Been Admitted by Virtue of Evasive Answer**

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure

to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Because Defendants' response to

Request #14 is obviously a non-answer, or "an evasive answer", the original request has been

already admitted under Rule 36(a)(3). Accordingly, the Court should hold the same.

**IV.     Request #19 Is Relevant, But Is Hereby Withdrawn**

Defendant objected "because this request has no possible relevance to this action." For the reasons that will be stated in a separate motion, Jakub withdraws a motion to compel a response to request #19. Therefore, the Court need not direct Yale to answer request #19. However, the Court should hold that the request is relevant, that a boilerplate objection asserting irrelevance is improper, and that future objections that fail to fairly explain the grounds for objecting will be automatically deemed a waiver of all objections.

First, this is not a copyright infringement case. This request does not call for a tricky answer. The source of the photograph is immaterial, and its esthetic qualities are not in dispute here. The burden of this dispute did not fall on the word "fair". Plaintiff simply wished to determine whether this is the defendant because the defendant refused to meet before this litigation commenced.

Second, courts in this Circuit have published decisions decrying boilerplate objections for years. Defendants seem not to have noticed them. "The Federal Rules call for the objecting party to 'state with specificity the grounds for objecting to the request, including the reasons.'" Benjamin v. Oxford Health Ins., Inc., Civ. No. 3:16CV00408(AWT), at *12 (D. Conn. Feb. 28, 2017), citing Fed. R. Civ. P. 34(b)(2)(B). "The objecting party must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'" In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 85 (D. Conn. 2005) (citing Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petrol. Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)). "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the

Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). "The party resisting discovery bears the burden of demonstrating that its objections should be sustained." Arroyo v. Dep't of Pub. Safety, CIV. No. 3:11CV268 (WWE), at *5 (D. Conn. July 30, 2012) (waiving boilerplate objections). "[P]at, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." Id. "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, No. 01 Civ. 07888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 22, 2003). "The City['s] … general, boilerplate objections to each of plaintiff's requests for production … violate Fed. R. Civ. P. 34(b)(2)(B) [and] are stricken." Leibovitz v. City of New York, 15 Civ. 546 (LGS)(HBP), at *6 (S.D.N.Y. Feb. 3, 2017) (collecting cases from other districts). "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy' while producing 'no documents and answering no interrogatories are a paradigm of discovery abuse." Tourtelotte v. Anvil Place Master Tenant, LLC, CIV. No. 3:11CV1454 (WWE), at *4 (D. Conn. Nov. 9, 2012).

Here, Defendants choose not to answer a question to further the "wars of discovery attrition". Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168, 168 (N.D. Iowa 2017) (issuing order to show cause why counsel should not be sanctioned for discovery abuse) (labeling boilerplate objections as a "menacing scourge on the legal profession"). Accordingly, the Court should instruct *both* parties that future usage of boilerplate objections that are nothing

more than a product of "copy pasting" (copying identical objections from previous documents *verbatim* without any forethought) will be automatically waived.

## V.    Conclusion

To promote a resolution on the merits and to facilitate further discovery, the Court should grant plaintiff's original motion with modifications proposed above.

Dated:    August 2, 2020                     Respectfully submitted,

By: /s/ Jakub Madej_____
     Jakub J. Madej
     LAWSHEET
     415 Boston Post Rd Ste 3-1102
     Milford, CT 06460
     T: (203) 928-8486
     F: (203) 902-0070
     E: j.madej@lawsheet.com