1UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | AUGUST 4, 2020 |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

The defendants hereby move to compel the plaintiff to respond to the defendants' June 11, 2020 Requests for Admission and June 27, 2020 Supplemental Requests for Production to Plaintiff.[1]  The defendants also move to compel the plaintiff to produce a Damages Analysis in accordance with the Federal Rules of Civil Procedure.

## I.     Requests for Admission

### A.     Request for Admission #1

The plaintiff did not provide a response to Request for Admission #1, which states: "You were placed on Academic Warning after the conclusion of the Spring, 2019 term because you had failed to earn more than two credits in that term."[2]  (Ex. A.)  This Request for Admission is directly related to the plaintiff's claims, because it relates to the circumstances leading to the plaintiff's

---

[1] When defense counsel contacted Judge Hall's chambers to inquire about the method of sending a letter to Judge Hall pursuant to the Standing Order Regarding Discovery prior to filing a motion to compel, defense counsel was instructed to simply file a motion to compel.

[2] The defendants' June 11, 2020 Requests for Admission are attached hereto as Exhibit A.  The defendant does not include Exhibit C to the Requests for Admission because that document has been filed under seal.  Exhibit C has already been submitted to the Court.  See, ECF No. 27.

withdrawal from Yale University.  The defendants request an order compelling the plaintiff to provide an answer to Request for Admission #1.

      B.      <u>Requests for Admission ## 2, 13, 18</u>

The plaintiff objects to Requests for Admission ## 2, 13, and 18 which concern certain provisions of the Yale College Programs of Study, stating: "Plaintiff lacks knowledge to answer this request because plaintiff does not know what defendants refer to by 'Yale College Programs of Study'.  Accordingly, plaintiff cannot ascertain what is meant by 'responsibility' under the 'Programs of Study'.  Assuming that defendants refer to some internal Yale College documents, defendants have never provided him with the 'Programs of Study'."[3]  (Pl. Responses, ¶¶ 1, 12, 17.)  The plaintiff's feigned "lack of knowledge" is lacking in merit.  The plaintiff himself submitted Section J of the Yale College Programs of Study as Exhibit 4 in support of his motion for preliminary injunction and titled the exhibit as "Yale College Programs of Study, part J." in his exhibit index.  (ECF No. 23.)  The defendants submitted Sections D and I of the Yale College Programs of Study in support of their opposition to the plaintiff's motion for preliminary injunction.  (ECF No. 37, Ex. A.)  There is no question that the plaintiff is aware of, and familiar with, the Yale College Programs of Study, which is available on Yale University's website at http://catalog.yale.edu/archive/2019-2020/pdf/2019-20-ycps.pdf.  Requests for Admission ## 2 and 13 refer to Section I of the Yale College Programs of Study, which the defendants already provided to the plaintiff on March 9, 2020 with their Brief in Opposition to Emergency Motion for Preliminary Injunction.  Therefore, the plaintiff should be compelled to either admit or deny Requests ## 2, 13, and 18.

---

[3] Since the plaintiff did not respond to Request for Admission #1, all of his responses to the Requests for Admission are misnumbered.  When the defendants attempted to provide the Court with a copy of the plaintiff's responses, defense counsel discovered that the plaintiff had secured and password protected the document so that defense counsel cannot copy it, print it, or upload it to PACER.  Defense counsel has asked the plaintiff to provide an unsecured document so that the defendants can provide the same to the Court as soon as it is received.

C.    Requests for Admission ## 5, 7, 15, 18

In his objection to Requests ## 5, 7, 15, and 18, the plaintiff claims that he is unable to answer these requests because he does not have access to his Yale inbox.  (Pl. Responses, ¶¶ 4, 6, 14, 17.)  It is true that the plaintiff's e-mail access was briefly turned off due to his involuntary withdrawal, but that access was restored four months ago at the plaintiff's request.  On March 26, 2020, the plaintiff texted defense counsel to indicate that he did not have access to his Yale e-mail. Defense counsel responded later that day by e-mail, indicating that the access had been restored.[4] To the defendants' knowledge, the plaintiff was without access to his Yale e-mail for only a few hours on March 26, 2020.  The plaintiff has not complained to defense counsel that he does not have access to his Yale e-mail since March 26, 2020.

