## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JAKUB MADEJ** | **CIVIL ACTION No. 3:20-cv-00133-JCH** |
| **Plaintiff,** | |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **YALE UNIVERSITY** *et al.* | |
| **Defendants.** | **JULY 20, 2020** |

### ANSWERS TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, Plaintiff Jakub Madej answers and objects the following Requests for Admission that Defendants propounded on him on June 24, 2020.

1.  Please provide copies of all recordings, audio, video, or otherwise, from the body camera you wore while present on Yale University campus in June, 2020, as stated in your June 4, 2020 e-mail to Attorney Patrick M. Noonan.

    **OBJECTION:** Plaintiff objects to this request because it falls outside the scope of discovery permitted under Federal Rule 26. Generally, any party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". *Fed R Civ P 26(b)(1)*. No claim included in plaintiff's amended complaint is relevant to the material defendants now request. Defendants fail to cite any such claim. Neither do they explain why this request might be related to plaintiff's complaint. Carefully examining the record reveals that defendants asserted no defenses in this action. Accordingly, no material they seek can be related to these non-existing defenses.

    Plaintiff certifies that he is withholding responses material on the basis of this objection.

Please note that a party who receives an objection response to part or all of its request may redraft the request to eliminate the objections or may attempt to negotiate with the responding attorney to reach a compromise on disclosure.

2.      Please provide copies of all recordings, audio, video, or otherwise, of statements Yale police officers made to you, as referenced in your June 18, 2020 e-mail to Attorney Patrick M. Noonan.

**OBJECTION:** Plaintiff objects to this Request for Production on the ground that it has no possible relevance to this action and there is no basis for requiring the plaintiff to inform the defendant of any recordings, audio, video, or otherwise. Whatever material Mr. Noonan might be referring to, it has no relevance to any allegations alleged in plaintiff's complaint. Defendants fail to cite any portion of the record to justify why plaintiff should provide material created months after events alleged in plaintiff's complaint.

Plaintiff further objects to this request because it falls outside the scope of discovery permitted under Federal Rule 26. Specifically, any party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". *Fed R Civ P 26(b)(1)*. No claim included in plaintiff's amended complaint is relevant to any recordings of Yale Police Officers. Defendants fail to cite any such claim. Neither do they explain why this request might be related to plaintiff's complaint. Carefully examining the record reveals that defendants asserted no defenses in this action. Accordingly, no material they seek can be related to these non-existing defenses.

Plaintiff certifies that he is withholding material on the basis of that objection.

3.      Please provide copies of all recordings, audio, video, or otherwise, capturing any statement or conduct of any employee or agent of Yale University between August, 2016 and the date of trial.

**OBJECTION:** Plaintiff objects to this request to the extent that it fails to describe the material sought with reasonable particularity. No reasonable person could comprehend what defendants are requesting that plaintiff provides to them, and why would that be relevant to this action. Plaintiff has been employed at Yale University for four years, as have plaintiff's numerous friends and mentors. Is Yale asking for every picture plaintiff has taken, every video plaintiff has recorded, and every email plaintiff has taken since 2016? Every memorialized conversation plaintiff had with anyone since 2016? Plaintiff further objects to this request because this material is not immediately available to plaintiff, and compiling it would take weeks to work out. Fully answering this request would take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Plaintiff doubts whether fully answering this request is even possible.

Plaintiff further objects that defendants failed to define the word "agent". Yale has used this word liberally throughout discovery, and plaintiff cannot conceive of what defendants might be specifically referring to.

Plaintiff further objects because this request does not fall within the scope of Rule 26(b)(1) in that it is not relevant to any party's claim or defense, and the information is not proportional to the needs of the case considering the lack of importance of this alleged information to the issues at stake in the action, the parties' relative access to this information and whether the burden and expense of a response to this Request for Admission outweighs the likely benefit.

Plaintiff further objects because this request asks for material created in the future. Defendants asks for materials until "the date of trial", which has not taken place. In fact, a trial has not been scheduled in this case. Plaintiff is incapable of accessing a material he has not yet created. Upon information and belief, every human lacks that ability.

Plaintiff certifies that he is withholding responsive material on the basis of this objection.

Please note that a party who receives an objection response to part or all of its request may redraft the request to eliminate the objections or may attempt to negotiate with the responding attorney to reach a compromise on disclosure.


Dated: July 20, 2020 in New Haven, Connecticut.

Respectfully submitted,
/s/ Jakub Madej

Jakub Madej
1700 Santa Fe Avenue #845
Long Beach, CA 90813
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

## CERTIFICATE OF SERVICE

I certify that I sent a true and correct copy of the attached Answers, together with all attachments and exhibits, via email and certified mail on July 20, 2020 to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
E: PNoonan@ddnctlaw.com
T: (203) 245-1678
F: (203) 458-4424

/s/ Jakub Madej