IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY et al.<br>    Defendants. | Civil Action No.<br>3:20-cv-00133 (JCH)<br><br>JURY TRIAL DEMANDED<br><br>AUGUST 4, 2020 |

**PLAINTIFF'S REPLY TO
DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

  Interrogatories at bar concern fairly simple facts: how many students were withdrawn from Yale University, when were they withdrawn, and how does the University know this information. Not having received any responses on time, plaintiff moved to compel answers, all objections waived for untimeliness. A week later, defendant filed an unverified response claiming it already served these responses on plaintiff – on three (!) separate occasions. Fundamental logic falls apart here: why would plaintiff move to compel production of a material that was already provided? Why would a candid party ignore repeated attempts to confer before a motion is filed, only to later claim – in an unverifiable statement – that it had provided responses two months ago? Defendant points at "plaintiff's busy travel schedule", plaintiff "not hav[ing] a fixed address for receiving mail" or plaintiff's "refus[ing] to look at his … e-mail address [sic]". Its counsel hopelessly declares: I am "prevented from reliably providing communications to plaintiff."

  These contrived theories fail to obfuscate the unpleasant truth: defendant did not object on time, nor did it intend to, because this defendant has no interest in any resolution on the merits. To this end, defendant's counsel is unabashedly misleading the court, hoping to discredit a twenty-four-year-old foreign student, and force him to surrender in a quest for truth against a

centuries-old corporation that affords to spend $4.2 billion every year. Ultimately, none of Yale's "arguments" pass the smell test.

## I.   Legal Standard

Interrogatories are designed to narrow the scope of litigation, reduce the element of surprise, avoid unnecessary discovery and minimize the expense. Trueman v. New York State Canal Corp., 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010). The responding party must serve its answers and any objections on every other party within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). Rule 5 governs the service of discovery papers. Fed. R. Civ. P. 5(a). The touchstone of service within the meaning of Rule 5 is *delivering* a message to the opposing party because "every party not in default is entitled to receive notice of each step taken in the action." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1143 (4th ed.). One dictionary defines service as "formal *delivery* of … pleading, or notice to a litigant or other party interested in litigation; the legal *communication* of a judicial process." (emphasis added). Black's Law Dictionary (11th ed. 2019).

It is well-established that failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown. Fed. R. Civ. P. 33(b)(4). See, e.g. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536 (D. Conn. 2006) (filing objections 22 days after agreed–upon extended deadline waived all objections, including those based on attorney–client privilege); Senat v. City of New York, 255 F.R.D. 338 (E.D.N.Y. 2009) (waiving all objections) (collecting cases).

"The time limits set forth in the Federal Rules of Civil Procedure are *not* optional. They are mandatory for all litigants—large or small, public and private." Billups v. West, No. 95 Civ.

1146, 1997 WL 100798 (S.D.N.Y. Mar. 6, 1997), at *2. (quoted in Berube v. Great Atl. & Pac. Tea Co., Inc., No. 3:06cv197(PCD), 2006 WL 3826702, *5 (D. Conn. Nov. 30, 2006)) (emphasis added). "Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests." Id. "[B]elated compliance does not insulate a party from sanctions." Underdog Trucking, L.L.C. v. Verizon Services Corp., 273 F.R.D. 372, 379 (S.D.N.Y. 2011) (awarding fees and costs when "failure to produce the requested documents [was] not justified") (indicating that Rule 37 (a)(5)(A) contains no bad faith requirement).

Sanctions under Rule 37 are designed to ensure that a party does not benefit from its own failure to comply, to obtain that party's compliance and deter future non-compliance, and to deter other litigants who are "is in some sense at fault" from obstructing the discovery process. Novak v. Yale Univ., Civ. No. 3:14CV00153(AWT), at *6 (D. Conn. Nov. 20, 2015) (citing Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988)). This district imposes sanctions on a party that unreasonably opposes discovery sought under the existing law, which prompted filing a motion. Local Rule 37(c). The court *must* impose reasonable expenses, including attorney's fees, if a party unreasonable opposed discovery, unless the nondisclosure was "substantially justified". Fed. R. Civ. P. 37(a)(5)(A). (emphasis added). See Advisory Committee Notes to 1970 Amendment (costs award is mandatory unless court finds that non-moving party acted justifiably); Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y.1995). To determine whether a party was "substantially justified" in resisting discovery, courts in the Second Circuit apply "an objective test of reasonableness". Id. Conduct may be substantially justified if there was a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011).

## II.   Defendant Failed to File Timely Responses to Plaintiff's Interrogatories, and Waived Any Objections It Might Have.

Defendant failed to serve timely responses before the final deadline of June 29, 2020, which the Court already extended at defendant's request. Any objections served after June 29 are untimely. Affidavit ECF #129-2, at 6. It is undisputed that plaintiff did not receive any responses until at least July 13. Id., at 11. On July 21, Defendant first claimed that it had already responded three times. In this dispute plaintiff contested that service was made because he moved to compel. The defendant thus bears the burden of establishing that proper service was, in fact, made. Here, Yale failed to meet this burden.

First, Yale offers no verifiable proof of when and how it effectuated the alleged service but unsworn words of its counsel. Yale presented what purports to be an email. ECF #134, Exhibit A. The attached file bears a date "JUNE 11, 2020". This depiction does not indicate that responses were served, or even created on June 11, 2020. Yale also provided what looks like a letter, but the court may only wonder where was it sent, or what was inside the envelope. The "receipt" is missing even a postal stamp, and defendant concedes the letter was returned. The court cannot independently examine if this "email" was ever sent; neither should this Court be forced to examine postal forms at detail. Effectively, the court can only rely on representations of counsel[1]. Yale's story here, to use a non-legal term, "does not add up".

Second, Plaintiff executed an affidavit certifying that he never received the objections. Affidavit ECF #129-2, at 10, 11. Defendant's counsel made no genuine attempt to reconcile the clearly incompatible facts: that is, one party moved to compel a response but the other party

---

[1] In this calculus of persuasion, a self-represented party must statistically satisfy a higher standard.

claims to have served a response on multiple occasions before the motion was filed. Notably, counsel inserted factual assertions in a pleading, or a response brief, without referring to any part of the record. This is not a proper way of providing facts based on a personal knowledge in a fact-oriented dispute. Conspicuously absent from defendant's submission is an affidavit or a declaration, which is the highest standard of proof about facts based on personal knowledge. Indeed, counsel failed to submit a certification or an attorney affidavit, though he clearly had personal knowledge about all disputed facts.

Third, affixing a certificate of service is mandatory for papers filed with the court. Fed. R. Civ. P. 5(d)(1)(B)(i). None is attached to defendant's exhibits. The only attached "certification", i.e. at the end of responses defendant provided, tells us nothing: it claims to certify e-mailing "on the above-written date" but no date appears above it. Objection, at 6. Counsel did not file a notice on the record when he claims to have served plaintiff, which would be an uncontroverted proof of service in this dispute. Fed. R. Civ. P. 5(d)(1)(B). Counsel refused to provide an affidavit certifying service upon an informal request, and after plaintiff submitted one on the record[2]. (ECF #135). Notwithstanding these blatant deficiencies, counsel persists in asserting that timely service was made. Why would anyone asserting facts so simple and within his personal knowledge refuse to say them under oath? Surely not because "there is no requirement".

Fourth, Yale's response brief fails to comply with Local Rule 37 in virtually every aspect. Counsel failed to attach an affidavit certifying that he conferred in good faith to resolve the

---

[2] Counsel calls this request „a motion". Of course, it is not a motion because Jakub did not ask for any relief from the Court. Instead, Jakub directed a specific request to the *defendants*, in a manner and time that would later be uncontroverted for the Court. When a dispute can be resolved without judicial intervention, it should be – as it is better for the parties, and better for the Court.

dispute without filing an objection. Nor does counsel address any failed attempts at conferral that plaintiff provided in his affidavit, all of which resulted in filing the present motion to compel.

Fifth, Yale's objection lacks any legal argument explaining, for example, why the alleged service satisfied the requirements of Rules 5 and 33. Yale knew that plaintiff clearly did not receive the responses within 30 days of service. The Court should overrule Yale's objection based on a missing memorandum of law alone, consistent with Local Rule 7(a).

For the reasons stated above, Yale failed to establish timely service. Its objections are thus waived, pursuant to Fed. R. Civ. P. 33(b)(4). The Court should hold the same.

### III. Defendant Has Not, And Cannot Establish Good Cause to Bring Back its Right to Object.

Yale failed to offer an argument, based on either fact or law, why good cause might excuse its noncompliance. If anything, all customary indicia of willful non-compliance are present here: unanswered follow-ups, high-handed refusals to meet and confer, and implausible explanations of irreconcilable facts. Indeed, counsel did not address plaintiff's three attempts to confer, all of which were left unanswered. Affidavit ECF #129-2, at 6, 7, 9, 10. Instead, Yale offers disingenuous explanations that its counsel is "prevented from reliably providing communications to plaintiff [sic]". But counsel made no effort to confer and resolve the dispute after the cut-off date, send its responses electronically, via telephone or using a fax. All these details are readily available to counsel. For the foregoing reasons, Yale cannot establish good cause why waiver of objections might be excused in light of its blatant refusals to communicate.

### IV. Sanctions Are Warranted Because Yale's Position Is Neither Justified nor Warranted Under Existing Law

We already know plaintiff received no timely responses. Defendants previously indicated in their status report that responses in dispute were provided on June 11. (ECF #114, at 2). This representation was never true. Suspecting yet another discovery trick in the making, plaintiff included it in his report. (ECF #115, at 3). Immediately afterward, he executed a sworn statement certifying that (i) he included the representation above in his report when, in fact, (ii) he has not received any responses; and (iii) he suspects counsel will later attempt to claim to have provided the responses on some date *before* these words were put on paper. Exhibit A, at 8-9. On July 1, Jakub again notarized a similar statement. Exhibit B. Voilà! Three weeks later, yet another motion to compel being filed with the court, counsel represented to the Court that he had already provided the responses, exactly on June 11, and attached an email. Plaintiff, reportedly, "refused to look at his … e-mail address" and "block[ed] defense counsel's e-mails". Enough is enough.

Counsel persisted with his contrived theory even after being informally urged not to offer false statements to the Court. ECF 133-4, at 1. ("I encourage you to be honest with the Court. Otherwise, I will.") Offering false statements to the Court to preserve a right to object someone already waived is not only unwarranted under existing law. It is also unethical.

Yale is represented by a sophisticated, experienced lawyer who is expected to know and follow the rules. Moreover, Yale's lawyer knows that there are consequences for failing to follow those rules. Yet counsel nonetheless chose to not to follow those rules. Instead, he advocated claims he knew to be false. This Court should demand that counsel stop making false statements. This conduct not only undermines the integrity of these proceedings but, more worryingly, tarnishes the reputation of the entire legal profession.

Because Yale's conduct resulted in filing an unnecessary motion, Yale opposed the motion based on false facts, and the Court has to waste its time on this specious dispute-in-a-dispute, appropriate Rule 37 should be imposed on defendant and its counsel.

## V.     Conclusion

Defendant failed to establish timely service, demonstrate good cause against already waived objections, or explain how its noncompliance is justified. Instead, its counsel continues to advocate false representations to the court to this day. Discovery cannot proceed with minimal judicial intervention – as it should – when one party plays by its own discovery rules: backdates documents, deceives the tribunal, harasses the opposing party on the record, and flouts ethical rules. There is zealous advocacy, and there is misconduct. When a lawyer advances facts he knows to be false to influence the Court, he already crossed that boundary.

This Court should hold that any objections are waived, order defendants to respond to all interrogatories within 14 days, award plaintiff his fees and costs, and fashion an appropriate sanction to deter future discovery misconduct. To the extent the Court finds that an award is, in some part, unavailable to the self-represented plaintiff, the Court should make the award to a local bar association, or to the Court itself[3].

| | |
|---|---|
| Dated:   August 4, 2020<br>          New York, NY | Respectfully submitted,<br><br>By: /s/ Jakub Madej<br>     Jakub J. Madej<br>     LAWSHEET<br>     415 Boston Post Rd Ste 3-1102<br>     Milford, CT 06460<br>     T: (203) 928-8486<br>     F: (203) 902-0070 |

---

[3] Plaintiff will provide an affidavit and receipts for all expenses incurred if the motion is granted.

E: j.madej@lawsheet.com

*Counsel for Plaintiff*