UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ<br><br>PLAINTIFF<br><br>v.<br><br>YALE UNIVERSITY, MARVIN CHUN,<br>MARK SCHENKER, PETER SALOVEY AND<br>JESSIE ROYCE HILL<br><br>DEFENDANTS | CIVIL ACTION NO.<br>3:20-cv-00133-JCH<br><br><br><br><br><br><br><br><br>AUGUST 11, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA AND NOTICE OF VIDEOTAPED DEPOSITION

On the afternoon of August 3, 2020, Keshav Raghavan notified defense counsel which he received, via certified mail to his home address that day, a subpoena that commanded him to appear at a deposition on August 17, 2020 at 231 Hudson Street, SoHo, New York and to produce "documents in your possession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates."[1] Yale University's motion to quash the subpoena and notice of deposition should be granted for four separate reasons: (1) the plaintiff failed to comply with Rule 45 of the Federal Rules of Civil Procedure; (2) the subpoena is in direct contravention of Judge Hall's order; (3) the subpoena and notice of deposition subject Mr. Raghavan to an undue burden; and (4) the production requests are duplicative of the requests for production previously sent to Yale University and Mark Schenker.

---

[1] The plaintiff did not provide defense counsel with a copy of the subpoena until 2:26 a.m. on August 4, 2020. Copies of the e-mail and the attached notice of deposition and subpoena are attached hereto as Exhibit A.

**I.      The Plaintiff Failed to Comply with Rule 45 of the Federal Rules of Civil Procedure.**

Rule 45(a)(4) of the Federal Rules of Civil Procedure provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then <u>before</u> it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  (Emphasis added.)  Mr. Raghavan notified defense counsel at approximately 2:15 p.m. on August 3, 2020 that he had received a subpoena via certified mail to his home address that day.  Prior to that time, defense counsel had not received any notice that the plaintiff intended to serve a subpoena on Mr. Raghavan.  In fact, the plaintiff did not provide defense counsel with a copy of the subpoena until 2:26 a.m. on August 4, 2020, and provided that notice only after defense counsel had e-mailed the plaintiff about the subpoena directed to Mr. Raghavan.[2]  (Ex. A, B.)  The Notice of Videotaped Deposition is dated August 4, 2020 and gives notice that a subpoena will be served on Mr. Raghavan on August 2, 2020, or soon thereafter.  (Ex. A, p. 2.)  Since the plaintiff did not comply with Rule 45(a)(4), the subpoena should be quashed.

**II.     The Subpoena is in Direct Contravention of Judge Hall's Order.**

On May 29, 2020, Judge Hall ordered:

> Going forward, as discussed on the record, Mr. Madej should not attempt to contact any person whom Attorney Noonan has informed Mr. Madej, through the following process: "If Attorney Noonan forwards to Mr. Madej, by e-mail, a copy of a writing signed by any person that may have some knowledge about the matters in this case, which writing states that they wish Attorney Noonan to represent them in connection with this case, and Attorney Noonan represents that 1) he, Attorney Noonan, has accepted the request to represent the person in the attached correspondence, and 2), he, Attorney Noonan, will accept service of any papers or discovery requests intended for that person, then Mr. Madej may only contact that person through Attorney Noonan.  As discussed on the record, a writing by an

---

[2] A copy of the e-mail correspondence between defense counsel and the plaintiff regarding the subpoena directed to Mr. Raghavan is attached hereto as Exhibit B.

2

> individual agreeing to have Attorney Noonan represent them may be an e-mail with an address identifying that person or a document signed by a digital signature, or a written/typed communication.  This order is not limited to the five individuals who have received subpoenas.

(Docket Entry No. 104.)  In accordance with Judge Hall's order, on May 31, 2020, defense counsel e-mailed the plaintiff to inform him that eleven individuals, including Mr. Raghavan, had asked defense counsel to represent them in this matter and that defense counsel had agreed to do so.  Defense counsel also waived any requirements that the eleven individuals be personally provided with any pleadings, documents and communications.  Defense counsel agreed to have all such materials sent to him instead of the individuals.[3]  (Ex. C.)

Since the plaintiff was aware that Mr. Raghavan was represented by defense counsel in this matter and that defense counsel had agreed to accept service on behalf of Mr. Raghavan, pursuant to Judge Hall's order, the plaintiff should not have sent the subpoena to Mr. Raghavan.  Rather, the plaintiff should have communicated with defense counsel via e-mail regarding his intent to depose Mr. Raghavan.  Since the subpoena is in direct contravention of Judge Hall's order, the motion to quash should be granted.

### III.    The Subpoena and Notice of Deposition Subject Mr. Raghavan to an Undue Burden.

Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure requires the Court to quash or modify a subpoena that "subjects a person to undue burden."  The subpoena commands Mr. Raghavan, who resides in Connecticut, to appear for an in person deposition in SoHo, New York on August 17, 2020.  (Ex. A, p. 4.)  Given the COVID-19 pandemic, these directives subject Mr. Raghavan to an undue burden.  Mr. Raghavan is not comfortable traveling to New York or appearing at a deposition in person given the health risks due to the virus.  Rule 26(b)(1) of the

---

[3] A copy of the May 31, 2020 e-mail is attached hereto as Exhibit C.

Federal Rules of Civil Procedure specifies that discovery is permitted only for information that is "relevant to any party's claim or defense and proportional to the needs of the case." The rule also stipulates that the trial court should consider "the importance of the discovery in resolving the issues, and whether the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Mr. Raghavan recused himself from voting on the plaintiff's petition because he had had prior contact with the plaintiff; thus, he has no information relevant to the plaintiff's claims since he did not participate in the discussion or the decision of CHAS rejecting the plaintiff's petition to reverse the two semester involuntary withdrawal. Given this fact, he should not be required to travel out of state or participate in an in person deposition. Indeed, there is no basis for deposing him at all, since he was not in any way involved in the decision. If Mr. Raghavan is to be subjected to a deposition at all, the defendant requests that the deposition proceed via Zoom at a mutually convenient time to ensure the safety of all participants. Since Mr. Raghavan, a non-party, is subjected to an "undue burden" within the meaning of Rule 45, the motion to quash should be granted.

**IV.     The Production Requests are Duplicative of the Requests Sent to Yale University and Mark Schenker.**

The subpoena directs Mr. Raghavan to produce "[d]ocuments in your posession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates."  (Ex. A, p. 4.)  As a student member of the Committee on Honors and Academic Standing, Mr. Raghavan personally does not have any responsive documents.

The plaintiff directed similar requests for production to Yale University and Mark

4

Schenker.[4]  On July 27, 2020, the plaintiff asked Yale University to "[p]roduce the faculty legislation that established the Committee on Honors and Academic Standing."  (Ex. D, p. 1.)  Yale University's responses are not due until August 26, 2020.  On July 28, 2020, the plaintiff asked Dean Schenker to "[p]roduce documents sufficient to persuade a reasonable juror that the Committee on Honors and Academic Standing at Yale College 'does it work via written statements and documents'."  (Ex. D, p. 3.)  Dean Schenker objected to the requests directed to him on July 30, 2020.[5]  (Ex. E.)  Since the plaintiff has already propounded discovery requests to two defendants requesting production of the documents sought in the subpoena directed to Mr. Raghavan, the production requests in the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, Yale University's Motion to Quash Subpoena and Notice of Videotaped Deposition of Mr. Raghavan should be granted.

        THE DEFENDANT,

        YALE UNIVERSITY

        By:_____/s/_____
        PATRICK M. NOONAN – CT00189
        COLLEEN NOONAN DAVIS – CT27773
        DONAHUE, DURHAM & NOONAN, P.C.
        Concept Park
        741 Boston Post Road, Suite 306
        Guilford, CT  06437
        Telephone:  (203) 458-9168
        Fax:  (203) 458-4424
        Email:  pnoonan@ddnctlaw.com

---

[4] These discovery requests are attached hereto as Exhibit D.

[5] Dean Schenker's objections are attached hereto as Exhibit E.

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                             _____/s/_____
                                                                                 Patrick M. Noonan