**From:** Pat Noonan
**Sent:** Tuesday, August 4, 2020 5:39 PM
**To:** 'Jakub Madej' <j.madej@lawsheet.com>
**Subject:** RE: Madej v. Yale

Hi Jakub,

There's no point in repeating what I have already said.  We will be filing a motion to quash this deposition, and to compel you to attend your deposition prior to you taking any depositions, but only after you have fully complied with our discovery requests.  We will also seek an order that all depositions are to be done by Zoom.  I have a court reporter who is quite adept at that.  You mentioned that you may have a lawyer assist you in the deposition.  You may do that only if that lawyer has filed an appearance in the case.  No one but the court reporter, the parties and counsel of record are permitted in the deposition room.

Your suggestion that I need to obtain a written, notarized statement from Mr. Raghavan in order to represent his interests in this case is mistaken.  You should recall that, pursuant to Judge Hall's order, I sent you an email from Mr. Raghavan, who is a member of CHAS and an agent of Yale when acting in that capacity, in which he indicated he wanted me to represent him in this case.

Your reasons for wanting to depose Mr. Raghavan—to show that CHAS doesn't exist and demonstrate that Dean Schenker removes students from Yale on his own—are frivolous.  Before we disturb witnesses, there must be a valid reason for the deposition.  You already know that Mr. Raghavan recused himself from your case because of his prior knowledge of you.  He can add nothing of relevance to this case.

Your suggestion that I should call you on the telephone to discuss this case (which you have repeated in numerous other emails over the past couple of months, is inconsistent with the ruling of Judge Hall that we are to limit our communications to email.

Finally, your request that I submit the Initial Disclosures was addressed a couple of weeks ago.  When you first raised this issue then, I told you that complying with the Initial Disclosures would not assist you for the reason that you already know the identities of all persons who were involved in this matter and we had already provided all relevant documents to you.  Nevertheless, I also told you that I would be happy

Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT  06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)


**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Tuesday, August 4, 2020 2:26 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Re: Madej v. Yale

Dear Patrick,

This is correct. I intend to depose Mr. Raghavan on August 17. I attach a notice of subpoena to this message if you have not yet received it. In response to your comments, please be advised of the following:

<u>First</u>, Mr. Raghavan is a third party and not "an agent" of Yale University, however you define this weasel term. He thus needs to be subpoenaed, and will be subpoenaed, under Rule 45. This would be proper even if Mr. Raghavan were an "agent" of Yale University. Only senior management of a corporation is entitled to a deposition by notice. Mr. Raghavan, as you know, is a student. Not an employee, faculty, administrator, senior management, or officer. *A student.* As to Mr. Raghavan's deposition, I am unsure if you are even entitled to attend it. I will look into this in detail tomorrow.

<u>Second</u>, I will disregard all statements you make on behalf of Mr. Raghavan. Is Mr. Raghavan your client? If you claim an attorney-client relationship, I will need to see a written statement that he signed in presence of a notary public (not an affidavit, a simple acknowledgement is sufficient; the fee is $5 in CT) that he agreed to this representation of his own free will and without duress. (This language needs to be included in the statement.) Choosing an attorney is a serious decision, and I wish to ensure that Mr. Raghavan has considered any proposals thoroughly. Absent such a statement, I will disregard your claims to represent a third-party whose deposition I noticed.

Third, subpoena ad testificandum is not something that an individual "may be unwilling to participate in". It's an order issued from the court. I am sympathetic to any reasonable requests but I want you to understand that I don't have to be. I will not agree to a Zoom deposition here. I wish to assess Mr. Raghavan's credibility from his demeanor, ensure he understands he is under oath, and prevent any improper conferences once the deposition begins. I cannot do either thing over Zoom. Also, my court reporter does not like Zoom depositions.

<u>Fourth</u>, it is well-established that Yale has no standing to move to quash a subpoena issued to a third party absent a claim of privilege. If you persist and present this argument to the Court, I will serve a Rule 11 motion on you. If Mr. Raghavan wishes to contest the subpoena, I hope he obtains good counsel. If he chooses not to attend the deposition, I will seek sanctions under Rule 37(d), including an award of all fees I incurred in the process. If you cause his non-appearance, I will request an appropriate sanction from the Court. If August 17 does not fit Mr. Raghavan's schedule, he is welcome to contact me and arrange a different date. (I expect August 19 and 24 to be free in my calendar but any modifications must be agreed upon in advance.) I will not accept any communication on behalf of Mr. Raghavan from you absent the acknowledgement above because he is a third party. I'm sorry Pat, but your previous misrepresentations to me and to the Court trouble me more than I thought.

<u>Fifth</u>, your claims of "circumventing the objections" are spurious. I seek documents in Mr. Raghavan's possession only, not Yale's. In any case, Yale's objections were improper in that they failed to comply with Fed. R. Civ. P. 33(b)(2)(C) (Yale did not indicate if it's withholding any documents on the basis of its objections). Even if these requests were duplicative, you did not convince me that such requests would be improper. You did not even try to offer an argument on that matter.

<u>Sixth</u>, I agree that it's a good practice for counsel to work out dates for depositions together. Good practice is not something that you are entitled to by default, Pat. It is something that flows from your reputation and credibility. It's something you earn. Had you acted more ethically in this action, I would be more sympathetic to accommodate your requests than I am now. If you wish to confer about the dates, you can always call me. I answer the phone all day long. My phone number is below.

On this occasion, please note that I intend to take a corporate deposition of Yale University regarding student withdrawals, dismissals and reinstatements at Yale College in late August or early September. Please suggest three dates by 9:00am on Friday, or I will serve a notice on a specific time that I see fit. (It'd be 2-3 weeks in advance, to allow for some flexibility.) I agree to hold this deposition over Zoom. I believe Yale can produce more than one individual at a 30(b)(6) deposition. It's August, and the discovery cut-off date is soon. We may need an extension but to ask for one, I must be diligent in seeking discovery now.

<u>Seventh</u>, you may take a Zoom deposition of my client at any time. (My client is Jakub Madej. I act as his advocate.) Please suggest three specific dates that you like in August or September, and I will do my best to accommodate your preferences. My client may decide to have outside counsel defend the deposition. What do you seek to learn from my client? I request that a deposition align with the Court's business hours, so that we could call chambers if any dispute arises and we cannot resolve it ourselves. Please remember that you are entitled to <u>one</u> deposition.

<u>Eight</u>, Yale is yet to file its initial disclosures that were due in *April*. Parties' discovery obligations are independent from each other, though I believe my client responded to all discovery requests fairly and in good faith.

Best,
Jakub

P.S. I don't know what you refer to when you say "no issues with Mr. Raghavan". The subpoenas were signed by the clerk on a day I asked the clerk to sign the subpoenas for me.

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

**This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.**


On Mon, Aug 3, 2020 at 10:29 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

> Hi Jakub,
>
> Keshav Raghavan informed me that you subpoenaed him to a deposition in New York on August 17, without you sending me a copy. Since the clerk signed the subpoena on May 4, 2020 and since you previously stated that you have no issues with Mr. Raghavan, it occurred to me that perhaps you didn't actually intend to take a deposition. If you do intend to depose Mr. Raghavan, I have the following observations:
>
> 1. It is expected that the parties with work out dates for depositions in advance instead of unilaterally choosing a date and location.
> 2. You should not send subpoenas to Yale's agents. Please direct any requests you have of any of Yale's agents to me.
> 3. Mr. Raghavan is unable to attend a deposition this month, but can be available in September.
> 4. Mr. Raghavan is not willing to participate in a deposition in person. You will need to set up a Zoom deposition, with yourself and a court reporter in one location, and Mr. Raghavan and I will be in a separate location.
> 5. Since I communicated with you about dates for your deposition (and you have not responded), I will take a Zoom deposition of you before the deposition of Mr. Raghavan. Please let me know a date in September that is convenient to you. I will not be taking your deposition until you have complied with our discovery requests.

6. Mr. Raghavan does not personally have the documents you seek. You will need to seek those from Yale University in a request for production. You have a similar request for production addressed to Yale University and we have sent you objections. You will need to get a ruling from the Court if you disagree with those objections. You may not attempt to circumvent our objections by sending a subpoena to one of Yale's agents in which you ask for the same documents.

Please let me know if you are willing to proceed as I have outlined. If not, I will prepare an objection.

   Pat

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)