IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff, | Civil Action No. 20cv133(JCH) |
| v. | JURY TRIAL DEMANDED |
| YALE UNIVERSITY *et al.*,<br>    Defendants. | AUGUST 11, 2020 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OPPOSITION TO
DEFENDANT YALE UNIVERSITY'S MOTION TO QUASH
PLAINTIFF'S CROSS-MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Plaintiff Jakub Madej ("Jakub") submits this memorandum of law in support of his opposition to Yale's *Motion to Quash Subpoena*, and in support of his cross-motion to compel the subpoenaed witness, Mr. Keshav Raghavan, to comply with the subpoena and appear at the scheduled deposition.

**I.     Introductory Statement**

This case concerns Yale University's approach to and practice of withdrawing undergraduate students. Plaintiff, who has been unlawfully withdrawn from Yale, subpoenaed Mr. Keshav Raghavan (the "witness"). Mr. Raghavan is a student at Yale College, is not a party to this case, and plaintiff alleges no wrongdoing on his part. Plaintiff believes that Mr. Raghavan is likely to possess relevant information to this case, and needs to be deposed under oath. See Declaration. Among other references, Yale represented to Jakub that Mr. Raghavan is a member of the "Committee on Honors and Academic Standing" ("Committee"), which adjudicates student withdrawals from Yale College. Plaintiff alleges that the Committee, in fact, does not exist, and Yale College administration shielded its often arbitrary and incompetent but life-changing decisions about who to withdraw under the guise of a nine-person committee. See Am. Compl. ¶ ¶ 45-50.

The University's responses in discovery seeking to uncover how the alleged Committee works can be best described as illogical and confusing. Recently, Yale admitted in a request under Rule 36 that the Committee met six times in the past academic year but refused to produce "sufficient documents" to prove that fact, or to represent whether any documents are being withheld on the basis of that objection, in violation of Fed. R. Civ. P. 34(b)(2)(C). See Exhibit C.

The University now attempts to block a non-party deposition on the grounds of undue burden and relevance despite the well-established law that does *not* permit a party to assert nonparties' rights in subpoena-related proceedings. Yale's desperate attempt to arrest fact-finding is not an isolated event but a monthslong pattern of obstructionist discovery conduct. Yale previously alleged that plaintiff engaged in "repeated harassment of the defendants and their counsel", and argued that discovery should thus be stayed. (ECF #96). (The University did not seek any solution of the alleged "harassment", or explain why a stay of discovery would stop the alleged "harassment"). This Court has promptly denied Yale's illogically argued motion to stay. (ECF #104). The University later presented a falsified e-mail in a subtly calculated attempt to frustrate the record and preserve its previously right to object to seven interrogatories. (ECF #140). This very troubling pattern of conduct squarely demonstrates that defendants have every incentive to mislead the Court, and prevent genuine fact-finding. For the reasons that follow, the Court should deny Yale's motion to quash and grant Jakub's cross-motion to compel.

II.     **Procedural History**

On or about August 4, 2020, Mr. Keshav Raghavan was personally served with the subpoena, and a notice of subpoena was served on all attorneys of record. A true copy of the subpoena is attached as Exhibit B. The subpoena commanded Mr. Raghavan to appear and

testify on August 17, 2020 at 2:00pm at a specified location in Manhattan, approximately 48 miles from his residence in Stamford, Connecticut. Attached to the subpoena was a check for a total of $86.00 for 1 day's attendance and mileage to and from New York, as calculated using the GSA (General Services Administration) rates.

Mr. Raghavan has not appeared in these proceedings, and thus did not move to quash the subpoena. On August 11, 2020, defendant Yale University moved to quash the subpoena. Plaintiff now moves the court to deny Yale's motion as a nullity, and to order Mr. Raghavan to comply with the subpoena.

### III.     Legal Standard

Rule 45 permits a party to "serve a subpoena commanding a nonparty 'to attend and testify[.]'" Weinstein v. Univ. of Conn., CIV. NO. 3:11CV1906 (WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). Subpoenas are subject to the relevance requirements set forth in Rule 26(a). Id.

The burden of persuasion on motion to quash subpoena is borne by the movant. Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005); In re County of Orange, 208 B.R. 117, 120 (Bankr. S.D.N.Y. 1997). Ordinarily, only the party to whom the subpoena is directed has standing to move to quash it. Weinstein, at 2*, quoting Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (collecting cases). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

The Court's evaluation of undue burden requires weighing the burden to the subpoenaed party against the value of information to the serving party." Jackson v. AFSCME Local 196, 246

F.R.D. 410, 412 (D. Conn. 2007). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.

The objecting party must do more than "simply intone [the] familiar litany that [discovery is] burdensome, oppressive or overly broad." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petrol. Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). The objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted). "The mere assertion that a subpoena is burdensome, without evidence to prove the claim, cannot form the basis for an 'undue burden' finding." In re Orange, 208 B.R. at 121.

### IV.   Argument

####    A.   Yale Cannot Assert Non-Party's Interests in Subpoena-Related Proceedings

Yale's motion is fatally flawed at the very outset because the University lacks standing to move to quash a subpoena directed to Mr. Raghavan, who is a non-party. It is well-established that a party does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. Jacobs v. Conn. Cmty. Tech. Colls., 258 F.R.D. 192, 194-95 (D. Conn. 2009); Doe v. Town of Greenwich, Civ. No. 3:18CV01322(KAD) (D. Conn. Apr. 21, 2020) (collecting cases); Dominion Res. Servs., Inc. v. Alstom Power, Inc., Civ. No. 3:16CV00544(JCH), at *6-7 (D. Conn. Aug. 18, 2017). "In the absence of a claim of privilege a

party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). The law is also "well-settled" that a party lacks standing to challenge the nonparty subpoenas on the basis of undue burden or relevancy. A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co., Civil No. 3:07CV929 (WWE), 2013 WL 6511934, at *2 (D. Conn. Dec. 12, 2013); Universitas Educ., L.L.C. v. Nova Grp., Inc., No. 11 Civ. 1590 (LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). "[O]nly the person or entity to whom a subpoena is directed has standing to file a motion to quash.". *Jacobs*, 258 F.R.D. at 194-95.

Here, Yale University, a Connecticut corporation and a defendant in this case, moved to quash a subpoena directed to Mr. Keshav Raghavan, a student at Yale College. Mr. Raghavan is not a party to this case, nor is he an "agent" of Yale. If anything, Mr. Raghavan is Yale's *customer* as he purchased the education services from the University. It is patently unclear how Mr. Raghavan could be reasonably classified as an "agent" of Yale University. Yale misleads the Court calling Mr. Raghavan its "agent" as early as in the second sentence of its motion, only to later admit that he is a "non-party". Quash, at 4. But even if Yale fashioned a convincing argument why Mr. Raghavan should be considered its agent, Yale would *still* lack standing to move to quash because, in the corporate context, only the corporation's managing personnel is synonymous with the corporation itself. Mr. Raghavan, however, is not a corporate officer, member of the board, an executive employee, or even an employee; instead, he is a student. Accordingly, Yale's arguments are improper – Yale lacks standing to even advocate them. This forecloses Yale's arguments (3) and (4) because Yale *cannot* assert burden on behalf of Mr. Raghavan. Yale's assertions that no basis exists why Mr. Raghavan should be deposed are also

spurious: it is not Yale's role to decide for plaintiff who should be deposed, and who should not be.

Notably, Yale offered its legally frivolous argument to the Court *after* being reminded that a party lacks standing to move to quash a subpoena (Exhibit A, at 2.) and after an identical issue arose in this case. (ECF #128). Advancing a fatally flawed legal reasoning despite all these reminders is objectively unreasonable, and the Court should not leave this conduct unnoticed.

For all the foregoing reasons, Yale's motion is a nullity. This Court should deny it.

B. Yale's Motion Failed to Comply with Local Rules 7(a) and 37

Yale's motion fails to comply with Local Rule 7(a) in that it lacks any legal argument to support its bold request to block the deposition entirely. Yale cited no authority to establish that its position is legally sound; in fact, as demonstrated below, Yale's "memorandum" directly contradicts the well-established legal precedent that a party lacks standing to move to quash a third-party subpoena. Pursuant to Local Rule 7(a)1., a motion that lacks a memorandum of law can be denied for that defect alone. The court should hold the same.

Yale's motion also failed to comply with Local Rule 37 in that Yale made no attempt to confer before moving to quash. Plaintiff has suggested alternative dates where the deposition may be held, but defendants declined to address these suggestions. Exhibit A, at 2. This district has found that both the spirit of and the purpose for Local Rule 37 applies equally to third-party subpoenas, even though Local Rule 37 does not expressly state that certification must be provided when seeking relief under Rule 45. SAYE v. OLD HILL PARTNERS, INC., No. 3:03CV1071(DJS), at *5 (D. Conn. Dec. 1, 2004) (ordering parties to demonstrate compliance with Local Rule 37(a)(2) in motions to quash under Rule 45). Lacking any interest in resolving

even some problems amicably, the University squarely demonstrated its inflexible approach intended only to stop reasonable discovery altogether. This Court should not allow defendants to flout well-settled rules, both procedural and ethical, to achieve their illegitimate goal.

    C.    <u>The Subpoena Does Not Subject Mr. Raghavan to Undue Burden</u>

Before examining the burden associated with the subpoena, the court must disregard any statements that Yale purports to be making on behalf of other parties, especially when they directly pertain to the alleged burden, because Yale *cannot* assert a non-party's rights in these proceedings. Plaintiff doubtful whether these non-parties have expressly consented to Yale's counsel representing them. However, even if consent was given, Yale would still lack standing to comment on the purported burden[1]. And even if Yale had standing, it made no showing as to the nature and extent of the actual burden.

Yale's representations notwithstanding, the court may *sua sponte* quash or modify a subpoena that subjects a person to undue burden. <u>Fed. R. Civ. P. 45(d)(3)(A)(iv)</u>. Here, the subpoena does not impose undue burden on Mr. Raghavan, and should be sustained.

Plaintiff is sympathetic to concerns arising from the ongoing pandemic. State and federal authorities have implemented strict health-promoting protocols to minimize the risk of exposure to the COVID-19 virus, and all parties should adhere to them. Nonetheless, the existence of the pandemic alone – which became an inescapable part of everyone's life – is insufficient to constitute an undue burden, or even a burden within the meaning of Rule 45. The Rule 45 examination of burden require a particularized showing, preferably in an affidavit, to establish a basis for a modification or for quashing. Here, no extraordinary circumstances have been

---

[1] The non-party, of course, has such standing. Here, Mr. Raghavan has not initiated any proceedings to quash the subpoena.

presented to the Court that suggest Mr. Raghavan cannot attend a deposition in New York. Mr. Raghavan's lack of "comfort" does not constitute an undue burden under Rule 45. Had Mr. Raghavan had some extraordinary reasons why he could not be deposed in New York on August 17, he would have come forward with these reasons, by either appearing or providing an affidavit discussing in detail the alleged burden. Mr. Raghavan did none: we have no input from him at all as witness failed to appear and contest the subpoena. Instead, Yale and Yale alone protests against the witness being deposed in person – though Yale later contends that "no basis [exists] for deposing him at all". To the extent this Court finds that a deposition in New York is overly burdensome, the deposition should take place closer to witness's home in Connecticut.

A regular face-to-face deposition is necessary here because plaintiff needs to assess the witness's credibility, ensure that the witness understands he is under oath[2], and prevent any improper conferences once the deposition begins. Defendants' improper attempts to hold a Zoom deposition where their counsel would be present *together* with the third-party witness at another location only bolsters the need for deposing the witness in-person. Exhibit A, at 1.

It should be noted that the University is yet again using the COVID-19 pandemic as a blanket pretext to obstruct discovery, without offering any non-conclusory arguments, proposing alternative options, or even responding to suggested alternatives. Id., at 2. (suggesting alternative dates for the deposition). None of these reasons are particularized, contain specific details, or legal argument.

D.    The University Showed No Prejudice from Purported Delayed Notice of Subpoena

---

[2] The witness is approximately 21-years-old. It is unlikely that he was deposed or testified under oath before.

The University argues that plaintiff violated the advance notice requirement of Federal Rule of Civil Procedure 45(a)(4) because its counsel allegedly received a notice of subpoena approximately 12 hours after the subpoena was served. Quash, at 2. "The subpoena should therefore be quashed," the University writes. Id. This argument fails at the outset because defendant failed to show any prejudice they suffered as a result of allegedly untimely notice of subpoena.

An untimely notice under Rule 45(b)(1) does *not* automatically trigger quashing a subpoena without a consideration of prejudice to the aggrieved party. Henry v. Bristol Hosp., Inc., No.: 3:13-CV-00826(AVC), at *9 (D. Conn. June 1, 2015) (collecting cases). Courts look to several factors to examine prejudice, including "the period of delay in providing notice, any pattern of noncompliance with rules of procedure, the conduct of the serving party if documents were obtained after untimely notice, and whether the subpoena is otherwise objectionable." Zinter Handling, Inc. v. GE, No. 04-CV-500 (GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006). Here, the University made *no* showing of prejudice at all. It is unclear what prejudice the University could have suffered from an alleged delay of 12 hours. Applying the Henry factors also gives no inference of prejudice here. Accordingly, the Court should disregard Yale's argument altogether.

The University also failed to provide any genuine evidentiary basis – an affidavit or a declaration – to establish that its factual statements about the delay are true. Defendant's contentions that it received the notice belatedly stem rely on external exhibits, which have not been authenticated. Worryingly, defendants have made misleading and outright false statements to the Court to date to prevent discovery. See, e.g., ECF #140. Here, however, the Court need not even examine whether the purported delay is true because defendants showed no prejudice.

### E. Yale's Remaining Arguments Are Meritless

The University complains that the requests are duplicative. Accepting its assertions as true, the University failed to explain *why* propounding similar requests to different individuals is unreasonable. One purpose of doing so is not to gather all information in one pile but to establish whether, and if so, what information a given individual possesses. Here, the number and nature of documents in possession of Mr. Raghavan is a material piece of information in itself. Yale's statements that "Mr. Raghavan personally does not have any responsive documents" are worthless. On what basis Yale is making firm factual assertion about third parties? What are "responsive documents" in Yale's off-hand statement? Even if Yale had personal knowledge about Mr. Raghavan, which it does not, Yale's well-documented proclivity to mislead the Court and plaintiff, also by using false statements, warrants an independent examination of the witness under oath. If Mr. Raghavan possesses no responsive information, the burden of brining any documents is virtually non-existent: a sworn affidavit will suffice to conclusively establish that important fact.

Notably, Yale cites no legal authority to support its proposition that "duplicative" requests are improper, let alone a reason to quash. Important inconsistences are likely to arise when different people provide diverging answers to identical questions, and requests to produce documents are no exception. Yale's attempts to block the deposition are so fierce because all named defendants are represented by one counsel, which simplifies a flow of information that ostensibly depicts a consistent picture. Only a third-party testimony is a proper challenge to defendants' representations. Accordingly, Yale's motion to quash should be denied.

### V. Mr. Raghavan's Testimony is Relevant, and The Court Should Compel Mr. Raghavan to Comply with Subpoena

Plaintiff is troubled with University's attempts to secure witnesses' noncompliance. The defendant is a high-powered corporation, and exerts a considerable power over its employees and students, also as it pertains to this case. The University's incentives to block the present deposition are high, as is obvious from counsel's filing a fatally flawed legal argument despite knowledge of its futility. Yale's incentives to block the deposition would be particularly high if Yale knew that the deposition is likely to reveal unfavorable or destructive testimony. This is precisely the case here.

The present subpoena was issued without court's intervention, and thus carries less weight than an express order from the court. To secure a timely compliance and thus a prompt resolution of this case, plaintiff respectfully moves this Court order Mr. Raghavan to comply with the subpoena and appear at the deposition.

### VI. Conclusion

Yale's motion to quash is a nullity, and must be denied. The Court should order the witness to comply with the properly issued and executed subpoena, and appear at the deposition.

Dated:   August 12, 2020

Respectfully submitted,

By: /s/ Jakub Madej
    Jakub J. Madej
    LAWSHEET
    415 Boston Post Rd Ste 3-1102
    Milford, CT 06460
    T: (203) 928-8486
    F: (203) 902-0070
    E: j.madej@lawsheet.com