IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff, | Civil Action No. 20cv133(JCH) |
| v. | JURY TRIAL DEMANDED |
| YALE UNIVERSITY *et al.*,<br>    Defendants. | AUGUST 14, 2020 |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
DIRECTED TO DEFENDANT MARK SCHENKER**

Plaintiff Jakub Madej ("Jakub") moves, pursuant to Rule 37(a) of Federal Rules of Civil Procedure, to compel Defendant Mark Schenker to produce complete and fully compliant responses to two requests for documents or, if responsive documents do not exist, to produce a sworn statement certifying that they do not exist. Defendant produced objectively improper objections, failed to indicate whether any documents are being withheld, and refused to bring his responses into compliance after repeated good faith attempts to confer, responding only with a one-word statement: "it looks like we will not agree to this one". The Court should waive all objections, consistent with an increasing trend in this Circuit, and put a stop to defendants' foot-dragging obstructionism.

**I.     Introductory Statement**

Plaintiff alleges that a nine-person Committee that adjudicates student withdrawals at Yale College does not exist. Am. Compl. ¶¶ 46, 49. Instead, the College's administration (not: faculty) knowingly and falsely represented that a presumably unmistakable "committee" made often incompetent decisions to withdraw students from the College without any consideration of the merits, all in an effort to prevent any further scrutiny or review from wronged students or their parents.

Plaintiff requested that Defendant Mark Schenker, which chaired the committee since at least 1999, produce documents "sufficient to prove" that his committee met six times in the previous year, a fact he previously certified to be true. Exhibit 2, p. 2, at 14. Defendant submitted a litany of objections, and leave it to Plaintiff – and the court – to try to sort out how and why the request is somehow improper. As demonstrated below, no rational disagreement is possible with defendant's "objections".

II.     Legal Standard

Discovery should proceed with minimal judicial intervention. "[T]he Court's role is to resolve *genuine discovery disputes* that the parties cannot resolve on their own after a good faith meet and confer process". Michael Kors, L.L.C. v. Su Yan Ye, 1:18-CV-2684 (KHP), at *16 (S.D.N.Y. Apr. 8, 2019) (emphasis added). Parties have a responsibility to construe and administer the rules to ensure the just, speedy and inexpensive resolution of every action. Fed. R. Civ. P. 1. A party certifies that a discovery response she signs is consistent with Rule 26(b)(1), not interposed for any improper purpose, and not unreasonable or unduly burdensome. Fed. R. Civ. P. 26(g). The responding party must make its responses "after a reasonable inquiry.". Fed. R. Civ. P. 26(g)(1).

A party asserting objections in discovery must provide specific reasons for objecting. "When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited." Wesley Corp. v. Zoom T.V. Prods., LLC, No. 17-10021, at *8 (E.D. Mich. Jan. 11, 2018). It is improper to "simply intone [the] familiar litany" that the discovery sought is "burdensome, oppressive or overly broad." Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn. 2011) (quoting Compagnie

Française d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y.1984)). "The objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" Sullivan, 276 F.R.D. at 19 (quoting Compagnie Française, 105 F.R.D. at 42). See Hui Wang v. Omni Hotels Mgmt. Corp., Civil Action No. 3:18-cv-2000 (CSH), at *12-13 (D. Conn. Aug. 16, 2019).

The responding party *must* state whether any responsive materials are being withheld on the basis of any objection, and state grounds for that objection with specificity. Fed. R. Civ. P. 34(b)(2)(B-C). See Fischer v. Forrest, 14 Civ. 1304 (PAE) (AJP), at *1 (S.D.N.Y. Feb. 28, 2017) (instructing counsel that non-compliance with amended Rule 34 will be deemed a waiver of all objections) ("stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing."); Smash Tech. v. Smash Sols., No. 2:19-cv-00105-TC-JCB, at *4 n.9 (D. Utah June 30, 2020) (collecting cases from the past 40 years); CBF Industria De Gusa S/A v. AMCI Holdings, Inc., 13-CV-2581 (PKC) (JLC), at *29 (S.D.N.Y. July 15, 2019) (instructing counsel to comply with each provision of Rule 34(a)(2)). Withholding documents may result in an adverse inference instruction to the jury. See, e.g., Linde v. Arab Bank, PLC, 269 F.R.D. 186 (E.D.N.Y. 2010).

Issuing a boilerplate objection often results in the waiver of objection. See, e.g., Mills v. E. Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) (explaining what a proper objection must include) (waiving improper, noncompliant general objections); Wesley Corp. v. Zoom T.V. Prods., LLC, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan.

11, 2018) (waiving boilerplate objections to narrowly framed interrogatories) (awarding attorney fees to "deter future use of boilerplate" in light of previous defendant's); U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc., 19 Civ. 4355 (LGS) (GWG), at *3 (S.D.N.Y. July 6, 2020) (finding noncompliant responses "so far outside the bounds of what is permissible that the Court is tempted to follow the lead of Fischer v. Forrest" but offering counsel one last chance); Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168 (N.D. Iowa 2017) ("NO MORE WARNINGS. IN THE FUTURE, USING "BOILERPLATE" OBJECTIONS TO DISCOVERY IN ANY CASE BEFORE ME PLACES COUNSEL AND THEIR CLIENTS AT RISK FOR SUBSTANTIAL SANCTIONS. IT IS SO ORDERED.") (spelling original).

### III.    Argument

Defendant Mark Schenker previously submitted that a committee he chairs, and which plays a central role in this case has met six times in academic year 2019-2020, until January 13, 2020. Exhibit B, at 2. Faced with a request to produce documents "*sufficient* to prove" that fact (not: "any and all", "every", etc.), he provided a litany of boilerplate objections, and stopped short of certifying if he is withholding *any* documents on the basis of his objections, let alone each specific objection. Plaintiff is left wondering if any responsive documents exist. Counsel refused to provide such a certification upon request and, perhaps most astoundingly, informally objected to even "looking at them". Exhibit C. Counsel thus has "no way of knowing the contents". Id. He then complaints that their relevancy – obvious from the face of the complaint – was left unaddressed. See Am. Compl. ¶¶ 45-49. This is not a real statement, either. A committee chairman who allegedly convened the committee on six separate occasions cannot produce documents "sufficient" to prove that the committee indeed met on these six occasions; cannot affirmatively state whether these document at all exist; and objects to even "looking" at these

documents? The Court should waive these nonsense "objections" as being beyond the bounds of what is acceptable under Rule 34.

Counsel asserts that the request for documents "sufficient to prove" that something exists, where plaintiff's case is that it does *not*, and the defendant cited specific facts that it does, is "not relevant" to plaintiff's claim. This is not a real statement, and not one made in good faith. Counsel then alleges that the "information is not proportional to the needs of the case considering the lack of importance of the requested documents to the issues at stake in the action". How is the information not proportional? Defendant makes no relevant showing; however modest it might be. This case alleges that plaintiff, and several other students, by a collective body that never existed, despite official statements to the contrary. How is the request for documents potentially proving its existence "unimportant"? Again, defendant makes no appropriate showing here. Defendant's further statements that "[t]here are no allegations concerning the number of times CHAS met in the 2019/2020 school year" are irrelevant, immaterial, and misleading because "a party may obtain discovery regarding any nonprivileged matter that is relevant to its claims". Fed. R. Civ. P. 26(b)(1). Defendant may characterize its own allegations but none play any role in these discovery considerations. Here, the request was directly relevant to plaintiff's claim's and boilerplate objections to relevance are spurious.

The only plausible inference from defendant's inventive objections is that no documents "sufficient to prove" that the committee met six times exist. We are thus left with two options: either the committee did meet but no tangible proof of that fact exists, or the committee did not meet at all. But the defendant previously certified that it did. Exhibit 2, p. 2, at 14. He has chaired the committee since at least 1998, and convened it about twice a month. Id., at 12-13. He clearly had personal knowledge of all underlying facts, let alone the knowledge of their

*existence*. Why would defendant refrain from certifying that responsive documents exist, if they did exist? Surely not because of the alleged burden of reviewing them – which results in an automatic "yes" – or the burden of *looking at them*.

Counsel staunchly refused to provide an acceptable objection, asserting that Yale employees "will [not] be burdened by these requests" and will not "look[] at them". Counsel makes no effort to describe the alleged burden, in detail or generally, let alone in an affidavit. Needless to say, a party may *not* choose not to look at documents, and thus claim inability to comply with Fed. R. Civ. P. 34(b)(2)(C), especially when no conceivable burden results from such "look". But what is the burden of looking at documents that do not exist? Is it not impossible that a chairman could refuse to look at documents created at meetings he himself convened and attended, only to claim ignorance of their existence? Again, the only plausible reference is that responsive documents do not exist. The Court should waive defendant's objections, and order the defendant to certify, under oath, whether any documents exist at all. Should they not exist, defendant's affidavit will serve as a powerful evidence at trial.

IV.   Conclusion

Plaintiff is left wondering if any responsive documents exist: their non-existence would be a powerful and relevant evidence in itself. Defendant's objections are unacceptable and meaningless: they make no effort to indicate if any documents are being withheld, and fail to meet the minimum standards permitted by Rule 34. Defendant refused to amend its objections despite the plain language of the rule. Accordingly, this Court should hold that defendant waived all objections and order that all documents be produced.

Dated:   August 14, 2020                         Respectfully submitted,
         New York, NY                            By: /s/ Jakub Madej

Jakub J. Madej  
LAWSHEET  
415 Boston Post Rd Ste 3-1102  
Milford, CT 06460  
T: (203) 928-8486  
F: (203) 902-0070  
E: j.madej@lawsheet.com

*Counsel for Plaintiff*