IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff,<br><br>    v.<br><br>YALE UNIVERSITY et al.<br>    Defendants. | Civil Action No.<br>3:20-cv-00133 (JCH)<br><br>JURY TRIAL DEMANDED<br><br>August 14, 2020 |

## AFFIDAVIT OF COMPLIANCE WITH L.R. 37 AND FRCP 37 DUTY TO CONFER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES DIRECTED TO DEFENDANT MARK SCHENKER

I, Jakub Madej, declare pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Jakub Madej. I am over 18 years of age. The following facts are based on my own personal knowledge. If called to testify, I could and would testify competently hereto. I understand what perjury is.

2. I represent Plaintiff Jakub Madej in this action.

3. I execute this affidavit to certify compliance with Rule 37(a)(2) of the Local Civil Rules of the District of Connecticut, and with Rule 37(a) of Federal Rules of Civil Procedure.

4. I conferred in good faith, to the maximum extent possible, with opposing counsel to resolve this dispute or reduce its scope before moving to compel.

5. On July 28, 2020, I served requests for production of documents on defendant Mark Schenker. These requests are attached to this affidavit as Exhibit B, p. 4-5.

6. On July 30, 2020, I received objections to the requests above. These objections are attached to this affidavit as Exhibit B, p. 6-7.

7. On August 3, 2020, I contacted Attorney Patrick M. Noonan, who represents Mr. Schenker in this case, and advised him that the objections are improper. Specifically, I noted that they failed to state whether any documents are being withheld, as required by Rule 34(b)(2)(C). I also noted that the objection is "pure boilerplate".

8. On August 3, 2020, Attorney Noonan responded saying two sentences: "I don't agree with [your position]. I do agree that you have the right to file a motion to compel." Attorney Noonan did not address any deficiencies in defendant's objections.

9. On August 3, 2020, I responded that moving to compel is "not a right but the vehicle of last resort". I explained to Mr. Noonan that we as counsel have a duty to the Court to make a good faith effort to reach an agreement before asking for intervention. I also observed that a simple indication whether any responsive documents are being withheld would prevent unnecessary motion practice. I then reiterated my request for proper objections or an answer.

10. Later that day, Mr. Noonan responded with one sentence: "It looks like we will not agree on this one.".

11. On August 12, 2020, I contacted Mr. Noonan to verify whether the defendant would provide amended answers. I explained that previous responses included "fatal deficiencies", including a failure to state whether defendant is withholding any documents on the basis of his objection.

12. Later that day, Mr. Noonan responded that his objections are "appropriate", and declined to modify the responses.

13. The parties were unable to resolve this issue, and defendants declined to comply with Rule 34 of Federal Rules of Civil Procedure. This Court's intervention is required to resolve the dispute.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: July 14, 2020 in New York, NY.

_____
Jakub Madej