# LAWSHEET

Jakub Madej <j.madej@lawsheet.com>

## FW: madej - objection to schenker request for production
7 messages

---

**Pat Noonan** <PNoonan@ddnctlaw.com>      Thu, Jul 30, 2020 at 2:45 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

     Please see the attached objections to the Requests for Production addressed to Dean Schenker which you sent earlier this week.

     Pat

Please be advised that I will be intermittently working from home.  My cell phone number is 203-314-4562.

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

 **20-07-30 Obj. to Schenker RFP - Draft.docx**
5821K

---

**Jakub Madej** <j.madej@lawsheet.com>      Mon, Aug 3, 2020 at 1:09 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Pat,

These objections are patently frivolous. Regardless of your views on the case, you must state whether any documents are being withheld on the basis of your objection, and permit the inspection of the rest. We've been through this before. See Fed. R. Civ. P. 34(b)(2)(C). An informal message will not suffice. You again fail to satisfy these precisely defined standards.

Second, the certificate of service lacks a date – though I don't dispute service, so that defect is relatively insubstantial.

Third, the objection itself is improper. It's again pure boilerplate. The complaint precisely alleges that the Committee has never met, that its members existed only on paper, and that Mark Schenker acted alone in withdrawing tens of students every year under the guise of a nine person Committee. Mark Schenker admitted, and you signed the admission, that the Committee met six times in academic year 2019/2020 up to January 13. Now you refuse to provide any documents in support of this admission by claiming that you don't think they don't matter, end of story. I'm left to

believe that the original admission was false, or else Yale would produce responsive material (the request asked for "sufficient documents", not "any and all").

I can file another motion to compel, of course, but we have a duty as officers of the Court to confer and resolve the dispute to the maximum extent possible before asking the Court to step in. We cannot reach any compromise when Yale's answers that you signed are so frivolous, and directly violate the Federal Rule 34. I believe you've been in the Rule 37 territory for quite some time now and I suggest we speak before any likely necessary motion practice.

Please let me know by Wednesday night if you believe anything I indicated here is incorrect.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>  Mon, Aug 3, 2020 at 10:23 AM
To: Jakub Madej <j.madej@lawsheet.com>

I understand your position, Jakub, but I don't agree with it. I do agree that you have the right to file a motion to compel.

　　　　Pat


Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.


Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)


[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>  Mon, Aug 3, 2020 at 5:39 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Pat,

Moving to compel is not a right but the vehicle of last resort. We have a duty to the Court -- at least I do -- to make a good faith effort to reach an agreement before asking for intervention. It's not even a matter of Federal Rule 37(a)(1) or the corresponding Local Rule, but a simple respect to the Court. If we could not agree on a specific point after conferring, we'd submit a letter to chambers and ask the Court to resolve it. If we still could not reach a mutually agreeable solution, I might move to compel. Unfortunately, you decline to even offer any point that we could attempt to confer about. You still refuse to comply with Rule 34(b)(2)(c) in that Yale's responses fail to indicate whether any responsive materials are being withheld. If there are none, what's the purpose of burdening the court with yet another motion to compel? We should help the Court make a sound decision, don't you think?

I also noticed that you made a number of disparaging and false statements about my client. I want to give you an opportunity to withdraw your representations by 8pm tomorrow before taking further action about this matter.

Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>                                                                  Mon, Aug 3, 2020 at 9:37 PM
To: Jakub Madej <j.madej@lawsheet.com>

It looks like we will not agree on this one. I don't believe I've made false and disparaging comments about your client. Who is your client, and what statements have I made that disparaged her or him?

Pat

[Quoted text hidden]
[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>                                                                 Wed, Aug 12, 2020 at 4:54 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

I write to confirm that you decline to provide an amended answer, stating whether any documents are being withheld on the basis of Mark Schenker's objections. Under Local Rule 37, I have a duty to discuss this discovery dispute in detail. I identified several fatal deficiencies in Mark Schenker's responses but you still declined to correct them, or to engage in any meaningful discussion as to the sufficiency of Mark Schenker's objections. When I suggested that we discuss them over the phone, you also refused. The only conclusion I can draw from these events is that no responsive documents exist at all. Accordingly, I will argue to the Court later this week that Mark Schenker waived its right to object for failure to submit objections that meet the minimum standards under Rule 34.

Please treat this as a final attempt to confer. If you believe anything I stated here is incorrect, please notify me immediately.
Best,
Jakub


--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>      Wed, Aug 12, 2020 at 6:44 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

       Your July 28, 2020 discovery requests ask that Dean Schenker review all CHAS documents for a full calendar year to find documents which are not relevant to the claims and defenses in this case, and which cannot possibly lead to the discovery of relevant evidence. We sent appropriate objections to your requests on July 30. I have not attempted to review any documents; the purpose of my objection is so that neither I nor employees of Yale will be burdened by these requests, which go well beyond the acceptable limits of discovery. Since I haven't looked at the documents, I have no way of knowing the contents. There may be responsive documents, but I am objecting to both looking for them and producing them. As I have informed you several times, you are entitled to file a motion if you wish. Despite many emails on these discovery requests, you have not even attempted to describe how they are relevant. As to your suggestion that I call you on the telephone, I have already told you numerous times that I will not discuss anything with you on the telephone, consistent with Judge Hall's ruling on that issue.

[Quoted text hidden]