IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>        Plaintiff, | CASE NO. 3:20-cv-00133-JCH |
| vs. | JURY TRIAL DEMANDED |
| YALE UNIVERSITY *et al.*,<br>        Defendants. | AUGUST 23, 2020 |

**PLAINTIFF'S MOTION TO STRIKE
IMPERTINENT MATTER FROM DEFENDANT YALE UNIVERSITY'S OBJECTION
(ECF #134) AND FOR ORDER TO SHOW CAUSE UNDER FRCP 11(c)(3)**

Induced to protect the integrity of these proceedings, and to remedy any harm to his reputation, Plaintiff Jakub Madej ("Mr. Madej") moves to strike, pursuant to Rule 11(c)(4) or 12(f) of Federal Rules of Civil Procedure, the outrageously false, outright impertinent, and criminally-themed allegations proffered by Defendant Yale University and its counsel, Mr. Patrick M. Noonan about Mr. Madej on pages 2 and 3 of its "objection" (ECF #134), and urges the Court to require Defendants and counsel to show cause why conduct described herein has not violated Rule 11(b). Yale accuses Mr. Madej of violated a federal statute by "attempt[ing] to illegally walk across the [Southern] border". Plaintiff was purportedly "apprehended by Border Patrol agents" and "sent back to Mexico" but nonetheless "returned to the United States" and tried to unlawfully "purchase firearms". "His actions pose a security threat", and the "object of his anger is [Defendant] Dean Schenker". Yale should therefore *not be compelled to admit one request for admission*[1] [sic].

---

[1] Mr. Madej has since withdrawn this request from Court's consideration.

These villainous accusations against Mr. Madej are immaterial, unseemly and injurious. Jakub simply seeks to end Yale's potential license for character assassination created by Mr. Noonan's continued speculative dwelling into plaintiff's private life in these Court filings without any legitimate litigation purpose but to frustrate discovery by, among other actions, presenting sham emails to the Court in a desperate attempt to preserve already waived objections (ECF #140) and securing a third-party non-appearance at a deposition (ECF #148). Without this Court's intervention, defendants will continue to plant false accusations in their papers, which plaintiff will be forced to vigorously defend.

Besides being immaterial, these allegations are completely false. Indeed, Yale wastes no time telling us what evidence exists to support its factual statements – or to suggest that its accusations have any connection with reality. Plaintiff's attached sworn declaration disproves Mr. Noonan's needless charges. But counsel lays out criminal charges willy-nilly into the public record, expecting total impunity for this illegitimate conduct. Yale's accusations prejudice the plaintiff and pose an irreparable harm to plaintiff's life as a legally present foreigner in the United States, who already strives hard to maintain his legal status while having a safe place to live, and enough food to survive. The Court should require Defendants and their counsel to show what legal and factual inquiry they undertook to comply with Rule 11(b) before making the allegations on Pages 2 and 3, and to articulate the proper purpose for which these allegations were included in their Objection.

Yale's fracas is not a one-time incident but a monthslong course of conduct, a veritable battle plan to delay fact-finding, which is slowly uncovering very different story than Yale would like to admit. Initially, counsel "instructed" us that plaintiff was "unwilling to engage in the normal collaborative discovery process contemplated by the Federal Rules" (ECF #67, at 2); was

"prone to making inaccurate and contradictory statements on a repeated basis" (ECF #75, at 6); "unleash[ed] a barrage of inappropriate communications and discovery-related pleadings [sic]" (ECF #94), and was "misusing the discovery process" (Id.). Later, Mr. Madej allegedly "engaged in repeated harassment of the defendants and their counsel" (ECF #96, at 1). Now, he is "a security threat". (ECF #134). Yale thus moves its *tour de force* at character assassination to a wholly new level with fabricated allegations of *criminal* activity, solely as quotable tabloid fodder and an implicit threat intended for Jakub to stop pursuing this litigation on its merits.

While this discovery will proceed whether Yale likes it or not, this Court should not countenance a party making irrelevant, criminal, and slanderous accusations against anyone, let alone a stranded foreign student who seeks justice within the bounds of the very law that defendants hopelessly accuses him of violating. To this end, Jakub asks the Court *sua sponte* to issue an Order to Show Cause under Rule 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)"). A proposed order is attached for the Court's convenience. Alternatively, Jakub has served a separate motion under Rule 11(c)(2) but will not file it with the Court until 21 days later. The under-handed techniques employed by Defendants' counsel in this case should not be forgotten even if Mr. Noonan strategically chooses to now withdraw them. Enough is enough.

Mr. Madej will be prejudiced if false accusations on Pages 2 and 3 are permitted to stand, and if Defendants are allowed to bring more baseless frivolous, defamatory, and outright false claims unrelated to this case into the public record. For the reasons set forth in the accompanying memorandum of law, sanctions under multiple sources of authority are warranted to deter Yale and its counsel from advancing false accusations against the plaintiff and future litigants who chose to respect the ethical rules of our judicial system.

In conclusion, equity dictates that the Court should issue an order to show cause, and award such other relief that the Court deems just and proper under these deliberately and artfully engineered circumstances.

Dated:   August 23, 2020　　　　　　　　　　Respectfully submitted,
　　　　　New York, NY　　　　　　　　　　　By: /s/ Jakub Madej
　　　　　　　　　　　　　　　　　　　　　　　　Jakub J. Madej
　　　　　　　　　　　　　　　　　　　　　　　　LAWSHEET
　　　　　　　　　　　　　　　　　　　　　　　　415 Boston Post Rd Ste 3-1102
　　　　　　　　　　　　　　　　　　　　　　　　Milford, CT 06460
　　　　　　　　　　　　　　　　　　　　　　　　T: (203) 928-8486
　　　　　　　　　　　　　　　　　　　　　　　　F: (203) 902-0070
　　　　　　　　　　　　　　　　　　　　　　　　E: j.madej@lawsheet.com