IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY et al.,<br>    Defendants. | CASE NO. 3:20-cv-00133-JCH<br><br>AUGUST 24, 2020<br><br>**PLAINTIFF' AMENDED CROSS-MOTION TO COMPEL COMPLIANCE AND APPEAR AT DEPOSITION** |

Plaintiff Jakub Madej ("Plaintiff") amends his *Cross-Motion to Compel Mr. Keshav Raghavan to Testify* (ECF #144) and moves the Court, pursuant to Rules 37 and 45(g) of the Federal Rules of Civil Procedure, to command Mr. Keshav Raghavan (the "Deponent") to appear for the re-noticed deposition on September 1, 2020, or within 30 days from the Court's ruling, and to hold Mr. Raghavan in contempt, should he fail to appear as ordered. The deponent did not appear at the deposition noticed for August 17, 2020 at 2:00 pm without any notice or explanation. Neither Mr. Raghavan nor defendants' counsel sought to reschedule the deposition before their complete failure to appear. The deposition was suspended at 3:00 pm due to non-appearance. Plaintiff tried in good faith to arrive at a resolution without this Court's intervention but all these attempts were futile. Because Mr. Raghavan has needlessly wasted Plaintiff's and the Court's resources in resolving this motion, Plaintiff is entitled to reimbursement of expenses, including reasonable attorney's fees, incurred in pursuing the motion. A proposed order is attached to this motion for the Court's convenience.

I.   INTRODUCTION

Keshav Raghavan is a non-party to a lawsuit instituted by Jakub Madej against his

1

college and former employee Yale University in the United States District Court District of Connecticut. The lawsuit relates to Yale's unlawful expulsion of Jakub, and the internal decision process in which Yale allegedly make this determination, and generally makes a determination whether to withdraw a student or not. According to Yale's extremely scarce online representations, Mr. Raghavan was a member of an alleged committee that in part determines student withdrawals. Plaintiff alleges that that committee does not exist, and is a mere paper creature whereby Yale College administrators, including defendant Mark Schenker, falsely represented that they reached the life-changing decisions about student withdrawals to avoid further scrutiny and potential responsibility. See Am. Compl. ¶ 45-50. Plaintiff seeks to depose Mr. Raghavan as an alleged member of the committee, and establish fundamental facts about Yale College's internal corporate governance.

## II.   PROCEDURAL HISTORY

On August 3, 2020, Mr. Keshav Raghavan was personally served with a Rule 45(b) subpoena commanding him to appear for a deposition on August 17, 2020 at 2:00 pm in New York, NY. (ECF #144-4). Mr. Raghavan resides in Stamford, Connecticut, approximately 45 miles from the deposition venue. The deponent was tendered $87.00 for travel and deponent, and was allowed a reasonable 14 days to comply.

On August 11, 2020, Defendant Yale University moved to quash the subpoena, despite a well-settled rule in the Second Circuit that a party lacks standing to object to a third-party subpoena. (ECF #143). Mr. Raghavan did not move to quash the subpoena at any time, and did not sought a protective order. Before the deposition date, the deponent did not proffer alternative dates for his depositions, or otherwise sought the Court's protection with regard to the

outstanding subpoena. Deponent did not obtain any relief from the Court that permitted him not to appear; neither has he attempted to negotiate an extension, a modification, or an alternative date for his deposition.

On August 17, 2020, the deposition commenced at 2:00 pm. Neither Mr. Raghavan nor defendants' counsel appeared. Contacted 30 minutes into the deposition, counsel declined to provide a meaningful reason for witness's non-appearance and simply represented: "Neither he nor I will be appearing at the deposition today.". Exhibit A, at 11. The deposition was suspended at 3:00 pm due to non-appearance.

Contacted by letter the following day, counsel again failed to provide any meaningful response as to why deponent did not appear as commanded, despite numerous attempts to elicit a helpful response. Id. Counsel failed to respond to that letter altogether. Id., at 1-2. He later claimed that he may have a surgery at that time, and professed – without the benefit of affidavit or other verified statement – that deponent does not have personal knowledge about this case. Exhibit B.

Because there was absolutely no reason why the August 17, 2020 deposition could not have proceeded, and why the deponent could have chosen not to appear, plaintiff now seeks an order commanding the deponent to appear and testify.

### III. LEGAL STANDARD

Valid clerk-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See Advisory Committee Notes, 1991 Amendment to Rule 45. Although not identical to an order "issued by a judicial officer in the resolution of a specific dispute", a valid subpoena "is a legal instrument, non-compliance with which can

3

constitute contempt of court." Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) (citation and internal quotations omitted). "[T]he judicial power to hold a non-party in contempt is the primary mechanism by which a court can enforce a subpoena." Beruashvili v. Hobart Corp., 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006). Rule 45(g) authorizes a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." Fed. R. Civ. P. 45(g). See also 18 U.S.C. § 401 (authorizing courts "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority ... as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"). "The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of [it]." Badgley v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986). Rule 37(d) provides that failure to attend a deposition at the time and place noticed "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

     Rule 45 grants the court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002); Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008). Courts in this Circuit sometimes require an explicit court order in addition to the subpoena before ruling that a non-party be held in contempt. See, e.g., New Falls Corp. v. Soni, 2017 WL 9732100, at *1 (E.D.N.Y. Oct. 30, 2017) (collecting cases); Pateley Assocs. LLC v. Pitney Bowes, Inc., No. 3:08 CV 1607 (JBA), 2009 WL 10689332, at *3 n.14 (D. Conn., Sept. 10, 2009) (Margolis, J.). The court may also award a party his costs and attorney's fees under its "inherent powers" when the subpoenaed non-party's disobedience demonstrated bad faith. Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994). A party's willful and continued

noncompliance with pretrial discovery orders may warrant a dispositive sanction of default judgment. Isigi v. Dorvilier, 795 F. App'x 31 (2d Cir. 2019) (affirming an entry of default for discovery violations). See, e.g., Ramgoolie v. Ramgoolie, 333 F.R.D. 30 (S.D.N.Y. 2019) (entering default when a party failed to produce bank records for 7 months despite unambiguous court orders and a clear warning). The Second Circuit does not hesitate to impose the harshest sanctions when they are "clearly warranted", for example where gross professional negligence is found ("that is, where counsel clearly should have understood his duty to the court"). Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979). "A litigant chooses counsel at his peril[.]". Id. See, e.g., Hawley v. Mphasis Corp., 302 F.R.D. 37, 49 (S.D.N.Y. 2014) (issuing adverse inference for purported destruction of evidence).

IV. **ARGUMENT**

    A.  Mr. Raghavan Was Properly Served with Subpoena, and Was Obliged to Appear

It is indisputable that Mr. Raghavan was obligated to appear at the August 17, 2020 deposition. The deponent is neither a party nor defendant Yale's managing agent; thus, he is not subject to a deposition by notice and was correctly subpoenaed under Rule 45. Stanley Works Isr. Ltd. v. 500 Grp., 3:17-cv-01765 (CSH), at *3 (D. Conn. Oct. 25, 2019) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent, on the other hand, is not subject to deposition by notice … "an employee, like any other non-party witness, must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure"). On August 3, 2020, Mr. Raghavan was personally served with a valid Rule 45 subpoena issued out of this court. He was afforded a reasonable 14 days to comply. Brown v. Hendler, No. 09-CIV-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (fourteen dates from the date of service

"presumptively reasonable"). By deponent's and defendants' own admissions, Mr. Raghavan was aware of the subpoena as of August 3, 2020 (ECF #143-3).

Defendant Yale University moved to quash the subpoena six days before the deposition (ECF #143). Here, this mere filing is immaterial. First, it is well established that filing a motion to quash does not stay the deposition. See Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D. Mass. 1988) ("The filing of a motion to quash or a motion for protective order does not automatically operate to stay a deposition or other discovery."); Barnes v. Madison, 79 F. App'x 691 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."). Second, Yale's filing is a nullity because a party does *not* have standing to quash a third-party subpoena. Yale's counsel was reminded of this rule before filing; this issue has already appeared in this case. Yale's motion does not even cite any reference to authority for its legally dubious proposition that a third-party deposition be stayed until its motion is ruled upon. Plaintiff noted these, and several other, deficiencies in his response to Yale's motion. (ECF #144). Thus, Yale's motion cannot serve as an excuse for Mr. Raghavan not to appear.

Notably, Mr. Raghavan has not appeared to contest the subpoena, whether by moving to quash it, or by requesting a protective order. No ancillary proceedings in that matter were commenced. Even if Mr. Raghavan himself requested a protective order – which he did not – and if grounds for such an order existed, he would be obliged to appear unless the Court excused attendance.

Mr. Raghavan was commanded to appear, and was never relieved of his obligation to appear. Notably, he never even sought a relief from this Court permitting him not to appear. In these circumstances, no possible reason exists to excuse Mr. Raghavan's blatant disobedience

with the subpoena.

> B. <u>Mr. Raghavan Must Comply with the Subpoena or Be Subject to Sanctions by This Court</u>

Valid subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. <u>See</u>, <u>e.g.</u>, <u>Advisory Committee Notes, 1991</u>. It is well-established that a properly summoned third-party is subject to penalties for failure to comply. Absent an adequate excuse by the non-party, the failure to comply with a subpoena made under Fed. R. Civ. P. 45 may be deemed contempt of court from which the subpoena was issued. <u>See</u> <u>Fed. R. Civ. P. 45(g)</u>; <u>Daval Steel Products</u>, 951 F.2d at 1364; <u>Continental Ins. Co. v. Atlantic Casualty Ins. Co.</u>, 2008 WL 3852046, *2 (S.D.N.Y. Aug. 13, 2008) ("Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for imposition of sanctions against a non-party for failure to comply with a subpoena").

Despite Mr. Madej's repeated attempts to contact the deponent, Mr. Raghavan and his counsel have been completely unresponsive, ignoring what is required of them under the law. Plaintiff was unable to elicit any meaningful response as to why the deponent disobeyed the subpoena; what alternative dates would be best suited for the deponent; or what authority defendants refer to when they opposed the deposition. By failing to comply with the subpoena and defying the subpoena, Keshav Raghavan has shown an utter disregard for the judicial process. Under Rule 45(g), Mr. Raghavan's continued failure to comply with Mr. Madej's subpoena constitutes a contempt of this Court for which sanctions are warranted. This Court should exercise its power under Rule 45(g) if the deponent again to appear for the re-noticed deposition.

7

    C. If Mr. Raghavan Does Not Comply, Plaintiff Is Entitled to An Order Holding Mr. Raghavan in Contempt

Pursuant to Fed. R. Civ. P. Rule 45, absent an adequate excuse, failure to comply with a subpoena is punishable by contempt. See, e.g. Beruashvili, 2006 WL 2289199, at *1 (noting that the remedy of contempt "is the primary mechanism by which a court can enforce a subpoena"); Calabro v. Stone, 224 F.R.D. 532, 533 (E.D.N.Y. 2004). Based on the language of Rule 45(g), courts have "the power under this [R]ule to impose contempt simply on the basis of failure to comply with a subpoena." PaineWebber Inc., 211 F.R.D. at 249 (citations omitted). Courts in this Circuit frequently enter a contempt order against a disobedient non-party who fail to comply with a Rule 45 subpoena and a following court order commanding compliance with the subpoena. Id. (nonparty's failure to comply first with subpoena and then subsequent court order resulted in sanctions).

Mr. Raghavan was served with the Subpoena, which required his appearance at a deposition on August 17, 2020 and the production of documents and information at the deposition. Here, Raghavan willfully failed to both produce documents and appear for his deposition. Based on his willful non-compliance with the Subpoena, if Mr. Raghavan does not obey the requested court order commanding him to appear and testify, an Order should be issued pursuant to Rule 45(g) holding Raghavan in contempt.

V. **CONCLUSION**

Deponent failed without asserting any cause why he has utterly failed to comply with his discovery obligations. For the foregoing reasons, the Court should grant Plaintiff's motion and compel Mr. Raghavan to appear for a deposition noticed for September 1, 2020, or within 30 days. In the event that Mr. Raghavan is unable to comply, or defendants secure Mr. Raghavan's

renewed non-compliance, the Court should order other appropriate relief as necessary. The Court also should award Mr. Madej his attorneys' fees and costs associated with this motion.

Dated: August 24, 2020.
New York, NY

**THE PLAINTIFF,**
**JAKUB MADEJ**

By: /s/ Jakub J. Madej
Jakub Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

*Counsel for Plaintiff*