# FACTSABOUTYALE.COM

NEW YORK   NEW HAVEN   LONG BEACH   MILFORD

**Jakub J. Madej**

LAWSHEET
415 Boston Post Rd Ste 3  1102
Milford, CT 06460
T: (203) 928 8486
j.madej@lawsheet.com

**VIA EMAIL**
PNoonan@ddnctlaw.com                                        August 18, 2020

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168

> RE:   **Deposition of Keshav Raghavan Noticed for August 17**
> Madej v. Yale University et al., Case No. 3:20-cv-00133-JCH (D. Conn.)

Dear Attorney Noonan:

I write with regards to the deposition of Keshav Raghavan, which was noticed for yesterday, August 17, 2020 (Monday) at 2:00 pm at 280 Hudson St in New York, NY. Neither the witness nor the witness's attorney appeared for the deposition. The deposition was suspended at 3:00 pm due to non-appearance.

As you are well-aware, on August 3, 2020, the witness was personally served with the subpoena commanding him to appear. You were also served with a notice of subpoena by August 4, 2020. The court has not granted any relief as to Mr. Raghavan's deposition; nor has Mr. Raghavan sought any such relief. No application for protective order has been filed at all. Neither the witness nor the witness's attorney attempted to contact me to explain their absence.

I contacted you at approximately 2:27 pm, via text message and email, to confirm whether you were coming, but received no response. You sent me a separate message at about 3:00 pm, stating that you will not be appearing but providing no explanation.

As I am sure you know, merely filing a motion to quash does *not* stay a deposition. Barnes v. Madison, 79 Fed.Appx. 691, 707 (5th Cir.2003). See also Batt v. Kimberly–Clark Corp., 438 F.Supp.2d 1315, 1317–18 (N.D.Okla.2006) (motion to

quash does not automatically stay a deposition); Sutherland v. Mesa Air Group, Inc., No. 98–10061–CIV2003, 2003 WL 21402549, at *5 and n. 10 (S.D.Fla. June 6, 2003) (The filing of a motion for protective order alone would not have relieved counsel of obligation to attend the depositions; the obligation to comply dissipates only when court grants the motion.); Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir.1979) (The court's inaction on plaintiff's motion for a protective order to postpone the taking of his deposition did not relieve plaintiff of the duty to appear for deposition); Goodwin v. City of Boston, 118 F.R.D. 297, 298 (D.Mass.1988) (Filing a motion to quash does not automatically stay deposition. "[I]t is incumbent on counsel for movant to file a motion to stay the deposition until the Court acts on motion to quash ... and to alert the [court] to the need for immediate action ....") (emphasis added).

"[T]he party is obliged to appear until some order of the court excuses attendance". Stephen L. LaFrance Holdings, Inc. v. Sorensen, 278 F.R.D. 429, 436 (E.D. Ark. 2011). "[T]he burden is on the movant to obtain a ruling on a motion to quash before cancelling a deposition". Id. This line of cases assumes that the motion to quash has potentially valid grounds on the basis of which a court might conclude that quashing is appropriate. In this case, however, there were none.

I attach a revised deposition subpoena and a notice of deposition that reschedules Mr. Raghavan's deposition for September 1, 2020 (Tuesday) at 9:00 am, also in New York. I reserve the rights to seek sanctions, including under FRCP 30(d), 37(d), and 45(g), should the witness continue to disobey the subpoena. I will be seeking reimbursement for all costs incurred.

If you have any questions, please contact the undersigned at your convenience.

Sincerely,

*/s/ Jakub Madej*

cc:     Haley Kim (h.kim@lawsheet.com)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ, <br>        Plaintiff, <br> <br> v. <br> <br> YALE UNIVERSITY *et al.*, <br>        Defendants. | Civil Action No. <br> 3:20-cv-00133 (JCH) <br> <br> August 18, 2020 |

## RENEWED NOTICE OF VIDEOTAPED DEPOSITION [FED. R. CIV. P. 45]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a subpoena on Keshav Raghavan on August 18, 2020, or as soon thereafter as service may be effectuated. A true copy of the subpoena is attached to this notice.

|  |  |
|---|---|
| Dated:  August 18, 2020 <br>         New York, NY | Respectfully submitted, <br> <br> By: /s/ Jakub Madej <br> Jakub J. Madej <br> LAWSHEET <br> 415 Boston Post Rd Ste 3-1102 <br> Milford, CT 06460 <br> T: (203) 928-8486 <br> F: (203) 902-0070 <br> E: j.madej@lawsheet.com |

## **CERTIFICATE OF SERVICE**

      I certify that I sent a true and correct copy of the attached notice, together with all attachments and exhibits, via email, on August 18, 2020, to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 245-1678
Fax: (203) 458-4424

                                        /s/ Jakub Madej

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| JAKUB MADEJ <br> *Plaintiff* <br> v. <br> YALE UNIVERSITY ET AL. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:20-cv-00133-JCH |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Keshav Raghavan

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 231 Hudson Street, SoHo, New York, NY 10013 | Date and Time: September 1, 2020, 9:00 am |
|---|---|

The deposition will be recorded by this method: Videography

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Documents in your posession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/4/2020

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

OR

issued on Aug 18, 2020

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jakub Madej
65 Dwight St, New Haven CT 06511 yale@lawsheet.com 203-928-8486 , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Jakub Madej <j.madej@lawsheet.com>

## Deposition of Keshav Raghavan

**Jakub Madej** <j.madej@lawsheet.com>  Mon, Aug 17, 2020 at 2:23 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

As you know, Mr. Keshav Raghavan is being deposed today at 2:00pm in New York, pursuant to the subpoena that you received.

The deponent is not here, and no representative for Yale has appeared. Are you on the way? Please call me at (203) 928-8486 or my assistant Haley at (203) 674-1602.

Kindly advise when you're expected to arrive, and if you'd be appearing at Mr. Raghavan's deposition at all.

If you claim to represent Mr. Raghavan, kindly advise whether the witness will appear at his deposition.

Best,
Jakub



Jakub Madej <j.madej@lawsheet.com>

---

# Deposition scheduled for August 17, 2020
1 message

---

**Jakub Madej** <j.madej@lawsheet.com>  Mon, Aug 17, 2020 at 2:25 PM
To: keshav.raghavan@yale.edu

Dear Mr. Raghavan,

This is with regards to your deposition scheduled for today at 2:00pm in New York. You have not appeared, and no counsel is here, either. Kindly advise whether you'd be appearing for the deposition today.

If you're represented by counsel, kindly forward this message to him. This communication should not be construed as an attempt to directly contact a party represented by counsel.

Best,
Jakub Madej



# LAWSHEET

Jakub Madej <j.madej@lawsheet.com>

## Madej v.Yale
5 messages

---

**Pat Noonan** <PNoonan@ddnctlaw.com>  
To: Jakub Madej <j.madej@lawsheet.com>

Mon, Aug 17, 2020 at 2:44 PM

Hi Jakub,

Mr. Raghavan informed me that you contacted him about his deposition. This is in violation of Judge Hall's order. As you know, I am representing Mr. Raghavan. As you also know, I have filed a motion to quash your notice of deposition. We will await a ruling from Judge Hall before that deposition is taken.

Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**Jakub Madej** <j.madej@lawsheet.com>  
To: Pat Noonan <PNoonan@ddnctlaw.com>

Mon, Aug 17, 2020 at 2:48 PM

Dear Patrick,

I interpret your message to state that you will not be appearing for the deposition. I'm waiting for the witness or for his counsel but neither is here. I have sent you a separate email, and a text message, requesting that you call me or my assistant whether you'd be appearing. I will enter this determination into the record. Please notify me immediately if anything I stated here is incorrect.

Best,
Jakub

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>  
To: Jakub Madej <j.madej@lawsheet.com>

Mon, Aug 17, 2020 at 3:09 PM

Jakub,

This is silly.  As you well know, I represent the witness.  Neither he nor I will be appearing at the deposition today.

Please be advised that I will be intermittently working from home.  My cell phone number is 203-314-4562.

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>   Mon, Aug 17, 2020 at 4:31 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Pat,

I cannot think of any legitimate reason why Mr. Raghavan disobeyed a subpoena and did not appear as commanded. Now you claim to be assisting Mr. Raghavan in his noncompliance. Would you be so kind to explain to me why Mr. Raghavan did not appear at the deposition, did not provide any advance notice or reason why he could not appear, and made no attempts to reschedule the deposition? Unilaterally deciding to "skip" a deposition is just unacceptable. The court has not granted any relief allowing Mr. Raghavan not to appear; your motion to quash is a nullity, and in any case would not stay the deposition. I intend to seek a reimbursement of all expenses incurred, and an order commanding the witness to appear or be held in contempt. I hope we will not need to reach the level of application for civil arrest. Prolonged willful noncompliance with discovery procedures is just not serious from an experienced attorney like you, Pat.

Jakub

PS. As I indicated earlier, I am concerned whether Mr. Raghavan consented to your alleged representation. I requested an acknowledgement signed by Mr. Raghavan to conclude this dispute but you declined to provide it. I reiterate my request.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>   Mon, Aug 17, 2020 at 11:04 PM
To: Jakub Madej <j.madej@lawsheet.com>

Jakub,

I notified you in May that Mr. Raghavan had asked me to represent him.  I have attached his email to me once again.

[Quoted text hidden]

---------- Forwarded message ----------
From:
To:

**Cc:**
**Bcc:**
**Date:**
**Subject:** FW: Madej v. Yale

**From:** Keshav Raghavan
**Sent:** Thursday, May 28, 2020 5:13 PM
**To:** Pat Noonan
**Subject:** Re: Madej v. Yale

Attorney Noonan,

I would appreciate it if you would represent me in connection with the case *Madej v. Yale University*. I prefer that Mr. Madej directs any communications or requests to you, not to me.

Best,

Keshav Raghavan

| |

📄 **FW: Madej v. Yale.eml**
56K