UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JAKUB MADEJ : | |
| : | CIVIL ACTION NO. |
| PLAINTIFF : | 3:20-cv-00133-JCH |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY, MARVIN CHUN, : | |
| MARK SCHENKER, PETER SALOVEY AND : | |
| JESSIE ROYCE HILL : | |
| : | |
| DEFENDANTS : | |
| : | AUGUST 24, 2020 |

**DEFENDANT MARK SCHENKER'S OPPOSITION TO
MOTION TO COMPEL DISCOVERY RESPONSES**

The defendant, Mark Schenker, hereby opposes the Plaintiff's Motion to Compel Discovery Responses Directed to Defendant Mark Schenker.

**I.     The Defendant Raised Specific Objections.**

The plaintiff first argues that the defendant raised "boilerplate objections" to the July 28, 2020 Requests to Produce Documents Directed to Mark Schenker. (Docket Entry No. 145, p. 4.) In fact, the defendant provided a specific objection to both requests for production, i.e., that the requested documents are not proportional to the needs of the case considering the lack of importance of the requested documents to the issues at stake in the action. The defendant went on to explain that the complaint did not include allegations concerning the number of times that the Committee on Honors and Academic Standing ("CHAS") met in the 2019/2020 school or the method by which CHAS does its work and the requested documents had no bearing on the plaintiff's claims concerning CHAS' consideration of his petition regarding his withdrawal from Yale University. (Docket Entry No. 145-2, p. 1-2.) Rather than assert boilerplate objections, the defendant raised a

specific objection and described the basis for that objection. Since the defendant's objections were properly asserted, the plaintiff's motion to compel should be denied.

## II.     The Requested Documents Are Irrelevant.

The plaintiff's motion to compel only discusses the defendant's objection to the first request for production, which seeks "documents sufficient to prove that Committee on Honors and Academic Standing met six times in academic year 2019-2020."[1] He claims that the documents are relevant because he alleges that CHAS does not exist. (Docket Entry No. 145, p. 1, 5.) If the purpose of the request is to obtain documents sufficient to prove that CHAS exists, the defendants have already provided such documents. In support of Defendants' Brief in Opposition to Emergency Motion for Preliminary Injunction, the defendants submitted a copy of Yale College's website concerning CHAS. See, Docket Entry No. 37-2. This document is available at https://yalecollege.yale.edu/get-know-yale-college/office-dean/committees/committee-honors-and-academic-standing-chas. That website states that a detailed description of CHAS is contained in the Handbook for Directors of Undergraduate Studies on Yale College and provides a link to the relevant section of that handbook. The plaintiff was also provided a copy of the minutes from the portion of the CHAS meeting wherein the plaintiff's petition was discussed with Yale University's June 11, 2020 Objections and Responses to Plaintiff's Requests for Production and Inspection. These documents are sufficient to prove the existence of CHAS.

The number of times that CHAS met during a specific time period has no bearing on the plaintiff's claims in this action, which only concern the denial of his petition to CHAS concerning his involuntary withdrawal from Yale University. The only relevant CHAS meeting is the one in

---

[1] For this reason, it appears that the plaintiff is not seeking to compel the defendant to provide documents in response to the second request, which seeks "documents sufficient to persuade a reasonable juror that the Committee on Honors and Academic Standing at Yale College 'does it work via written statements and documents.'" Thus, the defendant will not address the relevancy of that request for production in this opposition brief.

which the plaintiff's petition was discussed.  The plaintiff has already been provided with a copy of the minutes for that meeting.  The plaintiff has also been provided with a response to a request for admission indicating that CHAS met six times during the Fall, 2019 semester and also met on January 13, 2020.  Since the plaintiff has been provided with sufficient documents to prove the existence of CHAS and with a copy of the minutes from the portion of the CHAS meeting wherein his petition was discussed, the plaintiff's motion to compel responses to the first request for production should be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Compel Discovery Responses Directed to Defendant Mark Schenker should be denied.

THE DEFENDANT,

MARK SCHENKER

By:_____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                   _____/s/_____
                                                                           Patrick M. Noonan