UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | AUGUST 24, 2020 |

## REPLY TO OPPOSITION TO MOTION TO QUASH SUBPOENA AND NOTICE OF VIDEOTAPED DEPOSITION

The defendant, Yale University, hereby replies to Plaintiff's Opposition to Defendant Yale

University's Motion to Quash and Plaintiff's Cross-Motion to Compel Compliance with

Subpoena.

## I.  Yale University Has Standing to Challenge a Subpoena Directed to its Agent.

The plaintiff first argues that Yale University lacks standing to challenge the subpoena

directed to Keshav Raghavan because Mr. Raghavan is not a party to this action or an agent of

Yale University.  Based on the production requests in the subpoena and statements made in the

plaintiff's opposition brief, it is clear that the plaintiff seeks to depose Mr. Raghavan in his capacity

as a member of Yale College's Committee on Honors and Academic Standing ("CHAS").  See,

Docket Entry No. 143-2, p. 4; Docket Entry No. 144-1, p. 1; Docket Entry No. 144-2.  One of the

purposes of CHAS is "[t]o enforce, interpret, and apply the Academic Regulations (and to consider

petitions for exceptions)."[1]  (Ex. A, hereto.)  The present case concerns CHAS' denial of the

---

[1] A copy of Yale College's website regarding CHAS is attached hereto as Exhibit A.  This document is available at
https://yalecollege.yale.edu/get-know-yale-college/office-dean/committees/committee-honors-and-academic-

plaintiff's petition for an exception to the Academic Regulations contained in Yale College's Programs of Study. It is clear that, in his capacity as a CHAS member and as related to the issues in this case, Mr. Raghavan acted as an agent of Yale University.

Significantly, the plaintiff does not counter the defendant's argument that the subpoena is in direct contravention of Judge Hall's May 29, 2020 order. (Docket Entry No. 104.) Despite his representation that he is "doubtful whether these non-parties have expressly consented to Yale's counsel representing them," (Docket Entry No. 144-1, p. 7), the plaintiff is fully aware that Mr. Raghavan has asked defense counsel to represent him in connection with this action and that defense counsel has agreed to do so. See, Docket Entry No. 143-4, p. 1, 6. Despite the fact that defense counsel informed the plaintiff on May 31, 2020, in accordance with Judge Hall's May 29, 2020 order, that he represented Mr. Raghavan in this matter, the plaintiff stated the following in an August 4, 2020 e-mail:

> Second, I will disregard all statements you make on behalf of Mr. Raghavan. Is Mr. Raghavan your client? If you claim an attorney-client relationship, I will need to see a written statement that he signed in presence of a notary public (not an affidavit, a simple acknowledgement is sufficient; the fee is $5 in CT) that he agreed to this representation of his own free will and without duress. (This language needs to be included in the statement.) Choosing an attorney is a serious decision, and I wish to ensure that Mr. Raghavan has considered any proposals thoroughly. Absent such a statement, I will disregard your claims to represent a third-party whose deposition I noticed.

(Docket Entry No. 143-3, p. 2.) The plaintiff also suggested that Mr. Raghavan should contact the plaintiff to arrange a different date for the deposition and refused to "accept any communication on behalf of Mr. Raghavan from you absent the acknowledgement above because he is a third

---

standing-chas and was previously provided to the Court and the plaintiff as Exhibit B to Defendants' Brief in Opposition to Emergency Motion for Preliminary Injunction, Docket Entry No. 37.

party." Id.  These statements are in blatant disregard of Judge Hall's May 29, 2020 order.[2]  Despite defense counsel informing the plaintiff on two separate occasions that he represented Mr. Raghavan, (Docket Entry No. 143-4, p. 1, 6; Docket Entry No. 143-3, p. 1), and the defendant's August 11, 2020 motion to quash the subpoena and deposition of Mr. Raghavan (Docket Entry No. 143), the plaintiff contacted Mr. Raghavan by e-mail on August 17, 2020 regarding his deposition:[3]

> Dear Mr. Raghavan,
>
> This is with regards to your deposition scheduled for today at 2:00pm in New York.  You have not appeared, and no counsel is here, either.  Kindly advise whether you'd be appearing for the deposition today.
>
> If you're represented by counsel, kindly forward this message to him.  This communication should not be construed as an attempt to directly contact a party represented by counsel.
>
> Best,
> Jakub Madej

(Ex. B hereto.)  Immediately after learning of the plaintiff's inappropriate contact with Mr. Raghavan, defense counsel e-mailed the plaintiff to remind him that his contact with Mr. Raghavan was in violation of Judge Hall's order, that defense counsel represented Mr. Raghavan, and that defense counsel had filed already a motion to quash the deposition.[4]  In response, the plaintiff persisted in his feigned ignorance of defense counsel's representation of Mr. Raghavan and indicated that he had sent a separate e-mail requesting that defense counsel call him or his assistant

---

[2] Also contrary to Judge Hall's May 29, 2020 order, the plaintiff continues to suggest that defense counsel should call the plaintiff to discuss this action over the telephone.  (Docket Entry No. 144-3, p. 2.)

[3] A copy of the plaintiff's August 17, 2020 e-mail to Mr. Raghavan is attached hereto as Exhibit B.

[4] A copy of the August 17, 2020 e-mail correspondence between defense counsel and the plaintiff is attached hereto as Exhibit C.

regarding his attendance at the deposition.[5]  (Ex. C hereto, p. 1.)  The plaintiff's flouting of the Court's direct orders by subpoenaing and contacting Mr. Raghavan should not be countenanced.

Since Mr. Raghavan is an agent of Yale University in his capacity as a member of CHAS, the plaintiff seeks production of documents that are the product of Mr. Raghavan's activities as an agent of Yale University, and Mr. Raghavan has asked that defense counsel represent him in this matter, Yale University has standing to challenge the subpoena.[6]

## II.   The Defendant's Motion Complies with the Local Rules.

The plaintiff's suggestion that the defendant's motion fails to comply with Local Rule 7(a) is unfounded.  The defendant submitted a memorandum of law in support of its motion to quash and presented argument and exhibits in support of its motion.  The plaintiff's suggestion that the defendant was required to comply with Local Rule 37 is equally baseless.  Local Rule 37 specifically applies to motions made pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure.  It does not apply to motions made under Rule 45 of the Federal Rules of Civil Procedure.  The Court in Saye v. Old Hill Partners, Inc., 2004 U.S. Dist. LEXIS 24097 *6-7 (December 1, 2004), declined to deny the defendant's motion to quash for failure to comply with the certification requirement of Local Rule 37.  While the Court then ruled that all discovery motions, including motions to quash made under Rule 45, must comply with Local Rule 37(a)(2), that ruling was specific to that case.  Judge Hall has made no such ruling in this case.  Nonetheless, it is significant to note that the defendant submitted to the Court evidence that defense counsel attempted to confer with the plaintiff regarding Mr. Raghavan's subpoena and the parties were unable to come to an agreement.  See, Docket Entry No. 143-3.

---

[5] Again, the request for a telephone call is in violation of Judge Hall's May 20, 2020 order.

[6] It should be noted that the Court already granted the defendants' motion to quash subpoenas issued to several non-party employees of the defendant.  See, Docket Entry Nos. 120, 122.

### III.   The Subpoena and Notice of Deposition Subject Mr. Raghavan to an Undue Burden.

Since Mr. Raghavan is an agent of Yale University in his capacity as a member of CHAS and defense counsel represents him in this matter, the defendant is permitted to present arguments on behalf of Mr. Raghavan in support of its motion to quash.  The defendant will not repeat the arguments made in its memorandum of law addressing the undue burden placed on Mr. Raghavan. See, Docket Entry No. 143-1, p. 3-4.  Suffice it to say that Mr. Raghavan should not be required to travel to New York or attend an in person deposition during a pandemic.  If he is to be subjected to a deposition, then the deposition should proceed via Zoom.  The plaintiff will not be inhibited in his ability to assess Mr. Raghavan's credibility or ensure that he understands he is under oath. Since Mr. Raghavan is represented by defense counsel, he is entitled to confer with defense counsel during a deposition.  Thus, an in person deposition is not required to prevent any "improper conferences" during the deposition.

### IV.   The Plaintiff Failed to Comply with Rule 45 of the Federal Rules of Civil Procedure.

"Rule 45(a)(4)'s prior notice requirement has important underpinnings of fairness and efficiency.  Notice allows other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents and things.  Accordingly, the notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena." (Internal quotations and citations omitted.)  Mirra v. Jordan, 2014 U.S. Dist. LEXIS 77065 (S.D.N.Y. May 28, 2014).  While it is true that the defendant suffered no prejudice because Mr. Raghavan immediately informed defense counsel of the subpoena, it should be noted that this is not the first time the plaintiff has served a subpoena without first providing notice to defense counsel.  Defense counsel never received notice of the plaintiff's intent to issue a subpoena to

Sarah Insley, the Dean of Branford College at Yale University.  See, Docket Entry No. 120, p. 1, 9.

In determining that the defendant was prejudiced by the plaintiff's failure to provide notice of the subpoenas, the court in Henry v. Bristol Hospital, Inc., 2015 U.S. Dist. LEXIS 70273 *12 (D. Conn. June 1, 2015), observed that it was the second time that the plaintiff had issued subpoenas without providing the requisite notice.  The prior noncompliance with the rules of procedure weighed in favor of a finding of prejudice against the defendant.  Id. at *12-13.  Similar to the plaintiff in Henry, the present plaintiff has twice served subpoenas without providing the requisite prior notice to the defendant.  The fact that the plaintiff persists in failing to provide the defendant notice weighs in favor of granting the motion to quash.

## V.     The Motion to Compel Mr. Raghavan's Compliance with the Subpoena Should be Denied.

As noted in the defendant's Memorandum of Law in Support of Motion to Quash Subpoena and Notice of Videotaped Deposition, the plaintiff has directed similar requests for production to Yale University and Mark Schenker.  (Docket Entry No. 143-1, p. 4-5; Docket Entry No. 143-5.) As the plaintiff is well aware, Mr. Raghavan recused himself from this matter when the plaintiff's petition was first filed.  Accordingly, he simply has no information relevant to this matter; and he should not be compelled to attend a deposition to state that.  The plaintiff has the names of the individuals who did participate in the decision and is free to depose them.  Given these facts, and the fact that the plaintiff is seeking the same information from the named defendants, there is simply no reason to burden Mr. Raghavan with a deposition.

## CONCLUSION

For the foregoing reasons, and those stated in the defendant's Memorandum of Law in Support of Motion to Quash Subpoena and Notice of Videotaped Deposition, the defendant's

motion to quash the subpoena and notice of deposition directed to Keshav Raghavan should be granted.

THE DEFENDANT,

YALE UNIVERSITY

By:_____/s/_____
            PATRICK M. NOONAN – CT00189
            COLLEEN NOONAN DAVIS – CT27773
            DONAHUE, DURHAM & NOONAN, P.C.
            Concept Park
            741 Boston Post Road, Suite 306
            Guilford, CT  06437
            Telephone:  (203) 458-9168
            Fax:  (203) 458-4424
            Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
            Patrick M. Noonan