UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | AUGUST 24, 2020 |

## MOTION FOR PROTECTIVE ORDER

The defendant, Yale University, hereby moves for a protective order prohibiting the plaintiff from taking the deposition of Keshav Raghavan until after the Court rules on the defendant's motion to quash that deposition, Docket Entry No. 143.

On August 3, 2020, the plaintiff sent Mr. Raghavan, via certified mail to his home address, a subpoena that commanded Mr. Raghavan to appear at a deposition on August 17, 2020 in SoHo, New York and to produce "documents in your possession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates." (Docket Entry No. 143-2, p. 4-5.) On August 11, 2020, the defendant moved to quash the subpoena and notice of deposition for four separate reasons: (1) the plaintiff failed to comply with Rule 45 of the Federal Rules of Civil Procedure; (2) the subpoena is in direct contravention of Judge Hall's order; (3) the subpoena and notice of deposition subject Mr. Raghavan to an undue burden; and (4) the production requests are duplicative of the requests for production previously sent to Yale University and Mark Schenker. (Docket Entry No. 143.) The plaintiff filed his opposition the

following day and the defendant filed a reply on August 24, 2020.  (Docket Entry Nos. 144, 150.)
The defendant's motion to quash remains pending.

Despite being informed on May 31, 2020 and again on August 4, 2020 that defense counsel
represented Mr. Raghavan and despite the fact that defense counsel filed a motion to quash, the
plaintiff directly contacted Mr. Raghavan by e-mail on August 17, 2020 regarding his failure to
appear for a deposition that afternoon.   (Docket Entry No. 150-2.)   Upon learning of the
inappropriate communication, defense counsel reminded the plaintiff that defense counsel
represented Mr. Raghavan and that he had filed a motion to quash the subpoena and deposition.
(Docket Entry No. 150-3.)  The following day, the plaintiff sent defense counsel a letter regarding
the deposition of Mr. Raghavan.[1]  Notwithstanding the August 17, 2020 e-mail correspondence
between the plaintiff and defense counsel, the plaintiff claimed that neither Mr. Raghavan nor his
attorney attempted to contact the plaintiff to explain their absence from the deposition.  (Ex. A, p.
2.)  The plaintiff then attached a notice of deposition and subpoena for Mr. Raghavan to reschedule
his deposition for September 1, 2020 in New York.  (Ex. A, p. 4-7.)

Defense counsel responded on August 19, 2020, notifying the plaintiff that neither defense
counsel nor Mr. Raghavan would appear for a deposition in person on September 1 or at any time.[2]
As defense counsel has previously informed the plaintiff, defense counsel's wife is immuno-
compromised.  In addition, defense counsel has suffered from a persistent respiratory illness for
the past eight months, which may require surgery in the next weeks.  Defense counsel also
reminded the plaintiff: "Furthermore, as you know, Mr. Raghavan has no information relevant to
any claim or defense in this matter.  He is a student member of CHAS who recused himself from

---

[1] A copy of the August 18, 2020 letter is attached hereto as Exhibit A.

[2] A copy of the August 19, 2020 e-mail is attached hereto as Exhibit B.

this matter because he knows you.  Accordingly, he did not participate in the discussions relating

to your petition to have the involuntary withdrawal lifted.  Since there is no reason to take his

deposition, I object to you requiring him to set aside seven hours to answer questions which he is

unable to answer."[3]  (Ex. B, p. 1.)

Given the plaintiff's insistence on proceeding with Mr. Raghavan's deposition despite the

fact that the defendant's motion to quash the subpoena and notice of deposition is pending, the

defendant hereby requests that the Court grant this motion for a protective order and prohibit the

plaintiff from taking Mr. Raghavan's deposition until after the Court rules on the motion to quash.[4]

THE DEFENDANT,

YALE UNIVERSITY

By:_____/s/_____
    PATRICK M. NOONAN – CT00189
    COLLEEN NOONAN DAVIS – CT27773
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park
    741 Boston Post Road, Suite 306
    Guilford, CT  06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  pnoonan@ddnctlaw.com

---

[3] Defense counsel also informed the plaintiff that he would not proceed with depositions until after the completion of written discovery, as contemplated by Judge Hall.  (Ex. B, p. 1.)  The defendants intend to move for an order regarding the discovery process.

[4] The defendant also notes that all of the defendants filed a Motion to Dismiss on May 6, 2020.  The plaintiff has missed several deadlines to respond to that motion.

## <u>CERTIFICATION</u>

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan