UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : AUGUST 26, 2020 |

## MOTION FOR ORDER RE DISCOVERY PROCESS

The defendants hereby move for an order regarding the discovery process in this action. Written discovery is typically propounded and completed prior to the taking of depositions. The purpose of proceeding in this manner is to narrow and focus the issues to be addressed during the depositions. While the parties in this action have propounded and responded to written discovery, there are numerous pending motions regarding the objections and responses to the discovery requests. See, Docket Entry Nos. 111, 128, 129, 130, 132, 133, 134, 135, 136, 138, 139, 140, 142, 145, 149. These motions need to be resolved before witnesses are deposed.

As the Court has noted, the customary procedure is to complete written discovery prior to the commencement of depositions.[1] Proceeding in this fashion also avoids a situation where a party claims that a witness needs to be re-deposed after the party acquires additional written discovery materials subsequent to the completion of the deposition. The defendants request an

---

[1] In fact, Judge Hall observed in her April 2, 2020 ruling that requests for production of documents and interrogatories often focuses the need for particular individual to be deposed, as well as the topics required to be covered in the depositions. See, Docket Entry No. 72.

order requiring that this procedure be followed in the present case. In order to effectuate that goal, depositions would have to be postponed until after the Court has ruled on the outstanding discovery motions and thereafter the parties have complied with those orders. Once that is done, the defendants request an order that the parties cooperate on the date and length of time for each deposition, rather than depositions being unilaterally noticed.

Defense counsel attempted to obtain the voluntary compliance of the plaintiff in carrying out this proposed discovery plan, but the plaintiff has steadfastly resisted those efforts. He has now sent several notices of deposition for Keshav Raghavan, a student member of CHAS who recused himself from all involvement in this matter due to his prior relationship with the plaintiff. Despite the fact that Mr. Raghavan has no knowledge of any facts relevant to the present dispute, the plaintiff has indicated that defense counsel should set aside seven hours for that deposition. There are now several pending motions before the Court relating the deposition of Mr. Raghavan. See, Docket Entry Nos. 143, 144, 148, 151. The plaintiff has also noticed the deposition of Mark Schenker despite the pendency of the foregoing discovery motions and claims to need seven hours for that deposition.[2] In connection with Dean Schenker's deposition, the plaintiff has requested that Yale University produce "a list of students, indicating their names and class year," who were either "dismissed by the Committee on Honors and Academic Standing" or who "petitioned the Committee in any manner related to their dismissal or withdrawal starting Fall, 2015." (Ex. A, p. 6.) The defendants have filed an objection to that request based both on the Family Educational and Privacy Rights Act and relevance. The plaintiff also filed a request for inspection of the "location where records of the Committee on Honors and Academic Standing are stored," the

---

[2] A copy of the plaintiff's August 22, 2020 letter enclosing the notice of deposition and discovery requests is attached hereto as Exhibit A.

"location where the Committee on Honors and Academic Standing ("Committee") generally convenes twice a month during the regular academic year," as well as the place where the meeting regarding his petition took place. (Ex. A, p. 8.) The plaintiff offered no rationale for invading the privacy of other students or for his insistence on coming onto campus to "inspect" physical parts of the campus which have been shut down due to the COVID-19 virus. Allowing the plaintiff back on campus at this point would only serve to endanger the health of students who are moving onto the campus and the faculty and staff whom the plaintiff would encounter during such a visit.

The defendants further request that all depositions be conducted virtually via Zoom (or a similar methodology) for the health and safety of all participants and their families. As defense counsel has previously informed the Court and the plaintiff, defense counsel's wife is immuno-compromised. In addition, defense counsel has suffered from a persistent respiratory illness for the past eight months, which may require surgery in the next few weeks. The plaintiff's filings and correspondence reveal that he has traveled throughout the United States over the past five months, including to New York, Illinois, California, Nevada, Arizona, New Mexico, Tennessee, Oklahoma, Kansas, North Carolina and various parts of Connecticut. He has also traveled to Mexico. Defense counsel, on the other hand, has limited his travel to within 15 miles of his home.

Defense counsel has sent numerous e-mails to the plaintiff explaining that he cannot safely participate in depositions in person and indicating that the parties would need to wait for an order from the Court on this issue before proceeding, given the plaintiff's refusal to compromise. Nevertheless, the plaintiff continues to send new notices of deposition and correspondence insisting on the need for immediate in-person depositions without obtaining rulings on the outstanding discovery motions.[3] Ex. A, B. The latest communication from the plaintiff on this

---

[3] Correspondence regarding in-person depositions is attached hereto as Exhibit B.

3

issue was a letter dated August 22, 2020 in which the plaintiff provided this rationale for requiring an in-person deposition: "Determining Mr. Schenker's credibility, ensuring that he is placed under oath, and that he understands the meaning of an oath is of paramount importance to us." He continues: "Students who face an illogical and unappealable decision that they must leave the community where their friends, future, and entire live (sic) do not live in a virtual world; and neither will this deposition proceed virtually." (Ex. A, p. 2.) In that same correspondence, the plaintiff repeats the claim which appears to be at the heart of his case, i.e. that the CHAS Committee was in fact never convened and that Dean Schenker "acted alone" in rejecting the plaintiff's petition to CHAS. In other pleadings and correspondence, the plaintiff has claimed that in fact there is no CHAS and there are no members of CHAS, (see, Docket Entry Nos. 87, ¶ 45-49; 101-1, p. 5; 144-1, p. 1; 148, p. 2), despite his having attached to his motion for preliminary injunction documentary proof to the contrary (see, Docket Entry No. 23, p. 4-6). To date, the plaintiff has offered no valid reason for requiring in-person depositions. Conducting all depositions via Zoom would serve to protect the health of all participants, including the plaintiff, and will not affect the integrity of the discovery process.

WHEREFORE, the defendants respectfully request that the Court order the following:

1. All discovery will be stayed until the Court rules on all outstanding discovery motions;
2. Written discovery will be completed before the taking of any depositions;
3. The Court will set a reasonable time for the length of depositions;
4. The date and time for depositions will be selected so as to minimize inconvenience to the witnesses being deposed; and
5. All depositions will be conducted virtually via Zoom or another similar process.

<pre>
                              THE DEFENDANTS,

                              YALE UNIVERSITY, MARVIN CHUN, MARK
                              SCHENKER, PETER SALOVEY AND JESSIE
                              ROYCE HILL


                         By:            /s/
                              PATRICK M. NOONAN – CT00189
                              COLLEEN NOONAN DAVIS – CT27773
                              DONAHUE, DURHAM & NOONAN, P.C.
                              Concept Park
                              741 Boston Post Road, Suite 306
                              Guilford, CT  06437
                              Telephone:  (203) 458-9168
                              Fax:  (203) 458-4424
                              Email:  pnoonan@ddnctlaw.com
</pre>

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

<pre>
                                        /s/
                                 Patrick M. Noonan
</pre>