UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : SEPTEMBER 3, 2020 |

### DEFENDANT YALE UNIVERSITY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED CROSS-MOTION TO COMPEL COMPLIANCE AND APPEAR AT A DEPOSITION

The defendant, Yale University, hereby opposes the plaintiff's amended motion to compel Keshav Raghavan to appear at his deposition. The parties have already briefed this issue at length, and the defendant will not repeat the arguments it has already advanced in its filings to date. See, ECF Nos. 143, 150, 151.

The plaintiff argues that Mr. Raghavan did not appear at the deposition noticed for August 17, 2020 without any notice or explanation. (ECF 148, p. 1; ECF 148-1, ¶ 7.) This is patently false. Defense counsel informed the plaintiff on August 3, 2020, the date Mr. Raghavan received the subpoena via certified mail, that Mr. Raghavan would not appear at the August 17, 2020 deposition. (ECF No. 143-3, p. 3.) The following day, defense counsel informed the plaintiff that he would be filing a motion to quash the deposition. (ECF 143-3, p. 1.) The defendant filed a motion to quash on August 11, 2020. (ECF 143.) Defense counsel's e-mails and the motion to quash explained the reasons that Mr. Raghavan would not appear at the deposition. Since defense counsel notified the plaintiff on three different occasions that Mr. Raghavan would not be

appearing at the deposition on August 17, 2020, the plaintiff should not have expected Mr. Raghavan to attend the deposition on that date. Since the plaintiff was fully aware as of August 3, 2020 that Mr. Raghavan would not appear at the August 17, 2020 deposition, the plaintiff should not be awarded any costs for preparing for, traveling to, or attending the August 17, 2020 deposition.[1]

The plaintiff also claims that defense counsel did not respond to the plaintiff's August 18, 2020 letter regarding Mr. Raghavan's reschedule deposition. (ECF 148, p. 3; ECF 148-1, ¶ 14.) Again, this is wholly inaccurate. In fact, the plaintiff attached to his motion defense counsel's August 19, 2020 response. See, ECF 148-3, p. 1-2. At that time, defense counsel informed the plaintiff that neither he nor Mr. Raghavan would appear for an in person deposition on September 1, 2020 or at any other time. (ECF 148-3, p. 1.) On August 24, 2020, defense counsel informed the plaintiff that they would await a ruling from Judge Hall regarding Mr. Raghavan's deposition.[2] (Ex. A, p. 3.) Despite these two e-mails, the plaintiff, on August 31, 2020, claimed to expect Mr. Raghavan to appear for his deposition the following day. (Ex. A, p. 2.) Defense counsel informed the plaintiff for a third time that neither Mr. Raghavan nor defense counsel would appear for a deposition until Judge Hall ruled on the pending motions. (Ex. A, p. 1.) Although the plaintiff was fully aware that Mr. Raghavan would not appear for the deposition on September 1, 2020 due to the pending motions, the plaintiff claimed to be moving forward with the deposition that day. (Ex. A, p. 1.) Since the plaintiff and defense counsel have exchanged several e-mails regarding

---

[1] As explained below, the same is true for the September 1, 2020 deposition.

[2] A copy of the e-mail correspondence between the plaintiff and defense counsel regarding Mr. Raghavan's September 1, 2020 deposition is attached hereto as Exhibit A.

Mr. Raghavan's deposition, any claim that defense counsel failed to respond to the plaintiff is spurious.

The plaintiff argues that Mr. Raghavan should be sanctioned or held in contempt for his failure to appear at the August 17, 2020 deposition. As is well known by the plaintiff, defense counsel represents Mr. Raghavan, who is an agent of Yale University in his capacity as a student member of the Committee on Honors and Academic Standing. Yale University was entitled to, and did, move to quash Mr. Raghavan's deposition.[3] See, ECF Nos. 143. The Court has not yet ruled on that motion or the subsequent motion for protective order. Since a proper and timely objection to the subpoena and notice of deposition was filed and defense counsel informed the plaintiff that Mr. Raghavan and defense counsel would not appear on the scheduled date, Mr. Raghavan was not required to appear for a deposition on August 17, 2020.[4] The plaintiff was aware as of August 3, 2020 that Mr. Raghavan would not appear for the deposition on August 17, 2020 and that defense counsel intended to move to quash the subpoena and notice of deposition. Nevertheless, he chose to incur costs to proceed with the deposition two weeks later. Mr. Raghavan is entitled to wait until the Court rules on the motion to quash before appearing at a deposition. Therefore, he should not be sanctioned or held in contempt for failing to appear at the August 17, 2020 deposition.[5]

---

[3] Since filing the motion to quash, the defendant also filed a motion for protective order and a motion for order regarding the discovery process. See, ECF Nos. 151, 152.

[4] The plaintiff cites opinions from the District of Massachusetts in the First Circuit and the Court of Appeals for the Fifth Circuit in support of his argument that a witness is required to appear for a deposition despite filing a timely motion to quash the subpoena. See, ECF No. 148, p. 6. Defense counsel is not aware of, and could not find, any case law from the Second Circuit supporting such an argument.

[5] Of course, the same is true for the September 1, 2020 deposition.

## CONCLUSION

For the foregoing reasons, and those stated in the defendant's motion to quash and related filings, the plaintiff's Amended Cross-Motion to Compel Compliance and Appear at a Deposition should be denied.

THE DEFENDANT,

YALE UNIVERSITY

By: _____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan