**From:** Jakub Madej <j.madej@lawsheet.com>
**Date:** September 1, 2020 at 7:59:55 AM EDT
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject: Re: Deposition of K. Raghavan in Madej v. Yale Univ et al.**

I entirely reject the notion that you or Mr. Raghavan have any right not to appear today. The deposition will commence in 30 minutes. I am expecting everyone to be here. My phone number is (203) 928-8486, if you can't find me.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

On Mon, Aug 31, 2020 at 12:49 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

> Hi Jakub,
>
> To reiterate, neither Mr. Raghavan nor any other witness will appear for a deposition until Judge Hall has ruled.
>
> Pat
>
> Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.
>
> Patrick M. Noonan
>
> Donahue, Durham & Noonan, P.C.
>
> 741 Boston Post Road
>
> Guilford, CT 06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Monday, August 31, 2020 3:14 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** Haley Kim <haley.kim@lawsheet.com>
**Subject:** Re: Deposition of K. Raghavan in Madej v. Yale Univ et al.

Dear Patrick,

As you know, Mr. Raghavan has an obligation to comply with the subpoena and appear for the deposition scheduled for September 1. Yale's motion is, again, a nullity. No legal argument was presented in support of Yale's request. Even if such an argument was offered, it is well settled that Yale does not have standing to make it.

Noticing Mr. Raghavan's deposition for the first time, I offered alternative dates for his convenience. I indicated my willingness to depose Mr. Raghavan closer to his residence, and not in New York. After Mr. Raghavan did not show up as requested without any allowable excuse or prior communication, I again indicated my flexibility and suggested alternative times for the deposition. I also wrote to you that an affidavit by Mr. Raghavan certifying the alleged facts in dispute might eliminate the need for a deposition altogether. Unfortunately, Mr. Raghavan -- relying on your counsel -- failed to take advantage of any of these options. In fact, neither Mr. Raghavan nor you, claiming to be representing him, responded to these good faith attempts to eliminate all issues that might stop the deposition from proceeding. I interpret this conduct solely as a desperate attempt to avoid confronting a witness with the "facts" that Yale asserts, without the benefit of sworn testimony.

In other words, I respectfully decline to continue this formidable cat-and-mouse discovery game. I will be expecting Mr. Raghavan at the time noticed by the subpoena.

Regards,

Jakub

--

Jakub Madej

1700 Santa Fe Avenue #845 | Long Beach, CA 90813

415 Boston Post Rd 3-1102 | Milford, CT 06460

Phone: (203) 928-8486 | Fax: (203) 902-0070

Email: j.madej@lawsheet.com | Website: www.lawsheet.com

Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

On Mon, Aug 24, 2020 at 4:01 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

Hi Jakub,

Thanks for the offer to comply with the Initial Disclosures. I look forward to getting them within a week. As to the deposition of Mr. Raghavan, I don't think further communication on that issue will be productive at this time. It is clear that we are not in agreement. As I told you earlier, we will await Judge Hall's ruling on that issue.

Pat

Please be advised that I will be intermittently working from home. My cell phone number is 203-314-4562.

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT 06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Monday, August 24, 2020 1:24 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** Haley Kim <haley.kim@lawsheet.com>
**Subject:** Re: Deposition of K. Raghavan in Madej v. Yale Univ et al.

Dear Patrick,

For the record, please be advised of the following in regards to your previous email:

1. Mr. Raghavan will be deposed precisely to learn what he knows, and what he does not know. Facially, his role was relevant within the meaning of Rule 26. Your unilateral declarations of professed 'lack of knowledge' are unhelpful and worthless; unless supported by Mr. Raghavan's affidavit, I will disregard these statements. If Mr. Raghavan furnishes an affidavit certifying that he has never attended any meetings of the Committee, I will be more likely to forego his deposition and only seek reimbursement for fees incurred at the no-show deposition last Monday.

2. If Mr. Raghavan fails to appear without an earlier agreement or the Court's ruling, and so does one other party whose deposition was properly noticed, I will simply seek an entry of default judgment. I expect you and Mr. Raghavan on September 1, as provided in the deposition notice. As I stated in the letter you previously received, I am happy to reschedule this deposition for another date the same week. I have never received a response to this letter from you. I can only interpret your statements about health problems as implausible excuses after securing a witness's noncompliance.

3. I am sympathetic to all personal issues you may be experiencing. I trust that, to the extent they impact this case, you will be able to suggest a reasonable alternative for every obligation you seek to modify. Otherwise, I prefer not to, and will not, dwell into your private life. I ask that you do the same.

4. All other discovery obligations from my client's side were fully complied with. Please note that in April you requested all information that would be included in initial disclosures via interrogatories. You were served responses under oath. If you wish to receive separate initial disclosures, I will ensure you receive them within a week.

I appreciate your comments as to how discovery is conducted. Please rest assured that I am thankful for your advice.

Best,

Jakub

--

Jakub Madej

1700 Santa Fe Avenue #845 | Long Beach, CA 90813

415 Boston Post Rd 3-1102 | Milford, CT 06460

Phone: (203) 928-8486 | Fax: (203) 902-0070

Email: j.madej@lawsheet.com | Website: www.lawsheet.com

Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

On Wed, Aug 19, 2020 at 11:03 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

Hi Jakub,

Neither I nor Mr. Raghavan will be appearing for a deposition in person on September 1 or at any other time. As I have told you before you mailed (not served) your notice of deposition to Mr. Raghavan, I will not participate in person in any deposition at this point in time in order to protect my health and that of my wife, who is immune-compromised. I have been struggling with a persistent respiratory illness for eight months, and it now appears that surgery is necessary. The surgery has not yet been scheduled, but is likely to be performed in the next two weeks. Therefore I can't agree to a date at this point for any deposition. Furthermore, as you know, Mr. Raghavan has no information relevant to any claim or defense in this matter. He is a student member of CHAS who recused himself from this matter because he knows you. Accordingly, he did not participate in the discussions relating to your petition to have the involuntary withdrawal lifted. Since there is no

reason to take his deposition, I object to you requiring him to set aside seven hours to answer questions which he is unable to answer.

In addition to the foregoing, as Judge Hall previously observed and as I have informed you, it is customary to conduct document discovery before depositions are taken. This makes the deposition more focused. You have failed to fully comply with my discovery requests; and you have failed to comply at all with your obligation to provide the Initial Disclosures in this case. I object to scheduling any deposition until you have fully complied with your all of your discovery obligations. Please let me know when you plan to fully comply, and then we can discuss a deposition schedule (including your deposition) by Zoom.

Pat

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Tuesday, August 18, 2020 3:14 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** h.kim@lawsheet.com
**Subject:** Deposition of K. Raghavan in Madej v. Yale Univ et al.

Dear Patrick,

Please find the letter attached.

Regards,

Jakub

--

Jakub Madej

1700 Santa Fe Avenue #845 | Long Beach, CA 90813

415 Boston Post Rd 3-1102 | Milford, CT 06460

Phone: (203) 928-8486 | Fax: (203) 902-0070

Email: j.madej@lawsheet.com | Website: www.lawsheet.com

Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.