IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ,<br>            Plaintiff,<br><br>      vs.<br><br>YALE UNIVERSITY et al.,<br>            Defendants. | CASE NO. 3:20-cv-00133 (JCH)<br><br>SEPTEMBER 6, 2020<br><br>**PLAINTIFF'S MOTION FOR CONFERENCE AND EXHIBIT TO PLAINTIFF'S MOTIONS TO COMPEL WITNESS TO APPEAR AND TESTIFY (ECF ## 144, 148)** |

Plaintiff Jakub Madej ("Plaintiff") files the attached deposition transcript, together with four admitted exhibits, conclusively establishing that Mr. Keshav Raghavan (the "witness") once again failed to comply a valid court-issued subpoena and did not appear to testify at the second deposition noticed for and held on September 1, 2020. A transcript has been prepared to memorialize the attempted deposition, which was suspended at 10:00 am due to non-appearance. As discussed in the previous filings (ECF ## 144, 148) and demonstrated by the attached transcript, Mr. Raghavan's non-compliance has no justification in either law or fact. The witness was not relieved by the Court from his obligation to comply, did not move for a protective order, and did not even appear before the Court to contest the subpoena. It is undisputable that plaintiff is entitled to depose Mr. Raghavan, whose testimony could, and indeed would reveal information directly adverse to and inconsistent with the position staunchly advanced by Yale Defendants. More worryingly, the record aptly suggests the University is solely responsible for witness's repeated non-appearance. Yale first requested that the Raghavan subpoena be quashed, misleadingly characterizing its student as Yale's "agent"[1] – all despite a well-established rule

---

[1] This characterization must fail in either case, as Defendants cite no authority for its proposition that a corporate defendant has standing to move to quash a subpoena issued to its *customer* – or that a university has standing has

that a party lacks standing to move to quash a third-party subpoena. (ECF #144-1, at 4-6.) When the court did not rule on defendants' "request" before the deposition date, Yale Defendants "granted" themselves a relief, ensuring that the witness will not comply. Indeed, Mr. Raghavan is a 21-year-old law-abiding citizen with no imaginable reason or incentive not to comply with a court-issued subpoena.

This development squarely summarizes Yale Defendants' continued and deliberate failure to discharge their crystal-clear discovery obligations, frustrate the exchange of information to which plaintiff is unequivocally entitled, and delay a fair resolution of this case on its merits. Absent an intervention from this Court, this pattern of self-help – thoroughly unacceptable under our system of discovery – will only continue. To this end, Plaintiff respectfully requests a conference with the Court as soon as the Court's calendar permits, given the Court's criminal docket and outstanding time-sensitive business. A proposed briefing schedule and a concise summary of matters to be discussed will be soon filed with the Clerk. Plaintiff also requests that a status conference scheduled for a date certain followed, for example in 60 days, to ensure a productive and efficient discovery and eliminate needless motion practice that will only burden the Court in preparation for trial.

Dated: September 6, 2020
      New York, NY

                                      **THE PLAINTIFF,**
                                      **JAKUB MADEJ**

                                      By: /s/ Jakub J. Madej
                                          Jakub Madej
                                          LAWSHEET
                                          415 Boston Post Rd Ste 3-1102
                                          Milford, CT 06460

---

standing to move to quash a subpoena issued to its student. Plaintiff could not locate a single case from this Circuit that might entitle the University to the relief it seeks here.

                T: (203) 928-8486
                F: (203) 902-0070
                E: j.madej@lawsheet.com

*Counsel for Plaintiff*