**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------X
JAKUB MADEJ,

              Plaintiff,           Docket No.:
                                    3:20-cv-133 (JCH)

      v.

YALE UNIVERSITY et al.,

              Defendants.
------------------------X


ATTEMPTED VIDEOTAPED DEPOSITION OF KESHAV RAGHAVAN

HELD AT:            280 Hudson St
                   New York, NY 10022

DATE:               September 1, 2020
                   9:00 a.m.

APPEARANCES IN THE CASE:

For the Plaintiff:    Jakub J. Madej
                   LAWSHEET
                   415 Boston Post Rd, Suite 3-1102
                   Milford, CT 06460
                   (203) 928-8486


For the Defendants:   Patrick M. Noonan
                   DONAHUE, DURHAM & NOONAN P.C.
NOT PRESENT          741 Boston Post Road, Suite 306
                   Guilford, CT 06437
                   (203) 458-9168

I N D E X

E X H I B I T S

| PLAINTIFF'S | DESCRIPTION | ADMITTED |
|---|---|---|
| 1 | Counsel Letter | P. 6 |
| 2 | Subpoena | P. 6 |
| 3 | Email String | P. 6 |
| 4 | 9/1/20 Email String | P. 6 |

| DEFENDANTS' | DESCRIPTION | ADMITTED |
|---|---|---|
| --- | --- | --- |

NEW YORK, NEW YORK                    SEPTEMBER 1, 2020


### RECORDING STARTED AT 08:56 A.M.


### START AT 9:02 A.M.

MR. MADEJ: Okay, we may begin. Good morning,

this is to be a deposition of Keshav Raghavan, R-A-G-H-A-

V-A-N, scheduled for 9:00 am on Monday, September 1,

2020. This is today. My name is Jakub Madej, and I

represent the plaintiff. The deponent is not here yet.

We're going to wait some time to see if he appears.

Counsel indicated that he has no intention of appearing.

Nonetheless, we will proceed as noticed and give them

some time to appear. We will go off the record for the

next 15 minutes.


### 9:15 A.M.

MR. MADEJ: Okay, let's begin. This is to be the

Rule 30 deposition of Mr. Keshav Raghavan taken pursuant

to a subpoena issued under Rule 45 of the Federal Rules

of Civil Procedure in Civil Case Number 3:20-cv-00133

2      styled Madej v. Yale University et al., pending in the

3      United States District Court, District of Connecticut.

4             It is now approximately 9:15 am on September 1,

5      and the deponent has not appeared. In addition, counsel

6      for the deponent is not here. No representative for Yale

7      University has appeared, either. We will go off the

8      record for 20 minutes to give them a little more time and

9      see if they appear.

10

11

12                           **9:40 A.M.**

13        **MR. MADEJ:** It is now 9:40 am and the deponent

14      and his counsel have not appeared. I have contacted

15      counsel for Mr. Raghavan via email twice. I have received

16      no response. Before marking the exhibits, I will provide

17      a concise summary of what has happened in the days

18      leading up to this deposition.

19             My name is Jakub Madej. I am the deposing

20      counsel. A subpoena commanding Mr. Raghavan to appear and

21      testify on September 1, 2020 in New York, NY at 231

22      Hudson Street, New York, NY 10013. The deposition was

scheduled to begin at 2:00 pm was served on Mr. Noonan on

August 18, 2020. The deposition was scheduled to begin at

9:00 am. Neither the witness nor the witness's attorney

have appeared for the deposition. Counsel has not stated

a reason for non-appearance or an explanation.

I note for the record that this is the second

time Mr. Raghavan has not appeared. The previous

deposition was noticed for September – sorry -- August

17, 2020 for 2:00 pm, and the counsel has not appeared,

as did not Mr. Raghavan. And, similarly, they have nor

provided any reason for not appearing.

A notice was provided too to defendants' counsel

Mr. Noonan, together with the subpoena, on August 18. Mr.

Raghavan was tendered all fees associated with his

appearance.

Defendant – um – counsel has stated that they

will not appear at the deposition without a reason. We

will provide them an additional 15 minutes to respond and

otherwise we will suspend the deposition. Let's go off

the record.

**9:55 A.M.**

(Conversation on the video without audio on)


**9:57 A.M.**

**MR. MADEJ:** Okay, we will take this again because the microphone didn't work. We are back on the record and first, I would like to admit certain exhibits. Exhibit 1 is the communication with counsel including the subpoena and the notice of subpoena that commanded the witness to appear today. Exhibit 2 is the subpoena commanding the witness to appear. Exhibit 3 is all communication with counsel regarding today's deposition. And the Exhibit 4 is the written attempt to seek a notice of whether the witness is appearing today and, if not, why. So all four exhibits are hereby admitted.

This is the second deposition that we have noticed for Mr. Raghavan. I waited now for an hour and there is no indication that Mr. Raghavan will appear at all. If there is a good cause for not appearing, it will be for — up for Mr. Raghavan and his counsel to present to the court in explanation for today's failure to

Case 3:20-cv-00133-JCH   Document 156-1   Filed 09/06/20   Page 7 of 24

appear. Frankly, there hasn't been any reasonable or legitimate explanation given to me or presented on the docket for not appearing. Mr. Raghavan is simply not here for a noticed deposition. It seems that defendants and defendants' counsel are securing witness's non-appearance because Mr. Raghavan himself likely has no reason or incentive not to comply with a court-issued subpoena.

I have not received any response from Attorney Noonan either via email or by telephone or by text this morning regarding the reasons for not appearing. Mr. Noonan simply stated yesterday that he will not appear and did not provide any reason whatsoever. Thus I reserve the right to notice the deposition for any —- for another time and day, to move to compel the witness to appear, and to seek sanctions, including civil contempt, to ensure witness's compliance. As well as entry of default judgment. I reserve the rights to seek a reimbursement of all fees incurred in this deposition. I further note that a video recording of this deposition is available on file for anyone who would like to confirm what was stated on the record.

Case 3:20-cv-00133-JCH   Document 156-1   Filed 09/06/20   Page 8 of 24

1

2          It is now 10:00 am, and the deponent or counsel

3   have still not appeared. This deposition is now suspended

4   due to non-appearance. This will conclude today's

5   transcript. Thank you everyone.

6

7          [WHEREUPON, THE DEPOSITION WAS SUSPENDED]

8          **CONCLUDED AT 10:01 AM.**

9

C E R T I F I C A T E

    I, Jakub J. Madej, certify that the foregoing transcript of the deposition in the case Madej v. Yale University et al., Docket No. 3:20-cv-00133 is a true, accurate and unedited record of the proceedings held on September 1, 2020, to the best of my skill and ability.

    I further certify that a video recording of all proceedings transcribed above is available on file.


Digital Signature _____ Dated: 09/01/20


          JAKUB J. MADEJ
         415 Boston Post Rd
         Milford, CT 06460
         (203) 928-8486

9/1/20 Deposition
3:20-cv-133 (JCH)

**Exhibit
1**

# FACTSABOUTYALE.COM

NEW YORK   NEW HAVEN   LONG BEACH   MILFORD

**Jakub J. Madej**

LAWSHEET
415 Boston Post Rd Ste 3  1102
Milford, CT 06460
T: (203) 928 8486
j.madej@lawsheet.com

**VIA EMAIL**
**PNoonan@ddnctlaw.com**                                      August 18, 2020

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168

RE:   **Deposition of Keshav Raghavan Noticed for August 17**
      Madej v. Yale University et al., Case No. 3:20-cv-00133-JCH (D. Conn.)

Dear Attorney Noonan:

I write with regards to the deposition of Keshav Raghavan, which was noticed for yesterday, August 17, 2020 (Monday) at 2:00 pm at 280 Hudson St in New York, NY. Neither the witness nor the witness's attorney appeared for the deposition. The deposition was suspended at 3:00 pm due to non-appearance.

As you are well-aware, on August 3, 2020, the witness was personally served with the subpoena commanding him to appear. You were also served with a notice of subpoena by August 4, 2020. The court has not granted any relief as to Mr. Raghavan's deposition; nor has Mr. Raghavan sought any such relief. No application for protective order has been filed at all. Neither the witness nor the witness's attorney attempted to contact me to explain their absence.

I contacted you at approximately 2:27 pm, via text message and email, to confirm whether you were coming, but received no response. You sent me a separate message at about 3:00 pm, stating that you will not be appearing but providing no explanation.

As I am sure you know, merely filing a motion to quash does *not* stay a deposition. Barnes v. Madison, 79 Fed.Appx. 691, 707 (5th Cir.2003). See also Batt v. Kimberly–Clark Corp., 438 F.Supp.2d 1315, 1317–18 (N.D.Okla.2006) (motion to

quash does not automatically stay a deposition); <u>Sutherland v. Mesa Air Group, Inc.</u>, No. 98–10061–CIV2003, 2003 WL 21402549, at *5 and n. 10 (S.D.Fla. June 6, 2003) (The filing of a motion for protective order alone would not have relieved counsel of obligation to attend the depositions; the obligation to comply dissipates only when court grants the motion.); <u>Hepperle v. Johnston</u>, 590 F.2d 609, 613 (5th Cir.1979) (The court's inaction on plaintiff's motion for a protective order to postpone the taking of his deposition did not relieve plaintiff of the duty to appear for deposition); <u>Goodwin v. City of Boston</u>, 118 F.R.D. 297, 298 (D.Mass.1988) (Filing a motion to quash does not automatically stay deposition. "[I]t is incumbent on counsel for movant to file a motion to stay the deposition until the Court acts on motion to quash ... and to alert the [court] to the need for immediate action ....") (emphasis added).

"[T]he party is obliged to appear until some order of the court excuses attendance". <u>Stephen L. LaFrance Holdings, Inc. v. Sorensen</u>, 278 F.R.D. 429, 436 (E.D. Ark. 2011). "[T]he burden is on the movant to obtain a ruling on a motion to quash before cancelling a deposition". <u>Id</u>. This line of cases assumes that the motion to quash has potentially valid grounds on the basis of which a court might conclude that quashing is appropriate. In this case, however, there were none.

I attach a revised deposition subpoena and a notice of deposition that reschedules Mr. Raghavan's deposition for September 1, 2020 (Tuesday) at 9:00 am, also in New York. I reserve the rights to seek sanctions, including under FRCP 30(d), 37(d), and 45(g), should the witness continue to disobey the subpoena. I will be seeking reimbursement for all costs incurred.

If you have any questions, please contact the undersigned at your convenience.

Sincerely,

/s/ Jakub Madej

cc:     Haley Kim (h.kim@lawsheet.com)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JAKUB MADEJ,
     Plaintiff,

    v.

YALE UNIVERSITY *et al.*,
     Defendants.

Civil Action No.
3:20-cv-00133 (JCH)

August 18, 2020

### RENEWED NOTICE OF VIDEOTAPED DEPOSITION [FED. R. CIV. P. 45]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Plaintiff Jakub Madej intends to serve a subpoena on Keshav Raghavan on August 18, 2020, or as soon thereafter as service may be effectuated. A true copy of the subpoena is attached to this notice.

Dated:  August 18, 2020
       New York, NY

Respectfully submitted,

By: /s/ Jakub Madej
Jakub J. Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I sent a true and correct copy of the attached notice, together with all attachments and exhibits, via email, on August 18, 2020, to the attorneys of record for all of the parties in this action at the addresses listed below:

Patrick M. Noonan, Esq.
DONAHUE, DURHAM & NOONAN PC
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 245-1678
Fax: (203) 458-4424

/s/ Jakub Madej

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| | | |
|---|---|---|
| JAKUB MADEJ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:20-cv-00133-JCH |
| YALE UNIVERSITY ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Keshav Raghavan

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| 231 Hudson Street, SoHo, New York, NY 10013 | September 1, 2020, 9:00 am |

The deposition will be recorded by this method:  Videography

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Documents in your posession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  5/4/2020

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

OR                 issued on Aug 18, 2020

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jakub Madej
65 Dwight St, New Haven CT 06511 yale@lawsheet.com 203-928-8486  , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Plain
22266
3-19

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

**Exhibit 2**

for the

District of Connecticut

| | |
|---|---|
| JAKUB MADEJ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:20-cv-00133-JCH |
| YALE UNIVERSITY ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Keshav Raghavan

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:<br>231 Hudson Street, SoHo, New York, NY 10013 | Date and Time:<br>September 1, 2020, 9:00 am |
|---|---|

The deposition will be recorded by this method:   Videography

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Documents in your posession as of January 14, 2020 sufficient to prove that Committee on Honors and Academic Standing ("Committee") exists, as well as documents indicating how Committee on Honors and Academic Standing operates.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/4/2020

CLERK OF COURT

_____         OR         issued on Aug 18, 2020

*Signature of Clerk or Deputy Clerk*                         _____

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jakub Madej
65 Dwight St, New Haven CT 06511 yale@lawsheet.com 203-928-8486  , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

9/1/20 Deposition
3:20-cv-133 (JCH)

**Exhibit
3**

# LAW**SHEET**

Jakub Madej <j.madej@lawsheet.com>

---

## Deposition of K. Raghavan in Madej v. Yale Univ et al.
9 messages

---

**Jakub Madej** <j.madej@lawsheet.com>                                Tue, Aug 18, 2020 at 3:14 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>
Cc: h.kim@lawsheet.com

Dear Patrick,

Please find the letter attached.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the
intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its
attachments.

---

 **letter-renewed-notice-subpoena-k-raghavan.pdf**
1093K

---

**Jakub Madej** <j.madej@lawsheet.com>                                Wed, Aug 19, 2020 at 6:10 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Pat,

Your client has not appeared at a scheduled deposition. Could you state why Mr. Raghavan did not appear, so that I
could submit his position to the court? Also please indicate whether Mr. Raghavan intends to appear on September 1, as
commanded.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the
intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its
attachments.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>                                Wed, Aug 19, 2020 at 11:03 PM

9/1/2020          SGM Fox Mail - Deposition of K. Raghavan in Madej v. Yale Univ. et al.

Case 3:20-cv-00133-JCH   Document 156-5   Filed 09/06/20   Page 19 of 24

To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

       Neither I nor Mr. Raghavan will be appearing for a deposition in person on September 1 or at any other time.  As I have told you before you mailed (not served) your notice of deposition to Mr. Raghavan, I will not participate in person in any deposition at this point in time in order to protect my health and that of my wife, who is immune-compromised.  I have been struggling with a persistent respiratory illness for eight months, and it now appears that surgery is necessary.  The surgery has not yet been scheduled, but is likely to be performed in the next two weeks.  Therefore I can't agree to a date at this point for any deposition.  Furthermore, as you know, Mr. Raghavan has no information relevant to any claim or defense in this matter.  He is a student member of CHAS who recused himself from this matter because he knows you.  Accordingly, he did not participate in the discussions relating to your petition to have the involuntary withdrawal lifted.  Since there is no reason to take his deposition,  I  object to you requiring him to set aside seven hours to answer questions which he is unable to answer.

       In addition to the foregoing, as Judge Hall previously observed and as I have informed you, it is customary to conduct document discovery before depositions are taken.  This makes the deposition more focused.  You have failed to fully comply with my discovery requests; and you have failed to comply at all with your obligation to provide the Initial Disclosures in this case.  I object to scheduling any deposition until you have fully complied with your all of your discovery obligations.  Please let me know when you plan to fully comply, and then we can discuss a deposition schedule (including your deposition) by Zoom.

       Pat

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Tuesday, August 18, 2020 3:14 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** h.kim@lawsheet.com
**Subject:** Deposition of K. Raghavan in Madej v. Yale Univ et al.

Dear Patrick,

Please find the letter attached.

Regards,

Jakub

--

Jakub Madej

1700 Santa Fe Avenue #845 | Long Beach, CA 90813

415 Boston Post Rd 3-1102 | Milford, CT 06460

Phone: (203) 928-8486 | Fax: (203) 902-0070

Email: j.madej@lawsheet.com | Website: www.lawsheet.com

Click to schedule a meet-and-confer


This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

data:image/gif;base64,R0lGODlhAQABAIAAAAAAAP///yH5BAEAAAAALAAAAAABAAEAAAIBRAA7
https://mailtrack.io/trace/mail/32d1832165fec16663e3ddcfb640dc079ece5f0d.png?u=5443229

---

**Jakub Madej** <j.madej@lawsheet.com>        Wed, Aug 19, 2020 at 11:59 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

If Mr. Raghavan furnishes an affidavit certifying that he has never attended any meetings of the Committee, I will be more likely to forego his deposition and only seek reimbursement for fees incurred at the no-show deposition last Monday.

Best,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>        Mon, Aug 24, 2020 at 1:24 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>
Cc: Haley Kim <haley.kim@lawsheet.com>

Dear Patrick,

For the record, please be advised of the following in regards to your previous email:

1. Mr. Raghavan will be deposed precisely to learn what he knows, and what he does not know. Facially, his role was relevant within the meaning of Rule 26. Your unilateral declarations of professed 'lack of knowledge' are unhelpful and worthless; unless supported by Mr. Raghavan's affidavit, I will disregard these statements. If Mr. Raghavan furnishes an affidavit certifying that he has never attended any meetings of the Committee, I will be more likely to forego his deposition and only seek reimbursement for fees incurred at the no-show deposition last Monday.

2. If Mr. Raghavan fails to appear without an earlier agreement or the Court's ruling, and so does one other party whose deposition was properly noticed, I will simply seek an entry of default judgment. I expect you and Mr. Raghavan on September 1, as provided in the deposition notice. As I stated in the letter you previously received, I am happy to reschedule this deposition for another date the same week. I have never received a response to this letter from you. I can only interpret your statements about health problems as implausible excuses after securing a witness's noncompliance.

3. I am sympathetic to all personal issues you may be experiencing. I trust that, to the extent they impact this case, you will be able to suggest a reasonable alternative for every obligation you seek to modify. Otherwise, I prefer not to, and will not, dwell into your private life. I ask that you do the same.

4. All other discovery obligations from my client's side were fully complied with. Please note that in April you requested all information that would be included in initial disclosures via interrogatories. You were served responses under oath. If you wish to receive separate initial disclosures, I will ensure you receive them within a week.

I appreciate your comments as to how discovery is conducted. Please rest assured that I am thankful for your advice.

Best,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

On Wed, Aug 19, 2020 at 11:03 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:
[Quoted text hidden]

---

Pat Noonan <PNoonan@ddnctlaw.com>      Mon, Aug 24, 2020 at 4:00 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

       Thanks for the offer to comply with the Initial Disclosures.  I look forward to getting them within a week.  As to the deposition of Mr. Raghavan, I don't think further communication on that issue will be productive at this time.  It is clear that we are not in agreement.  As I told you earlier, we will await Judge Hall's ruling on that issue.

       Pat


Please be advised that I will be intermittently working from home.  My cell phone number is 203-314-4562.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

     [Quoted text hidden]
     [Quoted text hidden]

     data:image/gif;base64,R0lGODlhAQABAIAAAAAAAP///yH5BAEAAAAALAAAAAABAAEAAAIBRAA7

---

Jakub Madej <j.madej@lawsheet.com>      Mon, Aug 31, 2020 at 3:14 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>
Cc: Haley Kim <haley.kim@lawsheet.com>

Dear Patrick,

As you know, Mr. Raghavan has an obligation to comply with the subpoena and appear for the deposition scheduled for September 1. Yale's motion is, again, a nullity. No legal argument was presented in support of Yale's request. Even if such an argument was offered, it is well settled that Yale <u>does not</u> have standing to make it.

Noticing Mr. Raghavan's deposition for the first time, I offered alternative dates for his convenience. I indicated my willingness to depose Mr. Raghavan closer to his residence, and not in New York. After Mr. Raghavan did not show up as requested without any allowable excuse or prior communication, I again indicated my flexibility and suggested alternative times for the deposition. I also wrote to you that an affidavit by Mr. Raghavan certifying the alleged facts in dispute might eliminate the need for a deposition altogether. Unfortunately, Mr. Raghavan -- relying on your counsel -- failed to take advantage of <u>any</u> of these options. In fact, neither Mr. Raghavan nor you, claiming to be representing him, responded to these good faith attempts to eliminate all issues that might stop the deposition from proceeding. I interpret this conduct solely as a desperate attempt to avoid confronting a witness with the "facts" that Yale asserts, without the benefit of sworn testimony.

In other words, I respectfully decline to continue this formidable cat-and-mouse discovery game. I will be expecting Mr. Raghavan at the time noticed by the subpoena.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]

    [Quoted text hidden]
    [Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>          Mon, Aug 31, 2020 at 12:48 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

    To reiterate, neither Mr. Raghavan nor any other witness will appear for a deposition until Judge Hall has ruled.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

  [Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]

    [Quoted text hidden]
    [Quoted text hidden]



---

**Jakub Madej** <j.madej@lawsheet.com>                                       Tue, Sep 1, 2020 at 7:59 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

I entirely reject the notion that you or Mr. Raghavan have any right not to appear today. The deposition will commence
in 30 minutes. I am expecting everyone to be here. My phone number is (203) 928-8486, if you can't find me.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the
intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its
attachments.

[Quoted text hidden]

# LAW**SHEET**

Jakub Madej <j.madej@lawsheet.com>

---

## Deposition of Mr. Keshav Raghavan today at 9:00 am
2 messages

---

**Jakub Madej** <j.madej@lawsheet.com>                                             Tue, Sep 1, 2020 at 9:11 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

Mr. Keshav Raghavan is being deposed today at 9:00 am. The deposition started more than 10 minutes ago.
Unfortunately, he is not here, and neither are you, or any other representative for the Defendants. Are you on the
way? I acknowledge that you previously represented to me that the witness would not appear 'at any time'. As you
know, the court has not granted any relief allowing the witness not to appear, and I expect everyone to be present.

Sincerely,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the
intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its
attachments.

---

**Jakub Madej** <j.madej@lawsheet.com>                                             Tue, Sep 1, 2020 at 9:39 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

Is Mr. Raghavan appearing for his deposition? It started 40 minutes ago, and he is not here. You previously stated that
you represent Mr. Raghavan but you are not here, either.

Please call me at (203) 928-8486 or my assistant Haley at (646) 776-0066 as soon as possible. If you need some
additional time to arrive, notify me immediately.

Otherwise, the deposition will be suspended at 10:00 am due to non-appearance.

Regards,
Jakub

--
Jakub Madej
1700 Santa Fe Avenue #845 | Long Beach, CA 90813
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the
intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its
attachments.

[Quoted text hidden]