UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | SEPTEMBER 11, 2020 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE IMPERTINENT MATTER FROM YALE UNIVERSITY'S OBJECTION AND FOR ORDER TO SHOW CAUSE UNDER FRCP 11(c)(3)**

The defendant, Yale University, hereby opposes the plaintiff's motion to strike and motion for order to show cause regarding its Objection to Motion to Determine Sufficiency of Responses to Plaintiff's Requests for Admissions.

**I.      Rule 11 Does Not Apply to Discovery Objections or Motions.**

The plaintiff moves to strike certain statements made in the defendant's Objection to Motion to Determine Sufficiency of Responses to Plaintiff's Requests for Admissions and moves for sanctions.  The plaintiff's motion to strike and for sanctions pursuant to Rule 11(c)(4) of the Federal Rules of Civil Procedure should be denied for the simple reason that Rule 11 is inapplicable.  Rule 11(d) states: "This rule does not apply to disclosures and discovery requests, responses, objections and motions under Rule 26 through 37."  The Second Circuit has recognized that "[s]ubsection (d) excludes from the purview of Rule 11 sanctions, discovery responses and motions that are subject to the provisions of Rules 26 through 37 of the Federal Rules of Civil Procedure."  Baffa v. Donaldson, 222 F.3d 52, 57-58 (2d Cir. 2000).  In Gym Door Repairs, Inc.

v. Young Equip. Sales, Inc., 2020 U.S. Dist. LEXIS 15010 *3-4 (S.D.N.Y. January 28, 2020), *adopted*, 2020 U.S. Dist. LEXIS 43200 (S.D.N.Y. March 11, 2020), the plaintiffs moved for sanctions against the defendants pursuant to Rule 11 for failing to produce documents in discovery and for providing false testimony to the court.  The plaintiffs argued that the defendants withheld highly relevant documents and misrepresented in depositions that there was never a conspiracy. Id. at *12.  The magistrate judge observed that the plaintiff's motion was procedurally improper because "Rule 11 motions may not be used as an alternative mechanism for discovery sanctions." Id. at *14.  The magistrate judge recommended that the Rule 11 motion be denied, and that recommendation was later adopted by the district court judge.  Id. at *15; Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 2020 U.S. Dist. LEXIS 43200 *3-4 (S.D.N.Y. March 11, 2020).

The legal memorandum which is the subject of the present plaintiff's motion for sanctions was filed in response to the plaintiff's Motion to Determine Sufficiency of Defendants' Responses to Plaintiff's Request for Admission, which was made pursuant to Rules 36(a)(6) and 37(a)(4). See, ECF No. 130.  Since Rule 11 does not apply to discovery objections or motions made under Rules 36 and 37, the plaintiff's motion to strike and motion for sanctions pursuant to Rule 11 should be denied.  See, Lawrence v. City of New York, 2018 U.S. Dist. LEXIS 126010 *9 (S.D.N.Y. July 27, 2018) (denying motion for sanctions based upon the production of fraudulent documents because the incident arose in the context of discovery and was therefore not within the scope of Rule 11); Rogue Wave Software, Inc. v. BTI Sys., 2018 U.S. Dist. LEXIS 52096 *2 (S.D.N.Y. February 16, 2018) (vacating order to show cause under Rule 11 because Rule 11 does not apply to a motion made pursuant to Rule 37);  Kara Holding Corp. v. Getty Petroleum Mktg., 2004 U.S. Dist. LEXIS 15864 *67 (S.D.N.Y. August 13, 2004) (denying motion for sanctions

2

related to discovery conduct and violation of discovery orders because Rule 11(d) excludes such conduct from the purview of Rule 11 sanctions.)[1]

## II.   Rule 12(f) Only Applies to Pleadings and the Plaintiff's Motion is Untimely.

The plaintiff's motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should be denied because it is procedurally improper.  Rule 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 7 defines pleadings as the following: "(1) a complaint, (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counter-claim; (4) an answer to a cross-claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  The plaintiff's motion to strike is directed at the defendant's objection to the plaintiff's motion to determine the sufficiency of the defendant's answers to the request for admissions.

In Britt v. Elm City Cmtys., 2018 U.S. Dist. LEXIS 123999 *2 (D.Conn. July 24, 2018) (Hall, J.), the *pro se* plaintiff sought to strike the defendant's objection to the plaintiff's motion for judgment on the pleadings.  Denying the motion to strike, Judge Hall explained: "Rule 12(f) allows a court to strike pleadings only.  Objections to motions are not pleadings."  (Internal quotations and citations omitted.)  Id. at *3-4.  Since the present defendant's objection is not a pleading, Rule 12(f) is inapplicable and the plaintiff's motion should be denied.   See, Carman v. Metro Dist. Comm'n, 2018 U.S. Dist. LEXIS 138239 *18 (D.Conn. August 15, 2018) (Bolden, J.) ("Rule 12(f), however, only applies to pleadings, and not to briefing in support or opposition to a

---

[1] In his motion, the plaintiff states that he had served a separate motion under Rule 11(c)(2), but would not file it with the Court until 21 days thereafter.  (ECF No. 147, p. 3.)  On August 31, 2020, the plaintiff e-mailed defense counsel a motion and memorandum of law that are identical to ECF No. 147, with the exception of three sentences.  The August 31, 2020 motion does not include the three sentences in the first full paragraph on page 3 of the ECF No. 147 that discuss an order to show cause and the serving of a Rule 11(c)(2) motion.

motion."); <u>Taneja v. Health Law Firm</u>, 2017 U.S. Dist. LEXIS 225915 *8 (S.D.N.Y. November 20, 2017), "Rule 12(f) applies only to pleadings; it does not apply to memoranda of law."); <u>Dash v. Seagate Teach. (US) Holdings, Inc.</u>, 2015 U.S. Dist. LEXIS 91105 (E.D.N.Y. July 14, 2015) ("[M]otion to strike is procedurally improper since such motions are appropriately directed at pleadings - - not motions."); <u>Williams v. Rosenblatt Sec. Inc.</u>, 136 F.Supp.3d 593, 615 (S.D.N.Y. October 7, 2015) ("Rule 12(f) applies only to pleadings.").

Even if Rule 12(f) applied to legal memoranda, the plaintiff's motion should also be denied because it is untimely.  Rule 12(f) permits the court to act "(1) on its own; or (2) on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading."  The defendant's objection was filed on July 24, 2020. Therefore, the plaintiff was required to file a Rule 12(f) motion to strike by August 14, 2020.  Since the plaintiff did not file his motion until August 23, 2020, it should be denied as untimely.  <u>See</u>, <u>D.W.M. v. St. Mary Sch.</u>, 2019 U.S. Dist. LEXIS 145583 n. 2 (E.D.N.Y. August 27, 2019) (declining to consider an untimely filed Rule 12(f) motion to strike); <u>Eastern Sav. Bank, FSB v. Whyte</u>, 2014 U.S. Dist. LEXIS 196448 *15-16 (E.D.N.Y. August 11, 2014) (denying motion to strike in part because it was untimely filed).

## III.    <u>28 U.S.C. § 1927 is Not Applicable.</u>

28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Second Circuit has held:  "By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid

dilatory tactics.  The purpose of this statute is to deter unnecessary delays in litigation.  Bad faith is the touchstone of an award under this statute.  We have held that an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  (Internal quotations and citations omitted.)  United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991).      See also, Knopf v. Esposito, 803 F. App'x 448, 456 (2d Cir. 2020) ("A sanctions award under § 1927 requires a showing that an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay, and a finding of conduct constituting or akin to bad faith.")

Neither the defendant nor its counsel have engaged in dilatory tactics or acted in bad faith. As explained in further detail below, the defendant raised objections to the plaintiff's discovery requests, as it is entitled to do.  Thereafter, in response to the plaintiff's motion for an order from the Court, the defendant provided the Court with information it received from the United States Border Patrol to further explain the basis for the objection to Request for Admission #19.  None of the statements the plaintiff seeks to strike were made in an attempt to delay litigation; nor were they made in bad faith.  Since the defendant provided the Court with information that it had received from the United States Border Patrol in order to further explain the basis for its objection to Request for Admission #19, there can be no finding that the inclusion of the statements was "completely without merit" so as to merit an award of sanctions under 28 U.S.C. § 1927.

## IV.  The Statements are Relevant to Yale University's Objection and Should not be Stricken.

Even if the Court were to ignore the precedents above and proceed to reach the merits of this issue, which would not be appropriate, the motion should still be denied because the statements that the plaintiff seeks to strike are relevant to the defendant's objection to Request for Admission

#19.  After the defendant objected to Request for Admission #19 on the grounds of relevance, the plaintiff moved for a determination of the sufficiency of that response.[2]  See, ECF No. 130.  In order to preserve its objection, the defendant was required to respond to the plaintiff's motion and provide greater detail supporting that objection.  On its face, Request for Admission #19 seems innocuous, since it only requests that the defendant admit or deny that the attached exhibit was a picture of Dean Mark Schenker.  In order to further explain its objection and the safety concerns attendant thereto, the defendant provided the Court with information that the Yale University Police Department had received from the Untied States Border Patrol and the FBI  regarding the plaintiff's attempt to walk across the border from Mexico to the United States and unsuccessful attempts to buy firearms.  The defendant also detailed the plaintiff's refusal to abide by Yale University's rules after his withdrawal, including gaining unauthorized access to and living in a basement room and then refusing to leave upon request by the Yale University Police Department.[3]  See, ECF No. 134, p. 2-3.  Since the plaintiff was seeking a determination on the sufficiency of the defendant's objection to Request for Admission #19, the defendant appropriately presented the Court with all of the information supporting that objection, including events in the plaintiff's personal life that may have an impact on the safety of the defendant's employees.

It is significant that the plaintiff does not deny in his affidavit that he twice attempted to purchase firearms.  In fact, he does not address this statement at all.  Although the plaintiff denies that he was apprehended by the Border Patrol and that he attempted to illegally cross the United States border, these denials appear to be based on semantics because he does not deny that he went

---

[2] The plaintiff has since withdrawn Request for Admission #19.  See, ECF No. 138, p. 5.

[3] The defendant also detailed this incident in its Memorandum in Opposition to Plaintiff's Motion for Expedited Discovery and provided the supporting documentation.  See, ECF No. 50, p. 5-6.

to Mexico, that he attempted to walk across the border to return to the United States, or that he was stopped by Border Patrol.  The plaintiff also does not deny that he continued to frequent Yale University's campus and improperly attended remote classes after being told that he was not permitted to remain on campus.  While the plaintiff denies that he was asked by the building superintendent to vacate any property of Yale University, he does not deny that he improperly resided in a basement room on campus, that he falsely informed Yale University Police Officers that a Yale University professor gave him permission to occupy the  room, or that Yale University Police Officers escorted him from the premises.  Any denial would be futile, since there is body camera footage of the encounter with Yale University Police Department Officers and the defendant submitted an affidavit from the professor denying that he ever gave permission for the plaintiff to reside in a basement room.

Since the statements in the defendant's Objection to Motion to Determine Sufficiency of Responses to Plaintiff's Requests for Admissions are relevant to the Court's determination of the sufficiency of the defendant's objection to Request for Admission #19, the plaintiff's motion to strike and for sanctions should be denied.  If the plaintiff does not want the statements in the public record, he could ask that the Court seal the defendant's Objection to Motion to Determine Sufficiency of Responses to Plaintiff's Requests for Admissions.  The defendant would not object to such a motion.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's Motion to Strike Impertinent Matter from Yale University's Objection and for Order to Show Cause Under FRCP 11(c)(3) should be denied.

7

THE DEFENDANT,

YALE UNIVERSITY


By:_____/s/_____
         PATRICK M. NOONAN – CT00189
         COLLEEN NOONAN DAVIS – CT27773
         DONAHUE, DURHAM & NOONAN, P.C.
         Concept Park
         741 Boston Post Road, Suite 306
         Guilford, CT  06437
         Telephone:  (203) 458-9168
         Fax:  (203) 458-4424
         Email:  pnoonan@ddnctlaw.com




**<u>CERTIFICATION</u>**

         I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


                              _____/s/_____
                                   Patrick M. Noonan