**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ<br>Plaintiff,<br>vs.<br>YALE UNIVERSITY *et al.*,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 20-cv-133 (JCH)<br>JURY TRIAL DEMANDED<br>SEPTEMBER 14, 2020 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Docs. 139, 141, 146, 149, 151, 152, 153, 154)**

Yale Defendants filed a spate of discovery-related motions, requesting in essence that all discovery be stopped, and usual discovery procedures suddenly modified – just days before noticed depositions were to take place. Specifically, the University seeks to stay all discovery until the Court has ruled on outstanding discovery motions; that written discovery be completed before any depositions are taken; that "the Court [] set a reasonable time for the length of the depositions", and other miscellaneous relief – all without the slightest attempt to discharge its duty to confer before seeking the Court's intervention. The University fails to identify any legal authority, or to state uncontroverted facts in an affidavit, that might entitle it to the relief sought. Not a single of Yale's filings complies – substantially or even minimally – with the meet-and-confer requirements of Local Rule 37, which this district strictly enforces. As demonstrated below, the relief Yale seeks is governed in detail by Federal Rules of Civil Procedure to eliminate the need for the court to micromanage discovery. The Court need not, and should not be burdened with deciding how long a deposition should take – when case law on this issue is well-settled, and the University failed to raise this issue between the parties ever before. Most – if not all – requests interposed by Yale Defendants are not actual controversies but artfully engineered attempts to further delay fact discovery by requesting judicial intervention with

respect to issues that a reasonable litigant is expected to attempt to resolve informally and cooperatively.

Yale relies solely on its naked assertions and bare wishes to convince the Court to wholly restructure discovery in this case, which has already been marred by discovery disputes over trivial issues. In essence, Yale asks the Court to override stare decisis with what esteemed Robert Harrison of Yale Law School aptly described as Yale-itis. For the reasons that follow, all these motions must be denied. To effectively address the numerous discovery issues in this case and avoid unnecessary motion practice, Plaintiff respectfully requested a conference with the Court as soon as practicable. (Doc. 156).

## I. PROCEDURAL HISTORY

Defendants' motions are summarized in the table below.

| Docket Entry | Date Filed | Title | Applicable Rules |
|---|---|---|---|
| 139 | August 4 | Motion to Compel | FRCP 37(a)<br>L.R. 37(a), (b), (c) |
| 141 | August 7 | Motion to Compel | FRCP 37(a)<br>L.R. 37(a), (b), (c) |
| 146 | August 14 | Motion for Summary Disposition Order | |
| 149 | August 24 | Defendant Mark Schenker's Opposition to Motion to Compel Discovery Responses | L.R. 37(a), (b), (c) |
| 150 | August 24 | Reply to Opposition to Motion to Quash Subpoena and Notice of Videotaped Deposition | FRCP 45<br>L.R. 37(a), (b), (c) |
| 151 | August 24 | Motion for Protective Order | FRCP 26(c)<br>L.R. 37(a), (b), (c) |
| 152 | August 26 | Motion for Order Re Discovery Process | FRCP 26<br>L.R. 37(a), (b), (c) |
| 153 | August 31 | Motion for Protective Order | FRCP 26(c)<br>L.R. 37(a), (b), (c) |
| 154 | September 3 | Defendant Yale University's Memorandum in Opposition to Plaintiff's Amended Cross-Motion to Compel Compliance and Appear at a Deposition | FRCP 45<br>L.R. 37(a), (b), (c) |

## II. Legal Standard Applicable to Yale's Requests

Discovery "is intended to take place without judicial intervention." John v. Bridgeport Bd. of Educ., No. 14-cv-1484 (RNC), at *1 (D. Conn. Sep. 12, 2016), citing Margel v. E.G.L. Gem Lab Ltd., No. 04-cv-1514, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008)[1]. Federal Rules encourage cooperation among counsel to resolve discovery disputes efficiently without intervention from the court. Id. "The discovery process … requires Court intervention in those *rare* cases in which attorneys … and refuse to cooperate and act reasonably.". Valente v. Lincoln Nat. Corp., No. 3:09-cv-693 (MRK), 2010 WL 3522495, at *1 (D. Conn. Sept. 2, 2010) (emphasis added). Judge Kravitz found that the discovery process in all other cases works "quite well". Id.

To ensure that the discovery process indeed works "quite well", Local Rule 37 provides that before *any* discovery motion – that is, pursuant to Federal Rules 26 through 37 – is filed with the court, the movant *must* confer with opposing counsel, discuss the discovery issues in detail *and* in a good faith, and make an effort to "reduce the area of controversy". L. R. 37(a). If discussions are not successful, the movant *must* file an affidavit certifying that she conferred with opposing counsel, made a good faith effort to resolve the issues raised by agreement, and was nonetheless unsuccessful in reaching such an agreement. Id. A discovery motion must be accompanied by a memorandum of law. L. R. 37(b)1. Failure to submit such a memorandum is sufficient cause to deny the motion. L. R. 7(a)1. See, generally, Brown v. Uconn Med. Grp., No. 3:12-cv-1305 (JBA), at *4 (D. Conn. June 20, 2014) (analyzing all requirements of Local Rule 37 in detail); John v. Bridgeport Bd. of Educ., supra, (denying motion to compel for failure to comply with Local Rule 37). It is also axiomatic that a party seeking to compel discovery must

[1] For the Court's convenience, the electronic version of this memorandum filed on CM/ECF includes hyperlinks to all cited cases on Westlaw. When a Westlaw link is not available, a reference to Casetext is provided.

first serve formal discovery demands. Corye v. Cass, 9:08-cv-46 (LEK)(GJD), at *2 (N.D.N.Y. Feb. 15, 2008) ("Only when the parties cannot agree upon discovery may the party requesting the discovery file a motion to compel."). See also 7 Moore's Federal Practice - Civil § 37.05 (2020) ("A motion to compel may only be made after discovery has been sought unsuccessfully.")

Local Rule 37 holds the moving party to a higher standard than the corresponding Federal Rule. Lank v. Wethersfield Pub. Sch., No. 15-cv-202 (AWT), at *3 (D. Conn. Sep. 30, 2015) (Merriam, S.) ("[w]hile the Federal Rule may be satisfied by an attempt to confer, the Local Rule cannot.") (emphasis original). "A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules." Doe v. Mastoloni, 307 F.R.D. 305, 313 (D. Conn. 2015). Parties must "meet, in person or by telephone." Id. The discovery dispute must be discussed in detail and in good faith. Id. "[A]n exchange of email barbs will not suffice". John v. Bridgeport Bd. of Educ., supra, at *2-3. The movant must inform the court of the extent of counsel's efforts to confer or whether they engaged in "a meaningful dialogue". McIntyre v. BF Capital Holding, LLC, No. 3:14-cv-33 (RNC), at *4 (D. Conn. Sep. 20, 2016) (Martinez, D.) (denying a motion to compel when the movant's statement failed to inform the court of counsel's efforts to confer); Mastoloni, 307 F.R.D. at 313.

Courts in this district ordinarily deny a motion to compel for failure to confer, or failure to comply with Local Rule 37. See, e.g., John v. Bridgeport Bd. of Educ., supra; Brown v. UConn. Med. Grp., No. 3:12-cv-1305 (JBA), 2014 WL 2804345, at *2-3 (D. Conn. June 20, 2014) (plaintiff did not file affidavits or memoranda or document efforts to resolve the discovery dispute); Hunnicutt v. Kitt, No. 3:10-cv-857 (CSH), 2011 WL 3047648, at *1 (D. Conn. July 25,

2011) (plaintiff's motion to compel denied for "failure to comply with local court rules"); Jones v. Waldron, No. 15-cv-613 (VAB), at *9 (D. Conn. June 27, 2018) (no certification of conferral included in motion papers); Darazs v. Dzurenda, No. 3:14-cv-1330 (JCH), at *3 (D. Conn. June 24, 2015) (plaintiff failed to comply with Local Rule 37(a) and (b)1); Williams v. Murphy, No. 13-cv-1154 (MPS), at *2 (D. Conn. May 1, 2015) (no indication that plaintiff made any attempts to resolve outstanding discovery disputes). This district strictly enforces local rules regarding discovery disputes, holding all litigants to the standards imposed by Local Rule 37. Self-represented litigants must equally abide by "the strictures of the Federal and Local Rules of Civil Procedure." Mpala v. Funaro, No. 3:13-cv-252(SALM), at *13 (D. Conn. Apr. 13, 2017) (denying a *pro se* litigant's motion for sanctions for failure to comply with Local Rule 37). It goes without saying that licensed attorneys must be held to equal, if not higher standards than citizens proceeding without assistance of counsel. See, e.g., U.S.A. v. Patridge, 507 F.3d 1092, 1096 (7th Cir. 2007) ("Members of the bar must be held to standards at least as high as those of unrepresented litigants."); U.S. v. Cutler, 58 F.3d 825, 837 (2d Cir. 1995) ("We hold attorneys to a higher standard of conduct than we do lay persons.").

Failure to hold a good faith conference is sufficient ground for the award of attorney's fees and other sanctions, including under 28 U.S.C. § 1927. Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1019 (2d Cir. 1988) (affirming an award under section 1927 for costs incurred as a result of discovery abuses); Brown v. Clayton, No. 3:11-cv-714 (JCH), at *5 n.3 (D. Conn. Apr. 8, 2013) (Fitzsimmons, H.), citing Krishnakumar v. Dunkin' Donuts, Inc., 00-cv-1755 (WHP)(DFE), 2000 WL 1838319, *1 (S.D.N.Y. Dec. 12, 2000). See also Kwon v. Yun, No. 05-cv-1142 (GEL)(DFE), 2007 WL 2379613, at *1 (S.D.N.Y. Aug. 20, 2007) (sanctioning a *pro se* party $3,000 for failure to confer and offering "contrived excuses" to a magistrate); Carr

v. Queens-Long Island Med. Grp., P.C., No. 02-cv-1676 (NRB)(JCF), 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003) ("failure to confer in good faith concerning discovery disputes warranted sanctions") ("[t]hese [] costs [] could have been avoided by cooperation in the discovery process, including the simple expedient of communicating with counsel"); Wiwa v. Royal Dutch Petroleum Co., 2006 WL 2637836, at *9 (S.D.N.Y. Sept. 12, 2006) (no evidence that the movant contacted opposing counsel to resolve issued raised in a motion warranted an award of attorney's fees); Forman v. Mount Sinai Med. Ctr., 128 F.R.D. 591, 606 (S.D.N.Y. 1989) (counsel violated 28 U.S.C. § 1927 when it failed to communicate reasonably with plaintiff's counsel and the court).

## III. ARGUMENT

### A. Yale Does Not, and Cannot Demonstrate That Its Proposed Discovery Modifications are Available under Current Law or Factual Circumstances

It is well-settled that the party resisting discovery bears the burden of showing why discovery should be denied. Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). The objecting party must show *specifically* how the discovery sought is not relevant or how each item is overly broad, burdensome or oppressive, despite the broad and liberal rules of discovery. Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn. 2011), quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). The movant should submit affidavits or offer evidence revealing the nature of the burden. Id. "[G]eneral objections are improper; their use amounts to a declaration that the objecting party plans to play by its own discovery rules." Knapp v. Labhaus LLC, 3:14-cv-1817 (WWE), at *2 (D. Conn. Dec. 10, 2015) (overruling boilerplate discovery objections).

Here, defendant submits boilerplate requests demanding certain modifications to the ongoing fact discovery. The University offers only naked assertions why it is entitled to modify the discovery procedures six months into the discovery process.

Federal Rule 26(c) provides that the court, on a motion, may issue a protective order in a matter relating to a deposition for good cause, and in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c). The movant must include a certification of conferral in good faith before filing the motion. Id. The record shows that Yale fails to attach a required certification, and that its counsel made no effort to confer – whether in good faith or not – before filing the instant motion. The motion papers fail to identify any specific grounds why a protective order should issue. Yale's appeals to "minimize the inconvenience to the witnesses being deposed" (Doc. 153, at 1) is unpersuasive at best and disingenuous at worst. Given the timing of Yale's motion – just a week before the deposition was scheduled – its filing suggests a continued pattern of discovery stonewalling, which has been well-documented in this case. The University's relentless desire to avoid a deposition is no ground for issuance of a protective order – especially when its counsel failed to respond to proposed alternative arrangements or to offer other reasonable options.

Yale has thus failed to meet its burden of showing why discovery should be modified, and its request for a protective order must be denied.

B. Defendants Failed to, and Did Not Intend to, Discharge Its Duty to Confer Under Local Rule 37

The University made no attempt to effort to resolve its "concerns" without judicial intervention, despite previous admonitions from the court. See ECF #67. ("[T]he court reminds

defense counsel … that counsel must comply with the Local Rules.”). Indeed, none of defendants’ motions indicate even the slightest attempt to comply with Local Rule 37.

As described above, compliance with Local Rule 37 is not optional. Here, *none* of eight motions filed by Yale Defendants includes the required affidavit, or a fair indication that its counsel sought to resolve the dispute without judicial intervention. The University offers perhaps colorful narratives of little informative value, obscuring the genuine issues currently before the Court. Nothing on the record suggests that defendants had any intention of resolving any dispute. None of Yale’s filings is accompanied by legal argument, reference to any case law, or an affidavit setting forth facts that might warrant the requested relief. If anything, the University is simply creating them to burden the Court with requests that could easily be resolved informally by communication between counsel.

## IV. CONCLUSION

Defendants motion failed to comply with fundamental standards that every *pro se* party should, and is, expected to observe. A sophisticated counsel needs to meet a higher burden. For the foregoing reasons, and reasons stated in previous filings in this case, defendants’ requests must be denied. As separately requested, Plaintiff respectfully requested a conference with the Court to ensure that discovery in this case proceeds within the mandate of Rule 1, that is, to secure the just, speedy, and inexpensive determination of this case.

Dated: September 14, 2020
New York, NY

**THE PLAINTIFF,**
**JAKUB MADEJ**

By: /s/ Jakub J. Madej
Jakub Madej

LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com