**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-cv-133 (JCH) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, et al., | : | |
| Defendants. | : | SEPTEMBER 17, 2020 |
| | : | |

**ORDER DIRECTING PLAINTIFF TO FILE HIS PROPOSED SECOND AMENDED COMPLAINT TO AID THE COURT'S REVIEW OF HIS MOTION FOR LEAVE (DOC. NO. 110) AND TO FILE HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (DOC. NO. 90)**

**I.    INTRODUCTION**

Plaintiff, Jakub Madej ("Madej"), proceeding pro se against Yale University ("Yale") and several of its administrators (collectively, "the defendants"), filed his Amended Complaint on April 27, 2020. See Am. Compl. (Doc. No. 87). The Amended Complaint includes four counts: fraudulent misrepresentation, breach of contract, negligence, and interference with contract or economic expectation. See id.

On May 6, 2020, the defendants filed a Motion to Dismiss the Amended Complaint in its entirety, on the ground that none of the counts states a claim upon which the court can grant relief. See Defs.' Mot. to Dismiss (Doc. No. 90); Mem. of Law in Supp. of Defs.' Mot. to Dismiss (Doc. No. 90-1).

On May 7, 2020, the defendants filed a Notice informing Madej that the Motion to Dismiss could be granted in the event that Madej failed to file opposition papers. See Notice to Self-Represented Litigant Concerning Mot. to Dismiss ("Defs.' Notice") (Doc. No. 93) at 1. This Notice emphasized to Madej that "it is also very important that you

review the enclosed copies of Rule 12 of the Federal Rules and Local Rule 7 carefully." See id. at 1.

On May 28, 2020, the court granted Madej's request for an extension of time until June 22, 2020, to file his opposition to the defendants' Motion to Dismiss. See Min. Entry (Doc. No. 103); Mot. for Extension of Time (Doc. No. 98).

On June 22, 2020, Madej filed a Motion for Leave to File a Second Amended Complaint. See Mot. for Leave to File Second Am. Compl. ("Mot. for Leave") (Doc. No. 110). Madej did not file an opposition to the Motion to Dismiss on June 22, 2020, and he has not filed such an opposition in the time since that date.

On June 25, 2020, the defendants filed their Opposition to Madej's Motion for Leave to File a Second Amended Complaint. Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. and Request for Ruling on Mot. to Dismiss ("Defs.' Opp'n to Mot. for Leave") (Doc. No. 116).

On August 14, 2020, the defendants moved for summary disposition of their Motion to Dismiss on the ground that Madej failed to file an opposition to the Motion to Dismiss. See Mot. for Summ. Disposition of Defs.' Mot. to Dismiss ("Mot. for Summ. Disposition") (Doc. No. 146). Absent objection, as the May 7 Notice advised Madej, the court can grant the Motion to Dismiss.

However, for the reasons below, the court directs Madej to (1) file the Proposed Second Amended Complaint to which his Motion for Leave refers within fourteen (14) days of this Order, and (2) file his opposition to the defendants' pending Motion to Dismiss within fourteen (14) days of this Order.

## II.     MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Federal Rule of Procedure 15(a)(2) provides that "[t]he court should freely give leave" to file amended pleadings "when justice so requires."  Fed. R. Civ. P 15(a)(2).  However, "it is within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Broidy Capital Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019).

Here, citing the court's prior deadline of April 27, 2020, for amended pleadings, the defendants argue that permitting Madej to file a second amended complaint would result in undue delay.  Defs.' Opp'n to Mot. for Leave at 4-6.  The defendants also contend that Madej, by failing to attach a copy of his Proposed Second Amended Complaint, has failed to establish good cause.  See id. at 5.

Were Madej represented by counsel, his failure to attach "both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading" would doom his Motion for Leave.  See D. Conn. L. Civ. R. 7(f).

Nevertheless, Madej's failure to attach his Proposed Second Amended Complaint--which he refers to in his Motion--while not automatically grounds for rejection of Madej's Motion, frustrates the court's evaluation of whether justice so requires granting leave.  See Mot. for Leave at 1.

Madej's assertions in support of his request for leave to file a second amended complaint consist of generalized, nonspecific statements that are useless to the court without reviewing the Proposed Second Amended Complaint itself.  Madej cites his

3

"recent discovery of approximately 1,300 written internal policies and procedures at Yale University, which detail explicit contractual obligations between Yale and the plaintiff." Id. But he provides absolutely no details regarding these policies or any concrete explanation as to why they are relevant to his request for leave. See id. His other two grounds for his request for leave seem to concern discovery disputes and therefore do not appear to pertain to this request. See id.

Therefore, mindful of Madej's pro se status, the court orders Madej to file a copy of his Proposed Second Amended Complaint to aid the court's consideration of Madej's Motion for Leave within fourteen (14) days of this Order. The court emphasizes that this is not an invitation to draft a new proposed amended complaint. Madej should submit the proposed amended pleading to which his Motion refers. See id. ("The new complaint maintains the counts allegations . . . but accounts for . . . developments . . . ."). The court also emphasizes that it has not rejected any of the defendants' arguments opposing Madej's Motion. Rather, the court reserves decision on the Motion, pending its review of the Proposed Second Amended Complaint to which Madej alludes in his Motion.

## III.   OPPOSITION TO MOTION TO DISMISS

Local Rule 7(a)(2) provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2). As explained above, the defendants filed a Notice encouraging Madej to consult Local Rule 7 and warning that failure to file an opposition to the defendants' Motion to Dismiss might result in the court granting that Motion. See Defs.' Notice.

Madej was aware of the June 22, 2020, deadline to file his opposition; he requested that date in his Motion for Extension of Time.  Mot. for Extension of Time (Doc. No. 98).  Yet, Madej instead filed his Motion for Leave on that date.  See Mot. for Leave.

Again mindful of Madej's pro se status, the court declines to infer at this juncture that Madej filed his Motion for Leave instead of an opposition to the Motion to Dismiss as a dilatory tactic.  Instead, the court orders Madej to file his opposition to the Motion to Dismiss within fourteen (14) days of this Order.  Given that the court already granted Madej's request for an extension to June 22, 2020, the court will not grant extensions to this new deadline, except in the event that extraordinarily good cause is shown.

## IV.   CONCLUSION

For the foregoing reasons, the court **ORDERS** Madej to (1) file the Proposed Second Amended Complaint to which his Motion for Leave refers within fourteen (14) days of this Order, and (2) file his opposition to the defendants' pending Motion to Dismiss within fourteen (14) days of this Order.

**SO ORDERED.**

Dated this 17th day of September, 2020, at New Haven Connecticut.

 /s/Janet C. Hall
Janet C. Hall
United States District Judge