IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | |
|     Plaintiff, | § | Civil Action No. 20-cv-133 (JCH) |
|   - against - | § | |
| | § | JURY TRIAL DEMANDED |
| YALE UNIVERSITY *et al.*, | § | |
|     Defendants. | § | SEPTEMBER 22, 2020 |

**PLAINTIFF'S SECOND STATUS REPORT**

Pursuant to the Court's Scheduling Order of March 24, 2020, Plaintiff respectfully submits his second status report on discovery, disputed issues, and other relevant matters in the above-captioned case.

Parties have been unable to conduct any substantive discussions – let alone reach an agreement – regarding disputed issues of fact, discovery arguments, or, in fact, any other matters. Defendants simply refused to communicate, as is apparent from several Local Rule 37 affidavits filed in connection to plaintiff's motions to compel. Docs. 129-2, 145-1, 148-1. In light of the Court's previous ruling, Plaintiff lacks a way to communicate with opposing counsel. Doc. 122. ("Plaintiff's and defendant's attorney would communicate by email only until further order of the court.").

### I. CURRENT DEADLINES

Plaintiff is to submit the second amended complaint and his opposition to defendants' motion to dismiss (Doc. 90) by October 2, 2020, or within 14 days from the Court's order (Doc. 161).

### II. DISCOVERY CONDUCTED TO DATE

Parties exchanged several requests for production of documents and interrogatories until the court ordered that discovery be stayed (Doc. 155). Neither side has conducted any depositions to date. Six months of discovery were largely unproductive in that it facilitated no resolution of issues of fact underlying this case, despite plaintiff's good faith efforts to reach at least *some* agreement.

At the time this report is filed, motions to compel and related briefing occupy at least 17 entries on the docket. Few of these papers concern substantive issues of law or fact. Rather, they exhibit a clear pattern of unnecessary delay and, at time, stonewalling. At one particularly troubling instance, defendants offered false statements and a fabricated exhibit to suggest that it provided timely written objections when, in fact, it has not, triggering the automatic waiver under Rule 33(b)(4). Doc. 133. The record is clear on this patently objectionable conduct. Docs. 129, 135, 136, 140. Plaintiff is mindful that any allegations of impropriety made against the opposing party as to his conduct during the judicial proceedings are not to be made lightly. Here, civil discovery cannot proceed civilly – or without judicial supervision – when the more resourceful and sophisticated party knowingly and subtly deceives the opposing party – and the court – in ways that unambiguously violate well-established ethical rules.

As the Court is aware, Defendants twice secured that a third party did not comply with a valid court-issued subpoena without obtaining prior relief from the court, resulting in wasted time and hundreds of dollars in fees. Docs. 148-1, 156-1. Plaintiff submits that several of the outstanding discovery motions may be resolved by agreement with the court's assistance after the ruling on defendant's motion to dismiss.

**III.   OUTSTANDING MOTIONS**

In addition to discovery applications, which remain pending, outstanding is plaintiff's motion dated August 23, 2020 for an order to show cause why defendants' false statements submitted on the record and alleging *prima facie* that plaintiff engaged in criminal activity did not violate Rule 11(c). Doc. 147. On September 11, 2020, defense counsel filed a response, choosing not to withdraw the violative statements. Doc. 158. Plaintiff thus intends to file a substantively similar motion, indicating that counsel did not avail himself of the Rule 11's safe harbor provision.

| | |
|---|---|
| Dated:  September 22, 2020<br>New York, NY | Respectfully submitted,<br><br>By: /s/ Jakub Madej<br>Jakub J. Madej<br>LAWSHEET<br>415 Boston Post Rd Ste 3-1102<br>Milford, CT 06460<br>T: (203) 928-8486<br>F: (203) 902-0070<br>E: j.madej@lawsheet.com |