IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | |
|     Plaintiff, | § | Civil Action No. 20-cv-133 (JCH) |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| YALE UNIVERSITY *et al.*, | § | |
|     Defendants. | § | SEPTEMBER 28, 2020 |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (ECF #158)**

Plaintiff Jakub Madej ("Madej") submits this reply to address certain issues and arguments in the Yale University's ("Yale", "University") opposition brief to plaintiff's motion for an order to show cause why Yale's false, irrelevant and inflammatory statements did not violate Rule 11(c).

Specifically, this reply addresses the following points in Yale's response.

*First*, the University argues that Rule 11 applies to "discovery requests, responses, objections, and motions under Rules 26 through 37", and is inapplicable here. Fed. R. Civ. P. 11(d). This argument fails because the challenged statements are unrelated to discovery. Madej has already withdrawn the sole outstanding discovery request – *one* request for admission – that fueled defendants' textual harassment. He only seeks to foreclose Yale's attempts to issue further inflammatory and immaterial statements on the record in violation of Rule 11 solely to prejudice its adversary and injure them beyond this litigation.

*Second*, the University argues that "the defendant nor its counsel have engaged in dilatory tactics or acted in bad faith", depriving this Court from issuing a sanction under 28 U.S.C. § 1927. *Dft's Memorandum, at 5*. They did. As explained below, the University's bad faith conduct is now well-documented, and goes beyond the challenged paper. Despite Yale's explanations, actions speak louder than words.

– 1 –

*Third*, the University argues that the challenged paper cannot be stricken under Rule 12(f) because it is not a pleading within the meaning of the rule. As evidenced in plaintiff's previous memorandum, district courts applied Rule 12(f) to strike prejudicial or immaterial matter from affidavits and exhibits, regardless of the label applied by the offending party.

*Fourth*, the University defies logic by continuing to assert that its statements are relevant to these proceedings. Yale again stops short of demonstrating *how* they are relevant. In fact, Yale continues to lay bare allegations without presenting any evidence.

## I.   Rule 11 Applies to Yale's Statements as The Challenged Conduct Does Not Pertain to Discovery

Rule 11 was not designed to address discovery issues, as Rules 26 through 37 provide alternative, more specific procedures applicable to specific discovery vehicles. See Notes of Advisory Committee on Rules—1993 Amendment. But the conduct at issue is, despite the label, unrelated to discovery.

Madej seeks no discovery-related relief. He has withdrawn the very request which prompted Yale to respond with its criminal accusations, and Rules 26 through 37 thus do not apply. He does not request that some improper objection be overruled, withheld documents produced, or another action taken as a result of defendant's alleged discovery misconduct. The court's ruling, whatever it might be, would have no bearing on discovery in this case. Madej simply objects to the University proffering false accusations about the matters outside this litigation, and irrelevant to the present suit, all in the public record. That defendants introduced their statements in the context of discovery is irrelevant – because these statements do not concern discovery. Nor were the intended to. Rule 11 is thus the proper vehicle to challenge the University's conduct.

Counsel made certain factually-sounding allegations in a paper he signed. He presented them to the court, and continues to advocate them. An attorney must have evidentiary support for factual representations he introduces into the proceedings not to be in violation of Rule 11(b). Here, counsel does not, and cannot demonstrate what support existed for his statements. Nor does he present any argument why Yale's statements are relevant to this case.

The University's reliance on Lawrence is misplaced. In Lawrence, plaintiff brought a civil rights suit against the City of New York for alleged warrantless entry of NYPD into her apartment in August 2014. Three years into the litigation, the City learned from metadata that 67 photographs purportedly depicting the alleged injury "two days after the incident" were, in fact, taken in late 2016. Lawrence, at *4. The City sought sanctions against plaintiff's attorney for failure to adequately investigate her claims before filing the action. The court found Rule 11 inapplicable because the sanction motion "rested entirely" on production of fraudulent photographs during discovery, and instead applied its inherent power to dismiss the case with prejudice for fraud upon the court. The Lawrence court declined to sanction plaintiff's lawyer, who withdrew from representation when learned about the fraud on the advice of ethics counsel.

No facts from Lawrence are applicable in the present case. *First*, in Lawrence, the photographs at issue were central to the proceedings. Here, the University does not and cannot argue that its scandalous statements have *any* relevance to this suit. *Second*, the relevant issue in Lawrence was whether counsel violated Rule 11 by not investigating that his client's evidence was, essentially, fabricated. Here, the University has not presented *any* evidence to substantiate the allegations it introduced into the proceedings. Indeed, defendants conspicuously avoid direct engagement with their criminally-sounding statements. Neither do they explain how could these statements could be relevant to the present case, let alone at the procedural posture where they

were made. *Third*, Madej does not allege that defendants' conduct rises to the level of fraud upon the court. Not at this juncture, at least. He simply seeks judicial intervention to discipline an offending party for conduct that prejudices his personal life beyond this litigation, and violates the fundamental rules of professional ethics.

## II.      Actions Speak Louder Than Words in the context of 28 U.S.C. § 1927

The University contends: "neither the defendant nor its counsel have engaged in dilatory tactics or acted in bad faith". *Memorandum, at 5*. Section 1927 sanction cannot issue, it argues, because the challenged conduct was not "completely without merit". It was.

Yale objected to one request for admission by offering a two-page-long charge alleging that Madej engaged in criminal conduct outside this litigation, that is, attempted to illegally enter the United States and eluded immigration officials. As the Court is aware, these actions are serious federal crimes. Yale concludes that plaintiff presents a "security threat". Yale offered no evidence for its statements: no affidavit, no declaration, no nothing. When challenged, it failed to amplify its allegations with at least *some* evidentiary support. At all relevant times, however, Yale has been aware that Madej is a *bona fide* immigrant who entered the United States lawfully, complies with all immigration laws, and seeks to reap benefits from his continued compliance with these regulations. Yale is also aware that being a legal immigrant in the United States presents significant challenges, not least given the current political situation, and especially for a lone student who is not an immigration attorney. That same plaintiff even lacks a safe place to live and sleep at night. Yet Yale offered – and continues to offer – false statements on the record which are intended only to injure plaintiff by taking advantage of his precarious status necessitated by Yale's conduct.

The University can, as it does, write that its conduct was not motivated by bad faith. Actions, however, speak louder than words. Yale's conduct, as described above, was unreasonable and vexatious under Section 1927, and an according sanction should issue.

### III.     The Court May Strike the Offending Paper Under Rule 12(f)

The University argues that its statements may not be stricken because they are not one of the six pleadings enumerated in Rule 7(a). As demonstrated in the previous memorandum, courts look beyond the label affixed by the filer to analyze whether a pleading may be stricken under Rule 12(f). One court explicitly recognized that the court's inherent powers enable the district court to strike a party's submissions other than pleadings. North American Specialty Ins. Co. v. National Fire & Marine Ins. Co., 2013 WL 1332205, *5 (D. Nev. 2013) (referencing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Defendants' present paper is substantially a pleading in that it lays down allegations against the opposing party, at a stage where a party lacks authority to introduce new allegations into the proceedings.

The University's reference to Britt is inapposite. In Britt, plaintiff sought to strike certain elements of defendant's answer to the complaint "because they are false", and to strike the defendant's objection to a different motion for reasons the court left unaddressed. Britt v. Elm City Cmtys., 2018 WL 3574866, *3. The court denied the motion and explained that moving to strike is not a proper vehicle to address the objection. Here, however, striking the offending material is a separate issue because the scandalous allegations are irrelevant to the present case and permitting them to stand would prejudice the plaintiff.

### IV.     Yale's Scandalous Statements are Irrelevant

As discussed in the previous memorandum and above, no reasonable minds can differ that the University's statements are irrelevant and immaterial to this case, let alone in the context where the University's counsel made them. In fact, Yale explicitly conceded that the identity of the defendant is undisputed. See ECF #134, at 2. ("The identity or physical appearance of Dean Schenker is not in question."). The University cannot at once admit that a request is true and object to making that admission, or its position would defy ordinary logic.

Lastly, the University advances certain theories where plaintiff is a "safety concern". This statement is true – to the extent that safety refers to civil liability, and "concern" to a verdict rendered at trial. If Yale genuinely believed that some other "safety concerns" was an issue here, it would not have objected to a request to confirm the visual appearance of the defendant – only after it conceded that it is undisputed.

## V. Conclusion

The University has failed to demonstrate that its counsel's conduct did not violate Rule 11(c), and why a sanction should not issue for asserting – as a dilatory tactic – that its adversary engaged in criminal conduct. Yale further demonstrated that its conduct is unreasonable and vexatious, and failed to present any evidence to substantiate its allegations. Yale also does not, and cannot argue that these allegations are relevant to the present case. As shown above, its conduct was solely intended to injure and harass. An adequate sanction should issue to ensure defendants comply with Rule 11 in the future proceedings.

| | |
|---|---|
| Dated:   September 28, 2020<br>         New York, NY | Respectfully submitted,<br><br>By: /s/ Jakub Madej<br>     Jakub J. Madej<br>     LAWSHEET |

– 7 –

415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com