IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | Civil Action No. 20-cv-133 (JCH) |
| Plaintiff, | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| YALE UNIVERSITY *et al.*, | § | OCTOBER 2, 2020 |
| Defendants. | § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Jakub Madej ("Madej") submits this memorandum in opposition to Yale University's ("Yale", "University") motion to dismiss the amended complaint (Doc. 87). The University's motion must be denied because it relies entirely on extrinsic evidence – selectively chosen emails, references to a website, and an affidavit – which the court must disregard at the 12(b)(6) stage. When a total of 44 citations to evidence that Yale presented in its favor are excluded, Yale's memorandum fails to sustain the burden that Madej's complaint does not state a claim. The University's application, if construed as one for summary judgment, must also be denied because Yale does not, and cannot demonstrate at this stage that no genuine issue of material fact exists, or that it is entitled to judgment as a matter of law. The amended complaint contains enough well-pled factual allegations that, when accepted as true, state four claims that are plausible on their face. This case should thus move forward with discovery.

**I.     LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court accepts plaintiff's factual allegations as true, and draws all reasonable inferences in plaintiff's favor. Luitpold Pharm., Inc. v. Ed. Geistlich Söhne A.G. Für Chemische Industrie, 784 F.3d 78, 85 (2d Cir. 2015). The party moving for dismissal has the burden of showing that no claim has been stated. Nicosia v. Amazon.com, Inc., 834 F.3d 220, 234–235 (2d Cir. 2016).

It is well-established that when deciding a Rule 12(b)(6) motion to dismiss, the court is "confined to the allegations contained within the four corners of the complaint" and "any documents attached to the complaint as an exhibit or incorporated in it by reference." Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017) (internal quotation marks and alterations omitted). See also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Nicosia, 834 F.3d at 235 (district court erred in relying on materials integral to complaint when parties disputed both accuracy and authenticity of documents, and extent to which they affected their contractual relationship); Goel v. Bunge, Ltd., 820 F.3d 554, 558–560 (2d Cir. 2016). This is because Rule 12(b)(6) challenges the "legal feasibility" of the complaint. Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). The court "does not weigh the evidence that might be offered to support" the allegations in the complaint. Id. Rather, the issue is "whether the claimant is entitled to offer evidence to support the claims." Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007), quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

When the allegations included in the complaint are sufficient, failure to furnish a memorandum in opposition to the 12(b)(6) motion does not provide sufficient grounds to grant the motion. Goldberg v. Danaher, 599 F.3d 181, 183–184 (2d Cir. 2010) (under this District's local rules, the automatic dismissal is not appropriate where the pleadings establish a viable

claim). "A district court relying on [District of Connecticut's] Local Rule 7(a)(1) is [] obliged to consider the pleadings and determine whether they contain sufficient grounds for denying a motion to dismiss." Id., at 183. See also McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) (dismissing a complaint without addressing the merits of the 12(b)(6) motion was "an error").

**II.  ARGUMENT**

    A.  Defendants Rely Entirely on Extrinsic Evidence, Which Must Be Disregarded at 12(b)(6) Stage

Yale's present motion must fail because it relies entirely on evidence, not on a legal analysis of plaintiff's complaint. The court's review is generally limited to "the four corners of the complaint". McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The court may also consider documents attached to the complaint as exhibits, and those incorporated in the complaint by reference. Id. The record reveals that the operative complaint contains no exhibits, and does not incorporate any documents by reference. (Doc. 87). The applicable standard would not be satisfied if the complaint merely mentioned a document or offered "limited quotation[s]" from another document. Global Network Commc'ns, 458 F.3d at 156; see also Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir. 1985). At no point has the University filed a motion that certain facts or documents be taken under judicial notice. Instead, the defendants offer additional facts and alternative explanations for plaintiff's allegations – absent any authority – and invite the court to infer whether, in light of that evidence, the allegations are plausible on their face. As demonstrated below, all of this evidence must be disregarded.

In fact, Yale urges the Court to consider all <u>but</u> the "four corners of the complaint". Throughout its 37-page-long memorandum, the University references its own evidence a total of 27 times. These exhibits are of garden variety: print-outs of several emails, unauthenticated

letters, references to an unarchived website, and a self-serving affidavit. Yale also abundantly relies on exhibits that Madej presented at the preliminary injunction stage (17 citations), and references this Court's ruling denying the injunction to characterize the evidence in its favor. But the University cites no authority for the proposition that a movant at the 12(b)(6) may selectively choose evidence where the court is asked to merely assess if *the complaint* states a viable claim. Nor does it offer an argument why Madej should not be entitled to collect relevant evidence throughout discovery in favor of his own case-in-chief – when the University abundantly presents evidence in favor of its own case.

Yale asserts that Madej failed to state a claim upon which relief can be granted. In other words, the University seeks to persuade the court that Madej's complaint fails to state a viable claim even if factual allegations included in his complaint as accepted as true, and all reasonable inferences are drawn in Madej's favor. But to achieve that goal, Yale furnishes a veritable mountain of evidence: an affidavit from Madej's former professor ("Schmertzler Affidavit"), a letter from Madej's former dean ("DX E"), several emails that Madej allegedly wrote ("DX L"), and others. Yale is not entitled to present evidence to bolster its own case at the 12(b)(6) stage, where the court must decide whether Madej is even entitled to offer evidence to support his claims. See Patane, supra, 508 F.3d at 11. The University may, of course, present any admissible evidence it pleases at summary judgment or trial. At the 12(b)(6) stage, however, it may not. Accordingly, all references to extrinsic documents, exhibits, and evidence must be excluded in their entirety.

B. Yale's Motion Cannot Be Construed as a Motion for Summary Judgment

Given the volume of extrinsic material Yale presented in support of *its own* claims, its motion is better construed as a summary judgment motion. A party is entitled to summary

judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). When a party files a motion under Rule 12(b)(6), presents the matters outside the pleadings, and the court does not exclude them, that party's motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154–156 (2d Cir. 2006) (conversion mandatory when matters outside complaint are presented to and not excluded by court); Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 38 (2d Cir. 1990) (court's consideration of affidavits filed with motion to dismiss for lack of subject matter jurisdiction converted Fed. R. Civ. P. 12(b)(6) motion to motion for summary judgment). While the University cites three cases from this District where the court granted summary judgement – all to persuade this Court that the complaint in this case merely fails to state a claim – a conversion under Rule 12(d) would be premature. Discovery has merely commenced, and it generated innumerable objections. At this juncture, Yale does not, and cannot demonstrate that no genuine issue of material fact exists, or that it is entitled to judgment as a matter of law. In fact, Yale does not request that a summary judgment be granted in its favor, nor does it purport to argue that it might be entitled to summary judgment. A conversion is thus unwarranted.

### III. Conclusion

The University defendants have not met their burden and failed to demonstrate that the complaint as it currently stands fails to state a claim that is plausible on its face. Its motion to dismiss must therefore be denied.

Dated:   October 2, 2020                          Respectfully submitted,
        New York, NY                              By: /s/ Jakub Madej
                                                        Jakub J. Madej

- 6 -

                                                          LAWSHEET  
                                                         415 Boston Post Rd Ste 3-1102  
                                                         Milford, CT 06460  
                                                         T: (203) 928-8486  
                                                         F: (203) 902-0070  
                                                        E: j.madej@lawsheet.com