UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | OCTOBER 14, 2020 |

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

The plaintiff wholly fails to address any of the substantive arguments presented in the defendants' motion to dismiss. Rather, he only advances procedural arguments, claiming that the Court should not consider the evidence referenced by the defendants or treat the defendants' motion to dismiss as one for summary judgment.

**I.    The Court Can Consider Extrinsic Evidence on a Motion to Dismiss.**

"[I]f extrinsic evidence is a part of the pleadings, it may be considered on a motion to dismiss. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint. Therefore, the district court may consider exhibits as part of the pleadings if these documents either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." (Internal quotations and citations omitted). Adekoyu v. Herron, 2013 U.S. Dist. LEXIS 164575 (W.D.N.Y. November 19, 2013). "In most instances where this exception is recognized, the incorporated material is a contract or

other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint.  The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." (Internal citations omitted.) Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).  See also, Lynch v. City of New York, 952 F.3d 67, 79 (2d Cir. 2020) (internal quotations and citations omitted) ("It is well established that a pleading is deemed to include any written instrument that is attached to it as an exhibit, or is incorporated in it by reference.  And even if the plaintiff chooses not to attach an instrument to the complaint or [to] incorporate [it] by reference, if it is one upon which the plaintiff solely relies and which is integral to the complaint, the court may take the document into consideration in deciding the defendant's motion to dismiss.")

The present plaintiff's claims arise out of his contract with Yale University, which consists of Yale University's Programs of Study for the 2019/2020 school year ("Programs of Study"). Since the plaintiff's contractual claims are based on the Programs of Study, that document is integral to the plaintiff's claims and the Court is permitted to consider the sections of the Programs of Study submitted by the defendants when ruling upon the defendants' motion to dismiss.  See, DX A, PX 4.  The Court is also permitted to consider the documents relied upon by the plaintiff in the Amended Complaint.  These include the following:

- Dean Hill's January 3, 2020 e-mail, DX M, p. 5-6 (See, Amended Complaint, ¶ 33-35)

- Plaintiff's January 8, 2020 petition, PX 24 (See, Amended Complaint, ¶ 37-39)

- Dean Schenker's January 13, 2020 e-mail, PX 22 (See, Amended Complaint, ¶ 45-46, 52-55)

- Dean Schenker's January 20, 2020 e-mail and the January 19, 2020 letter attached thereto, PX 14, p. 5, 6-8 (See, Amended Complaint, ¶ 47-49, 52-55)

While the defendants refer to numerous exhibits in the Factual Background section of their memorandum of law in support of their motion to dismiss, the Argument sections primarily cite to the Amended Complaint, DX A, PX 14, and PX 22.[1]  See, ECF No. 90, p. 9-36.  Since these exhibits are relied upon by the plaintiff and are integral to the claims asserted by the plaintiff in the Amended Complaint, the Court is entitled to consider all of the exhibits referenced in support of the defendants' arguments for dismissal of the plaintiff's Amended Complaint.

The plaintiff also complains that the defendants cite to the Court's ruling on the plaintiff's Emergency Motion for Preliminary Injunction.  All of these citations simply highlight the fact that the Court has already agreed with the defendants' arguments based upon the documents submitted by both sides in connection with the plaintiff's motion for preliminary injunction.  There is nothing improper about citing to the Court's previous ruling in this case.

## II.   **It is Not Necessary to Construe the Defendants' Motion to Dismiss as a Motion for Summary Judgment.**

As explained above, the Court is permitted to consider the exhibits referenced in the Argument sections of the memorandum of law in support of the defendants' motion to dismiss because those documents are relied upon by the plaintiff and integral to the claims asserted in the Amended Complaint.  See, Adekoyu v. Herron, 2013 U.S. Dist. LEXIS 164575 (W.D.N.Y. November 19, 2013), Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006), Lynch v. City of New York, 952 F.3d 67, 79 (2d Cir. 2020).  Therefore, conversion

---

[1] There are two citations to DX B, which is the Yale College website that includes information about the Committee on Honors and Academic Standing ("CHAS").  There is also a single citation to PX 24, the plaintiff's petition to CHAS.  Of course, the Court can consider PX 24 because the plaintiff relies on it in his Amended Complaint.  See, Amended Complaint, ¶ 37-39.

of the motion to dismiss to a motion for summary judgment is not required under Rule 12(d).

If the Court determines that conversion is appropriate, the defendants request that the Court consider all of the exhibits submitted by the defendants in connection with their motion to dismiss and the exhibits submitted by both sides in connection with the plaintiff's motion for preliminary injunction.

## **CONCLUSION**

At the heart of this case is the plaintiff's claim that he was improperly withdrawn from Yale University. The plaintiff does not deny that he was placed on Academic Warning and then received a failing grade while on Academic Warning. He also does not contest that the Programs of Study require the withdrawal of a student who receives a grade of F while on Academic Warning. For these reasons, and those stated in the defendants' memorandum of law in support of its motion to dismiss, the Amended Complaint fails to state any claim upon which he can prevail. Therefore, the Amended Complaint should be dismissed in its entirety.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By: /s/
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

**CERTIFICATION**

  I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                  /s/
                Patrick M. Noonan