**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-cv-133 (JCH) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, et al., | : | |
| Defendants. | : | OCTOBER 26, 2020 |

**RULING ON DISCOVERY MOTIONS**

Plaintiff, Jakub Madej ("Madej"), proceeding pro se against Yale University

("Yale") and several of its administrators (collectively, "the defendants"), commenced

this case on January 30, 2020.  See Compl. (Doc. No. 1).  Pending before the court are

numerous motions concerning the progress, or lack thereof, of discovery in this case.

The court has spent hours, indeed days, reviewing the numerous pleadings and

attempting to discern what the discovery issues are and what discovery and procedures

are appropriate going forward in this case.

What follows are this court's rulings on the now pending and joined motions

concerning discovery, as well as an Order to the parties, which is the court's attempt to

address what seems to be the loggerheads at which the parties find themselves.

1.      Defendants' Motion to Quash Subpoena (Doc. No. 111).

Following review of the Motion, the Response (Doc. No. 128), and Reply (Doc.

No. 132), the Motion to Quash the subpoena directed to Ozan Say is granted.

Mr. Say is an employee of Yale who works in Yale's Office of International

Students & Scholars.  See Mot. to Quash Subpoena Directed to Ozan Say (Doc. No.

1

111) at 1.  Mr. Madej directed a subpoena to Mr. Say seeking "any and all documents in your possession or under your control about the Committee on Honors and Academic Standing ['CHAS'] at Yale College" from August 31, 2013 to May 29, 2020, and "all electronic communication in your possession with the search term 'Madej'" from January 1, 2016 to May 29, 2020.  See Ex. A to Mot. to Quash Subpoena Directed to Ozan Say (Doc. No. 111-1) at 5-6.  Mr. Madej did not seek to depose Say.  See id. at 3.

Yale moves to quash the subpoena on the ground that the subpoena is overly broad, unduly burdensome, and seeks documents that are irrelevant.  See Mot. to Quash Subpoena Directed to Ozan Say at 2.  Yale also argues in connection with the first category of documents that Yale has already responded to this request by providing Mr. Madej with approximately 100 pages of documents related to Madej's proceeding before CHAS.  Id. at 2-3.  Mr. Madej contends that Yale lacks standing, and that the materials he seeks are relevant because his Amended Complaint "alleges that Mark Schenker, a defendant in this case, communicated with Mr. Say to ensure that plaintiff never exposed Yale to any immigration regulatory scrutiny."  See Resp. to Yale's Mot. to Quash Subpoena (Doc. No. 128).

"In the absence of a claim of privilege[,] a party usually does not have standing to object to a subpoena directed to a non-party witness."  Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) (emphasis added).  If an employee of a defendant employer is not an officer, director, or managing agent of the defendant, then that employee is a non-party witness on whose behalf a defendant ordinarily lacks standing to quash a subpoena.  See Doe v. Greenwich, No. 3:18-CV-1322 (KAD), 2020

2

WL 2374990, at *1-3 (D. Conn. Apr. 21, 2020); U.S. Reg'l Econ. Dev. Auth., LLC v. Matthews, No. 3:16-CV-1093 (CSH), 2018 WL 2172713, at *7-12 (D. Conn. May 10, 2018).

The current dispute, however, does not concern materials such as bank records, which concern a party but are wholly created and controlled by a non-party witness. See Matthews, 2018 WL 2172713 at *7-10.  Nor does it involve a deposition of a non-party employee "to elicit testimony regarding [the employee's] personal, first-hand knowledge of records."  See id. at *11.

Rather, Mr. Madej seeks from Mr. Say materials that Mr. Say created or received in the course of his employment at Yale and only because of his status as an employee of Yale.  It is the court's view that the documents requested from Mr. Say in the subpoena are records of Yale.  Therefore, the subpoena, in effect, is best characterized as an attempted workaround mechanism to discovery requests directed to Yale; they seek records of Yale from Mr. Say, which Mr. Madej could and indeed has sought from Yale, and to which Mr. Say was privy only by virtue of his status as an employee of Yale.

The cases on which Mr. Madej relies do not expressly confront this issue.  See Doe, 2020 WL 2374990 at *1-3; Matthews, 2018 WL 2172713 at *7-13.  The court has not identified binding authority addressing similar circumstances.  The court deems persuasive a recent decision by the U.S. District Court for the Western District of Tennessee.  See Elvis Presley Enters., Inc. v. City of Memphis, No. 2:18-CV-2718 (SHM), 2020 WL 4283279, at *3-5 (W.D. Tenn. Apr. 6, 2020).  There, the plaintiff, who

3

had filed suit against the City of Memphis sought documents from a non-party witness that "relate[d] solely to [the witness]'s time as a former City representative," and that the witness "would not have access to or possession of . . . except for the fact he was a representative of the City."  <u>Id.</u> at *4.  For these reasons, the court "consider[ed] this subpoena [directed to the non-party witness] to be a subpoena for documents belonging to the City", determined that the City had standing to file a motion to quash, and granted the City's motion to quash.  <u>Id.</u> at 5.

Here, because the court understands the documents sought from Mr. Say by Mr. Madej to be records of Yale, the court concludes that the subpoena is improperly duplicative of requests for production that should be sent directly to Yale.  Any documents of an employee of Yale, that concern actions, conduct, or communication in connection with his or her employment with Yale, are records of Yale that may be discovered, if at all, by requests directed to Yale.  Otherwise, a plaintiff suing a defendant employer with a large number of employees with access to certain documents or communications could circumvent normal discovery processes by the simple expedient of identifying such employees and directing discovery requests to them instead of to the defendant.  The court does not believe such practice is consistent with the Federal Rules.  Therefore, the court grants the defendants' Motion to Quash the subpoena directed to Ozan Say (Doc. No. 111).

The court emphasizes, however, that the general rule that a defendant usually lacks standing to challenge subpoenas directed to non-party witnesses--including a defendant's employees--applies to subpoenas for testimony and for documents that are

not records of Yale.  The proper procedures to challenge such subpoenas are for the

non-party witness to file a motion, on his or her own behalf, raising objections personal

to him or herself; or for Yale to file a motion articulating a claim of privilege or interest

sufficient to confer standing, and raising objections specific to Yale.

      2.    <u>Mr. Madej's Motion to Compel (Doc. No. 129)</u>.

In his Motion to Compel, Mr. Madej argues that Yale failed to respond in any way

to his first set of interrogatories.  <u>See</u> Pl.'s Mem. of Law in Supp. of Pl.'s Mot. to Compel

(Doc. No. 129-1).  In response, Yale attached a copy of its response to the first set of

interrogatories, in which Yale objects to substantially all of the first set of interrogatories

and includes its reasoning for doing so.  <u>See</u> Obj. to Mot. to Compel (Doc. No. 133).

Defense counsel asserts that he has attempted to serve this discovery response upon

Mr. Madej on several occasions.  He attached copies of the discovery response,

indicating service at the two email addresses <u>Mr. Madej requested</u> be used for serving

defendants' responses.   <u>See</u> Ex. A to Obj. to Mot. to Compel (Doc. No. 133-1); Madej's

First Set of Interrogatories (Doc. No. 129-3) at "Instructions."  When advised by Mr.

Madej that he had not received a response, defense counsel mailed a copy by certified

mail.  <u>See</u> Ex. B to Obj. to Mot. to Compel (Doc. No. 133-2).  The defendant also noted

in its Objection that Mr. Madej had "blocked" delivery of email from it at times in the

past.  Further, despite instruction to defense counsel to serve at the yale.edu address,

Mr. Madej told defense counsel: "I don't use Yale email for anything related to this

case."  <u>Compare</u> Ex. E to Obj. to Mot. to Compel (Doc. No. 133-5) <u>and</u> Madej's First Set

of Interrogatories (Doc. No. 129-3) at "Instructions."

5

This silliness has got to stop.  Never in the undersigned's 23 years on the bench have I experienced such "he is lying, no you are," advocacy.

The court orders the defendants to create a dedicated "drop box", password protected, solely for use by the defendants and Mr. Madej to place into this drop box anything they are to serve on the opposing party.  The court assumes such a drop box records who, what, and when something is placed in it, or the party placing something in it will be able to maintain such a record, even if someone were to delete it.  The court requests that a "non-delete" function be created, if possible.  Once this is done, the court orders Mr. Madej to check this drop box before filing any motions or other pleadings in which he represents that he did not receive something from the defendant. If Mr. Madej fails to do this, he is advised that the court expects to impose sanctions upon him.  The court further advises defense counsel to do likewise and suggests to Mr. Madej that he check his box daily to see if he has received responses or communication from defense counsel concerning the discovery of the defendants by the plaintiff.

If either party objects to this process, they are to file that objection within seven (7) days of the date of this Order.  And further, in that objection, they are invited to tell the court how to solve the problems reflected in the endless motions before the court resulting from the plaintiff claiming he never received anything and the defendant insisting he sent material to the addresses that the plaintiff identified.

The Motion to Compel (Doc. No. 129) is denied with respect to its basis that no responses were served.  With regard to the "objections" actually asserted by the defendant, the court rules as follows.  First, it agrees with the objections to the

6

"instructions" set forth by Mr. Madej in his first set of interrogatories.  See Ex. A to Obj. to Mot. to Compel (Doc. No. 133-1) at 1-2.

With respect to the objections to the actual "interrogatories", the court rules as follows.  With respect to Interrogatory 1, Mr. Madej seeks the list of undergraduate students by class standing, who have "been withdrawn" from Yale for any reason, for a period of five academic years.  The court sustains the objection for several reasons.  First, this case concerns an academic withdrawal.  The request "no matter the reason" is not discoverable under the Federal Rules.  See Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" (emphasis added)).  Mr. Madej was withdrawn for academic reasons.  Discovery about withdrawals for non-academic reasons is irrelevant to this case.

With respect to Interrogatory 2, Mr. Madej seeks to obtain information for the number of undergraduate students withdrawn for academic reasons.  See id.  The court cannot discern any reason why this request concerning students other than Mr. Madej would be relevant to the claims asserted by the plaintiff.

With respect to Interrogatory 3, Mr. Madej seeks information about how the defendants gathered the answers to Interrogatories 1 and 2, and further how this information is stored and protected from unauthorized viewers.  Id.  The court cannot discern how these requests concerning the manner by which information is stored and protected by Yale pertain to Mr. Madej's claims.  The Amended Complaint does not seek to assert claims concerning unauthorized disclosure of information about Mr.

7

Madej; to the contrary, the essence of Mr. Madej's allegations is that Yale failed to provide him with sufficient information and process prior to his withdrawal.  <u>See</u> Am. Compl. (Doc. No. 87).  Further, because the court sustained the objections to Interrogatories 1 and 2, Interrogatory 3 is irrelevant.

 With respect to Interrogatory 4, the court sustains the objection because this interrogatory relates to Interrogatories 1 and 2, as to which the court has sustained Yale's objections.  <u>See</u> Madej's First Set of Interrogatories.  As to Interrogatory 5, the court sustains the objection: how a hypothetical "John Doe" might be convinced of something is not relevant or discoverable.  <u>See</u> <u>id.</u>

 With regard to Interrogatory 6, Madej seeks to compel Yale to identify "what mechanisms have you implemented to prevent fraud inside Yale University, and what steps have you taken to ensure your policies have any connection with reality?"  <u>See</u> <u>id.</u>  First, the court sustains the objection to the second part of the interrogatory concerning "connection with reality."  The court finds that this Interrogatory does not request information discoverable under Rule 26.  Further, it is impermissibly vague and, indeed, incomprehensible.  As to the first part of Interrogatory 6, the court finds that the interrogatory does not seek discovery of information relevant to this case.  There is no claim or allegation concerning generalized "fraud inside Yale University."  <u>See</u> Am. Compl.  Rather, Mr. Madej alleges a specific instance of fraud pertaining to his withdrawal from the University.  <u>See</u> <u>id.</u> ¶¶ 45-55.

 With respect to Request for Admission Number 34, which follows the Interrogatories, the court sustains the objection.  <u>See</u> Madej's First Set of

Interrogatories.  First, the court ordered that no more than 20 requests for admissions could be served.  <u>See</u> Scheduling Order (Doc. No. 57).  Further, the court finds that the request is vague and overbroad concerning "information about [withdrawn] students." <u>See</u> Madej's First Set of Interrogatories.  The court cannot discern, and assumes Yale could not determine, whether the statement "information regarding withdrawn students", relates to the time period after the student was withdrawn, or if it means any information both before and after.  Finally, the court sees no basis to view this request for admission as proper discovery, <u>i.e.</u>, as relevant, in this case under Rule 26.

For the foregoing reasons, the court denies Madej's Motion to Compel (Doc. No. 129).[1]

3. <u>Motion to Determine Sufficiency of Defendants' Responses to Plaintiff's Request for Admission (Doc. No. 130)</u>.

Mr. Madej seeks relief from the court to determine that Yale's responses to Requests for Admission to 2, 4, 6-9, 12-14, and 17-20 are insufficient.  <u>See</u> Mot. to Determine Sufficiency of Defs.' Resps. to Pl.'s Request for Admission (Doc. No. 130). Further, Madej seeks an order that the defendant may not attempt to withdraw or amend its responses to request numbers 10, 11, 15, and 16.  <u>See</u> <u>id.</u>

Upon review of the responses to these requests, the court determines the following.  Regarding Request for Admission 2, Yale's response is sufficient as to the

---

[1] In connection with the Motion to Compel (Doc. No. 129), Mr. Madej filed a Motion for Leave to File Excess Pages (Doc. No. 137).  The plaintiff has not filed a reply, either of the 10-page length or the proposed excess length.  The court denies the Motion (Doc. No. 137) as moot in light of its Ruling on the underlying Motion.

second sentence.  However, Yale's response does not admit or deny that "Yale University deactivated plaintiff's F-1 student status within 15 days after Yale determined that he be academically withdrawn."  Yale Univ.'s Answers to Pl.'s First Set of Requests for Admission (Doc. No. 130-2).  Instead, defendant responds, "that Yale University deactivated F-1 student status."  Id.  That is not responsive to the first sentence of Request for Admission Number 1 as to "within 15 days."  Yale is ordered to amend its Response to Request to Admit 2.

With respect to Requests for Admission 4, 6 and 7, the court denies Mr. Madej's Motion under Fed. R. Civ. P. 36, because the court determines that the responses are sufficient and appropriate.  See Yale Univ.'s Answers to Pl.'s First Set of Requests for Admission.

Rule 36 permits requests for admission addressed to law, but only as they relate to the application of law to fact.  Fed. R. Civ. P. 36(a)(1)(A).  With respect to Requests for Admission 8 and 9, it is the court's view that these requests for admission call for legal conclusions.  See Yale Univ.'s Answers to Pl.'s First Set of Requests for Admission.  They are pure statements of law, unconnected to any facts.  Further, the defendants did admit portions of Requests for Admission 8 and 9, which will remain sufficient and appropriate.  See id.

With regard to Request for Admission 12, the court orders Yale to file a response within fourteen (14) days.  Yale's current Response addresses "a petition for a student," but the Request for Admission concerns "a petition from a student."  See id.  This is perhaps merely a typographical error, but Yale is ordered to file a Response.

10

With respect to Request for Admission 13, the Motion to Compel is denied. Yale's Response is appropriate under the Rules.

With regard to Request for Admission 14, the Motion to Compel is granted. Yale's Response modifies "listings" with "publicly available."  See id.  The Request does not include such language.  See id.  Yale is ordered to file a Response within fourteen (14) days.

With respect to Request for Admission 17, the court determines, first, that the request is confusing.  It reads, in part, "at least 6 (7) times."  See id.  However, the defendant has addressed this by responding that the Committee met six times during the semester and an additional time at the end of the semester.  See id. The court determines that this response is sufficient and appropriate, and the Motion to Compel as to Request for Admission 17 is denied.

Regarding Request for Admission 18, the court determines that the first sentence of the Response is sufficient and appropriate.  To the extent that Yale has sought to explain that denial by adding additional response, using the phrase "within its purview", it is unresponsive.  The Request seeks to address what its purview is.  See id.  Further, the court concludes that the second sentence is inadequate in that it does not address what the Request for Admission speaks of, that is "a question of academic policy."  See id.  Instead the second sentence of the Response addresses "any matter within its purview", which is not something in the Request.  See id.  The second sentence is stricken.  If Yale seeks to add to its denial in the first sentence, it is ordered to amend its

Response to address the request concerning "a question of academic policy" within fourteen (14) days of the date of this Order.

Mr. Madej had sought to compel the response to Request for Admission 19 concerning the photograph of a defendant.  After the defendant opposed that part of the Motion, the plaintiff withdrew that request.  <u>See</u> Pl.'s Reply to Yale Univ.'s Obj. Therefore, that aspect of the Motion is terminated as moot.

Lastly, Mr. Madej moves to compel a response to Request for Admission 20. The court finds the Response proper under the Rules.  The Motion to Compel is denied as to Request for Admission 20.

Mr. Madej also moves to prevent Yale from amending a response to Requests for Admission 10, 11, 15, and 16 or any response the court has determined is sufficient. <u>See</u> Mot. to Determine Sufficiency of Defs.' Resps. to Pl.'s Request for Admission.  This aspect of Madej's Motion is denied.  It is unnecessary and vexatious to bring before the court.  The Rule specifically addresses this question.  Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").  Thus, these Responses are conclusively established unless the court permits withdrawal or amending.  To the extent Yale ever seeks to withdraw or amend these responses, the court will take up that issue on the record before the court at that point in time.

Therefore, Mr. Madej's Motion to Determine Sufficiency of Defendants' Responses (Doc. No. 130) is granted in part, denied in part, and terminated as moot in part.

4.      <u>Motion to Strike and for Order to Show Cause (Doc. No. 147)</u>.

As appears to be typical in this case, ruling on a motion does not resolve the

matters raised by the motion.  Indeed, Yale filed their Objection (Doc. No. 134)

concerning now withdrawn Request Number 19 in response to Mr. Madej's Motion to

Compel (Doc. No. 130) by setting forth information about Mr. Madej and his movements

and actions, which Yale asserts it learned from governmental authorities and which it

viewed as relevant to the question of whether it should be required to admit that a

photograph of an individual defendant was the true likeness of that person.  <u>See</u> Yale

Univ.'s Obj. to Mot. to Determine Sufficiency of Resps. to Pl.'s Request for Admission

(Doc. No. 134) at 2-3.

In response to that Objection, Mr. Madej filed another motion, Motion to Strike

Impertinent Matter from Defendant Yale University's Objection and for Order to Show

Cause Under F.R.C.P. 11(c)(3) (Doc. No. 147).  In this Motion to Strike, Mr. Madej takes

great exception to the assertions made by Yale in its Objection concerning his conduct.

<u>See</u> <u>id.</u>  Further, Mr. Madej seeks sanctions under Rule 11 or under the general

authority of this court, under title 28 of section 1927 of the U.S. Code.  <u>See</u> <u>id.</u>

Yale filed a Memorandum of Law in Opposition (Doc. No. 158), in which it raises

several grounds for the denial of the Motion to Strike.  First, Yale correctly points out

that Rule 11 "does not apply to disclosures and discovery requests, responses,

objections and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Rule 11

applies to "pleadings."  <u>See</u> <u>id.</u> 11(a).  The defendant's Opposition to the plaintiff's

Motion to Determine Sufficiency is not a "pleading."  <u>See</u> <u>Britt v. Elm City Cmtys.</u>, No.

13

3:17-CV-2159 (JCH), 2018 WL 3574866, at *2 (D. Conn. July 24, 2018) (citing Fed. R. Civ. P. 7(a)).  The Motion to Strike is also untimely.  Under Rule 12(f)(2), a motion to strike must be made within 21 days of the filing of the document sought to be stricken. Fed. R. Civ. P. 12(f)(2).  Mr. Madej's Motion to Strike, which was docketed on August 23, 2020, was docketed more than 21 days after Yale docketed its Opposition to Mr. Madej's Motion to Determine Sufficiency on July 24, 2020.

Finally, Mr. Madej sought to obtain sanctions under section 1927 of title 28 of the U.S. Code.  Such a sanction is appropriate only when "an attorney's actions are so completely without merit as to require the conclusion they must have been undertaken for some improper purpose, such as, delay."  In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000).  Defense counsel represents that the information in his Objection was obtained by his client from governmental authorities.  See Yale Univ.'s Obj. to Mot. to Determine Sufficiency of Resps. to Pl.'s Request for Admission at 2-3. Counsel also points out that much of what the plaintiff seeks to strike is not denied by the plaintiff.  See Yale's Mem. of Law (Doc. No. 158) at 6-7.  Further, Yale's counsel reiterated that it disclosed the information it had received because of safety concerns. See id.

The court concludes that the information at issue was not irrelevant to the argument being made, and Yale did not insert it for an improper purpose.  Yale was concerned about the safety of its employee and argued that it should not have to admit a photograph was a true and accurate photo of that employee.  The court concludes that the information set forth in the Objection has some relevance and is supportive of

14

Yale's argument that it ought not be required to admit that a picture is a true and accurate photograph of a party to the litigation.[2]

Therefore, the plaintiff's collateral motion practice, the Motion to Strike Impertinent Material (Doc. No. 147), is denied.

     5.    <u>On-the-Record Request to Defendant Yale University (Doc. No. 135)</u>.

In this pleading, Mr. Madej requests that Yale furnish an affidavit certifying that the contents of its Objection to the Motion to Compel (Doc. No. 133) are true.  Mr. Madej asserts that Yale's Objection (Doc. No. 133) lacks a certification of service or a certification that "any factual statements Yale made in its pleading are correct."  <u>See</u> Plaintiff's On-the-Record Request (Doc. No. 135).  First, Yale's Objection does indeed include a certification of service.  <u>See</u> Obj. to Mot. to Compel (Doc. No. 133) at 4. Second, the court has never seen such a "request", and the federal rules do not provide for such a certification of factual statements in a court filing.  The statutory provision Mr. Madej cites, section 1746 of title 28 of the U.S. Code, does not establish such a requirement.  <u>See</u> 28 U.S.C. § 1746.  Therefore, Mr. Madej's On-the-Record Request to Yale University (Doc. No. 135) is denied.

---

[2] In addition, this court can discern absolutely no reason why the Request is proper discovery under Rule 26.

6.    <u>Defendants' Motion to Compel Re: Requests for Admission (Doc. No.</u>
<u>139)</u>.

Defendants move to compel Mr. Madej to provide proper responses to Requests

for Admission 1, 2, 5-8, 10, 13, and 15-20.  <u>See</u> Defs.' Mot. to Compel Discovery Resps.

(Doc. No. 139).  Mr. Madej did not file an objection to this Motion.

First, defendants move to compel Mr. Madej to file a response to Request for

Admission No. 1.  <u>See</u> <u>id.</u> at 1-2.  The court notes that the Request for Admission 1

attached to the Motion is not the same Response to the Request for Admission made by

Mr. Madej, which Response was filed by defendants as an exhibit to their Motion.

<u>Compare</u> Defs.' Requests for Admission (Doc. No. 139-1) at 1 <u>and</u> Answers to Defs.'

Requests for Admission (Doc. No. 142-1).  Defendants' Motion addresses the Request

for Admission 1 attached to their Motion and is presumably the Request for Admission

as served.  <u>See</u> Defs.' Mot. to Compel Discovery Resps. at 1-2.  Plaintiff's responses, in

the Supplemental Exhibit, appear to fail to reiterate and answer Yale's Request for

Admission 1.  <u>See</u> Answers to Defs.' Requests for Admission at 1.  In other words, it

appears that Mr. Madej deleted defendants' Request for Admission 1 when preparing

his responses and objections.  Indeed, Mr. Madej's Responses to Yale's Request for

Admission, starting with "1" are off by 1, <u>e.g.</u>, Mr. Madej's Response 6 is a Response to

Yale's Request for Admission 7.  <u>See</u> <u>id.</u>  at 1-2.  The court will address Yale's Motion to

Compel Discovery Responses by reference to the numbering used in its Request for

Admission.  <u>See</u> Defs.' Requests for Admission.

Starting with Request for Admission No. 1, having served no response, Madej is ordered to respond to it within fourteen (14) days of the date of this Order or the court will deem it admitted.

With regard to Requests for Admission 2, 13 and 18, Madej asserts he lacks knowledge as to what "Yale College Programs of Study" is.  Given that Madej submitted a section of this Program of Study in his pleadings, see Ex. 4 to Mot. for Preliminary Injunction (Doc. No. 23 at 44-49), and that the entire Program of Study is available on the internet, see Defs.' Mot. to Compel Discovery Resps. at 2, the court views Mr. Madej's assertion of "lack of knowledge" with great suspicion.  Mr. Madej is ordered to admit or deny Requests for Admission 2, 13, and 18, within fourteen (14) days.

With regard to Request for Admission 7, Madej responded to this Request that it was not relevant.  The court disagrees.  The Request asked Mr. Madej to admit or deny that the two documents attached to the Request for Admission are true and accurate copies.  See Defs.' Requests for Admission at 2.  The documents are quite relevant to this case, because they directly pertain to the reasons for Mr. Madej's withdrawal.  See id. at 9.  Mr. Madej is ordered to admit or deny Request for Admission 7 within fourteen (14) days of the date of this Order or it will be deemed admitted.

With regard to Requests for Admission 5 and 18, Mr. Madej objects that he cannot answer because he does not have access to his Yale inbox.  Yale responded that Mr. Madej was not able to access it only for a short period of time and that, as of March 26, 2020, his access was restored.  See Defs.' Mot. to Compel Discovery Resps.

17

at 3.  Mr. Madej is ordered to admit or deny Request for Admission 5 within fourteen (14) days of the date of this Order or it will be deemed admitted.

With regard to Requests for Admission 16 and 19, Mr. Madej objects on the grounds that he lacks knowledge because the defendants did not provide him various documents before January 8, 2020, and thus he does not know what constitutes a "petition", which word is used in Requests 16 and 19.   See Answers to Defs.' Requests for Admission at 4-5.  The court overrules Mr. Madej's objection.  Mr. Madej may quibble over whether what he filed is called a "petition."  However, he must admit or deny if he made a submission--by whatever term he uses to describe his submission--to CHAS on January 8, 2020, on the subject referred to in Request for Admission 16, and further he must admit or deny, if he made such a submission, that it included the language quoted in Request for Admission 19.  Madej accordingly must admit or deny Requests for Admission 16 and 19 within fourteen (14) days of the date of this Order. Failure to do so will result in them being deemed admitted.

With regard to Requests for Admission 6, 7, 8, and 10, Mr. Madej argues that they are irrelevant.  The court disagrees.  All of these Requests for Admission relate in some way to the Economic 456 Class that plaintiff took in the Fall 2018 term, his failing of which course, according to the defendants, led to his withdrawal.  See Defs.' Requests for Admission at 2-3.  The plaintiff is ordered to admit or deny Requests for Admissions 6, 7, 8, and 10, within fourteen (14) days of the date of this Order.  Failure to do so will result in any Request to which a Response is not filed being deemed admitted.

18

With regard to Request for Admission 13, Mr. Madej responded by referencing his objection to "request no. 2."[3]   See Answers to Defs.' Requests for Admission at 3. That Response states that Mr. Madej "lacks knowledge to answer this request because plaintiff does not know what defendants refer to by 'Yale College Programs of Study.'" Id. at 1.  That seems to be a baseless response, as Mr. Madej submitted a Request for Admission to Yale, which includes a reference to "Yale College Programs of Study." See Pl.'s First of Requests for Admission (Doc. No. 130-1) at 4 (Request for Admission 13).  Mr. Madej is ordered to admit or deny Request for Admission 13 within fourteen (14) days, or the court will deem it admitted.

With regard to Request for Admission 15, Mr. Madej objects by referencing his objection to Request for Admission, Mr. Madej responded by referencing his objection to "request no. 4" (Request for Admission 5), in which Mr. Madej states that he "is unable to access his Yale inbox" and that "Yale has previously disabled plaintiff's access to this email." See Answers to Defs.' Requests for Admission at 2.  With regard to the lack of access to email, the court has addressed this objection and overruled it. Mr. Madej is ordered to file a Response to Request for Admission 15 within fourteen (14) days, or the court will deem it admitted.

With regard to Request for Admission 20, while admitting that he "authored the document attached as Exhibit C", Mr. Madej nevertheless asserts that he "lacks knowledge to fairly answer" whether said Exhibit is a "true and accurate copy of [Mr.

---

[3] The court understands this reference to be to defendants' Request for Admission 1, on account of Mr. Madej's re-numbering of the Requests.

Madej's] January 8, 2020 petition to CHAS [ ] attached hereto as Exhibit C."  See id. at 5; Defs.' Requests for Admission at 4.  The court finds that this Response is inconsistent.  The court cannot conceive how one can author a document and state that he lacks knowledge to admit or deny if the copy attached as Exhibit C is the document he authored.  Mr. Madej is ordered to either admit or deny this Request for Admission consistent with Rule 36 within fourteen (14) days, or the court will deem it admitted.

With regard to Requests for Admission 16, 17, 18, and 19,[4] the defendants argue that Mr. Madej's response--"that he did not have any written documents from defendant Yale before January 8, 2020"- is improper.  See Answers to Defs.' Requests for Admissions at 4.  The court agrees as to Requests for Admission 16, 17, 18, and 19.  For the reasons set forth above concerning Requests 16 and 19, Mr. Madej is also ordered to admit or deny Requests for Admission Numbers 16, 17, 18, and 19.  Further, while Madej asserts that he did not have access to the document, he filed this document as an Exhibit to his Motion for Preliminary Injunction, and it is available on the court's docket.  See Defs.' Mot. to Compel Discovery Resps. at 4-5; see also Sealed Unredacted Ex. (Doc. No. 27).  There would appear to be no reason why Yale's alleged failure to provide him with documents or access to his Yale University email account would limit his ability to admit or deny these two requests.  Mr. Madej is ordered to admit or deny Requests for Admission 16, 17, 18, and 19, within fourteen (14) days of the date of this Order.  Failure to do so will result in them being deemed admitted.

---

[4] The court has already ordered a response to Requests for Admission 16, 18, and 19.  See supra.

In their Motion, defendants also seek to compel Mr. Madej to produce a damage analysis that reveals the computations underlying his damage claims.  <u>See</u> Defs.' Mot. to Compel Discovery Resps. at 6.  Mr. Madej did not respond.  The court grants the Motion and orders Mr. Madej to produce to the defendants a damage analysis that sets forth the basis for, and calculation of, his compensatory damages, past wage loss, and future wage loss, and to produce any documents that support these calculations.  Mr. Madej is ordered to produce the damage analysis within fourteen (14) days of this Order.  In addition, if Mr. Madej arrived at the figures for "past non-economic damages" and "punitive and exemplary damages" by any means other than merely picking a number without reference to any matter of fact, then he is ordered to set forth his basis for, and the method of, determining such numbers, and produce any documents which support that basis, method of calculation, or both, within fourteen (14) days of the date of this Order.  Failure to comply as set forth above will result in Mr. Madej being prevented from seeking such damages.

Finally, defendants' Motion seeks to compel "all recordings, audio, video, or otherwise, from the body camera you [Mr. Madej] wore while present on Yale University campus in June, 2020" and "all recordings, audio, video, or otherwise, of statements Yale police officers made to you, as referenced in your June 18, 2020 e-mail to Attorney Noonan."  <u>See</u> Defs.' Mot. to Compel Discovery Resps. at 5-6.  Mr. Madej objects to these requests, claiming that they are not relevant.  To the extent the Request for Production seeks recordings (video and audio) that contain statements by, or encounters with, employees of Yale University, including Yale police, the court overrules

21

Mr. Madej's Objection.  Mr. Madej is ordered to produce such recordings within twenty-one (21) days of the date of this Order.

      7.    <u>Defendants' Motion to Compel (Doc. No. 141)</u>.

      The defendants moved on August 7, 2020, for Mr. Madej to provide them with a non-password protected copy of his July 20, 2020 Answers to defendants' Request for Production.  <u>See</u> Defs.' Mot. to Compel (Doc. No. 141).  On August 8, 2020, Mr. Madej provided defense counsel with a non-password protected copy.  <u>See</u> Suppl. Ex. to Mot. to Compel Discovery Resps. (Doc. No. 142).  Therefore, the defendants' Motion to Compel (Doc. No. 141) is terminated as moot.

      8.    <u>Yale's Motion to Quash Subpoena and Notice of Videotape Deposition of Keshav Raghavan (Doc. No. 143) and Madej's Cross-Motion to Compel (Doc. Nos. 144, 148)</u>.

      A subpoena for a deposition of Mr. Raghavan in New York City was served by Mr. Madej via certified mail.  Yale's Motion to Quash (Doc. No. 143) is granted, and Mr. Madej's Cross-Motion (Docs. Nos. 144, 148) is denied, for the following reasons.

      First, it was "served" in violation of the court's Order.  <u>See</u> Minute Entry (Doc. No. 104).  Prior to Mr. Madej's purported service of the subpoena upon Mr. Raghavan, Attorney Noonan had advised Mr. Madej that he, Attorney Noonan, represented Mr. Raghavan.  <u>See</u> Mot. to Quash, Ex. C (Doc. No. 143-4) at 8.  Thus, under the court's Order, Mr. Madej was required to serve any papers or discovery requests through Attorney Noonan.  <u>See</u> Min. Entry (Doc. No. 104).  If Mr. Madej disputes that Attorney

Noonan represents Mr. Raghavan, his remedy was to come to the court to challenge the representation, if he had any basis upon which to do so.

Further, service of a subpoena is governed by Rule 45. Because the subpoena directed the production of documents, Mr. Madej was required to serve notice of this deposition on defense counsel before service on the deponent. See Mot. to Quash, Ex. B (Doc. No. 143-2) at 4 (directing production of "[d]ocuments in your possession as of January 14, 2020[,] sufficient to prove that [CHAS] exists, as well as documents indicating how [CHAS] operates"); Fed. R. Civ. P. 45(a)(4). Instead, defense counsel represents that he learned of the subpoena for the first time from Mr. Raghavan. See Mem. of Law in Supp. of Mot. to Quash Subpoena and Notice of Videotaped Deposition (Doc. No. 143-1) at 2.

In addition, while the place in the notice for deposition is within the 100-mile rule for service of a subpoena, Fed. R. Civ. P. 45(c)(1)(A), the court finds that is unduly burdensome to request a deposition in New York City on the demand of a plaintiff who commenced the action in Connecticut, especially when the deponent resides in Connecticut, and there is a pandemic. Further, it is the view of this court, with exception supported by extraordinary circumstances, that good cause exists that depositions in the time of COVID-19 should be done by video conferencing.

9. Madej's Motion to Compel Discovery Responses (Defendant Schenker) (Doc. No. 145)

Defendant Schenker asserts in his objection to Request for Production 1 that the request, for "documents sufficient to prove that [CHAS] met six times in academic year

2019-2020", is not within the scope of Rule 26 as relevant and not proportionate to the needs of the case.  See Def. Mark Schenker's Objs. to Requests for Production (Doc. No. 145-2).  The court disagrees.  Mr. Madej has asserted in this case that the Committee whose action led to plaintiff's withdrawal, CHAS, did not exist or operate. The court views this request for documents, limited to documents "sufficient to show," as not burdensome, and as relating to plaintiff's claims which arose in the academic year 2019-2020.  Defendant Schenker is ordered to serve an amended response to Request for Production 1, with responsive documents, within twenty-one (21) days of date of this Order.[5]

Further, with regard to Request for Production 2, defendant Schenker puts forth similar objections.  See id.  However, neither defendant Schenker nor Mr. Madej addresses Request for Production 2, which seeks "documents sufficient to persuade a reasonable juror that the Committee on Honors and Academic Standing at Yale College does its work via written statements and documents."  See id.; Pl.'s Mot. to Compel Discovery Resps. (Doc. No. 145).   Because it is Mr. Madej's Motion to Compel, and thus his burden to show the documents he seeks meet Rule 26, the court denies the Motion to Compel with respect to Request for Production 2.[6]

---

[5] Defendant Schenker states, at page 3 of his Opposition, that minutes of the six meetings were produced.  If so, that is a sufficient response to this Request for Production.  See Def. Mark Schenker Opp'n to Mot. to Compel Discovery Resps. (Doc. No. 149).  An amended response, however, must be filed.

[6] Further, the court views the Document Request 2 language--"documents sufficient to persuade a reasonable juror"--as inappropriate.

10.   <u>Yale's Motion for a Protective Order (Doc. No. 151), Defendants' Motion for an Order re: Discovery Process (Doc. No. 152), and Defendants' Motion for a Protective Order (Doc. No. 153).</u>

The court previously granted defendants' Motion for Order re: Discovery Process (Doc. No. 152) in part as to paragraph one of the relief sought (that no depositions would be held pending the court's ruling on "pending joined discovery motions." <u>See</u> Order (Doc. No. 155). The court has now ruled as to all pending and joined discovery motions.

In the Motion for Protective Order (Doc. 151), Yale seeks a protective order prohibiting Mr. Madej from taking the deposition of Mr. Raghavan pending the court's decision on its Motion to Quash. Yale's Motion for Protective Order (Doc. No. 151) is terminated as moot: the subpoena has been quashed.

Defendants filed a Motion for Order Re: Discovery Process (Doc. No. 152). No opposition was filed. In this Motion, defendants seek an order that : 1) all discovery will be stayed until the court rules on all outstanding discovery motions;  2) written discovery will be completed before the taking of any depositions; 3) the court set a reasonable time for the length of depositions; 4) the date and time for depositions will be selected so as to minimize inconvenience to the witnesses being deposed, and 5) all depositions will be conducted virtually via Zoom or another similar process.

The order sought as to written discovery before depositions was granted in the court's prior Order (Doc. No. 155). The court grants the requests for an order that no depositions will be held until paper discovery is completed, which the court understands

to be the further discovery ordered in this Ruling.  If any party contemplates further paper discovery or a Motion to Compel, he/it/they must file a Notice on the docket within fourteen (14) days of this Order of what that discovery is and when it will be propounded or when a response is due.  Failure to do so will mean that depositions may be noticed starting fourteen (14) days of the date of this Order.  Mr. Madej is reminded that he must always serve a notice of deposition upon defendants' counsel.  See Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party." (emphasis added)).

With regard to the request number 3, the court orders non-party depositions to be limited to four (4) hours; a party's deposition may be up to seven (7) hours.  Fed. R. Civ. P. 30(d).  With regard to request number 5, the court orders all depositions will occur over a video conferencing application, such as Zoom.

Finally, the court is perplexed as to request number 4.  In every other case this court had has in 23 years on the bench, the court would expect parties to do what request number 4 calls for.  However, the court recognizes that the parties in this case would likely be unable to accomplish this.  Nevertheless, the court orders each side to submit to the Drop Box its/their/his suggestions for depositions and dates thereof and, if there is a conflict, to attempt, by correspondence put into the Drop Box, to reach agreement.  If agreement cannot be reached, Mr. Madej and the defendants shall submit a request to the court to set the schedule each side seeks.

The defendants also move for a protective order (Doc. No. 153), prohibiting Mr. Madej from proceeding with the deposition of Mark Schenker, noticed for 9/15/2020.  In

light of the court's Order (Doc. No. 155), this Motion (Doc. No. 153) is granted, <u>nunc</u> <u>pro</u> <u>tunc</u>.

Lastly, Mr. Madej has filed a Motion for Conference (Doc. No. 156).  The court denies this Motion because it has addressed pending discovery motions, including those relating to depositions, such as that of Mr. Raghavan.

For the foregoing reasons, the court rules as follows:

- Defendants' Motion to Quash (Doc. No. 111) is granted.

- Mr. Madej's Motion to Compel (Doc. No. 129) is denied.

- Mr. Madej's Motion to Determine Sufficiency (Doc. No. 130) is granted in part, denied and part, and terminated as moot in part.

- Mr. Madej's Motion to Strike and for Order to Show Cause (Doc. No. 147) is denied.

- Mr. Madej's On-the-Record Request (Doc. No. 135) is denied.

- Mr. Madej's Motion for Leave to File Excess Pages (Doc. No. 137) is terminated as moot.

- Defendants' Motion to Compel (Doc. No. 139) is granted in part and denied in part.

- Defendants' Motion to Compel (Doc. No. 141) is terminated as moot.

- Yale's Motion to Quash (Doc. No. 143) is granted, and Mr. Madej's Cross-Motion to Compel (Docs. Nos. 144, 148) is denied.

- Mr. Madej's Motion to Compel (Doc. No. 145) is granted in part and denied in part,

- Yale's Motion for Protective Order (Doc. No. 151) is terminated as moot.

- Defendants' Motion for Discovery Process Order (Doc. No. 152) is granted.

- Defendants' Motion for Protective Order (Doc. No. 153) is granted.

- Mr. Madej's Motion for Conference (Doc. No. 156) is denied.

**SO ORDERED.**

Dated this 26th day of October, 2020, at New Haven Connecticut.


  /s/ Janet C. Hall
Janet C. Hall
United States District Judge