**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ | § | Civil Action No. 20cv133 (JCH) |
| Plaintiff, | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| YALE UNIVERSITY et al., | § | NOVEMBER 9, 2020 |
| Defendants. | § | |

**PLAINTIFF'S NOTICE AND MOTION REGARDING DISCOVERY**

Plaintiff Jakub Madej ("Madej") submits this notice and motion pursuant to the Court's October 26, 2020 ruling on discovery motions, Docket Entry ("DE") 174, to address several outstanding discovery issues.

## AMPLIFIED ALLEGATIONS FOLLOWED THE COURT'S DISCOVERY RULING

Recently, the Court has ruled on all outstanding discovery motions. (Id.). On October 9, 2020, Plaintiff filed a Second Amended Complaint (the "Complaint"), DE 170, which is now an operative pleading. DE 176. Defendants have yet to answer the complaint. The Complaint raises stronger allegations than the previous complaints, and articulates their elements in detail. DE ¶¶ 48-70. Specifically, the Complaint alleges the Committee that purportedly adjudicates student withdrawals at Yale College has been an alter ego of defendant Schenker since at least year 2015, Id. ¶¶ 53, 56, and has never existed as a separate entity. Specifically, the Committee has not maintained any contemporaneous records; observed little to no organizational formalities; has never adopted or established any written policies; did not have a physical office or an address, a telephone number, or a website; lacked any documentation that stated its purpose, described who are its members, how are they elected; never defined how the

Committee meetings are conducted, what its responsibilities are; how many members it has, and what their duties are. Id. ¶¶ 56-58.

## OUTSTANDING PAPER DISCOVERY

In light of these stronger allegations in the Complaint, Plaintiff intends to seek additional paper discovery to ascertain whether any documents exist to refute his allegations, as well as to discern defendant Mark Schenker's state of mind. These requests will consider specific facts about the Committee's operations: where, if at all, it convened; what policies governed its operations; how were its members selected, if they indeed existed; and others. This case is based not on ample evidence, but rather on lack thereof – that is, there being no documents and tangible records where one would reasonably expect to find some evidence. Accordingly, it is paramount that all responsive documents be produced before trial, or their non-existence be definitely established. Plaintiff intends to propound his requests in the week of November 9, 2020, making the responses due around December 13, 2020.

Plaintiff further notes that he has <u>not</u> received any minutes or other documents from any of the Committee meetings, as defendants have apparently asserted.


## PAPER DISCOVERY AND DEPOSITIONS

Absent legal authority or specific argument, Defendants sought to completely revamp the discovery process by asking the Court to delay depositions after paper discovery is completed. They also asked that the Court schedule the depositions [sic]. In doing so, the University defendants made no effort to comply with Local Rule 37, which governs their request. Nonetheless, the Court has granted defendants' motion in part.

Defendants' requests merely serve a dilatory purpose: as the Court aptly noted, parties should be expected to schedule depositions themselves. (DE 174, at 26). By filing requests as it did previously, Defendants are merely trying to delay depositions altogether. There is no need to delay third-party depositions for months, especially when the memories are still fresh.

Plaintiff now moves for reconsideration, and submits to the Court that circumstances warrant the heightened standard required from motions for reconsideration. *Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), quoted in *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys. Inc.*, No. 3:11cv1980 (JCH), at *2 (D. Conn. Dec. 19, 2013) ("granting a motion for reconsideration is … justified if there is a … newly discovered evidence, or the need to correct clear error or prevent manifest injustice."). Plaintiff respectfully requests an oral argument on this motion.

## ATTORNEY AFFIDAVITS WOULD RESOLVE THE COURT'S PROBLEM

The Court sought to resolve a monthslong problem of endless motion practice that resulted from parties' contradictory statements about purely logistical discovery disputes. To date, parties have routinely disputed who, when, and how received discovery requests or answers. (DE 174, at *6). The Court invited the parties to propose solutions to resolve this debacle. (Id.).

The instant problem results not from technological glitches – which are all but frequent in 2020 – but from defendants' dilatory and confounding tactics intended to bury this litigation in collateral disputes of no relevance to the merits.

To this end, plaintiff proposes a simple, centuries-old, and battle-tested solution: strictly enforced attorney affidavits on all discovery motions. This Court should firmly require that

counsel, when filing a discovery paper, set forth *all* facts presented under oath – and disregard all other statements of fact.

Plaintiff offered a sworn affidavit on <u>each</u> discovery motion he filed to date, DE 101-2; 109-1; 129-2; 145-1; 148-1, as required by Local Rule 37. *See* L.R. 37(a). ("[C]ounsel making a discovery motion shall file with the Court … an affidavit"). In contrast, defense counsel has not made a <u>single</u> statement under oath. Instead, he has relied on artful narratives accompanied by emails and various exhibits, which reached nonsensical conclusions: that plaintiff blocked counsel's email, preventing him from receiving responses he himself requested; or that plaintiff "feigned ignorance" about receiving a discovery answer he himself requested. This Court should not be required to deconstruct parties' private communication in search of the real truth.

An affidavit is a solemn statement where the affiant "implicitly invites punishment if the statement is untrue or the promise is broken", Black's Law Dictionary (11th ed. 2019), and subjects himself to a sanction for perjury. An oath is designed to impress the duty to "testify truthfully" on the affiant's conscience. Fed. R. Evid. 603. A sworn statement invites the swearer to consciously subject himself to a higher standard of truthfulness.

Here, defendants affirmatively opted out of this heightened standard. They raised numerous objections without any affidavits or sworn declarations, and presented colorful narratives to the Court *in lieu of* sworn testimony. Their artful creations should not be given an additional presumption of truth. The entire purpose of an oath is lost when one party's sworn testimony is given equal credence as the other party's colorful narrative unsupported by any affirmation or, in fact, anything but the words themselves.

Accordingly, this Court should henceforth require that *any* party making a discovery motion attach an affidavit to their filing, and disregard statements not made under oath.

**<u>CONCLUSION</u>**

Whether, when, and how an individual sent a computer file to another person are not difficult questions. But these kinds of "trivial" problems marred this case for months. Here, defendants use them as a vehicle to delay the meritorious resolution. The Court should grant plaintiff's requests as outlined above to enable speedier discovery and a final resolution on the merits at trial.

Respectfully submitted,

By: /s/ Jakub Madej_____

    Jakub J. Madej
    THE LAWSHEET CORPORATION
    415 Boston Post Rd Ste 3-1102
    Milford, CT 06460
    T: (203) 928-8486
    F: (203) 902-0070
    E: j.madej@lawsheet.com