UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : NOVEMBER 16, 2020 |

**MOTION FOR ORDER OF COMPLIANCE WITH COURT ORDER**

On October 26, 2020, the Court granted the defendant's motion to compel the plaintiff "to produce to the defendants a damage analysis that sets forth the basis for, and calculation of, his compensatory damages, past wage loss, and future wage loss, and to produce any documents that support these calculations" within 14 days. (ECF No. 174, p. 21.) On November 9, 2020, the plaintiff uploaded to the designated drop box a Word document labeled "damages-analysis-nov-9.docx." When defense counsel attempted to open the document, he received an error message. On November 10, 2020, defense counsel e-mailed the plaintiff to request that he provide a damages analysis in a readable format. Receiving no response, defense counsel e-mailed the plaintiff again on November 12, 2020 and November 13, 2020 and requested that the plaintiff provide the damages analysis in a pdf document.[1] To date, a week after the request to provide a readable version of the Damages Analysis filed on November 9, the plaintiff has not responded to any of

---

[1] Copies of defense counsel's e-mails are attached hereto as Exhibit A. As required by the Court's order, these communications were uploaded to the designated drop box. The plaintiff has previously accessed the designated drop box, and therefore has the capacity to review the e-mails there.

defense counsel's e-mails, nor has he provided to defense counsel the word document purportedly containing his revised damages analysis in a readable format.

On November 14, 2020, the plaintiff uploaded his initial disclosures to the designated drop box in a pdf file labeled "20-11-14 FRCP 26 disclosures.pdf."[2]  This document does not appear to be a pdf version of the unreadable word document because it does not carry the same label. However, if Appendix C is intended to comply with the Court's order regarding the production of a damages analysis, it falls short.  The plaintiff was required to set forth "the basis for, and calculation of, his compensatory damages, past wage loss, and future wage loss, and to produce any documents that support these calculations."  While he provides further explanation of the categories of damages he seeks in this action and the amount of damages he seeks for each category, the plaintiff does not provide the basis for, or the calculation of, the requested amounts. The plaintiff also did not provide any documents supporting his calculations.  There should be documents supporting the claimed damages for at least the following categories: nominal damages, medical expenses, future medical expenses, loss of earnings, and past lost wages.

The defendants request that the Court order the plaintiff to provide the word document labeled "damages-analysis-nov-9.docx" in a readable format, preferably a pdf document.  In the event that the Court considers Appendix C of the initial disclosures as the plaintiff's damages analysis, then the defendants request that the Court deem it insufficient under the Court's October 26, 2020 order and require the plaintiff to produce a damages analysis in accordance with that order.

---

[2] A copy of the plaintiff's initial disclosures is attached hereto as Exhibit B.

        THE DEFENDANTS,

        YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By: /s/
        PATRICK M. NOONAN – CT00189
        COLLEEN NOONAN DAVIS – CT27773
        DONAHUE, DURHAM & NOONAN, P.C.
        Concept Park
        741 Boston Post Road, Suite 306
        Guilford, CT  06437
        Telephone:  (203) 458-9168
        Fax:  (203) 458-4424
        Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                          /s/
                                      Patrick M. Noonan