# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | Civil Action No. 20cv133 (JCH) |
| Plaintiff, | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| YALE UNIVERSITY et al., | § | NOVEMBER 14, 2020 |
| Defendants. | § | |

## PLAINTIFF'S INITIAL DISCLOSURES [FED. R. CIV. P. 26(a)(1)]

Pursuant to Fed. R. Civ. P. 26(a) and Local Rule 26, Plaintiff Jakub Madej serves these Initial Disclosures to the Defendants. Appendix A to these disclosures identifies those individuals who may have discoverable information relevant to disputed facts alleged in the pleadings. Appendix B to these disclosures describes the documents, data compilations, and tangible things that may be relevant to disputed facts alleged with particularity in the pleadings. Appendix C to these disclosures includes the computation of damages sought in this suit.

Dated:  November 14, 2020.
      New York, NY

Respectfully submitted,

By: /s/ Jakub Madej
Jakub J. Madej
LAWSHEET
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

*Counsel for Plaintiff*

## APPENDIX A

The following are persons who are likely to have information that Plaintiff may use to support his claims in this case.

The list is divided into five categories. The categories and the subjects of discoverable information, possessed by the individuals within each category, are listed below:

A. Individuals who might have knowledge about the existence and operations of the Committee on Honors and Academic Standing at Yale College, including the Committee deliberations about Plaintiff's case;

B. Individuals who might have knowledge about the policies, procedures, and practices regarding student withdrawals at Yale College, including involuntary withdrawals;

C. Individuals who might have knowledge about the administrative procedures at Yale College, including the ways in which students submit course schedules, changes to the course schedule, and receive pertinent information about their academic record;

D. Individuals who might have knowledge about Plaintiff's injuries and damages;

E. Individuals who might have other knowledge pertinent to plaintiff's claims.

Plaintiff notes that lack of knowledge about certain matters that a person would reasonably be expected to have knowledge of considering that person's position in an organization, employment history, statements previously made, and other material circumstances constitutes information discoverable under Rule 26. Plaintiff intends to present such information as evidence of allegations in the Second Amended Complaint at trial.

| Name | Address and Telephone | Subject of Information |
|---|---|---|
| Mark J. Schenker | Yale University<br>2 Whitney Ave<br>New Haven, CT 06510 | Category A |
| Jessie Royce Hill | Id. | Category A |
| Marvin Chun | Id. | Category A, E |
| Charles Bailyn | Id. | Categories A, B and C |
| Sarah Insley | Id. | Category A |
| Dana Angluin | Id. | Category A |
| Benjamin Glaser | Id. | Category A |
| Jason Shaw | Id. | Category A |
| Kirk Wetters | Id. | Category A |
| Daria Vander Weer | Id. | Category A |
| Helena Lyng-Olsen | Id. | Category A |
| Keshav Raghavan | Id. | Category A |
| Michelle Tracey | Id. | Category C |
| Kirsta McLellan | Id. | Category E |
|  | Id. | Category A and B |

| Camille Lizarribar | | |
|---|---|---|
| Joel Silverman | Id. | Category A, B, and C |
| Risa Sodi | Id. | Category A |
| Sandy Chang | Yale University<br>1 Prospect St<br>New Haven, CT 06511-8295 | Category A, B, and C |
| Robert Shiller | Id. | Category D and E |
| Bonnie Blake | Id. | Category D and E |
| Edward A. Snyder | 340 Livingston St<br>New Haven, CT 06511<br>eas@yale.edu<br>(203) 824-4383 | Category D and E |
| Anthony Kulikowski | unavailable | Category E |
| Michael J. Pascutti | unavailable | Category E |
| Ozan Say | Yale University<br>2 Whitney Ave<br>New Haven, CT 06510 | Category E |
| Przemysław Pałka | Id. | Category D and E |
| Robert Harrison | Id. | Category D and E |
| Hannah Herzog | unavailable | Category A |
| | unavailable | Category C and D |

| | | |
|---|---|---|
| Lukas Baker | | |
| Wiktoria Stelmachniewicz | unavailable | Category D |
| Jarosław Macnar | unavailable | Category D |
| Agnieszka Madej | unavailable | Category D |
| Christelle Umubyeyi | unavailable | Category A, B, C and D |

Plaintiff's investigation and discovery in this case are continuing. If additional information is obtained after the date of these disclosures, Plaintiff will supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

# APPENDIX B

The followings categories of documents are, or may be used, to support its claims against the Defendants:

A. Handbook for Directors of Undergraduate Studies in Yale College 2019–2020;
B. Yale Faculty Handbook;
C. Yale College Undergraduate Regulations;
D. Information about Committee on Honors and Academic Standing provided on Yale University's website at all times prior to commencement of this litigation;

E. Petition written by Plaintiff and addressed to Committee on Honors and Academic Standing;
F. Plaintiff's financial aid records and income statements;
G. Course materials, including videos, created in MGT 960: Economic Analysis of High-Tech Industries taught in Spring 2020 semester;

H. Contemporaneous records created by the Committee on Honors and Academic Standing, including but not limited to:
   a. Names and contact information of Committee members;
   b. Applications by prospective Committee members;
   c. Policies and procedures adopted by the Committee;
   d. Matters that were presented to the Committee for consideration;
   e. Matters on which the Committee has voted, and the result that followed.
I. Written communication between Mark Schenker and members of the Committee on Honors and Academic Standing created between 2017 and 2020, including but not limited to:
   a. electronic messages (emails) informing the members where and when the committee would meet;
   b. agenda of matters to be discussed at the meetings;
   c. minutes of the Committee meetings.
J. Petitions written by other students addressed to the Committee.


Plaintiff intends to present the non-existence of any documents identified as H-I, and other relevant documents, as evidence in this case.

Plaintiff expressly reserves the right to amend and/or supplement the foregoing disclosure of documents with other categories of documents and data in Plaintiffs' possession or that may be revealed during the course of discovery.

APPENDIX C

This suit is intended to recover damages suffered by Plaintiff for the conduct alleged in the Second Amended Complaint. The damages claimed by Plaintiff fall into the following categories:

A. <u>Nominal Damages</u>

Plaintiff lost his academic scholarship and housing services, which would have amounted to approximately $75,000.

B. <u>Medical Expenses and Future Medical Expenses</u>

As a result of Defendants' conduct, Plaintiff has suffered from severe depression and post-traumatic stress disorder. These symptoms have long-standing consequences, and will necessitate frequent medical care. At present, Plaintiff calculates the future medical expenses at $150,000.

C. <u>Loss of Earnings, Past Lost Wages, and Loss of Future Earning Capacity</u>

Plaintiffs has lost wages, currently estimated at $60,000. In addition, Plaintiffs have incalculable losses due to loss of work authorization, which has prevented him from obtaining employment. Plaintiff currently estimates these losses to amount to $150,000, taking into consideration the length of time, average compensation for Yale College graduates, and other pertinent factors. Future lost benefits are sought for

D. <u>Pain and Suffering, Emotional Distress and Mental Anguish</u>

There is, of course, no fixed measure for these types of damages, but Plaintiff is seeking to recover at least $1,000,000 on the basis that involuntary withdrawal without based justified on fraudulent premises significantly impaired Plaintiff's ability to live a normal life, including interacting with people, obtaining employment, and pursuing education opportunities.

E. <u>Attorney's Fees, Disbursements, Expenses and Costs</u>

The number of hours expended on this litigation is currently estimated to be 350 hours. Plaintiff intends to recover all attorney's fees, calculated on the basis of a reasonable hourly rate, and all costs incurred.

F. <u>Punitive or Exemplary Damages</u>

The exemplary damages in this case cannot be determined by a fixed formula and shall be determined by a jury at trial. Plaintiff believes that $5,000,000 is a reasonable amount

considering the reprehensibility of defendants' conduct; the level of deceit involved; and the vulnerability of defendants' victims.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for normal increases in past damages and claims of interest, all of which should be assumed by the parties and which do not call for any specific supplementation. Plaintiff reserves his right to seek damages at a later time.