UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : NOVEMBER 18, 2020 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE AND MOTION REGARDING DISCOVERY**

The plaintiff filed a pleading dated November 9, 2020 entitled "Plaintiff's Notice and Motion Regarding Discovery" (ECF No. 182.)  It is unclear the precise relief the plaintiff is seeking, but it seems that the plaintiff is requesting an order relating to the following:

1.	An order seeking to extend the time for the plaintiff to propound discovery requests to "the week of November 9, 2020;"

2.	A Motion for Reconsideration to require that depositions proceed before the plaintiff has fully complied with the outstanding discovery requests filed by the defendants; and

3.	An order reversing the Court's prior order that affidavits need not be filed by counsel every time a discovery motion or response is filed.

With respect to the plaintiff's first request, there is no basis for the plaintiff's request to "seek additional paper discovery."  See Plaintiff's Notice and Motion at p. 2.  The parties have already engaged in extensive paper discovery, and the plaintiff has offered no justification for being given the opportunity to propound further discovery requests.  Furthermore, the time period

when the plaintiff stated he would propound his requests – "the week of November 9, 2020" – had already expired when he uploaded to the designated drop box his November 14, 2020 requests for production directed to Yale University.  Accordingly, the plaintiff's request to propound additional paper discovery should be denied.

The plaintiff's request for reconsideration of the Court's prior order, which contemplated that all paper discovery would be completed before depositions were initiated, should be denied. While the plaintiff claims that the defendants' position on this issue was motivated by a "dilatory purpose," the fact is that the Court previously noted that the customary practice in this District is that paper discovery should be completed before responses are commenced.  See, April 2, 2020 ruling, ECF No. 72.  While the plaintiff claims that "circumstances warrant the heightened standard required for motions for reconsideration," the plaintiff's submission is completely silent on what circumstances exist in the present case that would justify reconsideration in connection with this issue.

The plaintiff also requests that the Court reconsider a second issue when he requests that the parties be ordered to file a sworn affidavit with every discovery motion and response to every discovery motion from this point forward.  See, Plaintiff's Notice and Motion, pg. 3-4.  The Court previously noted that there is no requirement that an affidavit accompany every discovery motion or response.  See, October 26, 2020 ruling, ECF No. 174, p. 15.  Once again, the plaintiff has failed to even attempt to meet the exacting standard required when filing a motion for reconsideration. Accordingly, this motion should also be denied.

## CONCLUSION

For the reasons stated, all of the motions contained within plaintiff's "Notice and Motion Regarding Discovery" should be denied.

        THE DEFENDANTS,

        YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL


By:       /s/
    PATRICK M. NOONAN – CT00189
    COLLEEN NOONAN DAVIS – CT27773
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park
    741 Boston Post Road, Suite 306
    Guilford, CT  06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  pnoonan@ddnctlaw.com


## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                        /s/
                        Patrick M. Noonan