# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | Civil Action No. 20cv133 (JCH) |
|     Plaintiff, | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| YALE UNIVERSITY et al., | § | NOVEMBER 9, 2020 |
|     Defendants. | § | |

## PLAINTIFF'S COMPUTATION OF DAMAGES

Pursuant to Fed. R. Civ. P. 26(a), Local Rule 26, and the Court's October 26, 2020 Order, Plaintiff Jakub Madej serves the attached Computation of Damages to the Defendants.

Dated: November 9, 2020.　　　　　　　　　Respectfully submitted,
      New York, NY

　　　　　　　　　　　　　　　　　　　　By: /s/ Jakub Madej
　　　　　　　　　　　　　　　　　　　　Jakub J. Madej
　　　　　　　　　　　　　　　　　　　　LAWSHEET
　　　　　　　　　　　　　　　　　　　　415 Boston Post Rd Ste 3-1102
　　　　　　　　　　　　　　　　　　　　Milford, CT 06460
　　　　　　　　　　　　　　　　　　　　T: (203) 928-8486
　　　　　　　　　　　　　　　　　　　　F: (203) 902-0070
　　　　　　　　　　　　　　　　　　　　E: j.madej@lawsheet.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

## CALCULATION OF DAMAGES

This suit is intended to recover damages suffered by Plaintiff for the conduct alleged in the Second Amended Complaint. The damages claimed by Plaintiff fall into the following categories:

A. <u>Nominal Damages</u>

Plaintiff lost his academic scholarship and housing services, which would have amounted to approximately $75,000.

B. <u>Medical Expenses and Future Medical Expenses</u>

As a result of Defendants' conduct, Plaintiff has suffered from severe depression and post-traumatic stress disorder. These symptoms have long-standing consequences, and will necessitate frequent medical care. At present, Plaintiff calculates the future medical expenses at $150,000.

C. <u>Loss of Earnings, Past Lost Wages, and Loss of Future Earning Capacity</u>

Plaintiffs has lost wages, currently estimated at $60,000. In addition, Plaintiffs have incalculable losses due to loss of work authorization, which has prevented him from obtaining employment. Plaintiff currently estimates these losses to amount to $150,000, taking into consideration the length of time, average compensation for Yale College graduates, and other pertinent factors. Future lost benefits are sought for

D. <u>Pain and Suffering, Emotional Distress and Mental Anguish</u>

There is, of course, no fixed measure for these types of damages, but Plaintiff is seeking to recover at least $1,000,000 on the basis that involuntary withdrawal without based justified on fraudulent premises significantly impaired Plaintiff's ability to live a normal life, including interacting with people, obtaining employment, and pursuing education opportunities.

E. <u>Attorney's Fees, Disbursements, Expenses and Costs</u>

The number of hours expended on this litigation is currently estimated to be 350 hours. Plaintiff intends to recover all attorney's fees, calculated on the basis of a reasonable hourly rate, and all costs incurred.

F. <u>Punitive or Exemplary Damages</u>

The exemplary damages in this case cannot be determined by a fixed formula and shall be determined by a jury at trial. Plaintiff believes that $5,000,000 is a reasonable amount

considering the reprehensibility of defendants' conduct; the level of deceit involved; and the vulnerability of defendants' victims.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for normal increases in past damages and claims of interest, all of which should be assumed by the parties and which do not call for any specific supplementation. Plaintiff reserves his right to seek damages at a later time.