UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | DECEMBER 7, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND MOTION FOR ORDER REGARDING DEPOSITIONS

The defendants have moved to quash the November 30, 2020 and December 2, 2020 notices of deposition for Mark Schenker, Sarah Insley, and a representative of Yale University. The defendants have also moved for an order staying the taking of any depositions until after the Court's ruling on the defendants' motion to dismiss. The basis for this motion, as set forth in this memorandum is that the plaintiff has steadfastly refused to identify a court stenographer who will be transcribing the depositions and the plaintiff is insisting on administering the oath to witnesses himself, which is forbidden by the Federal Rules of Civil Procedures. Accordingly, the notices of deposition should be quashed and the Court should enter an order postponing all depositions until the Court has ruled on the defendants' motion to dismiss the Second Amended Complaint.

I. **The Plaintiff Improperly Intends to Serve as the Officer Before Whom the Depositions are Taken.**

On November 30, 2020, the plaintiff issued notices of deposition for Mark Schenker, Sarah Insley, and Yale University to occur on December 14, 2020, December 16, 2020, and December

18, 2020, respectively.[1]   The following day, defense counsel agreed to accept service of the subpoena directed to Dean Insley, as requested by plaintiff,  and to speak to all of the witnesses to schedule the depositions.[2]  Defense counsel also pointed out that the plaintiff was not permitted to swear witnesses himself.  (Ex. B, p. 4.)  Defense counsel also asked the plaintiff to identify his court reporter.  Id.  In response, the plaintiff failed to even address the identity of the court reporter and reiterated his intention to swear the witnesses himself: "I happen to be authorized to administer oaths in Connecticut.  An affidavit attesting thereto will follow.  I will place each deponent under oath."  (Ex. B, p. 3.)

On December 2, 2020, defense counsel informed the plaintiff that, before any deposition dates would be agreed upon, the plaintiff and defense counsel would have to reach an agreement on who would administer the oath, the identity of the court reporting service, and the technology to be used.  Defense counsel indicated a preference to conduct the depositions over Zoom and offered to recommend several court reporting services if the plaintiff needed that information. Defense counsel also informed the plaintiff that he had been unable to locate any rule or case permitting the plaintiff, as a pro se party, to administer the oath to the witnesses.  Defense counsel requested a reply as to the above issues to avoid motion practice.  (Ex. B, p. 2.)  While the plaintiff agreed to conduct the depositions via Zoom, he again failed to identify his court reporter.  Instead, he stated: "I am a notary public in Connecticut.  I will say so on the record and state the date my commission expires (June 30, 2025, if I believe it correctly).  I suggest we stipulate this will

---

[1] Copies of the November 30, 2020 Notices of Deposition and accompanying letters from the plaintiff to defense counsel are attached hereto as Exhibit A.

[2] The e-mail communications between the plaintiff and defense counsel regarding the scheduling of depositions are attached hereto as Exhibit B.

suffice." (Ex. B, p. 1-2.)  The plaintiff also attached new deposition notices with the Zoom access information.[3]

On Thursday December 3, 2020, defense counsel indicated that he had lined up Dean Schenker and Dean Insley for December 14 and December 16 as requested by the plaintiff.  After agreeing to conduct the depositions via Zoom, defense counsel explained that it was improper for the plaintiff, as a party, to administer an oath to witnesses.  Defense counsel also noted that the plaintiff had repeatedly ignored the requests to identify the name and address of his certified court reporter and again asked for that information.  Defense counsel requested that the plaintiff respond by the end of the weekend, giving the plaintiff three full days to respond.  Defense counsel informed the plaintiff that if an agreement on the person administering the oath and the identity of the court reporter was not reached, defense counsel would release the witnesses from their time commitment and file a motion.  (Ex. B, p. 1.)  As of the filing of this motion, five days since the last communication requesting the identity of the plaintiff's court reporter, the plaintiff has still refused to respond to defense counsel's e-mail.

From the foregoing e-mail correspondence, it appears that the plaintiff intends to administer the oath to the witnesses and serve as the court reporter when he conducts the depositions.  The plaintiff's filings in this case also support this conclusion.  The plaintiff previously submitted to the Court a copy of a purported "deposition transcript" where he claimed to have appeared to take the deposition of Keshav Raghavan on September 1, 2020.[4]  The "transcript" states that it was transcribed from a "digital recording," with the plaintiff himself certifying that the transcript "is a true, accurate and unedited record of the proceedings." (Ex. D,

---

[3] The December 2, 2020 Notices of Deposition are attached hereto as Exhibit C.

[4] A copy of the plaintiff's submission is attached hereto as Exhibit D.

p. 1, 9.)  It is apparent that the plaintiff intends to conduct the depositions of the Yale witnesses in the same manner, i.e., administering the oath, recording the testimony, and questioning the witnesses.  This is impermissible under the Federal Rules of Civil Procedure.

Rule 30(b)(5) of the Federal Rules of Civil Procedure provides that, unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28.  Rule 28(a)(1) states that a deposition must be taken before an officer authorized to administer oaths or a person appointed by the court where the action is pending to administer oaths and take testimony.  Rule 28(c) then places limitations on who may serve as an officer in a given action: "A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."  Even if the plaintiff is authorized to take an oath in the State of Connecticut as he claims, Rule 28(c) prohibits the plaintiff from administering the oath in any depositions conducted in this action because the plaintiff is acting as his own attorney and is obviously financially interested in this action.  Although Rules 29 and 30(b)(5) permit the parties to stipulate that a deposition may be taken before any person, the defendants do not agree that the plaintiff can serve as the officer before whom the depositions are taken in this action.  In order to facilitate the depositions, defense counsel offered to stipulate that defense counsel give the oath to the witnesses, but the plaintiff refused to respond to that e-mail.  (Ex. B, p. 1.)

The defendants also do not agree to have the plaintiff serve as the individual who records and certifies the accuracy of the witness' testimony.  Rule 30(f)(1) provides that the "officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness' testimony.  The certificate must accompany the record of the deposition."  Rule 30(f)(3) provides that, unless otherwise stipulated, the officer must retain a copy of the recording of a

4

deposition and, when paid reasonable charges, furnish a copy of the transcript to any party or the deponent.  The plaintiff thus far has refused to identify his court reporter or to even state that he has engaged a court reporter.  Instead, it appears that the plaintiff intends to serve as the court reporter without the agreement of the defendants.  If the plaintiff agrees to have defense counsel administer the oath, the defendants would have no objection to the plaintiff retaining a certified court reporter who is not authorized to give an oath in Connecticut.  However, the defendants do not agree to permit the plaintiff to administer the oath to Yale's employees, nor are the defendants proceeding with the depositions in the absence of a qualified court stenographer.

Contrary to the Federal Rules of Civil Procedure, and without the defendants' agreement, the plaintiff intends on being the officer before whom the depositions are taken.  Since the plaintiff has refused to identify a certified court reporter to take the oath and to transcribe the testimony, the defendants' motion to quash the depositions of Dean Insley, Dean Schenker and the representative of Yale University should be granted.

## II.      Depositions Should Be Stayed Until After the Court Rules on the Defendants' Motion to Dismiss

Given plaintiff's refusal to identify a court stenographer or an officer to administer the oath to the witnesses and to certify the accuracy of the transcripts produced at the depositions, the defendants renew their request to stay depositions until after the Court rules on the pending motion to dismiss.  This request was initially made on May 12, 2020.  See, ECF No. 94.  On May 28, the Court granted the defendants' Motion to Stay Discovery Pending Resolution of the Defendants' Motion to Dismiss in part and ordered that depositions could not proceed until August 1, 2020.  See, ECF No. 104.  The Court then granted in part the defendants' August 26, 2020 Motion for Order re Discovery Process on September 3, 2020, ruling that all deposition discovery was stayed until the Court ruled on the outstanding discovery motions.  See, ECF No. 155.  On October 26,

2020, the Court addressed the remainder of the defendants' August 26, 2020 motion.  With regard to depositions, the Court ruled that depositions could be noticed starting fourteen days after the Court's order, i.e. November 9, 2020, as long as the parties did not contemplate further paper discovery or a motion to compel.  <u>See</u>, ECF No. 174, p. 25-26.  The plaintiff first noticed the depositions of Dean Schenker, Dean Insley, and Yale University on November 30, 2020.  As explained above, the plaintiff's refusal to retain a certified court reporter authorized to administer an oath in Connecticut has rendered the parties unable to agree to proceed with the noticed depositions at this time.  Given the upcoming holidays and winter break, the witnesses will be unavailable for depositions until January, 2021.

The defendants' motion to dismiss has been pending for seven months.  The defendants initially filed their motion on May 6, 2020.  (ECF No. 90.)  The plaintiff's response was due May 27, 2020.  On May 22, 2020, the plaintiff moved for a thirty-day extension of time through June 22, 2020 to respond to the defendants' motion to dismiss, which motion the Court granted on May 29, 2020.  (ECF Nos. 98, 104.)  The plaintiff did not file a response to the defendants' motion to dismiss by June 22, 2020.  Instead, he moved for leave to file a second amended complaint, but did not attach the proposed Second Amended Complaint.  (ECF No. 110.)  On September 17, 2020, the Court ordered the plaintiff to file the proposed Second Amended Complaint and an opposition to the defendants' motion to dismiss within fourteen days.  (ECF No. 161.)  On October 2, 2020, the day after the deadline for filing his Second Amended Complaint, the plaintiff moved for an extension to October 9, 2020 to file his Second Amended Complaint, which the Court granted nunc pro tunc.  (ECF Nos. 167, 172.)  After the plaintiff filed his Second Amended Complaint on October 9, 2020, the Court gave the defendants an opportunity to oppose the plaintiff's motion to amend his complaint.  (ECF No. 173.)  The Court then allowed the plaintiff to proceed on the

Second Amended Complaint over the defendants' objection and granted the defendants twenty-one days to file a new motion to dismiss or indicate their reliance on the pending motion to dismiss. (ECF No. 176.)  The defendants filed their motion to dismiss on November 23, 2020.  (ECF No. 185.)  The plaintiff's response is due December 14, 2020 and the defendants have until December 28, 2020 to file a reply.  The Court ordered that no extensions will be permitted.  See, ECF No. 176.  This case history reveals that the plaintiff has been afforded ample time to present his allegations to the Court and to oppose the defendants' motion to dismiss.

It is now apparent based upon the plaintiff's filings that the premise of this action is an allegation – offered without a scintilla of evidence to support it – that the Committee on Honors and Academic Standing does not exist and that only Dean Schenker considered and decided the plaintiff's petition challenging his involuntary withdrawal.  Not only is there no evidence to support this allegation, but it flies in the face of a plethora of uncontradicted documentary evidence offered by the plaintiff himself in support of his application for a temporary injunction.  See, ECF No. 23, Exhibits 1, 14, 22, 23.  While courts routinely give pro se plaintiffs substantial leniency, at some point, this Court should consider the considerable cost and disruption to the defendants and to the court system itself.  This Court has already been burdened with more motion practice than was warranted.  Federal courts across the country have dismissed cases filed by the President of the United States when they were not supported by the evidence.  The present plaintiff should be treated no more favorably.  The evidence already submitted by both parties in this demonstrates that the plaintiff cannot possibly prevail on his claims.  The defendants have expended an inordinate amount of time and expense defending this action.  They should not be burdened further when the plaintiff refuses to cooperate and conduct depositions in the normal course, i.e., before a certified court reporter authorized to administer an oath in Connecticut.

7

A stay of depositions until after the Court rules on the defendants' motion to dismiss will not prejudice the plaintiff.  In the notice directed to Yale University, the plaintiff requested that Yale University identify and designate the individual most knowledgeable to testify on the following topics: (1) Yale's policies, procedures, and practices related to voluntary and involuntary withdrawals of undergraduate students from Yale College from 2013 to the present; (2) Yale College's 2015 reforms of withdrawal and reinstatement policies, procedures, and practices; and (3) The administrative oversight over Committee on Honors and Academic Standing at Yale College.  (Ex. A, p. 11; Ex. C, p. 11.)  The most knowledgeable person on these topics is Dean Schenker.  Therefore, just two depositions will be conducted by the plaintiff, i.e., those of Dean Schenker and Dean Insley.  The defendants only wish to depose the plaintiff.  Since trial of this matter has not yet been scheduled and the depositions are limited to seven hours for parties and four hours for non-parties, there is an abundance of time to complete both depositions following the Court's decision on the defendants' motion to dismiss and prior to trial, in the event that the Court denies the motion to dismiss.

Since the plaintiff has been afforded every opportunity to present his claims to the Court, the defendants' motion to dismiss has been pending for seven months, and briefing will be completed before the depositions will be able to proceed, the defendants' motion for a stay of depositions until after the Court rules on the motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, the defendants move to quash the depositions of Dean Schenker, Dean Insley, and a representative of Yale University.  The defendants further request a stay of depositions until after the Court rules on the defendants' motion to dismiss.

8

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK
SCHENKER, PETER SALOVEY AND JESSIE
ROYCE HILL


By:_____/s/_____
     PATRICK M. NOONAN – CT00189
     COLLEEN NOONAN DAVIS – CT27773
     DONAHUE, DURHAM & NOONAN, P.C.
     Concept Park
     741 Boston Post Road, Suite 306
     Guilford, CT  06437
     Telephone:  (203) 458-9168
     Fax:  (203) 458-4424
     Email:  pnoonan@ddnctlaw.com


**<u>CERTIFICATION</u>**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____/s/_____
     Patrick M. Noonan