Case 3:20-cv-00133-JCH   Document 209   Filed 12/15/20   Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | § | |
|     Plaintiff, | § | Case No. 20cv133 (JCH) (SALM) |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| YALE UNIVERSITY et al., | § | |
|     Defendants. | § | DECEMBER 15, 2020 |

## DECLARATION OF JAKUB MADEJ

I, Jakub Madej, declare pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Jakub Madej. I am over 18 years of age. The following facts are based on my own personal knowledge.

2. I make this declaration in response to Defendants' unprincipled and false contentions about 'lying to the Court' in this case. These statements are plain hearsay, and their purpose is only to delay straightforward discovery.

3. I represent myself in this case. I seek to depose the defendants in this case, consistent with general discovery practice.

4. On December 9, 2020, Judge Hall ruled that no depositions in this case will be held until the Motions to Quash (Doc. Nos. 192 and 194) have been ruled on. (Doc. No. 197).

5. Despite the expected briefing, which would cause the depositions to be rescheduled, on or about December 11, 2020, I contacted at least five court reporting agencies. I sought a court reporter that would cover the remote depositions that will be held in this case. The renewed deposition dates have not yet been decided at that point.

6. Among other agencies, I contacted Falzarano Court Reporters, LLC ("FCR"). I have no previous experience with that agency. I have never employed a court reporter through them before. However, I found the rates that FCR represented to me reasonable, and opinions about FCR favorable. I expressed my willingness to hire FCR at their usual rates. FCR represented that they are unavailable the week of December 14, 2020, but they are available at the later dates. I stated that I will reach out to FCR when the dates for these depositions are confirmed.

7. At least two other reporting agencies that I contacted by phone in the week of December 7, 2020, represented to me that they are available for remote depositions in the week of December 14, explained their rates, and provided other information I requested. I also found these rates and representations to be reasonable, and gathered direct contact information to these agencies, should I decide to employ them in the future.

8. I found FCR to be the most qualified, as they claim to have more than "25 years of experience in court reporting". Accordingly, I sought to hire FCR before other agencies. I did not sign any written agreement because at that point, the dates of the upcoming depositions have not been ascertained yet.

9. On December 14, 2020, the Court ordered that I identify the name, business address, and telephone number of the court reporter who will record the deposition testimony.

10. On December 14, 2020, I identified FCR as the first-line agency that I seek to engage for the noticed depositions, consistent with my intentions.

11. At no point did I seek to act as the court reporter at depositions in this case without my adversary's prior written consent. My understanding of the law is that testimony gathered that way would be inadmissible, or in other words, any statements made at such deposition could not be admitted as evidence against the Defendants at trial.

12. My understanding of the law is that no authority, whether Federal Rules or case law, grants one party a right to seek or obtain information about what litigation professionals, including court reporters, its adversary has employed or seeks to employ.

13. I have never received or seen any 83-page transcript, or any other transcript of oral argument in Bagley v. Yale University, another case in this District.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2020 in New York, NY.

Respectfully submitted,
/s/ Jakub Madej