UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | DECEMBER 16, 2020 |

### MOTION TO QUASH NOTICES OF DEPOSITION OR, IN THE ALTERNATIVE, FOR A RULING ON DEFENDANTS' MOTION FOR ORDER, AND REQUEST FOR EXPEDITED RULING

The defendants hereby move to quash notices of deposition issued by the plaintiff on December 16, 2020 or, in the alternative, for a ruling on their December 14, 2020 Motion for Order. See, ECF No. 205, p. 2-3. The defendants also seek expedited ruling, because the plaintiff has issued notices of deposition for Mark Schenker, Sarah Insley, and a representative of Yale University[1] to occur on December 30, 2020, January 4, 2020, and January 8, 2020.

The depositions of Dean Schenker, Dean Insley, and a representative of Yale University were previously noticed by the plaintiff on November 30, 2020 and were scheduled to occur on December 14, 16, and 18, 2020, respectively. On December 15, 2020, Judge Merriam granted the defendants' motion to quash those depositions because the "plaintiff has failed to obtain a court

---

[1] As the defendants have already informed the plaintiff and the Court, Dean Schenker is the most knowledgeable person regarding the topics listed in the notice of deposition of the representative of Yale University. See, ECF No. 192-1, p. 8. Despite that fact, Mr. Madej continues to issue separate notices to Yale University. The defendants object to having a second seven hour deposition of Dean Schenker on the topics listed in the notice of deposition for Yale University.

reporter for the noticed depositions as required by the Federal Rules of Civil Procedure."  Judge Merriam further found that the "plaintiff has made misrepresentations to the Court concerning his engagement of a court reporter, going so far as to identify by name the court reporting agency he purportedly 'engaged.'"  Judge Merriam concluded: "Without a proper officer, the depositions cannot proceed."  ECF No. 210.

On December 16, 2020, the plaintiff issued new notices of deposition for Dean Schenker, Dean Insley, and a representative of Yale University to take place on December 30, 2020, January 4, 2020, and January 8, 2020, respectively.[2]  The notices do not identify the court reporting service before whom the deposition will be taken and the plaintiff declined to provide that information at this time, stating: "Only when the time and location are agreed to, I can provide you with the identity of the court reporter for that deposition, of course assuming this information still interests you."[3]  It appears that the plaintiff has, yet again, failed to engage court reporting services for the newly noticed depositions; it is also clear that he continues his refusal to identify his court reporter, if he has one, to defense counsel.

Given the plaintiff's delays, his repeated failures to comply with this Court's orders on these depositions and his misrepresentations to the Court, the plaintiff has now forfeited his right to take depositions in this case.  The scheduling order entered by this Court directed that all depositions be concluded by November 30, 2020.  That date has now come and gone, and the plaintiff has no right to notice any further depositions.  Accordingly, the defendants request that

---

[2] Copies of the notices of deposition are attached hereto as Exhibit A.

[3] A copy of the December 16, 2020 e-mail, exclusive of the attached notices of deposition, is attached hereto as Exhibit B.

the Court quash the notices of deposition dated December 16, 2020 and direct the plaintiff to cease and desist from issuing any further notices of deposition.

In the event that the Court is inclined to permit the plaintiff to take any depositions in this case, the defendants move that the Court order that the depositions be limited to only Dean Schenker and Dean Insley.  There is no basis for permitting depositions beyond those two, given that the time for taking depositions has expired, the plaintiff's conduct in noticing the depositions and his misrepresentations to the Court.  Both Dean Schenker and Dean Insley have twice previously disrupted their schedules and set aside time for depositions when the plaintiff indicated a desire to take their depositions, only to have those dates cancelled because the plaintiff refused to comply with the Federal Rules of Civil Procedure.  It is particularly challenging for Dean Insley because she has two small children, both parents are employed full time, which requires that both parents alter their work schedules to accommodate a deposition.  It should also be noted that the plaintiff noticed Dean Schenker's deposition for December 30, 2020,  despite the fact that the plaintiff has already been informed that the witnesses are now unavailable until January, 2021 due to the upcoming holidays and winter break.  See, ECF No. 192-1, p. 6.  Before Dean Schenker and Dean Insley are required to again rearrange their schedules to attend a deposition, the defendants request that the Court rule on their December 14, 2020 Motion for Order requesting that the Court enter the following orders:

1) The plaintiff shall identify the court reporter's name, business address, and telephone number in the notice of deposition;

2) The plaintiff shall provide defense counsel with written confirmation from the court reporter indicating that the court reporter has agreed to provide court reporting services for the depositions; and

3) Judge Merriam will supervise the depositions.

ECF No. 205, p. 2.  Given that it appears that the plaintiff has again noticed depositions without engaging a court reporting service, it is apparent that such orders are necessary to prevent further motion practice regarding the noticing and taking of depositions in this case.  In addition, defense counsel fully expects that, without Court supervision, conducting depositions in this case will lead to motion practice concerning the scope of the depositions and the conduct of the parties and counsel during the depositions.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By:   /s/ Patrick M. Noonan_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan