IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ, | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:20-cv-133 (JCH) (SALM) |
| YALE UNIVERSITY ET AL., | : | |
|     Defendants. | : | DECEMBER 16, 2020 |

## [PROPOSED] PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS

The Court establishes the following protocol for conducting depositions by remote means in this action:

1. The Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut shall be followed at all times.

2. All depositions shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded. "Remote" or "remotely" means that the participants will appear from different locations using a designated videoconference platform. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing.

3. The parties shall conduct the remote depositions using the Zoom platform. Each party is responsible for engaging a court reporting agency, or another professional service provider, to act as the host of that party's deposition.

4. The Parties agree not to object to the use of these video recordings on the basis that the deposition was taking remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

5. Should any party wish to conduct an in-person deposition, all parties shall agree in writing to that in-person deposition and the parties shall jointly seek a court order permitting the in-person deposition, which court order must be granted before any in-person deposition may occur in this action.

6. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras during the deposition unless there is a break.

7. A court reporter, a notary public, or another officer (the "officer") authorized by law to administer oaths shall appear, record, and administer the deponent's oath or affirmation remotely. The officer must: (a) attend the deposition by the same remote means used to connect all other participants; (b) confirm the he or she

can clearly hear all participants; (c) confirm all other participants can clearly hear the officer; and (d) confirm all participants can clearly hear each other.

8. No other attendees other than the parties to the subject lawsuit, their representative counsel, and counsel for the witness, shall be allowed to participate in the video conference deposition without prior consent of all counsel. This includes appearing individually within the video conference platform and/or being present within the room where the attendee is viewing the videoconference deposition.

9. All notices of deposition and nonparty deposition subpoenas served in this matter shall describe the remote means of taking the deposition, including (a) that the deposition will be taken by remote means; (b) that Zoom will be used as the videoconference platform; and (c) that the deposition will be video recorded. The deposition notices and nonparty deposition subpoenas must also otherwise comply with the notice requirements of Fed. R. Civ. P. 30(b) and, when applicable, Fed. R. Civ. P. 45. The noticing party shall reference this protocol [and order] in the notice of deposition or subpoena.

10. If the deponent does not have internet access or technological equipment sufficient to support a videoconference, defending counsel, or deposing counsel if the deponent is a subpoenaed nonparty, shall ensure the deponent can attend the deposition from a location with sufficient internet access and appropriate equipment.

11. All participants shall endeavor to appear at the deposition from a quiet location to avoid distractions and background noise and to minimize third-party use of the same internet network used for the deposition to maximize bandwidth availability.

12. No participant in the deposition may utilize the "chat" function (or similar private communication function) of the video-conference platform, except to facilitate the sharing of documents during the deposition. In no event shall the "chat" function be used for any counsel to communicate directly with the witness. If the videoconference platform used for the deposition has a chat function, the host of the videoconference shall disable any chat function.

13. All participants must be visible to all other participants at all times during the deposition and any statements made must be audible to all participants.

14. At no time during the deposition shall any counsel or present party text, message, email, or transmit any messages to the witness(es) in order to help respond to any and all questions.

15. The terms herein apply to remote depositions of nonparties under Fed. R. Civ. P. 45. The subpoenaing party shall attach a copy of this stipulated protocol to a deposition subpoena served on a nonparty.

16. All documents or other exhibits, except those to be used for impeachment, shall be shared with all counsel no later than ten (10) days prior to the deposition and said documents shall be bates-stamped, marked as exhibits, or both. No later than five

(5) business days prior to the deposition all documents shall be provided to the court reporting service. Those documents or other exhibits used for impeachment must be shared with all participants when introduced on the record via the share screen, or similar feature on the platform and attached as an exhibit to the deposition.

17. Each party is responsible for ordering from the court reporter a transcript and video recording of the deposition. All parties bear their own costs for the transcript and video recording.

**SO ORDERED.**

Dated at New Haven, Connecticut this __th day of December, 2020.

_____

                Janet C. Hall
                United States District Judge