IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ, | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:20-cv-133 (JCH) (SALM) |
| YALE UNIVERSITY ET AL., | : | |
|     Defendants. | : | DECEMBER 21, 2020 |

**JOINT STATUS REPORT**

Plaintiff Jakub Madej and the defendants file this joint status report pursuant to the Court's March 24, 2020 Scheduling Order. Dkt. No. 57.

**I.    DISCOVERY COMPLETED AND CONTEMPLATED**

    **A.  Plaintiff's Position**

No depositions have been taken in this case. Originally, the Court directed the Parties to conduct depositions between August and October 2020, subject to availability of the parties, counsel, and deponents. Dkt. No. 83. Plaintiff sought testimony from – and hence subpoenaed – Mr. Keshav Raghavan, a non-party witness, to testify in mid-August 2020. See Dkt. No. 148. The deposition had to be suspended because Mr. Raghavan did not comply with the subpoena and did not appear. Id. Soon after, the Court ordered that depositions be stayed between September 3 and October 26, 2020. Dkt. Nos. 155, 174. Following the Court's November 30 indication that depositions can proceed, Dkt. No. 188, plaintiff sought to depose defendants Yale University and Mark Schenker, as well as a non-party Ms. Sarah Insley Say. Defendants vigorously sought to stop these depositions from proceeding, speculating that "plaintiff seeks to serve as the court reporter himself". After a fast-paced briefing, Judge Merriam granted

defendants motions to quash, Dkt. No. 210, and entered several discovery orders. Dkt. No. 215. Plaintiff will seek reconsideration of a portion of Judge Merriam's rulings, on the grounds that new evidence is available that would alter the Court's ruling, and that a need arises to prevent manifest injustice. Plaintiff submits, *inter alia*, that the finding of "fail[ing] to engage a court reporter" or "ma[king] misrepresentations to the Court" are clearly erroneous under available evidence and under the current record.

Plaintiff seeks to depose between seven and nine individuals, as identified in the initial disclosures. Madej will renew notices of deposition for Yale University and Mark Schenker without delay and seeks to depose them in early January 2021. Defendants suggest that they may choose Mark Schenker as their 30(b)(6) corporate representative. Mark Schenker is a separate defendant in this case. Not knowing if Defendants would indeed designate Mr. Schenker as their representative, the argument that Yale University can be left not deposed because a potential representative was deposed individually is without merit.

Plaintiff is unambiguously entitled to depose the Defendants, and Defendants' repeated attempts to preclude any depositions from proceeding are unsustainable under the applicable law.

Plaintiff is of the view that Defendants forfeited their chance to depose him because they failed to schedule a deposition throughout a full six-month period and despite repeated communication that plaintiff will submit to a deposition without unnecessary motion practice.

Plaintiff will seek leave to conduct additional limited written discovery about the Committee's records after Defendants file an answer to the Complaint.

B. **Defendants' Position**

Written discovery is complete. On November 30, 2020, Judge Hall denied the plaintiff's motion to seek further discovery based on allegations in his Second Amended Complaint concerning the Committee on Honors and Academic Standing, ruling: "Although new allegations in an amended complaint may justify additional discovery, the allegations referenced by the plaintiff have been in the case since at least the filing of the Amended Complaint on 04/27/2020.  See Am. Compl. (Doc. No. 87) para. 45-51. Therefore, to the extent plaintiff's Motion seeks leave to obtain additional 'paper discovery', plaintiff's Motion is denied."  (ECF No. 188.)

On December 15, 2020, Judge Merriam granted the defendants' and Sarah Insley's motions to quash the noticed depositions of Mark Schenker, Sarah Insley, and a representative of Yale University because the plaintiff had failed to obtain a court reporter as required by the Federal Rules of Civil Procedure.  The defendants' and Ms. Insley's December 14, 2020 motions for order regarding any depositions subsequently noticed by the plaintiff are pending. See, ECF Nos. 205, 206.  In those motions, the defendants and Ms. Insley request that the Court enter the following orders:

1) The plaintiff shall identify the court reporter's name, business address, and telephone number in the notice of deposition;

2) The plaintiff shall provide defense counsel with written confirmation from the court reporter indicating that the court reporter has agreed to provide court reporting services for the depositions; and

3) Judge Merriam will supervise the depositions.

On December 16, 2020, the plaintiff again noticed the depositions of Dean Schenker, Dean Insley, and a representative of Yale University.  Judge Merriam granted the defendants' and Ms. Insley's motions to quash those depositions and ordered: "Any party issuing a notice of deposition must identify, in the Notice, the court reporter who will serve as the officer at the deposition, including the reporter's business address and telephone.  The court reporter must be secured and <u>confirmed</u> by the party seeking the deposition in advance of the issuance of the notice of deposition.  Any party issuing a notice of deposition must also file a copy of that Notice on the docket in this matter at the time it is issued, for the Court's review."  (Emphasis in original.)  <u>See</u>, ECF No. 215.

The defendants' motion to preclude the plaintiff from taking any depositions is pending.  <u>See</u>, ECF No. 211.  Even if the plaintiff is permitted to proceed with depositions in this action, the depositions should be limited to those of Dean Schenker and Dean Insley.  The plaintiff was aware that the deadline for discovery was fast approaching and he only attempted to notice the depositions of Dean Schenker, Dean Insley, and a representative of Yale University.  Dean Schenker is the individual who is most knowledgeable on the topics listed for the deposition of the representative of Yale University.  The plaintiff should only be permitted to conduct a single deposition of Dean Schenker.

The defendants will take the deposition of the plaintiff.  The plaintiff had requested, and defense counsel had agreed, that the defendants would be deposed prior to the plaintiff.  Given that agreement, defense counsel cancelled the plaintiff's deposition that was noticed for December 21, 2020 after the Court quashed the notices of deposition for Dean Schenker, Dean Insley, and the representative of Yale University.

## II. PENDING MOTIONS

### A. Defendants' Motion to Dismiss [Dkt. No. 90]

*Plaintiff's Position:* This motion is moot in light of Defendants' Motion to Dismiss Second Amended Complaint. (Dkt. No. 185).

*Defendants' Position:* Given the Court's ruling granting the plaintiff permission to amend his complaint a third time, the defendants' May 6, 2020 Motion to Dismiss the Amended Complaint has been superseded by the November 23, 2020 Motion to Dismiss the Second Amended Complaint.

### B. Defendants' Motion to Dismiss [Dkt. No. 185]

On November 23, 2020, Defendants moved to dismiss pursuant to Federal Rule 12(b)(6). Dkt. No. 185. Plaintiff filed a response in opposition to Defendants' Motion on December 14. Dkt. No. 208. Defendants will file a reply by December 28, as ordered by the Court. Dkt. No. 176.

### C. Defendants' Motion to Strike Plaintiff's Claims for Damages [Dkt. No. 190]

The defendants' motion was filed on December 2, 2020.  Plaintiff will file a response by December 23, 2020.

### D. Defendants' and Dean Insley's Motions for Order [Dkt. Nos. 205, 206]

*Plaintiff's Position*: These two motions seek relief that is both unwarranted and outside the scope of permissible decisions. Rather, they solely delay already belated discovery. Defendants, *inter alia*, ask that a Magistrate Judge supervise all depositions. This Motion should be denied without briefing.

*Defendants' Position*: As noted above, the defendants and Dean Insley moved for the entry of certain orders regarding the noticing and taking of depositions in this action. While the Court granted the motions to quash the depositions of Dean Schenker, Dean Insley, and a representative of Yale University, the motion requesting certain orders regarding the noticing and taking of depositions is pending.

### E. Defendants' and Dean Insley's Motion to Quash Notices of Deposition Or, in the Alternative, Motion for Ruling on Defendants' Motion for Order, and Request for Expedited Ruling [ECF Nos. 211, 212]

*Plaintiff's Position:* Plaintiff is entitled to depose all defendants and individuals with knowledge about his claims, pursuant to Rule 26(d). Defendants present no argument or authority why they could, much less should, be immune from depositions. This motion should be denied without briefing.

*Defendants' Position:* As noted above, the Court granted the motion to quash the depositions of Dean Schenker, Dean Insley, and a representative of Yale University. The defendants' and Dean Insley's motions to preclude the plaintiff from taking any depositions in this case and motions for a ruling on the motion for order, ECF No. 205 and 206, are pending.

### F. Plaintiff's Motion for Protocol Governing Remote Depositions Order [Dkt. No. 213]

*Plaintiff's position*: Plaintiff requests that the Court enter as an order the proposed protocol governing remote depositions. A number of district courts entered similar orders, as cited in the motion. This protocol is intended to prevent unnecessary

and unproductive disputes and objections about immaterial questions. Plaintiff was unable to obtain a stipulation from the Defendants.

*Defendants' Position:* Since the defendants and Dean Insley had already filed their December 7, 2020 Motions to Quash when the plaintiff first sent defense counsel a Stipulated Protocol for Conducting Remote Depositions and [Proposed] Order on December 8, 2020, and because the plaintiff continued to refuse to identify his court reporter, defense counsel informed the plaintiff on December 8, 2020 that the parties would have to await the Court's order before proceeding with depositions. On December 11, 2020, after Judge Hall had ruled that no depositions would be held until the motions to quash had been ruled upon and referred those motions to Judge Merriam, ECF Nos. 197, 198, defense counsel informed the plaintiff that he was confident that Judge Merriam would come up with a process for the depositions. On December 12, 2020, defense counsel reiterated that Judge Merriam would assist the parties in devising a protocol for depositions. Since the defendants' motions to quash were pending, it was unnecessary to enter into any stipulated protocol for depositions at that time. Now that the plaintiff has filed his proposed protocol with the Court, misrepresenting that defense counsel did not respond to the plaintiff's e-mails regarding the proposed protocol and omitting defense counsel's responses from his submission to the Court, the defendants will file a response with the Court by December 30, 2020.

### III.   ALTERNATIVE DISPUTE RESOLUTION

*Plaintiff's Position:* Plaintiff believes parties would benefit from mediation, as parties failed to have any meaningful dialogue about virtually any issues since the case

commenced. Defendants' contention that injunctive relief became unavailable is false. Plaintiff, inter alia, seeks full reinstatement as a student, which has not occurred to date.

*Defendants' Position:* Defendants are opposed to mediation, because it will only further burden the Court without any chance of success, and because it will add to the expenditure of time and attorneys' fees on the part of the defendants, at a time when the plaintiff has already caused the defendants to waste an extraordinary quantity of resources on this case.  Given the complete lack of legal and factual support for the plaintiff's theory of liability, as well as the absence of any basis for the plaintiff's exorbitant damages calculation ($6,435,000 plus "attorney's fees"), the defendants are unwilling to pay the plaintiff any monetary compensation. The defendants note that their motion to strike the plaintiff's claim for damages because he failed to comply with the Court's order regarding the content of the damages analysis is pending.  The defendants also note that there is no longer any opportunity for injunctive relief, as the plaintiff has now served his two semester involuntary withdrawal.  Accordingly, there are only three methods of reaching a conclusion in this case: the granting of a dispositive motion, a withdrawal or a jury trial.

### IV.    FURTHER ISSUES

Plaintiff respectfully request a status conference after the Court rules on Defendants' Motion to Dismiss. The defendants have no objection to a status conference if the Court deems it necessary.

| THE PLAINTIFF, | THE DEFENDANTS, |
|---|---|
| JAKUB MADEJ | YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL |
| By: /s/ Jakub J. Madej<br>JAKUB J. MADEJ<br>The Lawsheet Corporation<br>415 Boston Post Road<br>Suite 3-1102<br>Milford, CT 06460<br>Telephone: (203) 928-8486<br>Fax: (203) 902-0070<br>Email: j.madej@lawsheet.com | By: /s/ Patrick M. Noonan<br>PATRICK M. NOONAN – CT00189<br>DURHAM & NOONAN, P.C.<br>Concept Park<br>741 Boston Post Road, Suite 306<br>Guilford, CT 06437<br>Telephone: (203) 458-9168<br>Fax: (203) 458-4424<br>Email: pnoonan@ddnctlaw.com |

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____

Patrick M. Noonan