UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : DECEMBER 22, 2020 |

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The defendants hereby reply to the plaintiff's memorandum in opposition to the defendants' motion to dismiss the Second Amended Complaint.

**I.     The Court Can Consider Extrinsic Evidence on a Motion to Dismiss.**

The plaintiff argues that "the Court's analysis is confined to the 'four corners' of the complaint." (ECF No. 208, p. 11.)  To the contrary, the Court can consider the documents referenced by the defendants in support of their arguments to dismiss the Second Amended Complaint.  "[I]f extrinsic evidence is a part of the pleadings, it may be considered on a motion to dismiss.  Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.  Therefore, the district court may consider exhibits as part of the pleadings if these documents either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." (Internal quotations and citations omitted).  Adekoya v. Herron, 2013 U.S. Dist. LEXIS 164575 (W.D.N.Y. November 19, 2013).

"In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint. The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." (Internal citations omitted.) Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006). See also, Lynch v. City of New York, 952 F.3d 67, 79 (2d Cir. 2020) (internal quotations and citations omitted) ("It is well established that a pleading is deemed to include any written instrument that is attached to it as an exhibit, or is incorporated in it by reference. And even if the plaintiff chooses not to attach an instrument to the complaint or [to] incorporate [it] by reference, if it is one upon which the plaintiff solely relies and which is integral to the complaint, the court may take the document into consideration in deciding the defendant's motion to dismiss.")

The present plaintiff's claims arise out of his contract with Yale University, which consists of Yale University's Programs of Study for the 2019/2020 school year ("Programs of Study"). Since the plaintiff's contractual claims are based on the Programs of Study, that document is "integral" to the plaintiff's claims and the Court is permitted to consider the sections of the Programs of Study submitted by the defendants when ruling on the defendants' motion to dismiss. See, DX A, PX 4. The Court is also permitted to consider the documents relied upon by the plaintiff in the Second Amended Complaint. These include the following:

- Dean Hill's January 3, 2020 e-mail, DX M, p. 5-6 (See, Second Amended Complaint, ¶ 37-39)

- Plaintiff's January 8, 2020 petition, PX 24 (See, Second Amended Complaint, ¶ 41-43)

2

- Dean Schenker's January 13, 2020 e-mail, PX 22 (See, Second Amended Complaint, ¶ 52-55, 76)

- Dean Schenker's January 15, 2020 letter, PX 23 (See, Second Amended Complaint, ¶ 52-55, 76)

- Dean Schenker's January 20, 2020 e-mail and the January 19, 2020 letter attached thereto, PX 14, p. 5, 6-8 (See, Second Amended Complaint, ¶ 53-55, 76)

- Information posted on the Yale College website regarding the Committee on Honors and Academic Standing ("CHAS") (See, Second Amended Complaint, ¶ 71)

While the defendants refer to numerous exhibits in the Factual Background section of their memorandum of law in support of their motion to dismiss, the Argument sections of the defendants' brief primarily cite to the Second Amended Complaint, DX A, DX B, PX 14, PX 22, and PX 23.[1]  See, ECF No. 185, p. 9-39.  Since these exhibits are relied upon by the plaintiff and are integral to the claims asserted by the plaintiff in the Second Amended Complaint, the Court is entitled to consider all of the exhibits referenced in support of the defendants' arguments for dismissal of the plaintiff's Second Amended Complaint.

The plaintiff also complains that the defendants cite to the Court's ruling on the plaintiff's Emergency Motion for Preliminary Injunction.  All of these citations simply highlight the fact that the Court has already agreed with the defendants' arguments based upon the documents submitted by both sides in connection with the plaintiff's motion for preliminary injunction.  There is nothing improper about citing to the Court's previous ruling in this case.

## II.   It is Not Necessary to Construe the Defendants' Motion to Dismiss as a Motion for Summary Judgment.

As explained above, the Court is permitted to consider the exhibits referenced in the

---

[1] There is also a single citation to PX 24, the plaintiff's petition to CHAS, in a footnote.  Of course, the Court can consider PX 24 because the plaintiff relies on it in his Second Amended Complaint.  See, Second Amended Complaint, ¶ 41-43.

Argument sections of the memorandum of law in support of the defendants' motion to dismiss because those documents are relied upon by the plaintiff and integral to the claims asserted in the Amended Complaint.  See, Adekoya v. Herron, 2013 U.S. Dist. LEXIS 164575 (W.D.N.Y. November 19, 2013), Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006), Lynch v. City of New York, 952 F.3d 67, 79 (2d Cir. 2020).  Therefore, conversion of the motion to dismiss to a motion for summary judgment is not necessary under Rule 12(d) of the Federal Rules of Civil Procedure for the Court to rule on the Motion to Dismiss.

Of course, the Court may determine that it is appropriate to convert the motion to dismiss into a motion for summary judgment.  If the Court determines that conversion is appropriate, the defendants request that the Court consider all of the exhibits submitted by the defendants in connection with their motion to dismiss, as well as the exhibits submitted by both sides in connection with the plaintiff's motion for preliminary injunction.

**III.     The Plaintiff's Subjective Belief that CHAS Does Not Exist is Insufficient to State Claims for Fraudulent Misrepresentation and Fraud.**

In order to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, the plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." (Internal quotations omitted.)  Walker v. Deutsche Bank Nat'l Trust Co., 2017 U.S. Dist. LEXIS 43044 (D.Conn. March 24, 2017).  The plaintiff does not allege any facts supporting his subjective belief that CHAS does not exist and that Dean Schenker alone makes the decisions attributed to CHAS.  There is simply no suggestion that the plaintiff's belief is grounded in fact.  Indeed as fully explained in the Memorandum of Law in Support of Defendants' Motion to Dismiss, the documents upon which the plaintiff relies demonstrate the inaccuracy of these allegations.  For this reason, the plaintiff fails to meet the specificity requirement of Rule 9(b).

### IV. The Plaintiff Fails to State a Claim for Negligence.[2]

Discussing the viability of his negligence claim, the plaintiff informs the Court that he "does not allege that the Committee – in any shape or form – made an improper educational decision, for example by failing to consider some evidence, or putting too much weight on some factors.  Rather, he alleges that (i) no students or faculty members ever convened to render a decision in his case; and (ii) that they did not do so for any other case brought by any other student since at least October 2018."  (ECF No. 208, p. 20.)  The plaintiff continues to explain:

> Notably, Madej does not allege that Defendants "acted negligently when they withdrew him pursuant to the Programs of Study". Dismiss, at 27.  In other words, Madej does not fault the Defendants for all or some undefined circumstances that led to that withdrawal. Extending that argument inescapably leads to a non-sensical conclusion: that Yale is to be faulted for everything that happened to Madej when he was a student there.  The SAC only alleges that Yale acted negligently by not establishing and implementing any policies or procedures that govern involuntary withdrawals – not just Madej's but that of all Yale College students.

Id.  If in fact, as the plaintiff claims, the Second Amended Complaint does not allege that the decisions to involuntarily withdraw the plaintiff for two semesters and to deny his petition challenging the involuntary withdrawal were improper, then the plaintiff fails to state a claim for negligence because he has not suffered any damages.  Even if the plaintiff's unsubstantiated belief that CHAS does not exist is accurate – and it is not – the outcome for the plaintiff would be the same, i.e., he would still be involuntarily withdrawn under the Programs of Study because he received a failing grade while on Academic Warning.  Since "actual injury" is an essential element of a negligence claim, see, RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994), the plaintiff's failure to allege any impropriety with the decisions to involuntarily withdraw him or to

---

[2] Since the plaintiff does not address the defendants' argument that Count IV fails to state a claim for negligent infliction of emotional distress, it appears that the plaintiff has conceded that the Court should grant the Motion to Dismiss that claim.

deny his petition challenging that involuntary withdrawal renders his negligence claim deficient. Accordingly, Count IV should be dismissed.

## **CONCLUSION**

At the heart of this case is the plaintiff's involuntary withdrawal from Yale University. The plaintiff does not deny that he was placed on Academic Warning and then received a failing grade while on Academic Warning. He also does not contest that the Programs of Study require the withdrawal of a student who receives a grade of F while on Academic Warning. The plaintiff's unsupported, subjective belief that CHAS does not exist is not enough to survive a motion to dismiss. For these reasons, and those stated in the defendants' memorandum of law in support of the motion to dismiss, the Second Amended Complaint should be dismissed in its entirety.

THE DEFENDANTS,

YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

By: _____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

  I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                     /s/
                  Patrick M. Noonan