UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------X
                             :
JAKUB MADEJ                  :    Civil No. 3:20CV00133(JCH)
                             :
v.                           :
                             :
YALE UNIVERSITY, et al.      :    December 23, 2020
                             :
-----------------------------X
```

**RULING ON DISCOVERY MOTIONS [Docs. #205, #206, #211, #212, #213]**

Defendants Yale University, Marvin Chun, Jessie Royce Hill, Peter Salovey, and Mark Schenker ("Mr. Schenker") (collectively the "defendants") have filed a Motion to Quash Notices of Deposition or, in the Alternative, for a Ruling on Defendants' Motion for Order, and Request for Expedited Ruling ("Motion to Quash"). [Doc. #211]. Non-party witness Sarah Insley ("Ms. Insley") has filed the same motion and "joins in, incorporates, and adopts the arguments set forth in the defendants'" Motion to Quash. [Doc. #212]. Self-represented plaintiff Jakub Madej ("plaintiff") has filed a Motion for Protocol Governing Remote Depositions. [Doc. #213]. On December 17, 2020, Judge Janet C. Hall referred these motions to the undersigned for resolution, along with defendants' December 14, 2020, "Response to Plaintiff's Notice re: Court's Order and Motion for Order" [Doc.

#205].[1] See Doc. #214.

For the reasons set forth below, defendants' and Ms. Insley's Motions to Quash [**Docs. #211, #212**] are **GRANTED, in part, and DENIED, in part,** and plaintiff's Motion for Protocol Governing Remote Depositions [**Doc. #213**] is **DENIED**.

Defendants' and Ms. Insley's Motions for Order [**Docs. #205, #206**] are **DENIED, as moot**, with respect to the first requested order, and **DENIED**, as to the second and third requested orders.

A.   **Background**

The Court presumes familiarity with the factual and procedural background of this matter, and details only that background necessary to decide the current motions.

At the outset, the Court pauses to note that the parties have raised various issues through the filing of a joint status report. See Doc. #216. However, the only issue currently before the undersigned is the question of the depositions of Mr. Schenker, Ms. Insley, and a representative of Yale University. To the extent the parties seek any relief beyond this limited issue, an appropriate motion(s) should be filed.

On December 7, 2020, defendants and Ms. Insley each filed a motion to quash plaintiff's notices of deposition for Mr.

---

[1] Ms. Insley "joins in, incorporates, and adopts the arguments set forth in the Defendants' Response to Plaintiff's Notice Re: Court's Order and Motion for Order." Doc. #206.

Schenker, Ms. Insley and a representative of Yale University. [Docs. #192, #194].[2] Defendants and Ms. Insley moved to quash the depositions because plaintiff "refused to identify a court stenographer who will be transcribing the depositions and the plaintiff is insisting on administering the oath to witnesses himself," in violation of the Federal Rules of Civil Procedure. Doc. #192-1 at 1. On December 9, 2020, Judge Hall ordered that plaintiff respond to the motions to quash by December 16, 2020, at 12:00PM. See Doc. #197. She also ordered that no depositions noticed by plaintiff would be held until the motions to quash had been resolved. See id. On December 9, 2020, Judge Hall referred the motions to quash to the undersigned. [Doc. #198].

Plaintiff filed his response to the motions to quash on December 11, 2020. [Doc. #202]. In that response, plaintiff asserted numerous times that he had "engaged" a court reporter. See id. at 2 ("Madej has since engaged a regular court reporter."); id. at 6 ("These illogical beliefs also fail because Madej engaged a court reporter, a person different than himself, who will swear in the witnesses. That fact alone is sufficient to deny Yale's motion." (emphasis in original)); id.

---

[2] Defendants and Ms. Insley also sought to stay the taking of any depositions until after the Court's ruling on defendants' motion to dismiss. See Doc. #192 at 1. Judge Hall denied that request. See Doc. #197.

at 12 ("Here, Madej engaged a certified court reporter – <u>not himself</u>, as defendants mistakenly believe[.] ... That reporter will serve as an officer within the meaning of Rule 28 and will perform the duties prescribed by Rule 30(b)(5)." (emphasis in original)). In light of the representations set forth in plaintiff's response that he had "engaged" a court reporter, the Court ordered plaintiff to file a Notice on the docket "identifying the court reporter's name, business address, and telephone number." Doc. #203.

Plaintiff filed a Notice on December 14, 2020, stating: "The court reporting agency is Falzarano Court Reporters, 4 Somerset Lane, Simsbury, CT 06070." Doc. #204. On December 14, 2020, defendants and Ms. Insley filed a response to plaintiff's Notice. [Docs. #205, #206]. In pertinent part, defendants and Ms. Insley represented that plaintiff had not, in fact, engaged Falzarano Court Reporters (hereinafter "Falzarano") "to provide court reporting services for any depositions in this case." Doc. #205 at 1. Defendants supported this assertion with a sworn affidavit. <u>See</u> Doc. #205-1.

In light of the representation that plaintiff had not engaged Falzarano to provide court reporting services, the Court entered an Order on December 14, 2020, requiring plaintiff to respond to that contention under penalty of perjury. <u>See</u> Doc. #207.

Plaintiff filed his sworn response on December 15, 2020, as ordered by the Court. [Doc. #209]. In pertinent part, plaintiff declared that he "sought to hire" Falzarano but "did not sign any written agreement because at that point, the dates of the upcoming depositions have not been ascertained yet." Id. at 2 (sic). Plaintiff further declared: "On December 14, 2020, I identified [Falzarano] as the first-line agency that I seek to engage for the noticed depositions, consistent with my intentions." Id. (sic).

On December 15, 2020, the undersigned granted defendants' and Ms. Insley's motions to quash, over the objection of plaintiff, and for substantially the reasons stated in the motions to quash. See Doc. #210. The undersigned additionally noted as part of that Order:

> Plaintiff has failed to obtain a court reporter for the noticed depositions as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 28(a), 28(c), and 30(b)(5). Indeed, plaintiff has made misrepresentations to the Court concerning his engagement of a court reporter, going so far as to identify by name the court reporting agency he purportedly "engaged." Compare Doc. #202 at 12, and Doc. #204, with Doc. #205, and Doc. #209. Without a proper officer, the depositions cannot proceed.

Id.

Just one day after the undersigned entered the above Order, defendants and Ms. Insley filed the instant Motions to Quash asserting that plaintiff had again failed to engage a court

reporter for the newly noticed depositions of Mr. Schenker, a representative of Yale University, and Ms. Insley. See Docs. #211 at 2; see also Doc. #212.[3] Defendants and Ms. Insley also assert that because of plaintiff's "delays, repeated failures to comply with this Court's orders on these depositions and his misrepresentations to the Court, the plaintiff has now forfeited his right to take depositions in this case." Doc. #211 at 2. Accordingly, in addition to requesting that the Court quash the notices of deposition, defendants and Ms. Insley also request that the Court "direct the plaintiff to cease and desist from issuing any further notices of deposition." Id. at 3.

In response to the Motions to Quash, the Court entered the following Order:

> Any party issuing a notice of deposition must identify, **in the Notice**, the court reporter who will serve as the officer at the deposition, including the reporter's business address and telephone. The court reporter must be secured and confirmed by the party seeking the deposition **in advance of the issuance of the notice of deposition**. Any party issuing a notice of deposition must also file a copy of that Notice on the docket in this matter at the time it is issued, for the Court's review.
>
> The Court finds that this unusual practice is necessary, in light of plaintiff's prior misrepresentations to the Court regarding the retention of court reporters.

---

[3] Ms. Insley "joins in, incorporates, and adopts the arguments set forth in the defendants' Motion to Quash Notices of Deposition Or, in the Alternative, For a Ruling on Defendants' Motion for Order[.]" Doc. #212 at 1 (sic). Accordingly, citations to the defendants' and Ms. Insley's arguments refer only to defendants' briefing.

> Plaintiff may issue revised Notices of Depositions for
> any depositions he seeks to conduct, in compliance with
> this Order. The Notices of Depositions previously issued
> on December 16, 2020, prior to the entry of this Order
> are hereby **QUASHED**.

Doc. #215 (emphasis in original). The Court invited defendants

and Ms. Insley to further articulate their argument that

plaintiff should be prohibited from taking further depositions

at this time. See id. The Court also ordered that plaintiff file

any response to the Motions to Quash on or before December 21,

2020. See id. To date, with the exception of a Joint Status

Report [Doc. #216],[4] neither party has filed any additional

materials in support of, or in opposition to, the Motions to

Quash.

**B.   Discussion**

The Court considers each of the pending motions in turn,

beginning with the Motions to Quash.

1.   Motions to Quash [Docs. #211, #212]

On December 17, 2020, the Court granted the Motions to

Quash as to the request for the Court to "quash the notices of

deposition dated December 16, 2020[.]" Doc. #211 at 3; see also

Doc. #215. Accordingly, the Court now considers defendants' and

---

[4] The Joint Status Report raises issues that are not properly
before the undersigned. See generally Doc. #216. The Court will
not consider the issues raised in the Joint Status Report unless
and until the parties seek relief through the filing of an
appropriate motion.

Ms. Insley's request for the Court to "direct the plaintiff to cease and desist from issuing any further notices of deposition." Doc. #211 at 3.

> Defendants and Ms. Insley assert:
>
> Given the plaintiff's delays, his repeated failures to comply with this Court's orders on these depositions and his misrepresentations to the Court, the plaintiff has now forfeited his right to take depositions in this case. The scheduling order entered by this Court directed that all depositions be concluded by November 30, 2020. That date has now come and gone, and the plaintiff has no right to notice any further depositions.

Id. at 2.

In light of those representations, a brief review of the history of scheduling orders in this matter is necessary. Judge Hall entered a Scheduling Order Regarding Case management Plan on March 24, 2020. [Doc. #57]. In pertinent part, Judge Hall ordered: "All discovery will be completed (not propounded) by **NOVEMBER 30, 2020**." Id. (emphasis in original). On April 20, 2020, Judge Hall held a telephonic scheduling conference. See Docs. #79, #83. During that conference, Judge Hall ordered:

> As to discovery, the case will proceed with paper discovery before depositions are scheduled, and the court does not alter its Scheduling Order (Doc. No. 57). The parties are to determine what depositions will be sought within the next two to three weeks, and are directed to schedule those depositions between August and October, 2020, subject to availability of the parties, counsel, and deponents. If it becomes unclear whether a scheduled deposition can proceed due to COVID-19, the parties may ask for a scheduling conference to discuss either continuances of some or all of the depositions, or conducting some or all of the

depositions via video conferencing. The discovery deadline remains November 30, 2020.

Doc. #83. On September 3, 2020, Judge Hall stayed "all deposition discovery ... until the court rules on the outstanding and joined discovery motions." Doc. #155. On October 26, 2020, Judge Hall issued an omnibus ruling on the outstanding and joined discovery motions. [Doc. #174].

Under the circumstances, plaintiff did not have a meaningful opportunity to conduct depositions in the time allotted by the Scheduling Order for the conclusion of discovery. Accordingly, the Court does not find that plaintiff has waived his right to conduct depositions in this matter based on the passing of the November 30, 2020, discovery deadline. **The Court will permit plaintiff to re-notice the depositions of Mr. Schenker, Ms. Insley, and a representative of Yale University for dates between January 19, 2021, and February 12, 2021**.[5] Plaintiff and defense counsel must confer by email to confirm dates for these depositions. Plaintiff must also comply with the Court's December 17, 2020, Order before re-noticing these depositions, including, <u>inter alia</u>, identifying in the notice of deposition the court reporter who has been **confirmed and**

---

[5] The question of whether plaintiff may notice other depositions during this timeframe is not before the Court and the Court does not consider it.

**retained** to serve as the officer at the deposition, including that reporter's business address and telephone. See Doc. #215.

Defendants have yet to depose plaintiff. See Doc. #216 at 1, 4. **Defendants may notice plaintiff's deposition for a date between February 12, 2021, and March 12, 2021**. Plaintiff and defense counsel must confer by email to confirm a date for plaintiff's deposition. Defendants are reminded that they too must comply with the Court's December 17, 2020, Order. See Doc. #215 ("Any party issuing a notice of deposition must identify, in the Notice, the court reporter who will serve as the officer[.] ... Any party issuing a notice of deposition must also file a copy of that Notice on the docket in this matter at the time it is issued for the Court's review." (emphasis added)).

To the extent that these orders affect any remaining deadlines, including the deadline for filing dispositive motions, the parties should file an appropriate motion seeking to extend those deadlines as may be necessary.

Accordingly, for the reasons stated, the Motions to Quash [**Docs. #211. #212**] are **GRANTED, in part, and DENIED, in part**.

2.   Motion for Protocol Governing Remote Depositions [Doc. #213]

Plaintiff "requests that the Court enter" a proposed "protocol governing remote depositions (the 'Protocol') as an

order in this case." Doc. #213 at 1; <u>see also</u> Doc. #213-4 (Proposed Protocol for Conducting Remote Depositions).

Plaintiff's Motion for Protocol Governing Remote Depositions [**Doc. #213**] is **DENIED**. The proposed protocol is largely unnecessary given that the parties have already agreed to conduct depositions by remote means. The Court trusts that plaintiff and counsel will work collaboratively, and in compliance with the Federal and Local Rules of Civil Procedure, to ensure that any remote depositions run efficiently.

3.   <u>Motion for Order [Doc. #205]</u>

Defendants and Ms. Insley have requested, in the event plaintiff attempts to re-notice the three depositions at issue, that the Court enter the following orders:

1)   The plaintiff shall identify the court reporter's name, business address, and telephone number in the notice of deposition;

2)   The plaintiff shall provide defense counsel with written confirmation from the court reporter indicating that the court reporter has agreed to provide court reporting services for the depositions; and

3) Judge Merriam will supervise the depositions.

Doc. #205 at 2; <u>see also</u> Doc. #206 at 1. Defendants and Ms. Insley have renewed this request in the Motions to Quash. <u>See</u> Doc. #211 at 3; <u>see also</u> Doc. #212.

With respect to the first requested order, defendants' and Mr. Insley's motion is **DENIED, as moot**. The Court has already

entered an Order requiring that "[a]ny party issuing a notice of deposition must identify, in the Notice, the court reporter who will serve as the officer at the deposition, including the reporter's business address and telephone." Doc. #215 (emphasis removed).

With respect to the second requested order, defendants' and Mr. Insley's motion is **DENIED**. The Court has already ordered that "[t]he court reporter must be secured and confirmed by the party seeking the deposition in advance of the issuance of the notice of deposition." Id. Should any party fail to comply with this Order, that party may be subject to sanctions.

Finally, with respect to the third requested order, defendants' and Ms. Insley's motion is **DENIED**. At this time, the undersigned will not supervise any deposition, whether taken by plaintiff or defense counsel. To date, there has been no dispute concerning the conduct of depositions. Rather, the primary dispute has concerned the officer before whom those depositions will be taken and how those depositions will be properly recorded. The Court trusts that both the self-represented plaintiff, and counsel for defendants and Ms. Insley, will conduct any depositions in accordance with the Federal and Local Rules of Civil Procedure.

Accordingly, defendants' and Ms. Insley's Motions for Order [**Docs. #205, #206**] are **DENIED, as moot**, with respect to the

first requested order, and **DENIED**, as to the second and third requested orders.

**C.    Conclusion**

For the reasons stated above, defendants' and Ms. Insley's Motions to Quash [**Docs. #211, #212**] are **GRANTED, in part, and DENIED, in part,** and plaintiff's Motion for Protocol Governing Remote Depositions [**Doc. #213**] is **DENIED**. Defendants' and Ms. Insley's Motions for Order [**Docs. #205, #206**] are **DENIED, as moot**, with respect to the first requested order, and **DENIED**, as to the second and third requested orders.

SO ORDERED at New Haven, Connecticut, this 23rd day of December, 2020.

_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE