I attach a form indicating that parties consent to a referral of Yale's motion to dismiss <u>only</u>. I note that because you earlier indicated that Yale is unwilling to have a magistrate conduct all of the proceedings. If you would be so kind as to sign it, I will file a copy with the clerk.

Thank you for the anticipated cooperation.

Best,
Jakub
--
Jakub Madej

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

 **Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge.pdf**
539K

---

**Pat Noonan** <PNoonan@ddnctlaw.com>                              Tue, Nov 24, 2020 at 9:44 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

        We do not agree that the pending motion should be referred to a magistrate for disposition. We believe it is important, and will take less time, for Judge Hall to rule on this motion, given her familiarity with the complaint. It does not appear that you put your email in Sharefile. Just a reminder that Judge Hall has directed that we put all of our communications there. I will put my there tomorrow. I hope you enjoy Thanksgiving.

[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>                              Sun, Nov 29, 2020 at 9:45 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Hi Patrick,

I hope you had a good Thanksgiving.

Your "Motion for Order of Compliance" (ECF #183) is still pending. I doubt Judge Hall wants to rule on logistics given the language in her most recent order. In any case, we have an independent duty to the Court to resolve all disputes together to the maximum extent possible.

You ask Judge Hall for relief such as "production of a .docx file". This has been provided to you. You also request further documents about damages. ==What documents are you seeking? What specifically as to damages claimed do you object to? You have not requested anything specific. Yale has not objected to the calculations, either. I believe them to be sufficient at this stage.== Kindly let me know what you need further by December 2, or I will have to file a response.

Best,
Jakub

--
Jakub Madej
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its

attachments.

[Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>            Mon, Nov 30, 2020 at 8:00 AM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

I have not received a response about Yale's position, as per the previous email. I hope to ascertain Yale's position before I seek judgment on further claims I have against Yale and its employees.

As to the documents provided, when can I expect compliance with the request for authentication? Regardless of the pending interrogatory, an authenticating affidavit per FRE 901 falls within the scope of Rule 34. The time to properly respond to the document production request, per the Court order, has passed. The documents produced so far are inadmissible *at best*. Yale has also not identified their existence in its initial disclosures or amended the disclosures at a later time, even though they appear facially relevant to this action and Yale certainly should have identified them swiftly. This fact alone is sufficient to preclude Yale from introducing them at trial. In any event, unauthenticated ESI is inadmissible at summary judgment or at trial. Kindly respond with a supporting affidavit by Wednesday. I hope we can resolve this matter without unnecessary motion practice.
Regards,
Jakub


--
Jakub Madej
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.


[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]

>> [Quoted text hidden]
>> [Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>            Mon, Nov 30, 2020 at 8:48 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

I confess that it's not clear to me what you are asking.  Here are my responses to what I think you are asking:

1. I have informed you several times that Yale is not interested in settling with you.  We think the most appropriate resolution is for you to withdraw this case.
2. Judge Hall has already ruled that we need not file an affidavit with our document production, so I refuse to supply an affidavit.
3. I believe our initial disclosures were properly filed, and therefore I will not be amending them.

I hope the foregoing answers your questions.

       As I have indicated before, Judge Hall has ordered that we both file all communications in Sharefile.  You have not been doing that.  Please comply.  Thanks for your cooperation.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]

>> [Quoted text hidden]
>> [Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>          Mon, Nov 30, 2020 at 9:35 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Dear Patrick,

Let me repeat what I was asking, again in plain English: You ask Judge Hall for relief such as "production of a .docx file". This has been provided to you. You also request further documents about damages. What documents are you seeking? What specifically as to damages claimed do you object to? You have not requested anything specific, so I cannot help you unless you ask. I interpret silence as stating that Yale does not seek any documents at all, and your motion as an inappropriate request for the Court to do Yale's job. Kindly let me know what you need further by December 2, or I will have to file a response.

I did not, and do not seek <u>your</u> affidavit, which Judge Hall could be referring to. I seek to authenticate what Mr. Schenker produced. This ESI, as it stands, is meaningless. Does Mr. Schenker refuse to swear that the documents he produced are what they claim to be? I will, of course, establish how much he know about these documents at his deposition. But establishing certain facts earlier would streamline discovery.

Best,
Jakub

--
Jakub Madej
415 Boston Post Rd 3-1102 | Milford, CT 06460
Phone: (203) 928-8486 | Fax: (203) 902-0070
Email: j.madej@lawsheet.com | Website: www.lawsheet.com
Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

[Quoted text hidden]

---

**Pat Noonan** <PNoonan@ddnctlaw.com>          Tue, Dec 1, 2020 at 11:32 PM
To: Jakub Madej <j.madej@lawsheet.com>

Hi Jakub,

       I agree that you have finally provided the document in a readable format, and I will be withdrawing that motion tomorrow.  In light of the fact that you still have not complied with Judge Hall's order on the damages analysis and because the time period for your compliance has expired, I will also be filing a motion to strike your claims for damages tomorrow.  I do not agree with your suggestion that Dean Schenker is required to submit an affidavit.  You are correct that you can ask questions of Dean Schenker about the documents during his deposition.

       Pat


Please be advised that I will be intermittently working from home.  My cell phone number is 203-314-4562.


Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** Jakub Madej <j.madej@lawsheet.com>
**Sent:** Monday, November 30, 2020 9:35 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Subject:** Re: Madej v. Yale


Dear Patrick,


Let me repeat what I was asking, again in plain English: You ask Judge Hall for relief such as "production of a .docx file". This has been provided to you. You also request further documents about damages. What documents are you seeking? What specifically as to damages claimed do you object to? You have not requested anything specific, so I cannot help you unless you ask. I interpret silence as stating that Yale does not seek any documents at all, and your motion as an inappropriate request for the Court to do Yale's job. Kindly let me know what you need further by December 2, or I will have to file a response.


I did not, and do not seek your affidavit, which Judge Hall could be referring to. I seek to authenticate what Mr. Schenker produced. This ESI, as it stands, is meaningless. Does Mr. Schenker refuse to swear that the documents he produced are what they claim to be? I will, of course, establish how much he know about these documents at his deposition. But establishing certain facts earlier would streamline discovery.


Best,

Jakub


--

Jakub Madej

415 Boston Post Rd 3-1102 | Milford, CT 06460

Phone: (203) 928-8486 | Fax: (203) 902-0070

Email: j.madej@lawsheet.com | Website: www.lawsheet.com

Click to schedule a meet-and-confer

This email may contain confidential or privileged information that are legally protected from disclosure. If you are not the intended recipient of this message or their agent, you must not use, disseminate, copy, or store this message or its attachments.

On Mon, Nov 30, 2020 at 8:49 PM Pat Noonan <PNoonan@ddnctlaw.com> wrote:

> Hi Jakub,
>
> I confess that it's not clear to me what you are asking.  Here are my responses to what I think you are asking:
>
> 1.  I have informed you several times that Yale is not interested in settling with you.  We think the most appropriate resolution is for you to withdraw this case.
>
> 2.  Judge Hall has already ruled that we need not file an affidavit with our document production, so I refuse to supply an affidavit.
>
> 3.  I believe our initial disclosures were properly filed, and therefore I will not be amending them.
>
> [Quoted text hidden]

---

**Jakub Madej** <j.madej@lawsheet.com>               Tue, Dec 1, 2020 at 11:50 PM
To: Pat Noonan <PNoonan@ddnctlaw.com>

Pat,

Your claims of noncompliance are rejected. You have not voiced any objections to date. What is it that you object to, or wish to have proven, in the damages analysis? I have asked you this three times now. Your anticipated motion as meritless – if you request some documents, just state what you need.

Let me repeat: what documents are you seeking? What specifically as to damages claimed do you object to? You have not requested anything specific, so I cannot help you unless you ask. You apparently intend to ask the Court to compel me to provide something – but you can just ask for that same thing. I interpret this senseless motion as unnecessarily burdening the Court solely to create a more confusing record and distance your clients from the merits of this case.

Best,
Jakub
[Quoted text hidden]

---

**2 attachments**

   **image001.gif**
   1K

   **image001.gif**
   1K