**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:20-cv-133 (JCH) (SALM) |
| YALE UNIVERSITY ET AL., | : | |
| Defendants. | : | JANUARY 7, 2021 |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RULINGS [DE 218]

Plaintiff Jakub Madej ("Madej") files the following objections to discovery rulings entered by Magistrate Judge (Merriam, *J.*) (hereinafter "the Magistrate"). See Docket Entry ("DE") 218 ("the Ruling"). This Court has jurisdiction to review Magistrate's rulings under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636.

In quashing two notices of deposition and a subpoena, the Magistrate misapplied the rules of procedure governing discovery, ruled on requests that were not ripe for review, and gave undue weight to inappropriate representations interposed by the Defendants for the sole purpose of delaying already overdue discovery. The Magistrate also erred by finding, without a written opinion or any evidentiary hearing, that Madej made misrepresentations to the Magistrate when such finding was not supported by the record, was factually incorrect, and yielded illogical conclusions. The Magistrate justified this extraordinarily serious declaration with one sentence, referencing Defendants' motion as the reason for its decision. This holding rested on a clearly erroneous factual finding, cannot be located within the range of permissible decisions, and was a *prima facie* case of an abuse of discretion. Madej respectfully requests an immediate hearing to fully address these findings, clear the record, and preserve the integrity of the proceedings.

## ORAL ARGUMENT REQUESTED

For the reasons that follow, this Court should correct the serious legal errors in the Ruling. Madej respectfully requests an oral argument to fully present his arguments.

## I.      INTRODUCTION

As the Court recalls, this case has been fraught with discovery disputes. In this Court's words, "this silliness has got to stop." But it did not. This is not a complex case. Madej alleges that Yale University and its administrator Mark Schenker made specific misrepresentations to Madej and certain other Yale College students. Defendants' sworn testimony will reveal whether this case should proceed to trial. Defendants staunchly refuse to submit to a deposition, raise spurious "objections", and misrepresent the law. The Ruling was premised on such "objections", which could not support the Magistrate's decision to stop depositions.

## II.      THIS COURT REVIEWS MAGISTRATE'S ORDERS <u>DE NOVO</u>

Any party may object to a magistrate judge's order concerning any nondispositive pretrial matter. Fed. R. Civ. P. 72(a). The District of Connecticut reviews <u>de novo</u> those portions of a magistrate judge's nondispositive ruling to which an objection is made. <u>See</u> Local Rule 72.2(b) ("In matters acted on by the Magistrate Judge in an advisory capacity such as under Rule 72.1(C)(1) or (3) … the Judge ultimately responsible shall make a <u>de novo</u> determination…") (emphasis added); L.R. 72.1(C)(1) ("The review … and determination of nondispositive motions, including … those relating to discovery"). The district judge may accept, reject, or modify the recommended disposition; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III.      BUT MAGISTRATE'S RULINGS WERE CONTRARY TO LAW

Although this Court reviews the Magistrate's challenged decision <u>de novo</u>, the Ruling were erroneous under the more deferential "contrary to law" standard. In one case, the Ruling constituted an abuse of discretion. "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay</u>, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (cleaned up). "A district court by definition abuses its discretion when it makes an error of law." <u>U.S. v. Figueroa</u>, 548 F.3d 222, 230 (2d Cir. 2008).

## IV.    ARGUMENT

In this case, plaintiff acts as his own counsel. This appeal concerns only his role as counsel. That plaintiff is *pro se* is irrelevant for the purposes of this ruling. What matters is the law and the facts.

### A. <u>Granting Relief to Defendants and Quashing Notices of Deposition Was Contrary to Law</u>

Defendants moved to quash two notices of deposition and a subpoena, DE 192, 194, 195, 196, on the grounds that plaintiff "did not engage a court reporter". After expedited briefing – without a set schedule – the Magistrate granted Defendants' motions. DE 218. The Magistrate did not cite any case law or rule of procedure. This ruling was contrary to law.

Before seeking judicial intervention in discovery, a party must fulfill several specific requirements. In this District, these requirements are set forth by Local Rule 37. Under the Rule, a party must first (i) "confer with opposing counsel", (ii) "in person or by

telephone", (iii) "discuss the discovery issues in detail" and (iv) "in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution". <u>See</u> L.R. 37(a). If conferring does not resolve the discovery issues, or resolves them only in part, the moving counsel must attach to their motion "an affidavit certifying compliance with the duty to confer in good faith but has been unable to reach such an agreement." <u>See</u> L.R. 37(b). Unless these requirements have been satisfied, "[n]o motion ... shall be filed." L.R. 37(a). Ample precedent supports the plain language of the Rule. <u>See</u>, <u>e.g.</u>, <u>J-Square Mktg., Inc. v. Sipex Corp.</u>, 1999 WL 608817, at *6 (D. Conn. Aug. 9, 1999) (concluding that the plaintiff failed to comply with the district's meet and confer requirement when the plaintiff moved to strike portions of the defendants' confidentiality designations before conferring with the defendants' counsel); <u>Wade v. Churyk</u>, Case No. 3:15-cv-609 (RNC) (D. Conn. Feb. 13, 2018) (Martinez, D.) (denying a motion to compel for non-compliance with the conferral requirement); <u>Myers v. Andzel</u>, Case No. 1:06-cv-14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007) (denying plaintiff's motion under Fed. R. Civ. P. 37 because plaintiff failed to meet and confer with defendant).

The Magistrate's ruling failed to apply Local Rule 37. And to the extent it did, it misapplied the Rule.

*First*, the Magistrate argued that "there has been no violation of Local Rules" becand "defense counsel appropriately attached copies of his email correspondence with plaintiff pertinent to the primary motion to quash". <u>See</u> DE 203. But nothing in Local Rule 37, or in any other Local Rule, permits the moving party to substitute "email correspondence" for a sworn affidavit. The Ruling did not present any reason why

hearsay could be considered as equal to statements under oath. Parties are free to write whatever they like in emails. In emails, people posture. They make arguments they would never present to the court. Emails are not subject to any rules of procedure or, in fact, any law. Considering them *in lieu* of an affidavit to determine a ruling is not meaningfully different from allowing the witness to testify without being sworn. Here, Defendants did not certify compliance with Local Rule 37, did not file an affidavit[1], and did not meaningfully confer. Their filings had a pre-determined purpose; to stop depositions from proceeding. The record reflects that Defendants made no good faith effort to confer. Neither could it, because Defendants never did so. Exempting Defendants from uncontroversial requirements of Local Rule 37 and the supporting precedent, especially without any explanation, was contrary to law.

 *Second,* the Magistrate reasoned that "there has been no violation of Local Rules" because "defendants moved to be excused from the requirements of the Local Rules to communicate with plaintiff in person or by telephone". This argument misapplies Local Rule 37. The Rule requires the moving party to satisfy at least five distinct requirements, as set forth above, before filing a discovery motion. Pursuant to the Court's earlier order, Defendants are exempt from the requirement of communicating with Plaintiff by telephone. But conferring "in person or by telephone" is only one requirement. The other four are in full force and effect. To file a discovery motion, and for the Court to consider it, Defendants must "confer", discuss the discovery issues in detail, and in a good faith effort to eliminate or reduce the area of controversy.

---

[1] It must be noted that Defendants filed <u>fourteen</u> discovery motions in this case, not <u>a single one</u> of which complied with this affidavit. Defendants continue to present emails *in lieu of* affidavits. But this practice only allows them to mislead the Court

They party must file an affidavit certifying compliance together with the motion papers. Defendants did not. Holding otherwise was contrary to law.

**B. <u>The Magistrate Lacked Authority to Act Because Issues Were Not Ripe for Review</u>**

The Magistrate lacked authority to quash proper notices of deposition because the issues presented by the Defendants were not ripe for review. This was also contrary to law.

Defendants did not present any case or controversy for the court to decide. They speculated that Madej did not "engage a court reporter" and might – at a deposition two weeks later – administer the oath to witnesses himself. Recognizing the weakness of this speculation, they later resorted to the "you are lying" advocacy, which this Court explicitly decried. They only pointed at Madej and said: "he lied". But at no point did Defendants indicate a sufficiently specific and ripe discovery dispute to merit an order. Defendants did not complain about any actual harm, or any event that did occur. Rather, they conjectured what might occur in the future. In other words, they presented a dispute that was purely "hypothetical and conjectural". <u>Medimmune, Inc. v. GenenTech, Inc.</u>, 549 U.S. 118, 137 (2007). Defendants only presented a "hypothetical state of facts". <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 241. But the Magistrate can rule only on disputes that are "definite and concrete, touching the legal relations of parties". <u>Id.</u>, at 240. "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." <u>Id</u>. There was no such dispute here. Accordingly, the Magistrate lacked authority to make the ruling it did.

C.  **The Magistrate Abused Her Discretion**

The Ruling asserted that Madej "made misrepresentations to the Court concerning his engagement of a court reporter". But nothing in the record supports this extremely serious and factually incorrect conclusion. The Magistrate's finding is of extremely serious nature. It is not a simple criticism or a statement of opinion that judges routinely make about parties and counsel appearing before them. Rather, it was a credibility determination that bears on the entirety on this case. The Ruling reached that conclusion without a written opinion, after an expedited briefing set without schedule, absent an evidentiary hearing. The Ruling pointed to Defendants' statements as an explanation. Doing so was clearly the realm of permissible decisions. Madej respectfully requests an immediate hearing to fully address the Magistrate's assertions of "misrepresentation", clear the record, and preserve the integrity of these proceedings.

V.      **CONCLUSION**

The Magistrate's rulings were contrary to law. They were not an exercise of sound judgment. Rather, they effectively exempted the Defendants from all rules of procedure. These rulings must be reversed and declared erroneous. Of course, depositions that were scheduled to occur in the past cannot be now scheduled in the past. The Court lacks power to change time. But the ruling was erroneous, sets a dangerous precedent, and gives authority to Defendants' blatant disregard of procedural rules. For the foregoing reasons, and the reasons Madej presents at oral argument with this Court's permission, the Ruling should be reversed.

Dated:  January 7, 2021.                    Respectfully submitted,

                                            By: /s/ Jakub Madej
                                                Jakub J. Madej
                                                415 Boston Post Rd Ste 3-1102
                                                Milford, CT 06460
                                                T: (203) 928-8486
                                                F: (203) 902-0070
                                                E: j.madej@lawsheet.com