UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00133-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, MARVIN CHUN, | : |
| MARK SCHENKER, PETER SALOVEY AND | : |
| JESSIE ROYCE HILL | : |
| | : |
| DEFENDANTS | : |
| | : JANUARY 7, 2021 |

**MOTION FOR CLARIFICATION AND MOTION FOR DETERMINATION OF QUALIFICATIONS OF OFFICER BEFORE WHOM DEPOSITIONS WILL BE TAKEN**

Based upon recent communications with the plaintiff, the defendants seek clarification of Judge Merriam's orders concerning deposition procedures in this action, ECF Nos. 215, 218. In those orders, Judge Merriam required the parties to "identify, in the Notice, the court reporter who will serve as the officer at the deposition, including the reporter's business address and telephone." (ECF No. 215; 218, p. 9-10.) The defendants interpreted this order to mean that the parties were required to engage a court reporter to record the deposition by stenography. Since the plaintiff disagrees, the defendants seek clarification on this point. Relatedly, the defendants also request that the Court determine whether Mikolaj T. Noga is qualified to serve as the officer before whom the depositions in this action will be taken.

On January 3, 2021, the plaintiff noticed the depositions of Mark Schenker, Sarah Insley, and a representative of Yale University. ECF No. 220. As already noted by the Court, the plaintiff did not identify the court reporter who would serve as the officer at the deposition in violation of the Court's orders. Rather, he simply noted that the notices of deposition were copied to "Mikolaj

T. Noga, Notary Reporting Moran, 100 Pearl St., Hartford, CT 06103, 203-493-4626." Id. After receiving the notices of deposition, defense counsel attempted to locate Mr. Noga to determine whether he had been retained for the depositions and whether he was qualified to serve as the officer before whom the depositions were to be taken.  Defense counsel discovered that Mr. Noga became a notary public on December 28, 2020, just five days before the plaintiff noticed the depositions.[1]  Since defense counsel could not find a listing for Notary Reporting Moran on the internet, in the yellow pages, or in the white pages, defense counsel spoke with tenants of 100 Pearl Street, Hartford and other court reporters and lawyers to determine whether Notary Reporting Moran existed.  Based on defense counsel's efforts, it does not appear that there is a Moran court reporting service located at 100 Pearl Street, anywhere else in Hartford, or in the State of Connecticut.

In an effort to cooperate with the plaintiff in scheduling the noticed depositions of Dean Schenker and Dean Insley without court intervention, defense counsel e-mailed the plaintiff on January 5, 2021.[2]  Defense counsel informed the plaintiff about his unsuccessful efforts to locate Notary Reporting Moran and requested that the plaintiff provide the name, address, e-mail and cell phone number of the court reporter who would be transcribing the deposition testimony.  Although the plaintiff did not indicate what role Mr. Noga would play in the depositions, the reference to "Notary Reporting Moran" suggested that Mr. Noga might give the oath to the witnesses.  Given that Mr. Noga became a notary public on December 28, 2020, less than a week before the plaintiff served the January 3, 2021 notices of deposition, defense counsel expressed concern about Mr. Noga's relationship to the plaintiff and the possibility that Mr. Noga became a notary public for

---

[1] A copy of the license information for Mr. Noga from the State of Connecticut is attached hereto as Exhibit A.

[2] A copy of the January 5, 2021 e-mail is attached hereto as Exhibit B.

2

the purpose of administering the oaths for the depositions.  Defense counsel asked the plaintiff to verify that he had no prior relationship with Mr. Noga, since it was important that the notary giving the oath be free from any preference for or against any party.  Defense counsel also asked for Mr. Noga's home address, e-mail address, and phone number so that he could speak with Mr. Noga.

The plaintiff replied via letter dated January 5, 2021 and e-mailed to defense counsel just after noon on January 6, 2021.[3]  The plaintiff disagreed that Judge Merriam's ruling required that the deposition testimony be recorded stenographically by a court stenographer.  Instead, he intended to videotape the deposition without obtaining a transcript at this time, claiming that a transcript could be made at a later date from the recording.  (Ex. C, p. 1-2.)  The plaintiff did not describe the means by which the deposition would be videotaped.  The plaintiff refused to characterize his relationship with Mr. Noga, only indicating that Mr. Noga was not his relative or employee, and thus not disqualified from serving as the officer under the Rules of Federal Procedure.  (Ex. C, p. 2.)  Notably, the plaintiff did not indicate whether Mr. Noga was a court reporter nor describe Mr. Noga's intended role at the deposition.  In fact, he refused to address defense counsel's concerns regarding the court reporter for the depositions.  (Ex. C, p. 2.)

Defense counsel responded on January 6, 2021, advising the plaintiff of his position that it was inconceivable that Judge Merriam entered several orders requiring the plaintiff to engage a court reporter with the intention of having the court reporter simply sit and watch the deposition without transcribing it.[4]  Since the plaintiff indicated that he intended to videotape the depositions, defense counsel asked for the name, address, and telephone number of the individual who would

---

[3] A copy of the January 5, 2021 letter is attached hereto as Exhibit C.

[4] A copy of the January 6, 2021 e-mail is attached hereto as Exhibit D.

be operating the video recorder. Defense counsel also advised the plaintiff that he would seek clarification of the Court's ruling, as well as a ruling concerning Mr. Noga.

The defendants now seek clarification of Judge Merriam's order as to whether the plaintiff is required to engage a court reporter to record the depositions stenographically. Relatedly, the defendants also request that the Court determine whether Mr. Noga is qualified to serve as the officer before whom the depositions are taken, in the event that the plaintiff intends for Mr. Noga to serve as the officer. The depositions noticed by the plaintiff are proceeding remotely via Zoom. While the plaintiff has not been clear on this point and has refused to provide the defendants with any information, it appears that he intends to have Mr. Noga administer the oath to the witnesses and to record the deposition through the recording option on Zoom. This is insufficient under the Federal Rules of Civil Procedure. Indeed, Judge Merriam has observed:

> [T]he Federal Rules make plain that the Court must be concerned with the accuracy and completeness of the deposition recording, however performed. Rule 30 sets out in great detail the duties of the officer overseeing a deposition. It is clear that the officer must remain present, monitoring the recording throughout the proceedings, and ensuring the completeness and accuracy of the recording. See *Fed. R. Civ. P. 30(b)(5)*. The officer has an obligation to certify the accuracy of the recording and to provide the original recording to the attorney noticing the deposition, while retaining a copy and providing copies to other parties upon request. See *Fed. R. Civ. P. 30(f)(1),(3)*.

<u>Rebounds Hounds Res-Q, Inc. v. Town of Waterbury Manchester</u>, 2015 U.S. Dist. LEXIS 158082 *5 (D.Conn. November 23, 2015). A recording made by the Zoom platform cannot ensure the accuracy and completeness of the deposition as required by the Federal Rules of Civil Procedure. Moreover, the defendants have serious concerns about Mr. Noga's ability to fulfill the responsibilities of an officer under the Federal Rules of Civil Procedure given that he has been a notary public for a mere eleven days. It is highly improbable that he has previously served as an officer at a deposition in Connecticut and it is unknown if he is aware of and understands the

requirements for serving as an officer under the Federal Rules of Civil Procedure. In addition, given the timing of Mr. Noga's licensing as a notary public, the defendants are concerned that Mr. Noga became a notary public solely for the purpose of administering the oath in depositions noticed by the plaintiff in this action and may have a bias in favor of the plaintiff.

    Since defense counsel and the plaintiff were unable to reach an agreement as to the process for recording the depositions, the defendants respectfully request that the Court clarify whether the plaintiff is required to obtain a licensed court reporter to record the depositions stenographically and determine whether Mr. Noga is qualified to serve as the officer at the depositions.

                                  THE DEFENDANTS,

                                  YALE UNIVERSITY, MARVIN CHUN, MARK SCHENKER, PETER SALOVEY AND JESSIE ROYCE HILL

                      By:  /s/ Patrick M. Noonan
                           PATRICK M. NOONAN – CT00189
                           COLLEEN NOONAN DAVIS – CT27773
                           DONAHUE, DURHAM & NOONAN, P.C.
                           Concept Park
                           741 Boston Post Road, Suite 306
                           Guilford, CT  06437
                           Telephone:  (203) 458-9168
                           Fax:  (203) 458-4424
                           Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan