UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00133-JCH |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, MARVIN CHUN, | : | |
| MARK SCHENKER, PETER SALOVEY AND | : | |
| JESSIE ROYCE HILL | : | |
| | : | |
| DEFENDANTS | : | |
| | : | JANUARY 7, 2021 |

## MOTION TO QUASH NOTICE OF DEPOSITION AND MOTION FOR PROTECTIVE ORDER

Despite the noticing of Dean Schenker's deposition for January 21, 2021 and defense counsel repeatedly informing the plaintiff that Yale University has designated Dean Schenker as its representative for purposes of the Rule 30(b)(6) Notice of Deposition, the plaintiff will not agree to cancel the January 25, 2021 deposition of a representative of Yale University.  Therefore, the defendants, Yale University and Mark Schenker, hereby move to quash the January 3, 2020 notice of deposition for a representative of Yale University and for a protective order preventing the plaintiff from deposing Dean Schenker more than once.

On January 3, 2020, the plaintiff issued notices of deposition for Dean Schenker and a representative of Yale University to occur on January 21, 2021 and January 25, 2021, respectively. (ECF No. 220.)  In the Rule 30(b)(6) Notice of Deposition, the plaintiff asked Yale University to "identify, designate, and produce for deposition one or more officers, directors, managing agents or other person(s) most knowledgeable to testify on its behalf" regarding the following topics: (1) "Yale's policies, procedures, and practices related to voluntary and involuntary withdrawals of

undergraduate students from Yale College from 2013 to the present;" (2) "Yale College's 2015 reforms of withdrawal and reinstatement policies, procedures, and practices;" and (3) "The administrative oversight over Committee on Honors and Academic Standing at Yale College." (ECF No. 220-3, p. 3.)  On January 5, 2020, defense counsel informed the plaintiff, as he had in several previous communications, that Dean Schenker was the person who has the most information on the topics listed in the notice of deposition.[1]  Since the plaintiff could ask Dean Schenker about the subjects listed in the Rule 30(b)(6) Notice of Deposition during the January 21, 2021 deposition, there was no need to schedule a separate deposition for a "representative of Yale University" four days later.[2]  The plaintiff responded in a letter dated January 5, 2020 and e-mailed to defense counsel shortly after noon on January 6, 2020:

> I disagree with your objection against holding a routine Rule 30(b)(6) deposition of Yale University on the grounds that the to-be representative of Yale might be Mr. Schenker, who will be deposed separately in his individual capacity as a named defendant.  Plaintiff needs sworn testimony that will bind Yale.  The University is a separate defendant in this case, and the operative complaint alleges substantive claims against it.  Mr. Schenker can only testify on his own behalf, and his testimony will bind only him. Yale must officially designate a suitable corporate representative ("an officer") to testify on its behalf.  Only that person's testimony can bind the University.[3]

In support of the foregoing argument, the plaintiff cites Dominion Res. Servs., Inc. v. Alstom Power, Inc., 2017 U.S. Dist. LEXIS 132212 n. 6 (August 18, 2017), wherein Judge Merriam explained: "The Court reminds the parties that the testimony provided by a corporate representative at a Rule 30(b)(6) deposition binds the corporation.  This is quite unlike a deposition

---

[1] Defense counsel has informed the plaintiff of this fact in several e-mails and court pleadings, beginning on December 7, 2020.

[2] A copy of the January 5, 2021 e-mail is attached hereto as Exhibit A.

[3] A copy of the January 5, 2021 letter is attached hereto as Exhibit B.

of an employee of the corporation, which is little more than that individual employee's view of the case and is not binding on the corporation." (Internal citations omitted.) The defendants certainly do not disagree with Judge Merriam's observation. However, it is inapplicable in this case because, unlike the witness in question in <u>Dominion Res. Servs., Inc.</u>, Dean Schenker has been identified as Yale University's representative for the Rule 30(b)(6) deposition. Thus, his testimony on the topics listed in the Rule 30(b)(6) Notice of Deposition would be binding on Yale University.

Contrary to the plaintiff's contention, Yale University is not limited to designating an "officer" of Yale University as the deponent in response to a Rule 30(b)(6) Notice of Deposition. Rather, Yale University may "designate one or more officers, directors, or managing agents, <u>or designate other persons who consent to testify on its behalf</u>." (Emphasis added.) Fed. R. Civ. P. 30(b)(6). As the longtime Chair of the Committee on Honors and Academic Standing, Dean Schenker is the person who is most knowledgeable on the topics listed in the Rule 30(b)(6) Notice of Deposition. Since Yale University has designated Dean Schenker as its representative to testify regarding the topics listed in the Rule 30(b)(6) Notice of Deposition, Dean Schenker's testimony on those subjects constitutes the testimony of Yale University.[4] It would be an unnecessary waste of time and expense to require Dean Schenker to submit to a deposition on January 21, 2021 to testify in his individual capacity and then to submit to a second deposition four days later to testify as the representative of Yale University.

<u>Agence Fr. Presse v. Morel</u>, 2011 U.S. Dist. LEXIS 126027 (S.D.N.Y. October 28, 2011), is instructive. In that case, the plaintiff, Agence France Presse ("AFP") moved for a protective order to prevent the counterclaim plaintiff, Daniel Morel, from taking excessive and unnecessary

---

[4] Defense counsel explained the foregoing to the plaintiff in an e-mail on January 6, 2021, a copy of which is attached hereto as Exhibit C.

Rule 30(b)(6) depositions of AFP employees and representatives.  Id. at *4.  Addressing AFP's motion, the court considered whether Mr. Morel could depose two AFP employees twice, once in their individual capacities and then again as Rule 30(b)(6) witnesses.  Id. at *6.  The issue arose because Mr. Morel had already deposed the witnesses individually and later sought Rule 30(b)(6) testimony on an array of issues on which the witnesses had already testified.  AFP advised that, if required to produce Rule 30(b)(6) witnesses on the topics, they would designate the two witnesses who had already been deposed.  The court "decline[d] to require such a wasteful procedure."  In lieu of the duplication effort, the court adopted AFP's suggestion that the deposition testimony previously provided by the two witnesses in their individual capacities be deemed to constitute the Rule 30(b)(6) testimony of AFP and hence binding on the company.  Id. at *6-7.

In the present action, Yale University identified Dean Schenker as its representative well in advance of the depositions of both Dean Schenker and the representative of Yale University. Thus, the plaintiff can question Dean Schenker on the topics listed in the Rule 30(b)(6) Notice of Deposition at the same time as he questions Dean Schenker on other subjects.  Dean Schenker should not be required to submit to a deposition twice in the span of four days when the plaintiff has had ample notice that Dean Schenker is the person who is most knowledgeable on the topics to be covered at the Rule 30(b)(6) deposition of Yale University.  Therefore, the defendants seek an order quashing the Rule 30(b)(6) Notice of Deposition and protecting Dean Schenker from being deposed on more than one occasion.

THE DEFENDANTS,

YALE UNIVERSITY AND MARK SCHENKER

By:  /s/ Patrick M. Noonan_____
       PATRICK M. NOONAN – CT00189
       COLLEEN NOONAN DAVIS – CT27773
       DONAHUE, DURHAM & NOONAN, P.C.
       Concept Park
       741 Boston Post Road, Suite 306
       Guilford, CT  06437
       Telephone:  (203) 458-9168
       Fax:  (203) 458-4424
       Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                   /s/_____
                                Patrick M. Noonan