UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-cv-133 (JCH) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, et al., | : | |
| Defendants. | : | JANUARY 14, 2021 |
| | : | |

**RULING ON PLAINTIFF'S OBJECTIONS (DOC. NO. 222) TO MAGISTRATE JUDGE'S RULING (DOC. NO. 218)**

**I.   INTRODUCTION**

Plaintiff, Jakub Madej ("Madej"), filed Objections ("Pl.'s Objs.") (Doc. No. 222) to a Ruling issued by the Magistrate Judge assigned to this case ("M.J. Ruling") (Doc. No. 218) (Merriam, M.J.).  In that Ruling, Magistrate Judge Merriam ordered depositions noticed by Madej not to go forward but permitted Madej, under certain conditions, to re-issue notices.  M.J. Ruling at 9-10.  Madej objects to the Ruling's conclusions regarding depositions on several grounds, and he also objects to the finding by Magistrate Judge Merriam that he "made misrepresentations to the Court."  Pl.'s Objs. at 3-7.

**II.   STANDARD**

Madej objects to a Ruling by the Magistrate Judge on discovery issues, referred to her by the undersigned District Judge.  See Orders (Docs. Nos. 198, 214) (referring discovery motions to Merriam, M.J.).  It is very clear what the standard is for review on nondispositive matters, which include discovery rulings.  Fed. R. Civ. P. 72(a); see, e.g., Sampedro v. Silver Point Capital, L.P., 958 F.3d 140, 142 n.1 (2d Cir. 2020).  "The district judge must consider timely objections and modify or set aside any part of the

order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  Contrary to Madej's position, see Pl.'s Objs. at 2, the standard of review here is not de novo, see Sampedro, 958 F.3d at 142 n.1 ("The district court properly reviewed the magistrate judge's order for clear error, see Fed. R. Civ. P. 72(a), since the decision about whether to grant reciprocal discovery was nondispositive.  In turn, [the Circuit's] inquiry is whether the district court abused its discretion in concluding that the magistrate judge did not clearly err or otherwise issue a decision contrary to the law." (emphases added) (additional citation omitted)).  The provisions of the Local Rules Madej cites, see Pl.'s Objs. at 2 (citing D. Conn. L. Civ. R. 72.1, 72.2), apply to "matters acted on by the Magistrate Judge in an advisory capacity such as under Rule 72.1(C)(1) or (3)," D. Conn. L. Civ. R. 72.2(b), that is, the issuance of recommended decisions pertaining to certain matters not at issue here, see D. Conn. L. Civ. R. 72.1(C).  Indeed, this should have been abundantly clear to Madej, who quotes from Local Rules 72.1(C)(1), 72.1(C)(3), and 72.2(b), see Pl.'s Objs. at 2, but omits any discussion of Local Rule 72.1(C)(2), which, in conjunction with Local Rule 72.2(b), makes clear that de novo review does not apply to "nondispositive motions, including, but not limited to, those relating to discovery and other matters of procedure." D. Conn. L. Civ. R. 72.1(C)(2).

### III. DISCUSSION

Madej asserts three objections to Magistrate Judge Merriam's Ruling of December 23, 2020.  First, that the Ruling was contrary to law in that Magistrate Judge Merriam quashed the then-noticed depositions after expedited briefing and failed to cite any case law or rules.  Pl.'s Objs. at 3.  There is no rule or case law that requires

citation to authority. The matters addressed in the Ruling at issue concerned deposition practice, not a complex constitutional question. See M.J. Ruling at 7-12. Further, an earlier Order issued by Magistrate Judge Merriam concerning these depositions cited Federal Rules of Civil Procedure 28(a), 28(c), and 30(b)(5). See Order (Doc. No. 210).

Madej further argues that the Ruling at issue is contrary to law because it "failed to apply Local Rule 37" regarding filing an affidavit in connection with a discovery-related motion. See Pl.'s Objs. at 4; D. Conn. L. Civ. R. 37. This argument fails for several reasons. First, the Magistrate Judge made her determination to address the Motions to Quash without insisting that defendants file an affidavit concerning Local Rule 37's meet-and-confer requirement in an Order issued on December 14, 2020. See Order (Doc. No. 203). That Order (Doc. No. 203) is not the Ruling (Doc. No. 218) to which Madej objects, and Madej did not object to that Order (Doc. No. 203) within the 14-day limit imposed by Federal Rule of Civil Procedure 72(a). See Fed. R. Civ. P. 72(a).

Further, the Magistrate Judge's determination not to enforce Local Rule 37 is not contrary to law. The Magistrate Judge was fully aware of the history of disputes in this case, and the undersigned's orders concerning the apparent inability of the two sides to confer or discuss without contentious accusations. See, e.g., Min. Entry (Doc. No. 104). In light of this, the undersigned issued an order granting the defendants' request to limit communication to email.[1] See id. When Magistrate Judge Merriam addressed Madej's

---

[1] Because there continued to be disputes about delivery of emails and which accounts were to be used, the undersigned ordered the creation of a "Drop Box" into which all communications (emails, pleadings, etc.) would be placed. See Ruling (Doc. No. 174) at 26.

contention that defense counsel had failed to comply with the meet-and-confer requirements of Local Rule 37, Magistrate Judge Merriam reminded Madej that the undersigned had excused the defendants from communicating with Madej by phone or in person.  See Doc. No. 203.  In light of that Order, Magistrate Judge Merriam found that, by attaching an email to the Motion to Quash, defense counsel had not violated Local Rule 37.  See id.  There is no law that prohibits non-enforcement of a Local Rule when deemed appropriate by a magistrate judge or district judge.  See Dervisholli v. Triangle General Contractors, Inc., No. 12-CV-4412 (RJD) (ST), 2016 WL 6902135, at *6 (E.D.N.Y. Nov. 22, 2016) ("[D]istrict courts have broad discretion about how to enforce local rules." (citation omitted)); see also EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d. Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process."); Jackson v. Post Univ., No. 3:08-CV-1810 (CSH), 2012 WL 1189075, at *6 (D. Conn. Apr. 9, 2012) ("Although the Court ordinarily strictly enforces Local Rule 54(b)'s 14-day filing period for objections, under these unusual circumstances . . . the Court shall exercise its discretion to extend the objection period.").  Therefore, even assuming that Madej can object to the Magistrate Judge's decision not to enforce this aspect of the Local Rules, that Objection is overruled.

Madej's second ground for objecting is that the issue addressed by the Ruling is not a "case or controversy" and therefore is not "ripe."  See Pl.'s Objs. at 6.  The "case or controversy" doctrine relates to an action and claims asserted in an action.  Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001).  The  "case or controversy"

here is not the discovery dispute. Further, judges in the district courts have not only the authority to manage all pretrial matters; they have an affirmative duty to do so. See Fed. R. Civ. P. 1 (establishing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Failing to do so will inevitably lead to violations of the Federal Rules. Accordingly, it was it not contrary to law or clear error for the Magistrate Judge to promptly address the discovery dispute concerning whether the depositions noticed by Madej could go forward.

Lastly, Madej objects to the Magistrate Judge's conclusion that he made misrepresentations to the court.[2] Madej argues that Magistrate Judge Merriam abused her discretion and that there was no basis in the record for her conclusion that he made misrepresentations to the court. See Pl.'s Objs. at 7. No hearing was necessary for Magistrate Judge Merriam to reach her conclusion that Madej made misrepresentations, and no credibility judgment was involved. Essentially, Magistrate Judge Merriam reviewed the written representations made by Madej in his Response (Doc. No 202) to defendants' Motions to Quash with those he made in his Response (Doc. No. 208) after being ordered to file an affirmation in response to defense counsel's assertion that the reporter identified by Madej as "retained" had not in fact been retained. In his first Response (Doc. No. 202), Madej stated several times that he had "engaged" a court

---

[2] The court notes that the Magistrate Judge determined that Madej had made misrepresentations to the court in an Order (Doc. No. 210) issued on December 15, 2020, to which Madej did not timely object; the Magistrate Judge referred to this determination in the Ruling (Doc. No. 218) at issue but did not make that determination in the Ruling at issue. However, given that Madej is proceeding pro se, and given that the Ruling at issue cited the earlier Order, the court will address this aspect of Madej's Objections.

5

reporter. Resp. (Doc. No. 202) at 2, 6, 12. In his subsequently ordered Notice, he identified the reporter. See Notice (Doc. No. 204). Then, in the Affirmation ordered by the court, Madej stated he "sought to hire" the reporter and that he identified the reporting firm as one "I seek to engage." Notice (Doc. No. 208) ¶¶ 8, 10. It is a misrepresentation to state that the speaker "engaged" a reporter, and then to acknowledge that he merely sought to engage. "Seeking" to engage is not the same as engaging. More important, it bears noting that this was not an insignificant detail. Rather, it was at the heart of the Motions to Quash. See Mem. of Law in Supp. of Mot. to Quash and for Order Regarding Depositions (Doc. No. 192-1) at 1. It was not only neither contrary to law nor clear error for Magistrate Judge Merriam to reach this conclusion: the undersigned reaches the same conclusion.

### IV. CONCLUSION

For the foregoing reasons, the court overrules Madej's Objections (Doc. No. 222) to the Magistrate Judge's Ruling (Doc. No. 218) issued on December 23, 2020. The court concludes that oral argument is not necessary.

**SO ORDERED.**

Dated this 14th day of January, 2021, at New Haven Connecticut.

                                                  /s/ Janet C. Hall_____
                                                  Janet C. Hall
                                                  United States District Judge