It should also be noted that the plaintiff is in possession of all of the documents referenced in Requests for Admission ## 5, 7, 15, and 18.  The May 31, 2019 letter and the November 22, 2019 and December 5, 2019 e-mails were attached to the Requests for Admission.  See, Ex. A, p. 6-9.  These documents were also provided to the plaintiff on March 9, 2020 with the defendants' opposition to the plaintiff's motion for preliminary injunction as Exhibits E and J, respectively.  (ECF No. 37.)  The January 6, 2020 letter and the January 8, 2020 petition were submitted by the plaintiff in support of his motion for preliminary injunction as Exhibits 25 and 24, respectively.  (ECF Nos. 23, 27.)  Thus, even if the plaintiff did not have access to his Yale inbox – which he does – the plaintiff would still be able to reference the documents and provide answers.

Since the plaintiff has had access to his Yale e-mail throughout the pendency of this action, with the exception of a few hours on March 26, 2020, and he is in possession of the documents referenced in Requests for Admission ## 5, 7, 15, 18, he should be compelled to admit or deny

---

[4] A copy of the March 26, 2020 e-mail is attached hereto as Exhibit B.

those Requests for Admission.

        D.      <u>Requests for Admission ## 6, 7, 8, 10</u>

The plaintiff argues that Requests for Admission ## 6, 7, 8, and 10 are irrelevant and that Professor Michael Schmertzler has no relevance to this action.  (Pl. Responses, ¶¶ 5, 6, 7, 9.)  Those requests discuss the circumstances that led to the plaintiff receiving a grade of F while on Academic Warning, which then resulted in the plaintiff's withdrawal from Yale University. Requests for Admission ## 6, 7, 8, and 10 are clearly relevant to the plaintiff's claims and the defendants' defense of this action.  For this reason, the plaintiff should be compelled to admit or deny these requests for admission.

        E.      <u>Requests for Admission ## 16, 17, 18, 19, 20</u>

Requests for Admission ## 16, 17, 18, 19, and 20 all refer to the plaintiff's January 8, 2020 petition to CHAS.  The plaintiff objects to Requests for Admission ## 16, 17, 19, and 20, stating: "Plaintiff lacks knowledge to answer that question.  Defendants failed to furnish him any written regulations, policies, or procedures on or before January 8, 2020.  Accordingly, plaintiff does not know what constitutes 'submitting' a 'petition', and what qualifies as 'petition' to 'CHAS'.  Yale never provided plaintiff with such regulations, also throughout this discovery.  Plaintiff will respond to defendants' request after he is provided with written policies that were in place on or before January 8, 2020." (Pl. Responses, ¶¶ 15, 16, 17, 19.)  He objects to Request for Admission #18 by referencing his objection to Request for Admission #2 and claiming that he is unable to answer these requests because he does not have access to his Yale inbox.[5]  (Pl. Responses, ¶ 18.)

Requests for Admission ## 16, 17, 18, 19, and 20 refer to a document drafted by the plaintiff and submitted to CHAS.  The plaintiff also submitted the document to the Court in support

---

[5] This latter objection was addressed in Section C above.

of his motion for preliminary injunction.  (ECF Nos. 23, 27.)  The defendants attached a copy of the plaintiff's petition to the Requests for Admission, and the plaintiff admitted that he authored the document.  (Pl. Responses, ¶ 19.)  Requests for Admission ## 16, 17, 18, 19, and 20 can all be answered simply by reading the plaintiff's petition.  The plaintiff does not need to review any policies or other documents to answer those requests.  Since Requests for Admission ## 16, 17, 18, 19, and 20 reference a document drafted and submitted by the plaintiff, and which is in the plaintiff's possession, the plaintiff should be compelled to admit or deny those requests for admission.

## II.    <u>Supplemental Requests for Production</u>

The June 27, 2020 Defendants' Supplemental Requests for Production to Plaintiff seek "all recordings, audio, video, or otherwise, from the body camera you wore while present on Yale University campus in June, 2020" and "all recordings, audio, video, or otherwise, of statements Yale police officers made to you, as referenced in your June 18, 2020 e-mail to Attorney Patrick M. Noonan."[6]  (Ex. C, p. 1.)  The plaintiff objects to these requests, claiming that they are not relevant.[7] (Ex. D, p. 1-2.)  To the contrary, the recordings are relevant to the plaintiff's credibility.  As to the plaintiff's objection that the requested recordings were "created months after events alleged in plaintiff's complaint," it should be noted that the plaintiff requested, and the defendants produced, the camcorder images with the plaintiff's interaction with the Yale Police Department on March 17, 2020, which occurred at least two months after the events alleged in the plaintiff's complaint.

The supplemental requests also request "all recordings, audio, video, or otherwise, capturing any statement or conduct of any employee or agent of Yale University between August, 2016 and the

---

[6] A copy of the Defendants' Supplemental Request for Production to Plaintiff is attached hereto as Exhibit C.

[7] The plaintiff's objections are attached hereto as Exhibit D.

date of trial." (Ex. C. p. 2.)  The plaintiff again objects on relevancy grounds, (Ex. D, p. 3), and the defendants maintain that the requested recordings are relevant to the plaintiff's credibility.  The plaintiff also objects to the breadth of the request, suggesting that the request seeks every picture, video, and e-mail the plaintiff has taken since 2016.  The request is not so broad.  It clearly does not seek pictures or e-mails.  Nor does it seek every video the plaintiff has recorded.  Contrary to the plaintiff's assertion, the request does not refer to recordings of the plaintiff's friends; rather it is limited to video or audio recordings of employees or agents of Yale University.  The plaintiff's friends would not be considered agents of Yale University.  Assuming that the plaintiff did not have a practice of recording his interactions with Yale employees and agents, the defendants would expect that the number of responsive recordings would be quite small.

Since the recordings requested in the supplemental request for production are relevant to the plaintiff's credibility, the plaintiff should be compelled to produce them.

## III.   Damages Analysis

Rather than e-mailing defense counsel, the plaintiff mailed a disk containing only a one page pdf file that purported to be a damages analysis to defense counsel's office.[8]  It is not a "damages analysis," but a demand without any analysis.  Defense counsel e-mailed the plaintiff to request that he provide a damages analysis in accordance with the Federal Rules, but the plaintiff never replied.[9]  The defendants hereby request that the plaintiff be ordered to produce a damages analysis that includes a computation of each category of damages he claims in this action and a description of the documents or other evidentiary material on which his computations are based. See, Rule 26(a)(1)(iii).

---

[8] A copy of the document is attached hereto as Exhibit E.

[9] A copy of the July 24, 2020 e-mail is attached hereto as Exhibit F.

**<u>CONCLUSION</u>**

For the foregoing reasons, the defendants request that the Court order the plaintiff to comply with the defendants' June 11, 2020 Requests for Admission and June 27, 2020 Supplemental Requests for Production to Plaintiff.  The defendants also request that the plaintiff be compelled to produce a damages analysis in accordance with the Federal Rules of Civil Procedure.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:_____/s/_____
      PATRICK M. NOONAN – CT00189
      COLLEEN NOONAN DAVIS – CT27773
      DONAHUE, DURHAM & NOONAN, P.C.
      Concept Park
      741 Boston Post Road, Suite 306
      Guilford, CT  06437
      Telephone:  (203) 458-9168
      Fax:  (203) 458-4424
      Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan
